1  GEORGE S. CARDONA
   United States Attorney
2  THOMAS P. O'BRIEN
   Assistant United States Attorney
3  Chief, Criminal Division
   DAVID P. KOWAL (State Bar No. 188651)
4  Assistant United States Attorneys
   OCDETF Section
5       1400 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-5136
7       Facsimile: (213) 894-0142

8  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

9
                    UNITED STATES DISTRICT COURT

10
             FOR THE CENTRAL DISTRICT OF CALIFORNIA

11
   UNITED STATES OF AMERICA,     )  NO. CR 07-689-GW
12                               )
              Plaintiff,         )  JOINT STATEMENT RE INITIAL STATUS
13                               )  CONFERENCE AND DISCOVERY
              v.                 )
14                               )  Hearing date: August 16, 2007
   CHARLES C. LYNCH, and         )
15 ARMOND TENNYSON TOLLETTE,     )
   JR.,                          )
16                               )
              Defendants.        )
17                               )
                                 )
18                               )
                                 )
19

20      Defendant Charles C. Lynch ("defendant Lynch"), by and

21 through his counsel of record, Deputy Federal Public Defender

22 Rueven Cohen, and defendant Armond Tennyson Tollette, Jr.

23 ("defendant Tollette"), by and through his counsel of record,

24 William S Kroger, Jr., and the United States, by and through its

25 counsel of record, the United States Attorney for the Central

26 District of California, hereby file their joint statement with

27 respect to the Court's Order for Discovery and Inspection in

28 Criminal Cases (the "Order") issued on August 6, 2007.

**A.     PROCEDURAL BACKGROUND**

This cases arises from a six count indictment charging defendant Lynch and defendant Tollette (collectively "defendants") with participation in the operation of a marijuana store in San Luis Obispo.  The investigation was conducted by the Drug Enforcement Administration (DEA) and the San Luis Obispo County Sheriff's Department (SLO).  Defendant Lynch, the alleged owner and operator of the store, is charged in all six counts including a narcotics conspiracy (Count One), aiding and abetting in the sale of marijuana to minors (Counts Two and Three), possession of marijuana with intent to distribute (Count Four), operation and use of a drug-involved premises (Count Five), and criminal forfeiture (Count Six).  Defendant Tollette, a licenced physician, is charged in Counts One and Six.  In the conspiracy count, defendant Tollette is alleged to have written recommendations for the use of marijuana to customers of the store as part of what the government contends was a sham medical practice.  Based on the quantities of marijuana alleged in the indictment, Counts One and Four carry five-year mandatory minimum sentences, Counts Two and Three each carry one-year mandatory minimum sentences.

The grand jury returned the indictment on July 13, 2007. Defendants were arrested and made their initial appearances before a magistrate judge on July 17, 2007.  After bail hearings, at the joint request of defense counsel, post-indictment arraignment (PIA) was continued for two weeks, from July 23, 2007 to August 6, 2007.  On August 6, 2007, the duty magistrate judge arraigned defendants on the indictment.  The case was assigned to

1 the Court that day, and counsel received the Court's Order.

2 Defendant Tollette requested discovery from the government on

3 August 6, 2007.  Defendant Lynch requested discovery on August 8,

4 2007.  On August 8, 2007, the government produced approximately

5 600 pages of discovery including the search warrant applications

6 and affidavits from the case (which have been available to

7 defendants since the time of the searches), and all current

8 reports from state and local law enforcement officers.  It also

9 made available for inspection and copying materials seized from

10 the search warrants.  (See discovery letter attached as Ex A).

11 On August 13, 2007, the government produced twelve compact discs

12 of additional materials including video files and photographs.

13 (See Ex. B).

14        Defendant Lynch is out of custody under pretrial supervision

15 on a $400,000 secured bond.  The court recently granted his

16 request for an extension to post real property to secure the

17 bond.  Defendant Tollette is in custody.  He was granted a

18 $300,000 bond with full deeding of property, but has not posted

19 the collateral.  In addition, defendant is in federal detention

20 based on a warrant for violation of pre-trial supervision issued

21 from the Northern District of California.  That case is described

22 further described below.

23 **B.    DISCOVERY STATUS**

24        Pursuant to the Court's Order, the parties provide the Court

25 with the following information regarding discovery in this

26 matter.

27        1.    Meet and Confer

28        Counsel for defendant Tollette, Mr. Kroger, held a meet and

3

1 confer conference with counsel for the government, AUSA Kowal, on

2 August 14, 2007.  On the same day, counsel for defendant Lynch,

3 Mr. Cohen, held a meet and confer conference with government

4 counsel.[1]

5     Due to the fairly large quantity of discovery in this

6 matter, and the short time defense counsel has had to review it,

7 defense counsels' statements herein regarding discovery and

8 motion practice may change.

9     2.   Trial Estimate

10    The government estimates that its case-in-chief will take

11 three to five full court days to present to the jury.  Additional

12 days may be necessary if either defendant puts on a case.

13    3.   Search Warrants

14    There were three search warrants executed in this case, all

15 on March 29, 2007 signed by the Honorable Fernando M. Olguin,

16 United States Magistrate Judge.  Warrants were executed at each

17 of the defendants' homes and at the marijuana store.  These

18 searches resulted in the seizure of large quantities of evidence

19 _____

20    [1]  The parties acknowledge that this joint statement is
being provided immediately prior to the status conference, not
21 the Friday before, as set forth in Paragraph 4 of the Order.
However, under the Court's Order, the parties had seven court
22 days after PIA to hold their meet and confer conferences.  (See
Order ¶ 1; Fed. R. Crim. Pro 45(a) (excluding weekends and
23 initial day from calculations of any time period under 11 days)).
Thus, the deadline for the meet and confer conferences extended
24 until August 15, 2007, the day before the scheduled status
conference.  Moreover, the parties note that some delay in
25 having their meetings was caused by the fact that PIA was
continued so that defense counsel could focus on bond issues, the
26 fact that counsel for defendant Lynch was only recently assigned
to the case to replace another public defender initially assigned
27 to the matter, and the related delay by defense counsel in
requesting discovery.
28

4

1 such as narcotics, computers, and voluminous documentary

2 materials.  The documents seized include approximately twelve

3 boxes of records seized from the marijuana store, which has been

4 made available to defendants, but which defense counsel have not

5 yet had time to inspect.  In addition, the government seized a

6 lap top computer from defendant Lynch's home and five computers

7 and a hard drive from the marijuana store.  Defense counsel have

8 not yet determined whether they will file suppression motions

9 based on these searches.

10        4.   Statements By Defendants

11        On March 29, 2007, the day his residence was searched,

12 defendant Tollette made a voluntary statement to law enforcement.

13 A written report of that statement has been produced to defense

14 counsel.  The government expects to produce an audio recoding of

15 this interview early next week.  Defendant Lynch made post-

16 miranda statements to agents on the day of his arrest.  A written

17 report of these statements has been produced to defense counsel.

18 The government expects to produce an audio recoding of this

19 interview early next week.  Defense counsel are still analyzing

20 these statements to determined if they will file any suppression

21 motions.

22        5.   Additional Discovery

23        The government is in the process of gathering and producing

24 additional items of discovery.  First, it is collecting audio

25 tapes of witness interviews, including the interviews with the

26 defendants described above.  The government expects to produce

27 copies of these recordings within a week of the scheduled status

28 conference.  Second, this case also involves two confidential

1   informants who worked undercover for law enforcement.  Their

2   activities are described in detail in the search warrants, and

3   they are referenced in the indictment as CS-1 and CS-2.

4   Government counsel is compiling Giglio/Brady materials regarding

5   these informants (e.g., criminal history and benefits provided by

6   law enforcement) and expects to produce this information to

7   defense counsel within a week of the status conference.  Third,

8   the government is still conducting forensic examination of the

9   six computers seized in this case.  The government has produced

10  copies of files from a hard drive seized from the marijuana

11  store.  As to the remaining six computers, the government

12  conducted an initial examination of the computers to determine

13  that they had evidence responsive to the search warrants.

14  However, the computers contain voluminous files, some of which

15  are password protected.  The government will produce or make

16  available additional materials from these computers when it is

17  retrieved in a form available for inspection.  Fourth, agents for

18  the government have been preparing charts and summaries of

19  evidence recovered from the searches, such as the customer files

20  of the marijuana store.  The government expects to produce drafts

21  of some of these charts within a week of the status conference.

22          6.    Continuing Investigation

23          The government's investigation in this matter is on-going.

24  There is the possibility of a superseding indictment.  Should the

25  Court request additional information regarding this

26  investigation, the government would respectfully request that it

27  be provided to the Court in camera.

28

1    7.    Potential Motions

2         In addition to the potential motions regarding search

3    warrants and statements by defendants, defense counsel note that

4    there is a likelihood that they may bring additional motions, but

5    believe that its premature at this time to determine the exact

6    nature of such motions.

7         The government expects to move prior to trial to exclude or

8    to limit evidence regarding the approval of defendants' drug

9    distribution by state or local officials, or the legality of

10   defendants' conduct under California state law.

11    8.    Government's Objection to Early Disclosure of Witness

12          Statements

13        The Court's Order at Paragraph 1(j) states that within seven

14   days of PIA the government shall "[g]ive to defendant's counsel a

15   copy of the statements, the government intents to call in its

16   case in chief."  In its August 8, 2007 discovery letter to

17   defense counsel, the government stated that it was objecting to

18   this requirement as violating the Jencks Act and Ninth Circuit

19   case law.  Instead, the government has offered, upon agreement to

20   reciprocal disclosure of Jencks materials by defense counsel, to

21   make such statements available one week before trial.

22        In support of its position, the government notes that under

23   18 U.S.C. §§ 3500, et seq. (the Jencks Act), statements by a

24   government witness that relate to the subject matter of the

25   witness's testimony are required to be disclosed to the defense

26   after the witness has testified.  There is no authority for a

27   court to compel early disclosure of Jencks Act material. See,

28   e.g., United States v. Taylor, 802 F.2d 1108, 1118 (9th Cir.

1   1986) (discovery order compelling early disclosure of Jencks

2   material "uneforceable"); see also Fed. R. Crim. P. 16(a)(2)

3   (statements made by government witnesses or prospective

4   government witnesses are not discoverable except as provided by

5   the Jencks Act).  Here, while the government has voluntarily

6   already produced most of its witness statements in this case, it

7   has not produced every witness statements such as grand jury

8   testimony.  The government also reserves its right, consistent

9   with the Jencks Act, to delay until a week before trial the

10  production of any additional statements later obtained in its

11  investigation.  In the government's view, providing Jencks

12  materials a week prior to trial will be sufficient to avoid a

13  continuance of the trial date, but will also avoid premature

14  disclosure of grand jury or other witness information.  The

15  arrangement will also provide the government with sufficient time

16  to identify actual witnesses for trial after any pre-trial

17  disposition, all while complying with the Jencks Act.

18  **C.    ADDITIONAL ISSUES**

19      Defendant Tollette is a defendant in another criminal case

20  in the Northern District of California, case number CR 05-00589-

21  5JF, before the Hon. Jeremy Fogel.  On January 10, 2007 he pled

22  guilty to a violation of 18 U.S.C. § 1347, conspiracy to commit

23  medicare fraud.  He committed the present violation while on pre-

24  trial release in that case.  His sentencing in the Northern

25  District of California matter is scheduled for September 19,

26  2007.  He is scheduled to be transferred to that district

27  sometime after the initial status conference in this case.  The

28  parties will work together with the U.S. Marshals service to try

1   to assure that defendant Tollette is available for any subsequent

2   hearings in this district.

3

                                GEORGE S. CARDONA
4                               United States Attorney

5   8/11/07

6   DATE                        DAVID P. KOWAL
                                Assistant United States Attorney
7                               Attorneys for Plaintiff
                                United States of America
8

9   8/14/07                     William Kroger (w/ Authority)

10  DATE                        WILLIAM KROGER
                                Attorney for Defendant
11                              ARMOND T. TOLLETTE, JR.

12                                              (w/ Authority)
    8/14/07                     Reuven Cohen
13
    DATE                        REUVEN COHEN
14                              Attorney for Defendant
                                CHARLES C. LYNCH
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                     9