

U. S. Department of Justice

**United States Attorney**
**Central District of California**

David P. Kowal
Assistant United States Attorney
(213) 894-5136

312 North Spring Street
Los Angeles, CA 90012

August 8, 2007

**Via Interoffice Mail**
Reuven Cohen, Esq.
Deputy Federal Public Defender
312 East Second Street
Los Angeles, CA 90012

**Via US Mail**
William S. Kroger, Jr., Esq.
8888 Olympic Blvd., 1st Flor
Beverly Hills, CA 90211

Re:   United States v. Lynch and Tollette,
      No. CR 07-689-GW

Dear Counsel:

A.   **Documents Enclosed and/or Now Available for Inspection and Copying**

Pursuant to Mr. Kroeger's request for discovery on August 6, 2007, and Mr. Cohen's request for discovery on August 8, 2007, please find the following documents, Bates Numbered 0001 to 0607, for the above-referenced case. These materials include the following:

| Bates | Description |
|---|---|
| 0001-0013 | Indictment |
| 0014-0270 | Search warrants and related materials |
| 0271-0354 | DEA Reports |
| 0355-0507 | San Luis Obispo County Reports |
| 0508-0553 | DEA Reports re non-drug exhibits |
| 0554 | DMV Report |
| 0555-0598 | DEA Reports re drug exhibits |
| 0599-0607 | Criminal history reports re defendants |

The government will make available for your inspection any item of evidence referred to in the enclosed documents, as well as any other evidence seized from your client and/or which the government intends to offer in its case-in-chief. Please contact me to arrange a mutually convenient time for your inspection of any such items. In this regard, please note specifically that I currently have at my office copies of the documents seized during the search warrants including those seized at the residence of Dr. Tollette and at the marijuana store. These documents are described in the DEA reports regarding the searches and also in the DEA reports regarding non-drug exhibits. The categories of documents are typically identified by the letter "N" followed by a number. (See, e.g., Bates No. 0295 describing N-2 to N-5 recovered during search of the marijuana store, and Bates Nos 300-305 describing N-101 to N-113 recovered during the search of Dr. Tollette's residence). The documents are voluminous, representing approximately a dozen boxes of materials. If you wish to inspect and/or copy any of these documents please let me know as I can make them available on short notice.

In the coming days I expect to produce additional materials including: photographs from the search warrants, video and audio recordings of surveillance and undercover operations described in the reports, and files retrieved from some of the computers seized during the searches. If you need to see any of these items immediately, please let me know so that I can make them available to you quickly. In the meantime, it may take me some time to copy and transfer all of these materials to compact discs for production to you. Please note that forensic examination is continuing on the majority of the computers seized during the search warrants. I will not be able to produce discovery from those sources until the forensic examination succeeds in gaining access to the files. I also expect to provide additional discovery regarding the confidential sources referenced in the search warrants.

The enclosed materials and any future discovery provided to you which may exceed the scope of discovery mandated by the Federal Rules of Criminal Procedure, federal statute or relevant case law are provided voluntarily and solely as a matter of discretion. By producing such materials to you, the government does not waive its right to object to any future discovery requests beyond the ambit of its legal obligations.

**B.     Discovery Meeting and Government's Objection to Court's Discovery Order**

The Court's discovery order requires us to meet and confer sufficiently prior to the August 16, 2007 status conference to file a status report prior to that date. (See discovery order Paragraph 4). I am available to do so as soon as you are ready, and will draft our report for your review after talking with you.

**Please take note** that the government objects to, and will decline to provide, early disclosure of witness statements, as set forth in the Court's discovery order at page 2, paragraph 1 (j). It is the government's view that this portion on the order violates the Jencks Act and binding Ninth Circuit case law. Should you disagree with this position I will be glad to discuss it with you in the hope of avoiding unnecessary motion practice. Notwithstanding this objection, the

government will produce to you any additional Jencks material, including any relevant grand jury transcripts (assuming a Rule 6(e) order has been issued) one week before trial if you agree to the production of reciprocal Jencks material at that time or affirmatively represent that you have no Jencks material to produce. Please inform me whether such an arrangement is acceptable to you.

## C.    Request for reciprocal discovery and notices of defenses

With this letter the government requests all reciprocal discovery to which it is entitled under Rules 16(b) and 26.2 of the Federal Rules of Criminal Procedure. The government also requests notice of any intention of your client to rely on an entrapment defense, a public authority defense, or a defense involving mental condition, duress, or alibi. Please note that the Court's discovery order also requires prompt notification of your intent to present any of these defenses.

Please do not hesitate to call me about any of the foregoing.

Very truly yours,

GEORGE S. CARDONA
United States Attorney

*[signature]*

DAVID P. KOWAL
Assistant United States Attorney

Enclosures (Bates Nos. 001 to 607)