SEAN K. KENNEDY (No. 145632)
Federal Public Defender
(E-mail: Sean_Kennedy@fd.org)
REUVEN L. COHEN (No. 231915)
Deputy Federal Public Defender
(E-mail: Reuven_Cohen@fd.org)
JOHN LITTRELL (No. 221601)
Deputy Federal Public Defender
(E-mail: John_Litrell@fd.org)
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone (213) 894-4454
Facsimile (213) 894-0081

Attorneys for Defendant
CHARLES C. LYNCH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 07-689-GW |
| Plaintiff, | NOTICE OF MOTION AND MOTION TO DISMISS INDICTMENT FOR DESTRUCTION OF EXCULPATORY EVIDENCE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF REUVEN L. COHEN; EXHIBITS |
| v. | |
| CHARLES C. LYNCH, | |
| Defendants. | Hearing Date: 7/7/08 |
| | Hearing Time: 8:00 a.m. |
| | Trial Date: 7/21/08 |

TO:    THE UNITED STATES ATTORNEY AND ASSISTANT UNITED STATES

ATTORNEY DAVID P. KOWAL

        PLEASE TAKE NOTICE that on July 7, 2008, or as soon thereafter as

counsel may be heard, in the courtroom of the Honorable George H. Wu, United

States District Judge, defendant Charles C. Lynch, by and through his counsel of

record, Deputy Federal Public Defenders Reuven L. Cohen and John Littrell, will

1   move this Court for an order dismissing the indictment, pursuant to the Due Process

2   Clause of the Fifth Amendment to the United States Constitution, *California v.*

3   *Trombetta*, 467 U.S. 479 (1984), and *Arizona v. Youngblood*, 488 U.S. 51 (1988), on

4   the grounds that the government destroyed potentially exculpatory evidence.

5       This motion is based upon the accompanying Memorandum of Points and

6   Authorities, the Declaration of Reuven L. Cohen, exhibits, all files and records in this

7   case, and any such arguments and evidence that may be adduced to the Court at the

8   hearing on this motion.

9

10                              Respectfully submitted,

11                              SEAN K. KENNEDY
                                Federal Public Defender

12

13

   DATED: June 9, 2008          By_____/s/_____
14                                 REUVEN L. COHEN
                                   Deputy Federal Public Defender
15

16   DATED: June 9, 2008         By_____/s/_____
                                   JOHN LITTRELL
17                                 Deputy Federal Public Defender

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## FACTS

Charles Lynch operated a medical marijuana dispensary in Morro Bay, California. Mr. Lynch ran the dispensary strictly and complied with California law. The federal government, however, has charged Mr. Lynch with various federal drug offenses. Some of the counts in the six-count indictment against Mr. Lynch allege, among other things, that Mr. Lynch ran afoul of 21 U.S.C. §§ 841, 846, 853. The indictment speaks of Mr. Lynch's felonious behavior and alludes to various amounts of marijuana seized by federal agents during enforcement raids. Nearly all of the marijuana has been destroyed over the objection of defense counsel.

On March 29, 2007, the Drug Enforcement Administration (hereinafter, the "DEA") executed a search warrant at Mr. Lynch's medical marijuana dispensary. During the search, federal and state law enforcement officials "located and seized . . . approximately 104 marijuana plants." (*See* DEA Report of Investigation, Bates 354, attached hereto as Exhibit A). The DEA processed the marijuana plants and transported them to a laboratory for analysis. (*See id.*).

On April 30, 2007, the DEA destroyed the marijuana. (*See id.*). DEA Special Agent Rachel Burkdoll contends that "mold had begun to grow on the outside of the container as well as an insect infestation." (*Id.*). Accordingly, owing to "health and safety reasons," Special Agent Burkdoll "agreed to the destruction" of the marijuana. (*Id.*). Special Agent Burkdoll did not call Mr. Lynch's attorney (whom one of her colleagues had met a few weeks earlier) to let him know of her plans for the marijuana. (*See* Declaration of Reuven L. Cohen at ¶ 2).

In the wake of Special Agent Burkdoll's directive to her chemist to destroy the marijuana, all that remained of the medical marijuana recovered during the raid on Mr. Lynch's dispensary were miscellaneous bags of the evidence, as described in DEA Reports. That, too, has been destroyed.

1        On December 5, 2007, the government wrote Mr. Lynch's lawyers a letter.
2   That letter read as follows:

3            Pursuant to its standard evidence destruction procedures,
4            the DEA is preparing to destroy drug exhibit number 2 from
5            the above case -- miscellaneous bags of marijuana seized on
6            3/29/07 from Central Coast Compassionate Caregivers at
7            780 Monterrey Ave. Ste B, Morro Bay, California.  See
8            Bates numbers 0292, 0057-00558 for a description of this
9            exhibit.
10           If you would like to inspect this exhibit prior to its
11           destruction or have any other objection to the destruction of
12           the materials, please let me know immediately.
13  (*See* Letter of Assistant United States Attorney David P. Kowal, dated December 5,
14  2007, attached hereto as Exhibit B).
15       Mr. Lynch objected on December 17, 2007, requesting that Mr. Kowal "ensure
16  that the DEA not destroy the pot."  (*See* Letter of Deputy Federal Public Defender
17  Reuven L. Cohen, attached hereto as Exhibit C).  The defense inspected some of the
18  marijuana several months later and informed the government of its continuing
19  objection to the destruction of the marijuana.  (*See* Declaration of Reuven L. Cohen at
20  ¶¶ 3, 4).  The defense has since learned that the marijuana has been destroyed.  (*See*
21  *id.* at ¶ 5).[1]
22       The marijuana that the federal government has destroyed is the same marijuana
23  that Mr. Lynch sold pursuant to the laws of the State of California.  It is also the same
24  marijuana through which the federal government will try to secure a conviction that
25  carries a mandatory minimum sentence under federal drug laws.  The defense now
26
27       [1]    The defense was in the process of hiring an expert to examine, weigh,
and test the marijuana.  The weight and other variables would have been relevant at
28  trial, as they would have affected the applicable sentencing range and mandatory
minimum sentence.

1  moves to dismiss the indictment, pursuant to the Due Process Clause of the Fifth

2  Amendment to the United States Constitution, *California v. Trombetta*, 467 U.S. 479

3  (1984), and *Arizona v. Youngblood*, 488 U.S. 51 (1988), on the grounds that the

4  government destroyed potentially exculpatory evidence.

## II.

## ARGUMENT

7  Under *Brady v. Maryland*, 373 U.S. 83 (1963), the government violates the

8  Due Process Clause of the Fifth Amendment where it fails to disclose favorable

9  evidence in its possession that is material to either guilt or punishment, irrespective of

10  the good faith or bad faith of the prosecution. *United States v. Nagra*, 147 F.3d 875,

11  881 (9th Cir. 1998) (citing *United States v. Hanna*, 55 F.3d 1456, 1459 (9th Cir.

12  1995)).

13  Under *California v. Trombetta*, 467 U.S. 479 (1984), and *Arizona v.*

14  *Youngblood*, 488 U.S. 51 (1988), the government violates the Due Process Clause of

15  the Fifth Amendment where it destroys or loses evidence and the defendant

16  demonstrates that (1) the evidence had an apparent exculpatory value, (2) he or she

17  cannot obtain comparable evidence by other reasonably available means, and (3) the

18  government acted in bad faith. *Cooper v. Calderon*, 255 F.3d 1104, 1113-14 (9th Cir.

19  2001) (setting forth test); *Grisby v. Blodgett*, 130 F.3d 365, 371 (9th Cir. 1997)

20  (same); *United States v. Hernandez*, 109 F.3d 1450, 1455 (9th Cir. 1997) (same).

21  "The presence or absence of bad faith turns on the government's knowledge of the

22  apparent exculpatory value of the evidence at the time it was lost or destroyed."

23  *United States v. Cooper*, 983 F.2d 928, 931 (9th Cir. 1993); *see also United States v.*

24  *Loud Hawk*, 628 F.2d 1139, 1152 (9th Cir. 1980) (pre-*Youngblood/Trombetta* case

25  setting forth six factors for evaluating government conduct when evidence is lost or

26  destroyed).  Where a court finds a due process violation based upon destroyed or lost

27  evidence, the proper remedy is dismissal of the indictment. *See Cooper*, 983 F.2d at

28  933 (upholding district court's dismissal of indictment where government acted in bad

1   faith in destroying laboratory equipment seized from defendants).

2       Under the three-part test set forth in *Trombetta* and *Youngblood* and their

3   progeny, the defense can show that the government destroyed potentially exculpatory

4   evidence, that it did so in bad faith, and that comparable evidence cannot be obtained

5   by other means.

6       The exculpatory value of the evidence destroyed by the DEA is apparent on its

7   face.  To the extent that the destroyed evidence was, in fact, marijuana (and, as

8   Special Agent Burkdoll has previously stated, Mr. Lynch himself cannot be certain of

9   that fact),[2] the physical evidence itself was the best measure of the volume of

10  marijuana for which Mr. Lynch can be held criminally responsible.  The volume of

11  the drug, of course, is directly material to both guilt and punishment.

12      As to the second factor under *Trombetta* and *Youngblood*, the defense plainly

13  cannot obtain comparable evidence to that destroyed by the federal government.

14      And, finally, the facts of this case reveal that the government acted in bad faith.

15  As noted above, the test for bad faith turns on the government's knowledge of the

16  potentially exculpatory impact of the destroyed evidence at the time it is destroyed.

17  Here, as noted above, there can be no doubt about the potential exculpatory value of

18  the evidence.  Had there been any doubt, it was clearly resolved when defense

19  counsel specifically requested that the marijuana be preserved.  In short, there is

20  simply no good (or, more significantly, legally cognizable) excuse for the destruction

21  of this evidence.

22  //

23

---

24      [2]    Special Agent Burkdoll has previously made a case for the uncertainty
    concerning the nature of the substances that the DEA seized during the raid of Mr.
25  Lynch's dispensary.  Agent Burkdoll's precise words will be made available to the
26  Court as an exhibit to Mr. Lynch's motion to suppress statements made to federal
    agents of the Drug Enforcement Administration.  That motion will be filed under
27  separate cover by way of an *ex parte* application to shorten time.  The defense will
28  file the motion shortly after the government produces a recording that Agent Burkdoll
    recently discovered concerning her arrest of Mr. Lynch at his home.

## III.

## CONCLUSION

Based upon the foregoing, it is respectfully requested that the Court dismiss the indictment.  At the very least, the Court should hold an evidentiary hearing on this matter.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED:  June 9, 2008            By:        /s/
                                     REUVEN L. COHEN
                                     Deputy Federal Public Defender

DATED:  June 9, 2008            By:        /s/
                                     JOHN LITTRELL
                                     Deputy Federal Public Defender

<u>DECLARATION OF REUVEN L. COHEN</u>

I, Reuven L. Cohen, hereby state and declare as follows:

1.     I am a Deputy Federal Public Defender in the Central District of California appointed to represent Charles C. Lynch in the above-entitled action.

2.     On June 5, 2008, I spoke with Louis Koory, Mr. Lynch's prior attorney. Mr. Koory told me that he never spoke with Special Agent Rachel Burkdoll about the DEA's decision to destroy the marijuana plants seized during the raid of the CCC. Nor did Mr. Koory ever receive notice of any kind about the DEA's intentions to destroy the marijuana.  Should the government dispute the representations set forth herein, the undersigned will have Mr. Koory available for the hearing on this motion.

3.     On March 6, 2008, I inspected some of the remaining marijuana (described above in text as exhibit 2) at a DEA office in the Roybal building.

4.     In the ensuing weeks after I inspected the marijuana, I spoke with David Kowal, the Assistant United States Attorney assigned to this case.  During this conversation, Mr. Kowal advised that the marijuana that I had inspected would likely be destroyed.  I, in turn, reiterated my previously-stated desire that this evidence be preserved for trial.

///
///
///
///
///
///
///

1

5.      During a recent conversation with Mr. Kowal, Mr. Kowal informed me that the marijuana that I had inspected on March 6, 2008 was destroyed on April 15, 2008.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on June 9, 2008, at Los Angeles, California.

/s/
REUVEN L. COHEN
Deputy Federal Public Defender

# EXHIBIT A

U.S. Department of Justice
Drug Enforcement Administration

| REPORT OF INVESTIGATION | | Page 1 of 1 |
|---|---|---|

| 1. Program Code | 2. Cross File | Related Files | 3. File No | 4. G-DEP Identifier |
|---|---|---|---|---|

5. By: SA Rachel Burkdoll
  At Ventura Resident Office
  Los Angeles Field Division

6. File Title
CENTRAL COAST COMPASSIONATE
CAREGIVERS

7. ☐ Closed ☐ Requested Action Completed ☐ Action Requested By:

8. Date Prepared
08/03/07

9. Other Officers: SA Hauck, SA Apel, Forensic Chemist Burnett

10. Report Re: Destruction of Exhibit 5 by the DEA South-West Regional Laboratory

**DETAILS**

1.  On March 29, 2007, the DEA Ventura Resident Office (VRO) along with detectives from the San Luis Obispo (SLO) Sheriff's Department executed a federal search warrant at 780 Monterey Avenue, Suite B, Morro Bay, California which was the location for the CENTRAL COAST COMPASSIONATE CAREGIVERS (CCCC.)  During the search, investigators located and seized Exhibit 5 which was approximately 104 marijuana plants located in the marijuana sales room (Room D.)  Exhibit 5 was processed at the VRO by SA Burkdoll as witnessed by SA Hauck.  On April 11, 2007, SA Burkdoll and SA Apel transported Exhibit 5 to the DEA South-West Regional Laboratory (SWRL) for analysis.

2.  On April 30, 2007, SA Burkdoll was contacted via e-mail by SWRL Forensic Chemist Harry Burnett regarding the condition of Exhibit 5.  Mr. Burnett stated that mold had begun to grow on the outside of the container as well as an insect infestation.  Due to health and safety reasons, Mr. Burnett requested permission to destroy Exhibit 5.  SA Burkdoll contacted Mr. Burnett regarding this issue and agreed to the destruction of Exhibit 5.

**INDEXING**

1.  CENTRAL COAST COMPASSIONATE CAREGIVERS - NADDIS
REMARKS:  Location where search warrant was executed on 3/29/07.

| 11. Distribution: Division | 12. Signature (Agent) Special Agent Rachel Burkdoll | 13. Date 08/03/07 |
|---|---|---|
| District | 14. Approved (Name and Title) Mike Quinn Resident Agent in Charge | 15. Date |
| Other  EPIC, SARI | | |

DEA Form -6
(Jul. 1996)
R5 ~ Destruction of Ex. 5

**DEA SENSITIVE**
Drug Enforcement Administration
This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

0354

# EXHIBIT B



U. S. Department of Justice

**United States Attorney**
**Central District of California**

David P. Kowal
*Assistant United States Attorney*
*(213) 894-5136*

312 North Spring Street
Los Angeles, CA. 90012

December 5, 2007

**Via Interoffice Mail**
Reuven Cohen, Esq.
John Littrell, Esq.
Deputy Federal Public Defenders
312 East Second Street
Los Angeles, CA  90012

**Via US Mail**
William S. Kroger, Jr., Esq.
8888 Olympic Blvd., 1st Flor
Beverly Hills, CA 90211

Re:     United States v. Lynch and Tollette,
        No. CR 07-689-GW

Dear Counsel:

Pursuant to its standard evidence destruction procedures, the DEA is preparing to destroy drug
exhibit number 2 from the above case - miscellaneous bags of marijuana seized on 3/29/07 from
Central Coast Compassionate Caregivers at 780 Monterey Ave. Ste B, Morro Bay, California.
See Bates numbers 0292, 0557-0558 for a description of this exhibit.

If you would like to inspect this exhibit prior to its destruction or have any other objection to the
destruction of the materials, please let me know immediately.  If I do not hear from you within
two weeks, that is by close of business on **December 21, 2007**, I will assume you have no
objection to the planned destruction.

Please do not hesitate to call if you have any questions or concerns.

Very truly yours,

THOMAS P. O'BRIEN
United States Attorney

DAVID P. KOWAL
Assistant United States Attorney

# EXHIBIT C

**FEDERAL PUBLIC DEFENDER**
CENTRAL DISTRICT OF CALIFORNIA
321 EAST 2nd STREET
LOS ANGELES, CALIFORNIA 90012-4202
213-894-2854
213-894-0081 FAX

FILE COPY

SEAN K. KENNEDY
*Federal Public Defender*
DEAN R. GITS
*Chief Deputy*

SYLVIA TORRES-GUILLÉN
*Acting Directing Attorney*
*Santa Ana Office*
JESUS G. BERNAL
*Directing Attorney*
*Riverside Office*

Direct Dial: (213) 894-4454

December 17, 2007

David P. Kowal
Assistant United States Attorney
1400 U.S. Courthouse
312 North Spring Street
Los Angeles, CA 90012

    Re:    United States v. Charles C. Lynch, et. al.,
           CR No. 07-689-GW

Dear Dave,

        I received your letter about the DEA's intention's vis-a-vis Exhibit Number 2 from the above-referenced case.  As you are aware, I am in the last weeks before filing a capital habeas petition, which will include, among a litany of other claims, an actual innocence claim.  Owing to my travel schedule, I will not have an opportunity before the filing to inspect Exhibit Number 2. Accordingly, I would request that you ensure that the DEA not destroy the pot.

        Should you have any questions about this request, please feel free as always to call me. For the next few weeks, the best number to catch me is my cell phone, as I am rarely in the office.

        Thanks as always.

                                        Sincerely,

                                        Reuven L. Cohen
                                        Deputy Federal Public Defender

RLC:lne