SEAN K. KENNEDY (No. 145632)
Federal Public Defender
(E-mail: Sean_Kennedy@fd.org)
REUVEN L. COHEN (No. 231915)
Deputy Federal Public Defender
(E-mail: Reuven_Cohen@fd.org)
JOHN LITTRELL (No. 221601)
(E-mail: John_Littrell@fd.org)
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone (213) 894-4454
Facsimile (213) 894-0081

Attorneys for Defendant
CHARLES C. LYNCH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | NO. CR 07-689-GW |
|---|---|
| Plaintiff, | DEFENDANT'S STATEMENT OF PARTIAL OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT RE: MEDICAL MARIJUANA ISSUES |
| v. | |
| CHARLES C. LYNCH, et. al., | |
| Defendants. | |

Defendant Charles C. Lynch, by and through his counsel of record, Deputy Federal Public Defenders Reuven L. Cohen and John Littrell, hereby submits his

//
//
//
//
//
//
//

P:\Cohen\LYNCH\MOTIONS\Opp to Govt In Limine Mtn Final.wpd

partial opposition to Government's Motion in Limine to Exclude Evidence and Argument Re: Medical Marijuana Issues.

                                                          Respectfully submitted,

                                                          SEAN K. KENNEDY
                                                          Federal Public Defender

DATED: June 23, 2008             By    /s/
                                                          REUVEN L. COHEN
                                                          Deputy Federal Public Defender

DATE:   June 23, 2008             By    /s/
                                                          JOHN LITTRELL
                                                          Deputy Federal Public Defender

*"If I had a world of my own, everything would be nonsense. Nothing would be what it is, because everything would be what it isn't. And contrariwise, what is, it wouldn't be. And what it wouldn't be, it would. You see?"*

*The Reverend Charles Lutdwidge Dodgson (Lewis Carroll), Alice's Adventures in Wonderland, 1865*

## I.

## **INTRODUCTION**

The federal government does not want Charles Lynch to bring "ill looking witnesses to court." Lawyers for the federal government placed those very words in a legal memorandum, which the government then filed in a federal courtroom. *See* Government's Motion in Limine to Exclude Evidence and Argument Re: Medical Marijuana Issues (hereinafter, the "Motion About Medical Marijuana Issues") at 23.

The federal government does not want Charles Lynch to bring "ill looking witnesses to court." The relief sought by the government in its motion about medical marijuana issues is truly worth saying twice.

In its motion about medical marijuana issues, the federal government forwards several general arguments why its case against Charles Lynch is not about medical marijuana issues. Individually, and as set forth below, many of the federal government's arguments are premised upon firmly-established precepts of criminal law. Collectively, the arguments seek -- in a most banal and surreally cruel fashion -- to deprive Charles Lynch of his constitutional right to a fair trial.

It is most instructive for criminal defense lawyers to watch the federal government act like criminal defense lawyers. Like an ardent advocate for an alleged bank robber trying to keep a jury from knowing that his client has repeatedly robbed banks for years, the federal government would like Charles Lynch's peers to convict him for an offense that calls for decades in prison without knowing who he is, what he has done, or why. Who Charles Lynch is, what he has done, and why, are precisely the sort of information that one would hope to have before making any sort of grave judgment about him.

//

1  Charles Lynch respectfully requests that this Court allow him, pursuant to the
2  strictures of *Chambers v. Mississippi*, 410 U.S. 284 (1973), to tell his story. That story
3  necessarily includes the fact that the elected officials of his hometown told him that they
4  supported what he was trying to achieve. Those officials told him that providing
5  medicine that alleviated pain, that saved lives, was a good thing. They gave him a
6  business license and invited him to join the local Chamber of Commerce.

7  Charles Lynch's story necessarily includes the fact that he took the elected
8  officials of his hometown up on their offer and ultimately did, in fact, help people by
9  providing them with a medicine that the State of California (and the federal government)
10 knows to be a medicine. Charles Lynch's story necessarily includes people who not only
11 look ill -- whatever that language may mean -- but are, in fact, gravely ill.

## II.

## ARGUMENT

14 Many of the government's arguments in its motion about medical marijuana issues
15 find support in the case law. First, the government has argued that "medical necessity
16 and related issues are not a defense to any of the counts charged in the indictment."
17 Government's Motion Medical Marijuana Issues at 9. In support of its position, the
18 government correctly notes that marijuana is a controlled substance under federal law.
19 *Id.* at 9-10 (citing *United States v. Oakland Cannabis Buyers' Co-op.*, 532 U.S. 483, 492
20 n.5 (2001)). Equally applicable case law supports the government's request to keep Mr.
21 Lynch from adducing a so-called "medical necessity defense" to the charges. *Id.* at 10
22 (citing *Oakland Cannabis Buyers' Co-op.*, 523 U.S. at 491)).

23 Second, the government has found support for the proposition that "defenses
24 relating to [Mr. Lynch's] state of mind are inapplicable to this case." *Id*. at 12.
25 Specifically, the government accurately posits that because "the charged offenses are
26 general intent crimes, not specific intent crimes . . ., [Mr. Lynch] cannot assert the
27 defenses of good faith, mistake of law, or advice of counsel to these charges." *Id.* at 12-
28 19 (forwarding seven pages of cases that have not yet been overturned).

4

1    Third, the government has argued that Mr. Lynch "cannot assert an entrapment
2 by estoppel defense based on actions of state or local officials, or the inactions of federal
3 officials." *Id.* at 19. Specifically, the federal government has correctly noted that the
4 "Ninth Circuit has repeatedly held that a defendant may not rely on the advice of state
5 agents in presenting an entrapment by estoppel defense to federal crimes." *Id.* at 20
6 (citations omitted).

7    It is this third argument with which Mr. Lynch takes issue under the circumstances
8 of his case. The jury should know that the elected officials of his home town, the elected
9 officials of his state, his local police department, and a wide majority of his fellow
10 Californians believed that his decision to operate a medical marijuana dispensary in
11 Morro Bay was a very good thing. Both the California legislature and local government
12 of Morro Bay gave Mr. Lynch a list of rules to follow and implied that if he followed
13 those rules, and acted with good intentions, he would be okay. Charles Lynch's fellow
14 citizens -- the people vested with deciding whether he should be convicted of a crime --
15 should know that he took those lawmakers and city officials at their word.[1]

16    Mr. Lynch would like to present witnesses in his own defense. He would like
17 to call witnesses to talk about the nuts and bolts of purchasing marijuana at the
18 Central Coast Compassionate Caregivers dispensary. As the Supreme Court has
19 recognized, "few rights are more fundamental than that of an accused to present
20 witnesses in his own defense." *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973).

21    The federal government calls this sort of evidence irrelevant. Among the
22 evidence that the government wishes to keep from the jury is, for example, the
23 Membership Agreement Form (hereinafter, the "rules form"), that Mr. Lynch
24 distributed to each customer. *See* Motion About Medical Marijuana Issues at 23.

---

[1] The federal government has suggested that Mr. Lynch operated his medical marijuana dispensary solely for cynical business reasons. Mr. Lynch has propounded several discovery requests in order to discern why the federal government has elected to proceed against him. Unlike many persons operating under the auspices of Proposition 215, Mr. Lynch was diligent -- indeed, almost compulsive -- in his compliance with the laws of his State.

1  The rules form, which the government has submitted to this Court under seal, plainly
2  shows that every customer who purchased marijuana from Central Coast
3  Compassionate Caregivers was required to comply with stringent rules designed to
4  ensure that the marijuana was indeed used for medicinal purposes. Customers
5  promised to not open their medication until they were in a safe, private location not
6  within 1000 feet of the Central Coast Compassionate Caregivers medical marijuana
7  dispensary. Customers agreed to not leave people outside waiting while the customer
8  went inside the dispensary. Customers agreed to keep their medical marijuana away
9  from children. Customers agreed that the medical cannabis was for medicinal use
10 only. They agreed that their possession of medical marijuana could be prosecuted as
11 a federal crime. They agreed that they would be precluded from receiving their
12 medical marijuana if convicted of a crime. They agreed that they would be referred
13 for prosecution should they present false documents to the dispensary. And so on.
14         None of the transactions that the government wishes to introduce at trial were
15 conducted unless and until the customer agreed to these strict requirements. The fact
16 that marijuana was offered as, and used as, medicine, and the fact that
17 Charlie Lynch made efforts to ensure that his marijuana was distributed only for that
18 purpose, and in compliance with state laws that made the distribution of marijuana
19 for medicinal purposes legal, is "inextricably intertwined" with the facts that the
20 government wishes to introduce to prove his guilt. *See* Fed. R. Evid. 404(b). Mr.
21 Lynch operated a "marijuana store" with a clearly marked sign. He had a business
22 license. He took credit cards. He had a storefront. He operated with the consent of
23 his City Council and the acquiescence of local law enforcement. Every transaction
24 involving marijuana was conducted strictly according to the rules that were
25 prescribed both by the California legislature and the Morro Bay City Council.
26         The "inextricably intertwined" doctrine is an exception to Rule 404 of the
27 Federal Rules of Evidence, which generally prohibits introducing character evidence.
28 The "inextricably intertwined" doctrine provides that evidence that is essential to

setting forth the basic elements of the offense – evidence without which the underlying offense would not be comprehensible – cannot be excluded at trial. *See United States v. Vizcarra-Martinez,* 66 F.3d 1006, 1016 (9th Cir. 1995). Evidence is "inextricably intertwined" if it "constitutes a part of the transaction that serves as the basis for the criminal charge" or "was necessary to …permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *United States v. Williams*, 291 F.3d 1180, 1189 (9th Cir. 2002), *overruled on other grounds in United States v. Gonzales*, 506 F.3d 940 (9th Cir. 2007).

Just as the rules regarding character evidence must not be interpreted so strictly as to deprive the Government of its ability to tell a coherent story of guilt, the rules governing relevance cannot be interpreted so narrowly as to prevent a defendant like Charlie Lynch from presenting a coherent defense. This principle resounds with particularly cogent force where, as here, the government's concept of relevance is, to be generous, loosely tethered to the truth of the matter. The fact that Mr. Lynch distributed marijuana in order to help "ill looking people," and that every transaction was tailored to the requirements for distributing marijuana that had been promulgated by the State of California, is "inextricably intertwined" with the underlying conduct.

There is perhaps no better proponent about the inextricability of medical marijuana issues vis-a-vis the government's case against Charles Lynch than the federal sovereign itself. Indeed, the government's argument about the irrelevance of "ill looking" people in this case is instructive on this score. The government argues that its notion of "relevant evidence" against Mr. Lynch should preclude him from exercising his Sixth Amendment right to cross-examination. Specifically, the government argues that Mr. Lynch not "be allowed to raise [medical marijuana issues] on cross examination if the government calls customer witnesses for the purpose of establishing specific instances of marijuana distribution at the marijuana store, a topic that is manifestly relevant to the elements of the charged crimes, in contrast to any medical motivation behind such sales for either [Mr. Lynch] or the

7

1 customers." Government's Motion About Medical Marijuana Issues at 23.

2 The government's tortuous use of the English language is telling. First, the government cavalierly speaks of "customer" witnesses as if there is nothing unusual about Mr. Lynch's customers. One must query, however, why the government has elected to file the medical records of such "customers" under seal. If these are just run-of-the-mill drug-using criminals, why the caution? Similarly surreal is the government's nomenclature for Mr. Lynch's medical marijuana dispensary. Repeatedly referring to the Central Coast Compassionate Caregivers dispensary as a "marijuana store" is disingenuous and, for lack of a better word, silly.

10 In a brief moment of candor, the government acknowledges that "[t]here may be instances where it will be difficult to separate relevant evidence regarding the charged crimes from irrelevant evidence regarding the medical marijuana issues." Motion About Medical Marijuana Issues at 23. The government thus asks this Court to excise all references to medical marijuana from the trial and to fashion limiting instructions to ensure that the jury does not learn anything about Charles Lynch that the government has labeled "irrelevant." Mr. Lynch thinks this approach would be unfair, and he respectfully requests that the Court deny the government's motion to the extent it precludes him from telling the jury the truth.

19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

## III.

## **CONCLUSION**

For the foregoing reasons, Mr. Lynch respectfully requests that the Court permit him to call witnesses and present a defense that includes his reliance upon the support and encouragement of State actors for his medical marijuana dispensary.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: June 23, 2008          By    /s/
                              REUVEN L. COHEN
                              Deputy Federal Public Defender

DATED: June 23, 2008          By    /s/
                              JOHN LITTRELL
                              Deputy Federal Public Defender