THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
DAVID P. KOWAL (Cal. Bar No. 188651)
RASHA GERGES (Cal. Bar No. 218248)
Assistant United States Attorneys
OCEDTF Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California  90012
    Telephone:  (213) 894-5136/6530
    Facsimile:  (213) 894-0142
    E-mail:  david.kowal@usdoj.gov
         rasha.gerges@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR No. 07-689-GW |
|---|---|
|     Plaintiff, | ) |
|     v. | ) GOVERNMENT'S OPPOSITION TO <u>DEFENDANT CHARLES C. LYNCH'S MOTION TO INFORM THE JURY OF THE APPLICABLE MANDATORY MINIMUM SENTENCES</u> |
| CHARLES C. LYNCH, and ARMOND TENNYSON TOLLETTE, JR., | ) |
|     Defendants. | ) Hearing Date: July 7, 2008<br>) Hearing Time: 8:00 a.m. |

Plaintiff United States of America, by and through its attorney of record, the United States Attorney for the Central District of California, hereby files its opposition to the Motion to Inform the Jury of the Applicable Mandatory Minimum Sentences of defendant Charles C. Lynch ("defendant").

This Opposition is based on the attached memorandum of points

```
 1  and authorities, the files and records of this case, and any
 2  additional evidence or argument the Court may consider at the
 3  hearing on this matter.
 4  Dated: June 23, 2008            Respectfully submitted,
 5                                  THOMAS P. O'BRIEN
                                    United States Attorney
 6
                                    CHRISTINE C. EWELL
 7                                  Assistant United States Attorney
                                    Chief, Criminal Division
 8
 9                                  _____/S/_____
                                    DAVID P. KOWAL
10                                  RASHA GERGES
                                    Assistant United States Attorney
11                                  OCEDTF Section
12                                  Attorneys for Plaintiff
                                    United States of America
```

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Defendant, the owner and operator of a marijuana store, seeks to inform the jury of the applicable mandatory minimum sentences that apply in this case. The motion should be denied. Defendant's entire motion is based on a recent Eastern District of New York case, United States v. Polizzi, 2008 WL 1886006, *90-134 (E.D.N.Y. Apr. 1, 2008), which determined, based on its analysis of colonial and British jury practice, that the Sixth Amendment required a jury to be informed of any applicable mandatory minimum sentence, if the defendant so requested. Polizzi's holding and reasoning conflicts with established Ninth Circuit law, and to controlling precedent of the United States Supreme Court. According to that authority, informing the jury of the applicable mandatory minimum sentence will not assist the jury in determining defendant's guilt or innocence. Rather, such information is intended to provoke jury sympathy and to invite jury nullification. Accordingly, this Court should reject defendant's motion and should instruct the jury prior to their deliberations that they are not to consider the potential punishment defendant may receive if convicted, in accordance with Ninth Circuit Model Jury Instruction 7.4.

**II.**

**ARGUMENT**

"It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict." United States v. Frank, 956 F.2d 872, 879 (9th Cir. 1991). As the Supreme Court explained in Shannon v. United States, 512 U.S. 573

(1994):

> The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict. Information regarding the consequences of a verdict is therefore irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion.

Id. at 579.

The well-settled principle that the jury is not entitled to be informed of the punishment a defendant faces if he is convicted, is reflected in the Ninth Circuit Model Jury Instruction 7.4, which provides: "The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt." Ninth Cir. Crim. Jury Instr. 7.4 (2003). Indeed, the Supreme Court and the Ninth Circuit have held that the jury should be instructed that their function is not to consider or speculate as to the punishment that may flow from their decision. See, e.g., Rogers v. United States, 422 U.S. 35, 40 (1975)(jury should have been admonished "that the jury had no sentencing function and should reach its verdict without regard to what sentence might be imposed"); United States v. Reed, 726 F.2d 570, 579 (9th Cir. 1984)(finding that district court properly instructed jury that the "punishment provided by law for the offenses charged in the indictment are matters exclusively within

2

1 the province of the court. It should never be considered by the jury
2 in any way in arriving at an impartial verdict as to the guilt or
3 innocence of the accused.").

4     The binding authority set forth above, and as recited in Ninth
5 Circuit Model Jury Instruction 7.4, foreclose defendant's argument
6 that the jury should be informed of the applicable mandatory minimum
7 sentences in this case.  The jury's verdict should be based on the
8 facts presented at trial, rather than on their possible sympathy for
9 defendant or their evaluation of the fairness of the potential
10 sentence.  See, e.g., United States v. Scarmazzo, __ F. Supp. 2d __,
11 2008 WL 1946523, *5 (E.D. Cal. May 1, 2008)(granting government's
12 motion in limine to exclude, among other things, testimony regarding
13 potential punishment and any mention of penalties or prison terms in
14 "medical marijuana" case); Patterson v. Runnels, 288 F. Supp. 2d
15 1092, 1099-1100 (C.D. Cal. 2003)("The jury is not to consider the
16 consequences of its verdict, and should be instructed to reach its
17 verdict without regard to what sentence might be imposed."); Lacy v.
18 Lewis, 123 F. Supp. 2d 533, 552 (C.D. Cal. 2000)(holding petitioner
19 had no constitutional right to advise jury that he was bring
20 prosecuted under California's Three Strikes Law).  Thus, the Court
21 should not only deny defendant's motion, but it should also give
22 Model Jury Instruction 7.4 to the jury, and prevent defendant from
23 offering any testimony or argument relating to the mandatory or
24 maximum penalties of the charged offenses.

## III.

## CONCLUSION

For the foregoing reasons, defendant's motion to inform the jury of the applicable mandatory minimum sentences in this case should be denied, the jury should be instructed in accordance with Ninth Circuit Model Jury Instruction 7.4, and the Court should preclude defendant from offering any testimony or argument regarding the potential punishment or prison time defendant may face if convicted.

Dated: June 23, 2008          Respectfully submitted,

                              THOMAS P. O'BRIEN
                              United States Attorney

                              CHRISTINE C. EWELL
                              Assistant United States Attorney
                              Chief, Criminal Division


                                   _____/S/_____
                              DAVID P. KOWAL
                              RASHA GERGES
                              Assistant United States Attorney
                              OCEDTF Section

                              Attorneys for Plaintiff
                              United States of America

4