1  SEAN K. KENNEDY (No. 145632)
   Federal Public Defender
2  (E-mail:  Sean_Kennedy@fd.org)
   REUVEN L. COHEN (No. 231915)
3  Deputy Federal Public Defender
   (E-mail: Reuven_Cohen@fd.org)
4  JOHN LITTRELL (No. 221601)
   (E-mail: John_Littrell@fd.org)
5  321 East 2nd Street
   Los Angeles, California  90012-4202
6  Telephone (213) 894-4454
   Facsimile (213) 894-0081
7

8  Attorneys for Defendant
   CHARLES C. LYNCH
9

10                 UNITED STATES DISTRICT COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12                      WESTERN DIVISION

13

14  UNITED STATES OF AMERICA,           )   NO. CR 07-689-GW
                                        )
15              Plaintiff,              )   DEFENDANT'S REPLY TO
                                        )   GOVERNMENT'S OPPOSITION
16         v.                           )   TO MOTION TO INFORM THE
                                        )   JURY OF THE APPLICABLE
17  CHARLES C. LYNCH, <u>et. al.</u>,   )   MANDATORY MINIMUM
                                        )   SENTENCES
18              Defendants.             )
                                        )
19  _____)

20
         Defendant Charles C. Lynch, by and through his counsel of record, Deputy
21
   Federal Public Defenders Reuven L. Cohen and John Littrell, hereby submits his
22
   //
23
   //
24
   //
25
   //
26
   //
27
   P:\Cohen\LYNCH\TO-BE-FILED\Reply Re Mandatory Minimum Sentence.wpd
28

1  reply to the Government's Opposition to Defendant's  Motion to Inform the Jury of

2  the Applicable Mandatory Minimum Sentences.

3

4                                          Respectfully submitted,

5                                          SEAN K. KENNEDY
                                           Federal Public Defender
6

7
   DATED:  June 30, 2008              By_____/s/_____
8                                          REUVEN L. COHEN
                                           Deputy Federal Public Defender
9

10

11 DATED:  June 30, 2008              By_____/s/_____
                                           JOHN LITTRELL
12                                         Deputy Federal Public Defender

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.

## <u>ARGUMENT</u>

In its opposition to Mr. Lynch's motion to inform the jury of the applicable mandatory minimum sentences, the government has invoked the jurisprudence of the Clinton years, citing controlling Supreme Court and Ninth Circuit precedent dating to the 1990's. Specifically, the case upon which the government relies, *Shannon v. United States*, 512 U.S. 573 (1994), is, in view of the Court's current composition, an anachronism. Mr. Lynch respectfully submits that the analysis set forth in Judge Weinstein's opinion reflects the intellectual shift on the Roberts' Court toward originalist notions of fairness and constitutional orthodoxy. Indeed, one need look no further than the Supreme Court's decisions of the past few weeks to recognize the ascension of the textualists. *See*, *e.g.*, *District of Columbia v. Heller*, __ U.S. __, 2008 WL 2520816 at * 7 (June 26, 2008) (citing, among other things, *A Compleat Collection of State Tryals* (1719), *Some Consideration of the Game Laws* (1796), and *A Collection of All the Acts of Assembly, Now in Force, in the Colony of Virginia* (1733)).

Mr. Lynch submits that the federal government's decision to prosecute a law-abiding Californian for providing his fellow Californians with a legal medicine would have offended the sensibilities of the Framers of the United States Constitution. The Framers certainly would have agreed that Sixth Amendment does not countenance the mock trial sought by the federal government. Mr. Lynch again respectfully requests that his jury be permitted to learn that Mr. Lynch -- should he be convicted -- faces mandatory minimum sentences that may divest this Court of all opportunity to make an individualized determination about just punishment.

Moreover, the government seems to seek, by way of its opposition to a noticed motion, to have the Court give Model Jury Instruction 7.4 to the jury. The government premises its request upon several district court cases, each of which rely upon the principles set forth in *Shannon*, *Rogers v. United States*, 422 U.S. 35, 40 (1975), and

1   their progeny.  *See* Govt. Opp. at 3.  Mr. Lynch objects to the proposed instruction (to

2   the extent it is now properly before this Court) and, in turn,  brings to the Court's

3   attention a ruling from a distinguished jurist whose courtroom may be found a few

4   hundred feet down the hall.

5          In a case decided late last year, Judge Letts issued an opinion in which he

6   addressed the government's constitutional claim of sentencing power in a mandatory

7   minimum drug case.  *See* Exhibit A.  In his opinion, Judge Letts took issue with the

8   federal government's arrogation of both charging and sentencing power in a sting drug

9   case.  Judge Letts reasoned that "[n]othing in the Sentencing Guidelines, Section 841,

10  or the relevant case law is fairly understood as mandating or authorizing that individual

11  AUSAs will assume sentencing power in this way, or that other government agents may

12  arrange the facts of crimes in which the government itself participates so as to produce

13  mandatory sentences that are within the discretion of an AUSA to enforce or alter

14  without any outside review." *Id.* at 5.  Judge Letts noted the common sense, bar stool

15  principle that "it might come as a surprise even to some lawyers who are not versed in

16  criminal law practice to learn that law enforcement can obtain criminal convictions

17  based upon crimes which they instigate as co-conspirators, and into which they defraud

18  others into participating." *Id*. at 6.

19         Judge Lett's reasoning resonates with equal force in this case.  Indeed, most

20  people would likely be surprised to learn that a DEA agent with five months of

21  experience could take a case to two young lawyers working for the United States

22  Attorneys Office and collectively seek to obtain a conviction against a citizen like

23  Charles Lynch.   Modern-day Californians and the authors of the Unitd States

24  Constitution would want the persons sitting in judgment upon Mr. Lynch to know the

25  consequences of their decision.

26  //

27  //

28  //

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.

## CONCLUSION

For the foregoing reasons, Mr. Lynch respectfully requests that the Court inform the jury of the applicable mandatory minimum sentences that may apply in this case.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED:  June 30, 2008            By        /s/
                                    REUVEN L. COHEN
                                    Deputy Federal Public Defender

DATED:  June 30, 2008            By        /s/
                                    JOHN LITTRELL
                                    Deputy Federal Public Defender

5