THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
DAVID P. KOWAL (Cal. Bar No. 188651)
RASHA GERGES (Cal. Bar No. 218248)
Assistant United States Attorneys
OCEDTF Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California  90012
    Telephone:  (213) 894-5136/6530
    Facsimile:  (213) 894-0142
    E-mail:  david.kowal@usdoj.gov
    E-mail:  rasha.gerges@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>CHARLES C. LYNCH, and<br>ARMOND TENNYSON TOLLETTE, JR.,<br><br>                    Defendants. | CR No. 07-689-GW<br><br>GOVERNMENT'S REPLY MEMORANDUM<br>IN SUPPORT OF MOTION IN LIMINE<br>TO EXCLUDE EVIDENCE AND<br>ARGUMENT RE: MEDICAL MARIJUANA<br>ISSUES<br><br>Hearing Date: July 7, 2008<br>Hearing Time: 8:00 a.m. |

        Plaintiff United States of America hereby files this reply
memorandum in support of its Motion In Limine to exclude evidence
and argument relating to medical marijuana issues from the trial
in the above-captioned matter.

//
//
//

1

**TABLE OF CONTENTS**

2
                                                                          **PAGE**

3
TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . .   ii

4
GOVERNMENT'S REPLY. . . . . . . . . . . . . . . . . . . . . . 2

5
        A.    THE VIEWS OF LOCAL OFFICIALS AND OTHERS ABOUT
              DEFENDANT'S ACTIONS AND MOTIVATIONS SHOULD BE
6             EXCLUDED. . . . . . . . . . . . . . . . . . . . . . . 3

7
        B.    DEFENDANT'S PROFFERED EVIDENCE ABOUT THE
              EXPERIENCE OF HIS CUSTOMERS SHOULD ALSO BE
8             EXCLUDED. . . . . . . . . . . . . . . . . . . . . . . 8

9
CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . .   15

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

# TABLE OF AUTHORITIES

**FEDERAL CASES**                                                      **PAGE(S)**

Chambers v. Mississippi,
        410 U.S. 284 (1973).. . . . . . . . . . . . . . . .   5

Montana v. Egelhoff,
        518 U.S. 37 (1996). . . . . . . . . . . . . . . . .   5

Taylor v. Illinois,
        484 U.S. 400 (1988).. . . . . . . . . . . . . . . .   5

Travino v. Gates,
        99 F.3d 911 (9th Cir. 1996). . . . . . . . . . . .   10

United States v. Adams,
        56 F.3d 737 (7th Cir. 1995).. . . . . . . . . . . .   10

United States v. Culy,
        790 F.2d 796 (9th Cir. 1986). . . . . . . . . . . .   6

United States v. Hankey,
        203 F.3d 1160 (9th Cir. 2000).. . . . . . . . . . .   10

United States v. Harris,
        491 F.3d 440 (D.C. Cir. 2007).. . . . . . . . . . .   10

United States v. Martinez-Rodriguez,
        472 F.3d 1087 (9th Cir. 2007).. . . . . . . . . . .   11

United States v. Mitchell,
        172 F.3d 1104 (9th Cir. 1999).. . . . . . . . . . .   12

United States v. Moreno,
        102 F.3d 994 (9th Cir. 1996). . . . . . . . . . . .   6

United States v. Palmer,
        3 F.3d 300 (9th Cir. 1993). . . . . . . . . . . 4, 9, 12

United States v. Prince-Oyibo,
        320 F.3d 494 (4th Cir. 2003). . . . . . . . . . 5, 6, 9

United States v. Rewald,
        889 F.2d 836 (9th Cir. 1989). . . . . . . . . . . . .   7

United States v. Santana-Camacho,
        931 F.2d 966 (1st Cir. 1991). . . . . . . . . . . 7, 10

United States v. Vardoudakis,
        223 F.3d 113 (1st Cir. 2000). . . . . . . . . . . .   12

ii

**TABLE OF AUTHORITIES (cont'd)**

**FEDERAL CASES**                                             **PAGE(S)**

United States v. Vasquez-Landaver,
        527 F.3d 798 (9th Cir. 2008). . . . . . . . . . . . . . .  6

United States v. Warren,
        25 F.3d 890 (9th Cir. 1994).. . . . . . . . . . . . . .  11

United States v. Washington,
        705 F.2d 489 (D.C. Cir. 1983).. . . . . . . . . . . . .  5, 9

**FEDERAL STATUTES**

Fed. R. Evid 401. . . . . . . . . . . . . . . . . . . . . . .  4

Fed. R. Evid 401-02.. . . . . . . . . . . . . . . . .  9, 10, 12

Fed. R. Evid 403. . . . . . . . . . . . . . . . . . . .  passim

Fed. R. Evid. 404(b). . . . . . . . . . . . . . . . . .  11, 12

iii

**GOVERNMENT'S REPLY**

At issue in this case is whether defendant violated federal law through his management and operation of a store that grew and distributed marijuana.  In its motion in limine, the government moved to exclude from trial evidence or argument concerning various medical marijuana issues and topics.[1]  In support if its motion, the government set forth binding precedent from the Ninth Circuit and the United States Supreme Court, as well as persuasive opinions by other courts, demonstrating that the medical marijuana issues are irrelevant, unfairly prejudicial to proper adjudication of the charges, and are merely a means for defendant to seek jury nullification.  In his opposition, defendant concedes, as he must, that the majority of the government's motion is well founded and should be granted.  (See Opp. at 4-5).  However, defendant seeks to preserve two topics from the Court's in limine ruling: his ability to present evidence that local officials and others thought defendant's operation of the marijuana store was "a very good thing," and evidence from customers and others concerning the "nuts and bolts" of how they purchased marijuana from defendant's store.

---

[1]  As set forth in the government's motion, these issues include the legality of defendant's conduct under California law; the requirements or existence of the California Compassionate Use Act; the purported medicinal efficacy of marijuana; the existence or application of a "medical necessity" defense; the existence, counsel, advice, or position of any medical marijuana advocacy group; the counsel or advice of any state/local public officials and/or any attorney regarding any of the above; the approval of any state or local official; any statements by law enforcement officers concerning the purported medicinal use of marijuana; and any similar arguments amounting to an attempt at jury nullification of applicable federal law (together, the "medical marijuana issues").

1   (<u>Id.</u> at 5, 7).  Hedging his bets, defendant also broadly argues

2   that the Court deny the government's motion "to the extent it

3   precludes him from telling the truth."  (<u>Id.</u> at 8).

4       Defendant's arguments should be rejected and none of the

5   topics about which he wishes to offer evidence and argument

6   should be allowed at trial.  Defendant provides scant legal

7   authority in support of his two proposed topics, and nothing on

8   point.  Moreover, and significantly, he fails to connect these

9   topics to the elements of the charged crimes or to any legally

10   cognizable defense.  Instead, his opposition demonstrates his

11   desire to turn the case into a political debate about marijuana

12   use and its differing regulation under state and federal law, all

13   while parading before the jury irrelevant and unfairly

14   prejudicial witnesses and evidence.  While defendant is entitled

15   to present his own defense, he has no constitutional or statutory

16   right to introduce testimony or argument that is legally

17   irrelevant and aimed only at jury nullification.  The Court

18   should grant the government's motion in its entirety.

19   **A.**   **THE VIEWS OF LOCAL OFFICIALS AND OTHERS ABOUT DEFENDANT'S**

20        **ACTIONS AND MOTIVATIONS SHOULD BE EXCLUDED**

21       Defendant argues that the "jury should know the elected

22   officials of his home town, the elected officials of his state,

23   his local police department, and a wide majority of his fellow

24   Californians believed that his decision to operate a medical

25   marijuana dispensary in Morro Bay was a very good thing."  (Opp.

26   at 5).  Notably, defendant concedes that none of this evidence

27   would support a valid defense of entrapment by estoppel.  (<u>Id.</u>).

28   Nor does he provide any other defense or legal theory under which

such evidence would be relevant.  Indeed, defendant fails to articulate any connection whatsoever between this evidence and an element of the crime or any disputed fact likely to prove or disprove any element or valid defense.  The evidence defendant seeks the jury to hear thus meets the very definition of evidence which is <u>not</u> relevant.  <u>See</u> Fed. R. Evid. 401 (defining relevant evidence as "having any tendency to make the existence of any fact <u>that is of consequence to the determination of the action</u> more or less probable. . . .") (emphasis added).  The disconnect between this putative evidence and any relevant issue at trial is further seen in defendant's efforts to use it in support of his selective enforcement motion.  In that pleading, defendant attached numerous photographs of defendant at a ribbon cutting ceremony that included local officials, but never connects this "evidence" to a relevant legal issue in the motion.  (<u>See</u> Def's. Mot. For Discovery and/or Dismissal of Indictment For Selective Enforcement ("Selective Enforcement Mot.") at 9 & Ex. F).

Defendant suggests that the views of local officials and others about his operation of the marijuana store, and the impact that might have had on his actions and motivation in operating the store, is the kind of information that people should know before making the "grave judgment" of convicting him of a federal crime (Opp. at 3).  To the contrary, while such information may be relevant at sentencing, courts have consistently found such evidence should be precluded from trial where, as here, it is not relevant to an element or legally cognizable defense.  <u>See, e.g.</u>, <u>United States v. Palmer</u>, 3 F.3d 300, 305 (9th Cir. 1993) (error to admit statement of defendant to prove defendant's motive where

4

1  "motive does not establish a material element of any of the
2  offenses"); <u>United States v. Prince-Oyibo</u>, 320 F.3d 494, 497,
3  501-02 (4th Cir. 2003) (evidence of religious persecution prior
4  to entry into United States not relevant where key element of
5  crime was whether defendant actually knew visa was forged and no
6  duress defense presented); <u>United States v. Washington</u>, 705 F.2d
7  489, 493-94 (D.C. Cir. 1983) (defendant's proposed evidence of
8  motive, including affiliation with groups that caused her to
9  commit crime, irrelevant where it did not go to issue of whether
10 statement on passport was intentionally false); <u>see also</u> <u>id.</u> at
11 494 (court properly denied as improper attempt at jury
12 nullification proposed jury instruction that jury could acquit if
13 defendant "not culpable or morally blameworthy under prevailing
14 community standards.").  As the evidence proffered by defendant
15 is not relevant to an element or defense, it should be precluded.
16      Defendant attempts to style his argument as having
17 constitutional dimension by referring to a defendant's right to
18 present a defense, specifically to "present witnesses in his own
19 defense" and "to tell his story."  (Op. at 4, 5 (citing <u>Chambers</u>
20 <u>v. Mississippi</u>, 410 U.S. 284 (1973)).  Yet, it is well
21 established that a defendant's right to present a defense is not
22 absolute.  A criminal defendant does not have the right to
23 present evidence that the district court deems irrelevant or
24 immaterial.  <u>See</u> <u>Taylor v. Illinois</u>, 484 U.S. 400, 410 (1988)
25 ("The accused does not have an unfettered [Sixth Amendment] right
26 to offer testimony that is incompetent, privileged, or otherwise
27 inadmissible under standard rules of evidence."); <u>see also</u>
28 <u>Montana v. Egelhoff</u>, 518 U.S. 37, 42 (1996) (applying same rule

                                5

1  in Due Process context); <u>Prince-Oyibo</u>, 320 F.3d at 501 (exclusion
2  of irrelevant evidence under evidentiary rules does not violate
3  constitutional right to put on a defense).

4      This rule applies even when the defendant is trying to "tell
5  his story."  That story must be connected to an element of the
6  crime or valid defense, or be precluded from trial.  <u>United</u>
7  <u>States v. Moreno</u>, 102 F.3d 994, 999 (9th Cir. 1996)("While the
8  constitutional right to testify permits a defendant to choose
9  whether or not to take the witness stand, it does not authorize a
10 defendant to present irrelevant testimony.") (rejecting
11 defendant's claim that, pursuant to the constitutional right to
12 testify, the district court was required to permit him to explain
13 to the jury that he behaved in the manner that he did because he
14 was acting under duress, where he failed to demonstrate prima
15 facie evidence of duress).

16     Similarly, a defendant's attempt to provide background
17 information about himself, or, as defendant phrases it in the
18 present case, to let the jury "know who he is, what he has done,
19 and why" (Opp. at 3), is not proper evidence unless relevant to a
20 disputed element or defense.  <u>See</u> <u>United States v. Vasquez-</u>
21 <u>Landaver</u>, 527 F.3d 798, 801 (9th Cir. 2008) (upholding district
22 court's grant of motion in limine precluding defendant from
23 testifying as to his purported reason for illegally re-entering
24 the United States); <u>United States v. Culy</u>, 790 F.2d 796, 798 (9th
25 Cir. 1986)(upholding district court's refusal to permit defendant
26 from testifying that he was confused over the scope of the court
27 order the NLRB agents were trying to enforce, in case where
28 defendant was charged with willfully interfering with the NLRB

1    agents, not with willfully violating the court order); <u>United</u>
2    <u>States v. Santana-Camacho</u>, 931 F.2d 966, 967 (1st Cir. 1991)
3    (upholding exclusion of evidence that defendant was "a kind
4    person and a good family man" because such evidence did not "make
5    any fact of consequence to the determination of the case
6    significantly more or less probable") (internal quotation marks
7    omitted) (citing Fed. R. Evid. 401).

8          Not only is defendant's proposed evidence flatly irrelevant,
9    it should be excluded under Fed. R. Evid 403 for the alternative
10   reason that even if it contained minimally probative value, that
11   value would be substantially outweighed by the danger of
12   confusions of the issues, misleading the jury, undue delay, or
13   waste of time.   <u>See</u>, <u>e.g.</u>, <u>United States v. Rewald</u>, 889 F.2d 836,
14   852-53 (9th Cir. 1989) (upholding exclusion of relevant evidence
15   under Rule 403 where danger of confusion of issues, misleading
16   jury, and undue delay to trial, especially in light of
17   government's need to present rebuttal evidence "further drawing
18   out the proceedings").   Here, defendant's evidence about ribbon-
19   cutting ceremonies and the like would call for other evidence
20   necessary to rebut the unfair sympathy that defendant would be
21   seeking to invoke.   For example, evidence could be offered
22   showing that defendant's first marijuana store in nearby
23   Atascadero, California was closed down after local business
24   owners complained that his customers were giving marijuana to
25   people waiting outside as they exited the store, and were smoking
26   marijuana on the way to their cars.   (<u>See</u> Search Warrant
27   Affidavit ¶ 6).   Similarly, jurors would hear how one Morro Bay
28   city council woman, after learning that local businesses were

                                     7

1   complaining about defendants' store, went to watch activity
2   there.  This official later complained to local police after
3   observing numerous customers, mostly youths, leaving the store,
4   and one customer passing marijuana to another person waiting in
5   the parking lot.  (See Search Warrant Affidavit ¶ 47).  There are
6   other examples, but these are sufficient to illustrate the
7   substantial delay and waste of time that fair adjudication of
8   these peripheral matters would entail.  Perhaps defendant might
9   welcome such a trial within a trial given its potential to
10  confuse the jury and distract it from the federal violations
11  before it, but the Court should not permit these tangential and
12  irrelevant issues to derail the trial.

13  **B.    DEFENDANT'S PROFFERED EVIDENCE ABOUT THE EXPERIENCE OF HIS**
14  **CUSTOMERS SHOULD ALSO BE EXCLUDED**

15  Defendant also states that he would "like to call witnesses
16  to talk about the nuts and bolts of purchasing marijuana at the
17  Central Coast Compassionate Caregivers dispensary."  (Id.).
18  Again, defendant has made no offer of proof to show an element or
19  legal defense that this evidence would be likely to prove or
20  disprove, such as, for example, that defendant himself did not
21  distribute or assist in the distribution of marijuana, as charged
22  in the indictment.  Instead, defendant candidly admits that the
23  true purpose of this evidence is to show that defendant
24  distributed marijuana "in compliance with state law" in fact that
25  he was "almost compulsive" in such compliance.  (Opp. at 5 n.1,
26  6).  Yet, defendant offers no case law to support his view that
27  compliance with California law has any relevance with respect to
28  these federal charges.  In fact he concedes, as the government

8

pointed out in its moving papers, that state law offers no
defense to the charged crimes, and defendant's understanding of
the law is equally irrelevant.  (Id. at 4).  Nor does defendant
take issue with the cases cited by the government in which
federal courts in medical marijuana cases have excluded issues
concerning state law as little more than an invitation for jury
nullification.  (Govt. Mot. at 23-25).

     Defendant fails to make an offer of proof to the Court to
explain exactly what this "nuts and bolts" testimony will
include.  Most charitably, it would potentially show that
defendant's illegal sales were motivated by the medical necessity
of his customers, or that he was acting under some form or
imperfect duress.  However, as set forth in the government's
motion, such putative defenses are not legally valid, thus making
evidence or argument in support of them irrelevant.  Fed. R.
Evid. 401-02; see Govt's Mot. at 8 (collecting cases regarding
the exclusion of evidence in support of invalid defenses); see
also Palmer, 3 F.3d at 305; Prince-Oyibo, 320 F.3d at 501-02;
Washington, 705 F.2d at 493-94.

     In fact, given defendant's failure to articulate a proper
legal basis behind such evidence, or the contours of the
testimony itself, it is fair to conclude that the prime purpose
of such testimony is to garner sympathy.  Evidence that defendant
was trying to comply with California law, or that the "nuts and
bolts" of his customer's purchases from his store included
references to medical use marijuana is intended not as a defense,
but to invoke from the jury an emotional or political reaction
towards defendant and his customers.  It is in this regard that

9

calling to testify ill-looking people, solely for the purpose of
showing that they are ill and not to propound relevant testimony,
calling customers to show that defendant was acting under local
law and rules, or that defendant was concerned about his
customer's medical well-being, creates exactly the kind of undue
prejudice that Rule 403 was designed to eliminate.  United States
v. Hankey, 203 F.3d 1160, 1172-72 (9th Cir. 2000) (unfair
prejudice under Rule 403 means danger of "undue tendency to
suggest decision on an improper basis.").

     Sympathetic circumstances may be relevant to sentencing, but
when, as here, they are not probative of the crime charged or a
valid defense, they should be excluded under Rules 401 and 403.
E.g., United States v. Harris, 491 F.3d 440, 447 (D.C. Cir. 2007)
(although somewhat probative, upholding as "unassailable" trial
court's exclusion under Rule 403 of testimony from drug
defendant's family members about defendant's conduct immediately
prior to criminal transaction that cast defendant "in the
sympathetic light of a dedicated family man"); United States v.
Adams, 56 F.3d 737, 746-47 (7th Cir. 1995) (under Rule 403 proper
to exclude in two seperate drug trials proffered videotape of
defendant opening presents with his children on Christmas morning
as evidence of defendant's whereabouts where testimony had
limited or no probative "and may have induced jury to feel
sympathy" for defendant or his children, "emotional reactions
that should not factor into the jury's decision"); Santana-
Camacho, 931 F.2d at 967 (upholding exclusion under Rule 401 of
evidence that defendant was "a kind person and a good family
man"); see also Travino v. Gates, 99 F.3d 911, 922 (9th Cir.

1   1996) (upholding exclusion under Rule 403 "highly sympathetic"

2   testimony of child plaintiff in action against police regarding

3   death of her father where little probative value).

4       Nor can defendant bring such irrelevant evidence into trial

5   by labeling it as "inextricably intertwined" with the charged

6   offenses.  That term comes from the law under Fed. R. Evid.

7   404(b), and stands for the proposition that Rule 404(b) does not

8   prohibit offering evidence of a defendant's "crimes, wrongs, or

9   acts" to prove a defendant's character for committing the charged

10  crime when the bad acts at issue are in fact intrinsic or

11  "inextricably intertwined" to the charged offense, and,

12  therefore, constitute direct evidence of guilt.  Fed. R. Evid.

13  404(b); see United States v. Martinez-Rodriquez, 472 F.3d 1087,

14  1091 (9th Cir. 2007) (Rule 404(b) does not exclude evidence which

15  is an "essential element of the charged offense"); United States

16  v. Warren, 25 F.3d 890, 895 (9th Cir. 1994) (stabbing of first

17  victim "inextricably intertwined" with charged second stabbing

18  and not subject to Rule 404(b) because "part of a single course

19  of action"); see generally, 2 WEINSTEIN'S FEDERAL EVIDENCE §

20  404.20[2][b], at 404-44 to 404-46.3 (2d ed. 2008) ("Weinstein").

21  None of this makes relevant the otherwise irrelevant testimony

22  defendant wishes to introduce.

23      Besides quoting the words "inextricably intertwined,"

24  defendant offers no analysis for how this doctrine for dealing

25  with the exclusion of negative character evidence to prove

26  propensity to commit a crime can apply outside the context of

27  Rule 404(b).  Defendant obviously does not purport to offer his

28  "nuts and bolts" or local official evidence as evidence of his

11

own bad acts demonstrating his propensity to commit the charged crime.  His use of the term "inextricably intertwined" is thus inapposite and unhelpful for analyzing the issues here.

Moreover, even with respect to evidence that is inextricably intertwined or that otherwise satisfies Rule 404(b), to be admissible it must still be relevant to an actually issue in the case and also satisfy Rule 403.  See generally, WEINSTEIN at 404-46.13 to 404-46.15 (collecting cases).  For example, although past bad acts of a defendant can be used to show a defendant's motive without violating the ban on propensity evidence under Rule 404(b), such motive must be relevant to a question at trial, such as whether the defendant actually committed the charged crime.  See Palmer, 3 F.3d at 305 (error to admit evidence of motive under 404(b) where not relevant to element of crime); United States v. Mitchell, 172 F.3d 1104, 1109-10 (9th Cir. 1999) (evidence of defendant's poverty and financial pressure not admissible under Rule 404(b) where not relevant under Rule 401 or 403 to show motivation for bank robbery); United States v. Vardoudakis, 223 F.3d 113, 120 (1st Cir. 2000) (where motive not element of crime, it "must be offered to show some other element, for example, that the crime was committed, the identity of the accused, or the accused's requisite mental state.").  Here, defendant does not seek to offer his motivation or the motivation of his customers as a means to rebut an element, or to otherwise prove his innocence.  For this additional reason, the reference to "inextricably intertwined" evidence does not support defendant's argument.

Finally, like the evidence about local officials, allowing

12

defendant's "nuts and bolts" evidence to show his compliance with California law should be precluded under Fed. R. Evid. 403 due to the danger that it will confuse the jury, unduly lengthen the trial, and waste time.  For example, while defendant argues that his customer's testimony shows his compliance with state law, he does not address the substantial California authority demonstrating that his dispensary business is outside not just federal law, but also the protections of California's Proposition 215.  (See Govt's Mot. at 9 n.4).  Under defendant's approach, the jury would have to be instructed on this state law, and the Court would face the prospect of doing what defendant himself has been unable to do - explain how the state law is relevant to the federal charges at issue.  In fact, in his selective enforcement motion, defendant himself appears to concede that he does not know the exact contours of state and local law, describing it as "the byzantine contours of the state and local statutes that have confounded legal scholars since the passage of Proposition 215, Senate Bill 420, and other California laws directed at the safe dispensation of marijuana."  (Selective Enforcement Mot. at 10).  Defendant's own characterization thus confirms that his proposed evidence and argument creates a substantial danger of "confusion of issues" and "misleading the jury" that would outweigh any probative value that it might have.  Fed. R. Evid. 403.

     Defendant's evidence would also invite a confusing, potentially lengthy, and equally pointless detour into the details of local ordinances and whether defendant failed to comply with them.  (See Search Warrant Affidavit at ¶¶  17, 47).  Similarly, customers who did not have valid medical conditions

13

could potentially testify solely for that reason in order to rebut defendant's improper appeal to sympathy.  This back and forth would open up another series of mini-trials, far removed from any relevant issue for the jury to decide.

Rather than proceed down this path, the better approach is the government's.  The Court should exclude defendant's proposed evidence which is connected to no relevant issue.  The Court should also preinstruct the jury that this is a case concerning federal law, that any state laws they are aware of concerning the legality of marijuana in certain limited circumstances may not impact their decision, and that any references to the medical use of marijuana, or to any witnesses purporting to comply or not comply with state or local law concerning marijuana is entirely irrelevant to this case and must be disregarded.  Should there be evidence which actually is relevant to a contested issue in the case, such as defendant's custody and control of his store, that references these topics, it should be admitted with a further limiting instruction along these lines.

In sum, defendant's "nuts and bolts" evidence, like his proposed evidence regarding the views of local officials, should be excluded.

14

**CONCLUSION**

For all the foregoing reasons, the Court should grant the government's motion in limine and exclude all medical marijuana issues from trial.

Dated: June 30, 2008

Respectfully submitted,
THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

_____ /S/
DAVID P. KOWAL
RASHA GERGES
Assistant United States Attorney
OCEDTF Section

Attorneys for Plaintiff
United States of America

15