SEAN K. KENNEDY (No. 145632)
(Sean_Kennedy@fd.org)
Federal Public Defender
John Littrell (No. 221601)
(John_Littrell@fd.org)
Reuven L. Cohen (No. 231915)
(Reuven_Cohen@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California  90012-4202
Telephone (213) 894-5310
Facsimile (213) 894-0081

Attorneys for Defendant
CHARLES C. LYNCH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 07-689-GW |
| Plaintiff, | NOTICE OF MOTION; MOTION TO IMPOSE PRECLUSIVE SANCTIONS FOR DESTRUCTION OF EVIDENCE; MEMORANDUM OF POINTS AND AUTHORITIES |
| v. | |
| CHARLES C. LYNCH, | |
| Defendant. | Hearing Date:     July 21, 2008 |
| | Hearing Time:    8:00 a.m. |

TO:    UNITED STATES ATTORNEY THOMAS O'BRIEN, AND ASSISTANT UNITED STATES ATTORNEYS DAVID KOWAL AND RASHA GERGES:

PLEASE TAKE NOTICE that on July 21, 2008, or as soon thereafter as counsel may be heard, in the courtroom of the Honorable George H. Wu, United States District Judge, defendant Charles C. Lynch will bring on for hearing the following motion:

# MOTION

Defendant Charles C. Lynch, by and through his attorneys of record, Deputy Federal Public Defenders John Littrell and Reuven Cohen, hereby moves this Honorable Court for an imposition of evidentiary sanctions against Plaintiff, United States of America. Mr. Lynch requests that this Court exclude any an all testimony describing the marijuana plants or the number of marijuana plants allegedly seized from Mr. Lynch's medical marijuana dispensary, as well as any and all photographs, video footage , or any other evidence that depicts or describes the marijuana plants. Alternatively, if the Court declines to exclude such evidence, then Mr. Lynch requests that the Court instruct the jury that the government destroyed all of the marijuana plants allegedly seized from the dispensary, in violation of its obligations under federal law, without providing the defense with an opportunity to inspect, test, weigh, or count it, and that the jury can consider that fact when determining whether the government has met its burden of proof.

This motion is based upon the attached Memorandum of Points and Authorities, all files and records in this case, and any further evidence as may be adduced at the hearing on this motion.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: July 17, 2008

By_____/S/_____
John Littrell
Deputy Federal Public Defender

DATED: July 17, 2008

By_____/S/_____
Reuven L. Cohen
Deputy Federal Public Defender

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

On March 29, 2007, the Drug Enforcement Administration (hereinafter, the "DEA") "located and seized . . . approximately 104 marijuana plants" from Mr. Lynch's medical marijuana dispensary. See DEA Report of Investigation, "Destruction of Exhibit No. 5," Bates 354, attached hereto as Exhibit A. The DEA processed the marijuana plants (referenced as Exhibit 5) and transported them to a laboratory for analysis. Id.

One month later, on April 30, 2007, the DEA destroyed the marijuana plants. Id. DEA Special Agent Rachel Burkdoll agreed to the destruction of the plants without consulting Mr. Lynch or his counsel, and without consulting the government's counsel. In doing so, Special Agent Burkdoll violated federal regulations relating to the preservation of marijuana in criminal cases. See 28 C.F.R. § 50.21.

In its opposition to Mr. Lynch's motion to dismiss the indictment, filed more than one year after the plants were reportedly destroyed, the government revealed that, in fact, the marijuana plants had not been destroyed. Gov. Opp. at 4-5 (explaining that "[r]ecently, however, in preparation for this Opposition, SA Burkdoll spoke to the lab and learned that it had not destroyed the plants, but repackaged them."). But the government stipulates that, as a result of the passage of time, the marijuana plants cannot be accurately counted now. See Reporter's Transcript of July 7, 2008 hearing ("RT") at 12:14. Thus, the prejudice to Mr. Lynch of the degradation of the plants necessarily is the same as if they had in fact been destroyed. Because of the government's destruction of the marijuana plants, in violation of its own regulations relating to the preservation of evidence, Mr. Lynch never had an opportunity to independently test, or more importantly, count, the marijuana plants.

## II. ARGUMENT

Mr. Lynch has requested that the Court dismiss Counts One and Four of the indictment pursuant to <u>Arizona v. Youngblood</u>, 488 U.S. 51 (1988). The Court declined the request, but indicated that it would consider lesser sanctions.

Mr. Lynch therefore proposes the following:

**A.    The Court Should Preclude the Government From Introducing Any Evidence Related to the Marijuana Plants Seized From the Dispensary**

District courts have substantial discretion to impose evidentiary sanctions where the government destroys, or allows to spoil, potentially exculpatory evidence and where the government's conduct prejudices a criminal defendant. <u>See</u> <u>United States v. Belden</u>, 957 F.2d 671 (9th Cir. 1992); <u>see also</u> <u>United States v. Cooper</u>, 983 F.2d 928, 931 (9th Cir. 1993). Courts are given such discretion "to avoid the impairment of judicial integrity that would occur if the prosecution were allowed to manipulate court processes, and protective ruling or sanctions may be required both to insure a fair trial in a specific case and to deter future violations." <u>United States v. Loud Hawk</u>, 628 F.2d 1139, 1151 (9th Cir. 1979) (*en banc*), <u>overruled by</u> <u>United States v. Grace</u>, 526 F.3d 499 (9th Cir. 2008) (overruled on other grounds).

"The usual sanction when the government has lost or destroyed evidence is suppression of secondary evidence." <u>United States v. Jennell</u>, 749 F.2d 1302, 1308 (9th Cir. 1985) (citations omitted). Whether a court should impose sanctions for destruction of criminal evidence depends on a balancing of "the quality of the Government's conduct and the degree of prejudice to the accused." <u>Loud Hawk</u>, 628 F.2d at 1152. When the prejudice of the destruction of evidence to the defendant is severe, however, "suppression or other sanctions would be appropriate without regard to the good faith or culpability of the Government." <u>Id.</u>

When Special Agent Burkdoll destroyed the marijuana plants, she violated

3

1  nearly every rule set forth in 28 C.F.R. § 50.21 related to the preservation of
2  marijuana in criminal cases.  See 28 C.F.R. 50.21(e)(1) (requiring DEA to
3  "immediately notify . . . Assistant United States Attorney" prior to destroying
4  evidence); id. (requiring that Assistant United States Attorney be given 60 days to
5  request preservation of evidence); 28 C.F.R. 50.21(e)(2) (requiring DEA to ensure
6  that appropriate testing is performed prior to destruction of evidence); 28 C.F.R.
7  50.21(e)(3) (requiring DEA to "photographically depict" evidence "so as to create
8  evidentiary exhibits for use at trial);28 C.F.R. 50.21(e)(4) (requiring DEA to keep a
9  representative sample of contraband).  Whether or not Special Agent Burkdoll acted
10  with malice, she acted, at best, extremely recklessly.

11      What warrants a preclusive sanction, however, is the extreme prejudice to Mr.
12  Lynch of the destruction of the marijuana plants.  Special Agent Burkdoll counted the
13  plants only once, during the middle of a raid.   As the Court noted, Agent Burkdoll's
14  root ball count is "the only count performed ever by anyone." Dkt. No. 105 at p. 9.
15  Most importantly, "there is no videotape or photographic evidence of the particular
16  count SA Burkdoll performed to reach the 104 number."  Id.  By destroying the plants
17  before Mr. Lynch could inspect or count them, and then failing to preserve any
18  evidence of the plants, or any photographic or video depiction of the root balls, the
19  government made it impossible for Mr. Lynch to rebut the government's number.

20      Cross-examining Special Agent Burkdoll regarding her count of the root balls
21  would not be a reasonable substitute for an opportunity to inspect the evidence.  At
22  most, defense counsel could highlight her disregard for the law, and her carelessness
23  with respect to preserving the number of plants, especially given the fact that the
24  number of plants she claims Mr. Lynch possessed is barely sufficient to yield a
25
26

1    mandatory minimum prison term.  See 21 U.S.C. § 841(b)(1)(B)(vii).[1]  But no cross-

2    examination could cure the prejudice of the fact that Special Agent Burkdoll is the

3    only witness who ever had an opportunity to count the marijuana plants.  As the

4    Court noted, such a one-sided presentation would likely have an "unfairly persuasive

5    influence on the jury."  Dkt. No. 105 at p. 9 (citing Belden, 957 F.2d at 674).

---

[1]   As part of such cross-examination, defense counsel would have to be given latitude to refer to the 100-plant threshold which triggers the mandatory minimum sentence applies, because it is relevant to Special Agent Burkdoll's motive to falsify the number of plants in order to increase the potential prison exposure of the offense.

**B.** **Alternatively, The Court Should Instruct the Jury That the Government Violated Federal Law By Destroying the Marijuana Plants and That the Jury Can Draw An Adverse Inference From That Fact**

Mr. Lynch requests, in the alternative, that the jury be instructed that (1) Special Agent Burkdoll violated federal law when she destroyed all of the marijuana plants allegedly seized from the dispensary without first providing the defense with an opportunity to inspect and count the plants, see 28 C.F.R. § 50.21, and that (2) the jury can infer, based on the government's unlawful destruction of the evidence, that the number of marijuana plants was less than the number the government claims. See Arizona v. Youngblood, 488 U.S. 51, 59 (1988) ("If you find that the State has . . . allowed to be destroyed or lost any evidence whose content or quality are in issue, you may infer that the true facts is against the State's interest.").

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: July 17, 2008          By_____/s/_____
                                             John Littrell
                                             Deputy Federal Public Defender

DATED: July 17, 2008          By_____/s/_____
                                             Reuven Cohen
                                             Deputy Federal Public Defender

# EXHIBIT A

U.S. Department of Justice
Drug Enforcement Administration

## REPORT OF INVESTIGATION

Page 1 of 1

| 1. Program Code | | 2. Cross File | Related Files | 3. File No. | 4. G-DEP Identifier |
|---|---|---|---|---|---|
| 5. By: SA Rachel Burkdoll | | ☐ | | 6. File Title | |
| At Ventura Resident Office | | ☐ | | CENTRAL COAST COMPASSIONATE | |
| Los Angeles Field Division | | ☐ | | CAREGIVERS | |
| 7. ☐ Closed  ☐ Requested Action Completed | | ☐ | | 8. Date Prepared | |
| ☐ Action Requested By: | | ☐ | | 08/03/07 | |

9. Other Officers: SA Hauck, SA Apel, Forensic Chemist Burnett

10. Report Re: Destruction of Exhibit 5 by the DEA South-West Regional Laboratory

### DETAILS

1. On March 29, 2007, the DEA Ventura Resident Office (VRO) along with detectives from the San Luis Obispo (SLO) Sheriff's Department executed a federal search warrant at 780 Monterey Avenue, Suite B, Morro Bay, California which was the location for the CENTRAL COAST COMPASSIONATE CAREGIVERS (CCCC.) During the search, investigators located and seized Exhibit 5 which was approximately 104 marijuana plants located in the marijuana sales room (Room D.) Exhibit 5 was processed at the VRO by SA Burkdoll as witnessed by SA Hauck. On April 11, 2007, SA Burkdoll and SA Apel transported Exhibit 5 to the DEA South-West Regional Laboratory (SWRL) for analysis.

2. On April 30, 2007, SA Burkdoll was contacted via e-mail by SWRL Forensic Chemist Harry Burnett regarding the condition of Exhibit 5. Mr. Burnett stated that mold had begun to grow on the outside of the container as well as an insect infestation. Due to health and safety reasons, Mr. Burnett requested permission to destroy Exhibit 5. SA Burkdoll contacted Mr. Burnett regarding this issue and agreed to the destruction of Exhibit 5.

### INDEXING

1. CENTRAL COAST COMPASSIONATE CAREGIVERS - NADDIS
REMARKS: Location where search warrant was executed on 3/29/07.

| 11. Distribution: Division | 12. Signature (Agent) | 13. Date |
|---|---|---|
| | Special Agent Rachel Burkdoll | 08/03/07 |
| District | 14. Approved (Name and Title) | 15. Date |
| Other  EPIC, SARI | Mike Quinn Resident Agent in Charge | |

DEA Form   - 6
(Jul. 1996)

RB - Destruction of Ex. 5

**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.