**KROGER LAW GROUP**
**WILLIAM S. KROGER, JR.  SBN 187952**
**Attorney at Law**
**8888 W. Olympic, First Floor**
**Beverly Hills, CA  90211**
**(323) 655-5700**
**(323) 655-7446 (Fax)**

**Attorney for Defendant**
**Armond T. Tollette, Jr., MD**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br><br>ARMOND T TOLLETTE, JR., MD,<br><br>                    Defendant. | Case No.:  07-00689-GW<br><br><br>**SENTENCING POSITION ON BEHALF OF DEFENDANT**<br><br>Date:    December 22, 2008<br>Time:    8:00 am<br>Room:  10 |

## INTRODUCTION

Understanding that this Court presided over the Charles Lynch trial, counsel will not belabor the point of California's medical marihuana laws and conflicts with existing federal government. We believe the Court has an excellent understanding of this case and the defendant's position.  For the purpose of this Sentencing Position, it is sufficient to point out that Defendant Tollette was engaged in the medical marihuana industry in accordance with state laws.

# OFFENSE

**Arrest and Cooperation**

Armond Tollette, Jr., MD was arrested on July 17, 2007. At the time of his arrest, he cooperated completely with the law enforcement agents and was taken into custody without incident.

**Conviction**

The defendant did not place the Government with the burden or expense of preparing for trial in his case, he pled guilty to Counts 1 and 2 of the Indictment pursuant to a written plea agreement on July 14, 2008. That is, one count of 18 USC §841 and one count of 18 USC §847, Class B Felonies.

**Actual Conduct**

The defendant provided the Government with all the information in his possession, custody and control in regards to the instant case. In the interest of brevity, the defense requests that the Court refer to the Government's Stipulated Facts within the Plea Agreement.

# OFFENSE LEVEL COMPUTATION

**Base Offense Level**

The Plea Agreement stipulates to:

**Base Offense Level:** [USSG §2D1.2(a)(4)]                          **13**

**Acceptance of Responsibility:** [USSG §3E1.1.(a)(b)]               **-2**

///
///
///

**DEPARTURES AND ADJUSTMENTS**

Pursuant to a written plea agreement, the parties agreed to the following guideline factors: A base offense level of 13 pursuant to U.S.S.G. § 2D1.2(a)(4) for a Drug offense involving an individual under 21 years of age and a two-level decrease pursuant to § 3E1.1 for acceptance of responsibility, resulting in a total offense level of 11. The parties further agree not to seek, argue or suggest that any other specific offense characteristics, adjustments, or departures relating either to offense level or criminal history category be imposed.

**Acceptance of Responsibility** [USSG §3E1.1(a)(b)]

The defense presents to the Court that the defendant pled guilty to the instant case at an early stage of the criminal justice process and has fulfilled all elements to be awarded the two point downward departure for his Acceptance of Responsibility.  The Assistant United States Attorney has stipulated to this departure.

**Acceptance of Responsibility:  -2**

**The Defendant was in Compliance with the California State Law**

The Court, having presided over the trial of co-defendant Charles Lynch, has had a sufficient exposure to the Laws of The State of California and the conflicts with the federal Controlled Substance Act. Although Dr. Tollette was in violation of the federal laws, we would ask the Court to consider the facts that surround the case and the factors involving the medical marihuana laws in California and several other states. Indeed it is illegal to possess marihuana under the federal law; however a vast conflict exists between many states and the federal government over this issue.  The modern trend of legalizing medical marihuana and decriminalizing simple possession lends itself in favor of this issue ultimately being resolved in the states' favor.

California Law states:

Section 11362.5 is added to the Health and Safety Code, to read:

*11362.5. (a) This section shall be known and may be cited as the Compassionate Use Act of 1996.*

*(b)(1) The people of the State of California hereby find and declare that the purposes of the Compassionate Use Act of 1996 are as follows:*

*(A) To ensure that seriously ill Californians have the right to obtain and use marihuana for medical purposes where that medical use is deemed appropriate and has been recommended by a physician who has determined that the person's health would benefit from the use of marihuana in the treatment of cancer, anorexia, AIDS, chronic pain, spasticity, glaucoma, arthritis, migraine, or any other illness for which marihuana provides relief.*

*(B) To ensure that patients and their primary caregivers who obtain and use marihuana for medical purposes upon the recommendation of a physician are not subject to criminal prosecution or sanction.*

*(C) To encourage the federal and state governments to implement a plan to provide for the safe and affordable distribution of marihuana to all patients in medical need of marihuana.*

*(2) Nothing in this section shall be construed to supersede legislation prohibiting persons from engaging in conduct that endangers others, nor to condone the diversion of marihuana for nonmedical purposes.*

***(c) Notwithstanding any other provision of law, no physician in this state shall be punished, or denied any right or privilege, for having recommended marihuana to a patient for medical purposes.***

1  Dr. Tollette is one of close to a hundred doctors in The State of California
2  recommending marihuana to their patients. (See Attachment A). The laws of the State of
3  California provide that physicians shall not be punished, or denied any right or privilege, for
4  having recommended marijuana to a patient.  Here, the Federal Government is doing exactly
5  what the California State Law provides protection for.  The State Law also provides for no
6  age limits for recommending marihuana to patients. Dr. Tollette has broken no Law in the
7  State of California by recommending marihuana to persons he felt required it under his
8  professional opinion as a Medical Doctor, in furtherance, he did not break any California
9  State Laws by recommending marihuana to a person under the age of 21. Over 12 states in
10 the United States have passed laws allowing the use of medical marihuana; they all allow
11 use, possession and cultivation.  The federal government refuses to accept marihuana as a
12 form of medicine even though there have been many studies showing its safety and
13 efficiency in helping with certain ailments.

14 Dr. Tollette never advertised his services and has always maintained a strong degree
15 of professionalism, he has been a Doctor for over 25 years and most of his career he has
16 provided medical services for the impoverished or incarcerated.

17 His belief in the use of alternative medicines is what led him to recommend
18 marihuana to his patients.  The world in general is moving away from complementary
19 medicine to more alternative medicine, whether it is hypnosis, herbs, roots, vitamins,
20 homeopathy, acupuncture or one of many other forms of alternative medicines.  This clearly
21 distinguished him from a marihuana street dealer.  Street dealers are interested only in
22 monetary gain and do not operate under the color of <u>any</u> law.  In contrast, Dr. Tollette was in
23 compliance with the Compassionate Use Act and California Senate Bill 420 and believed
24 that he was engaged in a law abiding enterprise that helped seriously ill patients through
25 alternatives to complementary medicine.  That incorrect belief did not relieve him of
26 accountability, but separates him from the standard defendant found in violation of 18 USC
27 §§ 841 and 847.

28

While Dr. Tollette answers for these charges, Doctors in Los Angeles and throughout the United States continue to recommend marihuana to their patients with no repercussions from the federal government.  In Los Angeles, Doctors charge as little as $40.00 for medical marihuana recommendations.   Street billboards in and around Los Angeles promote "Get Legal Now, Call 1-800-GET KUSH".  420doc.com advertises initial consultation for $5.00.  Radio stations play ads for medical marihuana Doctors and clinics. At the same time, Dr. Tollette is facing prison for the same exact acts.

## SPECIFIC OFFENDER CHARACTERISTICS

The United States Probation Officer supplied the Court with an accurate presentation of the defendant's social history.  Because it is accurate, the defense need not recount that social history here and respectfully requests that the Court refer to the Government's standing papers for the defendant's Offender Characteristics.

**Criminal History**

Dr. Tollette comes before this Court with one prior conviction in the Northern District of California, which yields three total criminal history points, placing him in a level II Criminal History Category.

**Criminal History Category:  II**

## SENTENCING RECOMMENDATION

The defense urges that any term of incarceration run concurrent with the term Dr. Tollette will be serving as a result of the Northern District sentence of 30 months.  As the Court will note, the more culpable co-defendants in Dr. Tollette's case in the Northern District received substantially lighter sentences than Dr. Tollette did.  (See Attachments B). In fact, Dr. Tollette received the harshest sentence because he was indicted and arrested on this instant case.

Defense counsel was involved in Dr. Tollette's case in the Northern District as well. Given Dr. Tollette's cooperation and the substantial probability of a 5K1.1 downward departure in the Northern District, Dr. Tollette would have received a lesser sentence then the 30 months imposed. There is no doubt that the second case caused the United States Attorneys Office to pursue a significantly harsher penalty for Dr. Tollette. The sentencing Judge took the subsequent case very seriously and imposed the 30-month sentence that Dr. Tollette will begin serving shortly. By imposing a sentence including prison time consecutive with the Northern District commitment, the Court will be subjecting Dr. Tollette to double punishment for the same conduct that he was given the harsh sentence for in the Northern District.

Dr. Tollette was in compliance with the state law in his medical practice of recommending marihuana. Combined with the fact that he has received a 30 months sentence based on his Northern District case as a direct result of his indictment in this matter, counsel requests this court to pronounce a sentence of probation to run concurrently with the probation in his other case. If the court deems that a prison sentence is warranted, we would ask that any term imposed run concurrent with his 30 month sentence.

Should this Court determine that the interests of justice would best be served by further incarceration, the defense requests that Dr. Tollette be ordered to serve the low-end of the offense range and order any remaining custody to be served at FCI, Lompoc in California so he may be near his elderly mother and other family members. In addition, the defense would ask that Dr. Tollette complete the Residential Drug Abuse Program.

Respectfully submitted.

Dated this 30th. Day of November, 2008            KROGER LAW GROUP


                                                  _____/S/_____

                                                  WILLIAM S. KROGER, JR.
                                                  **Attorney for Defendant Armond Tollette, Jr. MD**