# Letters of Juror Reza Iranpour in Support of Charles C. Lynch's Position Re: Sentencing Factors

January 28, 2009

Dear Honorable Judge Wu:

The attached letter was written last August (Sept.), shortly after the conclusion of the trial of Mr. Lynch. Because of my great respect for the honorable character that you showed during the trial, and my awareness that you are busy with many cases, I did not send it to anyone, despite receiving many requests from the *Los Angeles Times* and other news media for an interview about the case (my name was given to them by other Juror(s)).

Now that I know that you are about to sentence Mr. Lynch, I think that you should be aware of my beliefs about the case as you decide on a sentence. As I got to learn about your great reputation for fairness and wisdom, I hope that you would agree that Mr. Lynch should not spend five years in prison for actions that are permitted by the local and State laws. The testimony showed that he is an excellent organizer, accountant, technical person, and manager. I believe that he deserves another chance to make an honest living as a free man, in some line of work that is not embroiled in conflict between the state and the federal government.

As I understand that some other jurors in this case have objected to the prospect that Mr. Lynch will go to prison, let me add my voice to theirs in requesting that you mitigate or, if possible, suspend, the punishment that he will receive for being convicted, and set a precedent that will apply to similar cases. This will make many people who have dispensaries think twice, and will serve the cause of justice.

Miss Kelly Wellman, the Investigator, has promised that these letters will be given to you through the defense attorneys and that no one else will see these but you, and anyone else at your discretion.

Very respectfully and sincerely,

Reza Iranpour

*I wrote this letter right after the case ended...* REZA

(IL)

Honorable Judge Wu:

In good conscience, I cannot remain silent about my participation in the miscarriage of justice that occurred in the conviction of Mr. Charlie Lynch, for operating a medical marijuana dispensary in Morro Bay, California. I regret very much to say that I allowed myself to be intimidated by the American-born members of the jury into voting for a conviction when I did not believe that that guilt had been established beyond a reasonable doubt. In fact, I now believe him to be a victim of bureaucratic conflict, who faces the prospect of being severely punished for trusting misleading laws and regulations.

When jury deliberations began, I told the other jurors that I was uneasy about the behavior of the DEA as it was described during the trial. I now believe that the course followed by the DEA was a huge waste of taxpayer money and law enforcement resources, since the testimony in the trial was almost entirely devoted to an unnecessarily detailed and time-consuming analysis of Mr. Lunch's own business records, with almost no useful information gathered by the DEA during its year of surveillance of the dispensary. The primary result of the surveillance was to confirm the conclusion from Mr. Lynch's detailed records of all his customers and transactions, that he never engaged in any activity that was illegal under California law, such as selling to minors or to people without prescriptions from licensed doctors, or in quantities exceeding the permitted amounts. So far as I can tell, his recordkeeping was perfect, and he never made any secret of the nature of his business, which was located two blocks from the police station. Officials of Morro Bay testified that the municipal police officers knew that the operation of the dispensary complied with the local laws, and even visited the shop themselves. Thus, on the information available to the DEA, it could have ordered him to cease operations the first day or the first week that the dispensary was open.

Even during the trial, I began to have doubts that the DEA had acted fairly in this case, so I sent several written notes and verbal messages to the your honorable attention, requesting clarification about issues that arose in my mind. I asked why the DEA had not either closed the dispensary rapidly or given Mr. Lynch written notification that his business violated federal law and that he was in jeopardy of being arrested and tried for this violation. I also asked why the permit form that he had filled out lacked a box for approval by any agency of the federal government, and why the federal government has taken no action against the state government of California instead of filing this case against a small businessman. I received no response to my requests, and found that this was a controlled trial that suggested a predetermined outcome for the case. For example, compassionate intentions in operating the dispensary, and Mr. Lynch's own history of illness as motivation for opening it were not allowed in the testimony.

I want to make it clear that I participated in the jury in an effort to do my duty as a citizen. I was willing to do this because I am grateful for the benefits and opportunities that life in the United States has brought me. I also thought that as a engineer with extensive experience in conducting and managing research, I would be able to weigh the evidence and reach a sound judgment, so it is extremely distressing to me that I failed to stand up for my beliefs at a time when a man's freedom was at stake.

When the jury first met, I told the other jurors that the instructions appeared to leave no room for considering that Mr. Lynch might not be guilty, and I asked if this was fair, as well as expressing my doubts about the behavior of the DEA. Another juror was of the same opinion. I was assured by a number of jury members that had been born in the United States that we had promised the honorable judge to comply with his instructions, and that we would be breaking our promise if we did not vote to convict. The testimony of the trial had increased, rather than decreased, my

doubts that a guilty verdict would be just, but it seemed to me that I was one of the few who thought this way. I also thought that the other jurors were people of good character, and that as an immigrant, I should defer to the judgment of people that were born in this country and might reasonably be presumed to be more familiar with its customs and legal standards. Thus, in contradiction to my actual opinion, I concurred with the votes of the rest to convict.

I might have kept silent about this under other circumstances, but now that I know that Mr. Lynch faces a sentence of five to eighty years in prison for this conviction, I cannot be silent. If the length of the prospective sentence was stated during the trial or the instructions to the jury, I missed it, so I can only say now that such a prolonged imprisonment of an honest man, who might have become greedy, but who was most meticulous and organized in complying with the relevant laws and regulations of the state of California, would be a gross injustice.

For what it may be worth, I state that I have never used marijuana (indeed, I have never even smoked tobacco), so I have no bias to be sympathetic to recreational use of marijuana or any other legally controlled or prohibited psychoactive drug. On the other hand, in the aftermath of the trial my distress has caused me difficulties, so I must acknowledge a strong emotional commitment to trying to correct this injustice in which I have been involved.

**I now believe that no more permits should be issued for such businesses until the conflict between the state and federal governments is resolved, and I would testify in favor of an injunction or any other legal action to halt the issuance of permits.** I do not fully understand why the Supreme Court of the United States or perhaps the Federal Justice Department has not already acted to prevent permits from being issued. I further believe that my participation in the jury deliberations gives Mr. Lynch grounds for filing for an appeal or a mistrial, and **I am willing to provide any needed additional information upon your permission to any judge, to his defense or to the prosecution.**

**CC: Attorneys**

*[signature]*

Reza