HILARY POTASHNER (Bar No. 167060)
Federal Public Defender
Angela Viramontes (Bar No. 228228)
(E-Mail: Angela_Viramontes@fd.org)
Rebecca M. Abel (Bar No. 298604)
(E-Mail: Rebecca_Abel@fd.org)
Deputy Federal Public Defenders
3801 University Avenue, Suite 700
Riverside, California  92501
Telephone:  (951) 276-6346
Facsimile:  (951) 276-6368

Alexandra Yates (Bar No. 250442)
(E-Mail: Alexandra_Yates@fd.org)
Deputy Federal Public Defender
321 East Second Street
Los Angeles, California 90012
Telephone: (213) 894-5059
Facsimile: (213) 894-0081

Attorneys for Defendant
CHARLES LYNCH

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>            v.<br><br>CHARLES LYNCH,<br><br>                    Defendant. | Case No. CR 07-689-GW<br><br>**JOINT STATUS REPORT** |

Pursuant to the Court's March 5, 2019 order, the parties jointly submit the following status report setting forth the issues for this Court's decision on remand from the Ninth Circuit.  In United States v. Lynch, 903 F.3d 1061 (9th Cir. 2018), the Court remanded the matter "for a factual determination from the district court as to whether

Lynch's activities were in compliance with state law, and particularly whether CCCC operated under the required collective form." Id. at 1086-87. The Court further said that in order to determine "whether Lynch strictly complied with California marijuana laws" the district court may need to make "specific findings of fact, as well as legal determinations." Id. at 1087. Following remand, the parties have met and conferred and propose the following procedure for resolution of the issues on remand.

## I. **Briefing on Preliminary Legal Issues**

Prior to fact-finding, it would be efficient for the parties to have the opportunity to brief, and Court to resolve, the following preliminary legal questions:

**A.** Who bears the burden of proving that Mr. Lynch's activities were in compliance with state law?

**B.** What standard of proof applies to the party bearing the foregoing burden?

**C.** What state laws apply in determining whether Mr. Lynch "strictly complied with California marijuana laws"?

The parties recommend the following briefing schedule on these issues:

- Government brief -- 25 page limit -- April 11, 2019.
- Defense brief -- 25 page limit -- May 2, 2019.

If the Court wishes to hear argument on the issues, the defense is available for a hearing on a day convenient to the Court. The government recommends that the Court set a hearing date on the preliminary briefing now. The government expects that after making any rulings at the hearing, the Court will then set a schedule for further proceedings.

## II. **Discovery Period**

Following the Court's resolution of the preliminary legal issues, the defense requests a discovery period during which the parties may request and produce additional evidence relevant to the factual determinations required on remand. The defense expects that this discovery will include the retention and production of evidence from experts, including financial experts. Because there are outstanding

2

questions on the applicable state law, the defense cannot predict the time period necessary to complete this discovery.

The government thinks setting a formal discovery period at this time is unnecessary and will complicate and delay the proceedings in this already protracted matter. Both parties maintain their reciprocal discovery obligations. The retention of experts or other witnesses in addition to those presented at the prior four sentencing hearings remains theoretical. If a party later produces materials incompletely, or a party to whom materials have been produced needs more time, the matter can be taken up, and an adjustment to the existing schedule sought, if and when such a situation arises.

### III.   Briefing and Evidentiary Hearing on the Merits

After resolution of preliminary issues, the parties expect to set with the Court a schedule for briefing on the evidence and merits. Subject to any later developments, the parties anticipate that briefing on the merits will be similar to a suppression motion with the party bearing the burden going first. The briefing may include presentation of evidence from the existing record, and/or new evidence such as declarations with new witness testimony.

The defense requests that any new evidence be disclosed during the above-mentioned discovery period, and, most importantly, in advance of the evidentiary hearing discussed below.

The government believes that a discovery period is unnecessary, as set forth above. New testimony during briefing on the merits may be responsive to materials presented in an opposing party's brief and could not be anticipated during an advanced discovery period. Again, if a party has discovery objections, or needs additional time to respond, it can alert the Court when the issue arises.

The defense requests that following the merits briefing, the Court set an evidentiary hearing at which the defense may cross-examine those declarants, including experts, presenting evidence against Mr. Lynch. The defense has no objection to the

3

status conference the government requests below, at which the details regarding the witnesses and evidence to be presented at the evidentiary hearing can be worked out.

The government believes that it would be wise to have a status conference after evidentiary briefing.  It has no objection to setting an evidentiary hearing with cross-examination if either party produces new witness evidence and the Court believes that there is a factual dispute.  However, if parties rely solely on materials from the prior four sentencing hearings, or if the Court sees no factual disputes, a further evidentiary hearing may not be necessary.  Moreover, some of the potential witnesses will may be out of state, for example, the defendant and the government's original case agent.  A preliminary status conference may avoid needless travel.

## IV.   **Post-Evidentiary Briefing**

At the conclusion of briefing and presentation of evidence, the parties anticipate conferring further with each other and the Court to determine whether further briefing is necessary on issues such as factual findings and conclusions of law and/or the appropriate remedy.

The parties are prepared to discuss this proposal with the Court at the status conference on March 21, 2019 at 9:00am.

Respectfully submitted,

HILARY POTASHNER
Federal Public Defender

DATED:  March 19, 2019        By  */s/ Angela Viramontes*

ANGELA VIRAMONTES
ALEXANDRA YATES
REBECCA M. ABEL
Deputy Federal Public Defenders
Attorneys for Defendant CHARLES LYNCH

4

1

2    DATED:  March 19, 2019          By  /s/ David Kowal

3                                        DAVID KOWAL
                                         Assistant United States Attorney
4                                        Attorney for UNITED STATES OF AMERICA
                                         (signed with authority by email date March 19,
5                                        2019)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28