# Ex. 1

```
 1  THOMAS P. O'BRIEN
    United States Attorney
 2  CHRISTINE C. EWELL
    Assistant United States Attorney
 3  Chief, Criminal Division
    DAVID P. KOWAL (Cal. Bar No. 188651)
 4  RASHA GERGES (Cal. Bar No. 218248)
    Assistant United States Attorneys
 5  OCEDTF Section
         1400 United States Courthouse
 6       312 North Spring Street
         Los Angeles, California  90012
 7       Telephone:  (213) 894-5136/6530
         Facsimile:  (213) 894-0142
 8       E-mail:  david.kowal@usdoj.gov
                  rasha.gerges@usdoj.gov
 9
    Attorneys for Plaintiff
10  UNITED STATES OF AMERICA
```

11                  UNITED STATES DISTRICT COURT

12              FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 13 | UNITED STATES OF AMERICA, | ) No. CR 07-689-GW |
| 14 | Plaintiff, | ) <u>NOTICE OF LODGING REDACTED</u> <u>INDICTMENT FOR JURY</u> |
| 15 | v. | ) |
| 16 | CHARLES LYNCH, | ) |
| 17 | Defendant. | ) |
| 18 | _____ | ) |

19      Plaintiff United States of America, by and through its

20 counsel of record, the United States Attorney for the Central

21 District of California, hereby lodges a redacted indictment.

22      This redacted indictment is the same as the redacted

23 indictment filed on July 20, 2008 indictment and agreed to by the

24 parties, but with two references to the sales of marijuana for

25 profit removed.  (<u>See</u> July 20, 2008 indictment at 2, Means

26 Section: "1. LYNCH . . . owned an operated <u>for profit</u> a marijuana

27 store..." and "2.  LYNCH supplied marijuana to be sold <u>for a</u>

28 <u>profit</u> at the marijuana store.") (emphasis added)).

As the government has not sought to offer evidence of sales for profit, and as the profit allegations are not essential to the charges in the indictment, the Court may remove and submit to the jury the government's new redacted indictment to the jury, should it choose to send a copy of the indictment to the jury at all. United States v. Hutchinson, 22 F.3d 846, 850 (9th Cir. 1993) (discussing United States v. Miller, 471 U.S. 130 (1985) and United States v. Barany, 884 F.2d 1255, 1258 (9th Cir. 1989)), overruled on other grounds as recognized in United States v. Nash, 115 F.3d 1431, 1435 (9th Cir. 1997)); United States v. Forzese, 756 F.2d 217, 221-22 (1st Cir. 1985) (better practice to omit overt act in conspiracy as to which there was no evidence).

Dated: August 2, 2008          Respectfully submitted,

                               THOMAS P. O'BRIEN
                               United States Attorney

                               CHRISTINE C. EWELL
                               Assistant United States Attorney
                               Chief, Criminal Division


                                      /S/
                               _____
                               DAVID P. KOWAL
                               RASHA GERGES
                               Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2007 Grand Jury

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 07-689-GW |
| Plaintiff, | ) | |
| v. | ) | <u>I N D I C T M E N T</u> |
| CHARLES C. LYNCH, | ) | [21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B): Conspiracy to Manufacture and to Possess with Intent to Distribute and to Distribute Marijuana and THC; 21 U.S.C. § 859: Distribution of Marijuana to Person Under 21; 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B): Possession with Intent to Distribute Marijuana; 21 U.S.C. § 856: Maintaining Drug-Involved Premises; 18 U.S.C. § 2: Aiding and Abetting and Causing an Act to be Done] |
| Defendant. | ) | |

The Grand Jury charges:

///
///
///
///

1                        COUNT ONE

2         [21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B), 856, 859]

3  A.    OBJECTS OF THE CONSPIRACY

4       Beginning on a date unknown and continuing to on or about
5  March 29, 2007, in San Luis Obispo County and Los Angeles County,
6  within the Central District of California, and elsewhere,
7  defendants CHARLES C. LYNCH ("LYNCH"), and others known and
8  unknown to the Grand Jury, conspired and agreed with each other
9  to commit the following offenses:
10      1.   To knowingly and intentionally possess with intent to
11 distribute, and to distribute, 100 kilograms and more of a
12 mixture or substance containing a detectable amount of marijuana,
13 a schedule I controlled substance, in violation of 21 U.S.C.
14 §§ 841(a)(1) and 841(b)(1)(B);
15      2.   To knowingly and intentionally manufacture more than
16 100 marijuana plants, in violation of 21 U.S.C.
17 §§ 841(a)(1) and 841(b)(1)(B);
18      3.   To knowingly and intentionally possess with intent to
19 distribute, and to distribute, a mixture or substance containing
20 a detectable amount of tetrahydrocannabinol ("THC"), a schedule I
21 controlled substance, in violation of 21 U.S.C. § 841(a)(1); and
22      4.   To knowingly maintain a drug premises, that is, a place
23 for the purpose of distributing marijuana and THC, both schedule
24 I controlled substances, in violation of 21 U.S.C. § 856;
25      5.   Being at least eighteen years of age, to knowingly and
26 intentionally distribute marijuana to persons under the age of
27 twenty-one, in violation of 21 U.S.C. § 859.
28

B. MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

The objects of the conspiracy were to be accomplished in substance as follows:

1. LYNCH, who at all relevant times was older than eighteen years of age, owned and operated a marijuana store at 780 Monterey Avenue, Suite B, Morro Bay, California, which he named "Central Coast Compassionate Caregivers" (the "marijuana store"). LYNCH typically employed approximately ten employees at the marijuana store. The marijuana store grew marijuana plants and sold marijuana, live marijuana plants and clones, and products containing THC to individuals.

2. LYNCH supplied marijuana to be sold at the marijuana store. In addition, LYNCH and his employees purchased marijuana from other suppliers for sale at the store.

3. LYNCH's employees grew marijuana plants at the marijuana store.

4. LYNCH and his employees maintained at the marijuana store records and information regarding each customer which included the customer's birth date, as reflected on the customer's driver's license and other documents. The marijuana store's customers included minors under the age of twenty-one.

C. OVERT ACTS

In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, on or about the dates listed below, LYNCH, and other co-conspirators known and unknown to the Grand Jury, committed various overt acts within the Central District of California and elsewhere, including but not limited to the

following:

1. On February 22, 2006, LYNCH signed a lease to rent the premises occupied by the marijuana store.

2. On April 1, 2006, LYNCH and marijuana store employees opened the marijuana store.

3. Between April 2006 and March 29, 2007, LYNCH and marijuana store employees sold over $2.1 million in marijuana and THC products.

4. Between April 2006 and March 29, 2007, LYNCH and marijuana store employees sold marijuana and THC products to approximately 281 different individuals under the age of twenty-one.

5. On June 10, 2006, marijuana store employees sold approximately 17.5 grams of marijuana and approximately 0.5 grams of hashish to J.S., a person nineteen years of age.

6. Between June 22, 2006 and August 9, 2006, on at least five different occasions, marijuana store employees distributed marijuana and hashish to J.S., a person under the age of twenty-one, including approximately 3 grams of marijuana provided to J.S. for no charge on J.S.'s twentieth birthday.

7. On July 12, 2006, the chief security officer of the marijuana store sold a confidential source working undercover for law enforcement ("CS-1") and an undercover police officer ("UC-1") approximately 300 grams of marijuana for $3,200.

8. On July 14, 2006, marijuana store employees sold a confidential source working undercover for law enforcement ("CS-2") approximately 3 grams of marijuana and approximately one gram of hashish.

9. On August 27, 2006, a marijuana store employee sold J.S. approximately 14 grams of marijuana.

10. On October 5, 2006, marijuana store employees sold CS-2 approximately 3.5 grams of marijuana, one marijuana plant, and one gram of hashish.

11. On December 5, 2006, a security guard at the marijuana store transported three marijuana plants from the marijuana store to a residence in San Luis Obispo, California.

12. On December 21, 2006, marijuana store employees sold CS-2 approximately 3.5 grams of marijuana and one marijuana plant.

13. On January 2, 2007, marijuana store employees sold UC-2 one marijuana plant and approximately one gram of marijuana.

14. On January 19, 2007, LYNCH supplied approximately $15,900 worth of marijuana to the marijuana store.

15. On January 19, 2007, marijuana store employees permitted at least five customers under the age of twenty-one to visit the marijuana store.

16. On January 23, 2007, marijuana store employees sold UC-2 a marijuana plant and approximately one gram of hashish.

17. On March 29, 2007, LYNCH possessed at his residence in Arroyo Grande, California $27,328 in U.S. currency, and approximately 66 grams of marijuana.

18. On March 29, 2007, LYNCH and marijuana store employees possessed at the marijuana store approximately 14 kilograms of a mixture or substance containing a detectable amount of marijuana, over 200 grams of a mixture or substance containing THC, and approximately 104 marijuana plants.

| | COUNTS TWO AND THREE |
|---|---|
| | [21 U.S.C. §§ 841(a)(1), 859(a), 18 U.S.C. § 2] |

On or about the dates listed below, in San Luis Obispo County, within the Central District of California, defendant CHARLES C. LYNCH, a person at least eighteen years of age, knowingly and intentionally aided, abetted, counseled, commanded, induced, and procured the distribution of more than five grams, that is, the following approximate amounts, of a mixture and substance containing a detectable amount of marijuana, a schedule I controlled substance, to J.S., a person under twenty-one years of age:

| COUNT | DATE | AMOUNT |
|---|---|---|
| TWO | June 10, 2006 | 17.5 grams |
| THREE | August 27, 2006 | 14 grams |

                        COUNT FOUR
              [21 U.S.C. §§ 841(a)(1), (b)(1)(B)]

     On or about March 29, 2007, in San Luis Obispo County, within the Central District of California, defendant CHARLES C. LYNCH, knowingly and intentionally possessed with intent to distribute approximately 14 kilograms of a mixture or substance containing a detectable amount of marijuana, a schedule I controlled substance, and approximately 104 marijuana plants, a schedule I controlled substance.

7

COUNT FIVE

[21 U.S.C. § 856(a)(1)]

Beginning in or about February 22, 2006 and continuing to in or about March 29, 2007, in San Luis Obispo County, within the Central District of California, defendant CHARLES C. LYNCH knowingly opened, leased, rented, used, and maintained the premises located at 780 Monterey Avenue, Suite B, Morro Bay, California, which operated under the name "Central Coast Compassionate Caregivers," for the purpose of manufacturing, that is, growing and cultivating, and distributing controlled substances, namely, marijuana, a schedule I controlled substance, and tetrahydrocannabinol ("THC"), a schedule I controlled substance.