# DECLARATION OF CHARLES LYNCH

I, CHARLES LYNCH, declare:

1.     I am the defendant in *United States v. Charles Lynch*, Case No. LA 07-00689-GW.  I submit this declaration in support of my motion to enjoin the government from continued spending on the prosecution of me in this case.

2.     I was the founder, owner, and operator, and chief executive officer of the Central Coast Compassionate Caregivers, a medical marijuana dispensary located in Morro Bay, California, from April 1, 2006 to March 29, 2007.

3.     I incorporate and reaffirm the declaration I previously submitted to this Court, signed January 30, 2009.  (*See* Ex. A-1, Decl. of C. Lynch, Dkt. No. 246-2.)

## A.     Investment in and Startup of the CCCC

4.     As the founder of the CCCC, I was primarily responsible for all capital investment in the CCCC, including all of the startup expenses.

5.     I spent several months preparing to open the CCCC, including investing hundreds of hours of my time.

6.     I retained an attorney, Lou Koory, to assist with navigating the state and local laws governing medical marijuana dispensaries.  I relied on the advice and consent of Mr. Koory throughout the process of setting up the dispensary, including all the policies and procedures in place for members, vendors, and employees.  Mr. Koory recommended that I operate the CCCC as a sole proprietorship.

7.     I consulted with Mr. Koory regarding the applicable state laws in place at the time that governed medical marijuana.  I also reviewed those laws.  Mr. Koory advised that the state law was new and undeveloped and that there were no regulations in place.  He advised that compliance with the requests of the local authorities was prudent since state law governing dispensaries was limited and provided no concrete guidance to patients or caregivers.

8.     In preparing to open, I visited other dispensaries operating throughout California.  I was aware that there were over a dozen dispensaries operating in Oakland,

as well as several in Berkeley and in the Los Angeles area. They were operating openly and accepting new patients. I visited several, became a member, and studied their policies, procedures, and forms.

9. Prior to opening the CCCC, I searched for a business location, contacting landlords in several cities. I ultimately identified a location in Morro Bay at 780 Monterey Avenue, Suite B in the downtown, commercial area.

10. Morro Bay was a small town of about 10,000 people. The CCCC was the only dispensary in the County of San Luis Obispo.

11. I signed a lease for the space on or about January 31, 2006, paid the $2,000 security deposit and $1,200 first month's rent on or about February 22, 2006, and took possession of the space on March 1, 2006. (Ex. A-2, Trial Ex. 88, Lease.)

12. The CCCC was located on the second floor of the building, but the entrance was located on the first floor.

13. I purchased all the furniture, equipment, and computers for the CCCC prior to its opening. This included, among other things: desks, display cases, scales, safes, security cameras, a point-of-sale system (scanner gun and computer), six computers, an identification card printer and associated equipment.

14. As detailed below, I completed all of the necessary applications to operate a legal business in Morro Bay, including obtaining a business license and a sign permit, and eventually a conditional use nursery permit.

15. I also surveyed the policies and procedures in place at other dispensaries operating in California. I reviewed their application process, membership forms, and vendor procedures. I modeled the CCCC's policies, procedures, and forms off of those of other dispensaries operating legally and openly in California.

**B. Job Responsibilities**

16. As owner and CEO, I was responsible for numerous tasks at the CCCC, including developing all of the procedures, creating all of the forms, managing the employees (including hiring and termination), overseeing vendor purchases, building

2

maintenance, managing the finances and keeping financial records, addressing all technological and computer issues, overseeing the day-to-day operations, and handling all legal and business affairs.

17.    I was present at the CCCC overseeing day-to-day operations nearly every day that it was open.  The operating hours of the CCCC were Tuesday to Sunday from 11:00 a.m. to 6:00 p.m.  (Ex. A-3 at 2, Trial Ex. 424, Photo of Open Hours Sign on CCCC.)

18.    I paid all of the CCCC's bills because I was the only person who had control of the payments system and checkbook.  I oversaw the end-of-day close out process and kept track of all monies coming into and going out of the dispensary.  I logged CCCC expenses in QuickBooks and ran payroll.

19.    I also attended many city council meetings and meetings of the county council regarding medical marijuana dispensaries.  The local regulations regarding dispensaries were constantly changing and I endeavored to stay abreast of any changes or potential changes.

20.    I had an open door policy as the CEO.  Any member that wanted to talk to me or make suggestions could call or come in.  Every day, I talked to patients, employees, and vendors about the operations of the CCCC and how to improve.  The CCCC's employees, who were also members, provided critical input.  For example, my manager recommended lowering prices as the membership grew and the CCCC could accommodate more patients.  As a result, the CCCC lowered its process.  I listened to advice from all stakeholders and made the best decision I could for the CCCC and its members.

21.    I worked a minimum of 60 hours per week as CEO of the CCCC.

C.    **Compliance with Local Laws**

22.    In order to ensure compliance with local laws, even before the CCCC opened, I began attending City of Morro Bay council meetings.

3

23.     I learned that Morro Bay was generally supportive of medical marijuana and the City Council had previously issued a resolution finding "that cannabis/marijuana does have beneficial medicinal value that should be available by lawful prescription."  (Morro Bay Resolution No. 63-93, July 12, 1994, Dkt. No. 297-2, at 3-4.)

24.     I corresponded regularly with Morro Bay City Attorney Rob Shultz and Morro Bay City Planner Mike Prater regarding the location of the dispensary and the requirements to operate.  The mayor of Morro Bay, Janice Peters, also reached out to me and was supportive of the CCCC.

25.     I applied for a business license application with the city of Morro Bay on behalf of the CCCC on February 17, 2006.  (Ex. A-4, Trial Ex. 425, Business License Application.)

26.     Over the objection of the Morro Bay Police Chief regarding violations of federal law, on March 13, 2006, the Morro Bay City Attorney Rob Schultz drafted a memorandum recommending the city grant the CCCC's application.  (Ex. A-5, Trial Ex. 422, City Attorney Memorandum.)  The memo expressly noted the state of medical marijuana law at that time was unclear.  (*Id.* at 1.)  It stated that although S.B. 420 required the issuance of regulations implementing it, the state and county "has not done so."  (*Id.*)  Further, the memorandum noted that state law does not "speak to the regulation of medical marijuana dispensaries."  (*Id.*)  The memorandum also stated that "[t]here are currently no regulations governing the establishment of medical marijuana dispensaries within the City of Morro Bay."  (*Id.* at 3.)  A prior ordinance recommending a moratorium on dispensaries was rejected by the city council.  (*Id.*)  The City Attorney stated that the CCCC's business license application "must be approved as a matter of right."  (*Id.*)  Finally, the memorandum recommended a series of conditions be attached to the issuance of the license.  (*Id.*)

27.     Morro Bay ultimately issued the CCCC a business license, which was effective on April 1, 2006.  (Ex. A-6, Trial Ex. 429, Business License.)

28.     Morro Bay also issued a set of "Conditions for Issuance of Business License." (*Id.* at 3.)  In conformity with the first condition, I purchased frames for the business license and associated conditions and displayed them inside, next to the front door of the CCCC.  (Trial Tr., Dkt. No. 355 at 81-84.)

29.     In conformity with the second condition, prior to hiring an employee, I contacted San Luis Obispo County and/or Intelius, a background check company with which the CCCC contracted, to check if an applicant or potential employee had a felony record. (Ex. A-7, Intelius Background Check for B. Macdonell.)

30.     In conformity with the third condition, the CCCC staff checked the identification of everyone who entered the dispensary to confirm that no one under 18 was permitted to enter without a parent or guardian present.  (Ex. A-6 at 3.)

31.     In conformity with the fourth condition, the CCCC staff did not permit anyone to use marijuana on the premises of the dispensary.  The Membership Agreement expressly stated that use of the medicine could not be within 1,000 feet of the CCCC and could only occur in a private, secure space.  (*Id.*)

32.     In conformity with the fifth condition, the CCCC did not cultivate any marijuana at the dispensary until July 2006, as discussed below, when Morro Bay approved the permit to open a small nursery within the CCCC.  (*Id.*)

33.     In conformity with the sixth condition, the CCCC waited until it received approval to place any signage on the dispensary, as discussed more fully below.  (*Id.*)

34.     As detailed throughout this declaration, the CCCC was in compliance with all provisions of the California Health and Safety Code as required by the seventh condition of the permit.  (*Id.*)

35.     Finally, the CCCC was in compliance with all Morro Bay regulations, as confirmed by several Morro Bay officials, as discussed below.  (*Id.*)

36.     Prior to the opening, many city officials toured the CCCC, including the City Attorney, the Mayor, and the City Council.  They posed for pictures with me and

1   supported the endeavor to provide the community with medical marijuana.  (Ex. A-3 at

2   4-11, Trial Ex. 424, Photos of Morro Bay Officials at the CCCC.)

3       37.   After the opening of the CCCC, the Morro Bay Chamber of Commerce

4   held a ribbon cutting ceremony.  Many city officials attended, including the Mayor and

5   members of the City Council.  (Ex. A-8 ¶ 4, Decl. of J. Peters, Jan. 28, 2009, Dkt. No.

6   246-2 at 10-12.)  The officials were given a tour of the CCCC and the operations were

7   described.  (*Id.*)  I also joined the Chamber of Commerce and attended their events.

8       38.   A few weeks later, officials from the San Luis Obispo County Health

9   Department toured the CCCC.  (Ex. A-9, Ltr from K. O'Neill, San Luis Obispo Cty.

10  Health Dept., May 16, 2006, Dkt. No. 224-5 at 65.)  At the time, the County had no

11  regulations or procedures implementing the medical marijuana ID card program

12  contemplated in S.B. 420.  (*Id.*)  The Health Department officials were interested in

13  how their potential, future ID card program would work in an operable dispensary such

14  as the CCCC.  (*Id.*)

15      39.   On behalf of the CCCC, I applied for and received a permit from Morro

16  Bay on March 30, 2006 to place signage on the exterior of the CCCC.  (Ex. A-10, Sign

17  Permit & Application.)  (*Id.*)  Ultimately, I decided not to install the approved lighted

18  sign because the patient fees did not cover the cost, which was excessive, and I did not

19  believe it was necessary, since patients were able to find the CCCC from the existing

20  signage.

21      40.   In April 2006, the Morro Bay Fire Department conducted an inspection.

22  After requesting some minor modifications to power plugs and cabling, the CCCC

23  passed the fire inspection.

24      41.   On behalf of the CCCC, I obtained and renewed a business tax certificate

25  from the City of Morro Bay on June 20, 2006.  (Ex. A-11, Business Tax Certificate.)

26      42.   In or about June 2006, I applied for a permit with Morro Bay to operate a

27  small nursery of marijuana plants within the dispensary.  On or about July 17, 2006,

28  again over the concerns regarding federal law raised by the Police Chief, the City of

6

Morro Bay approved a Conditional Use Permit for the "[o]ccupation of an existing 60 square-feet of floor area for the purposes of adding cannabis plants." (Ex. A-12 at 1, Trial Ex. 431, Morro Bay Conditional Use Permit.)  In granting the permit, the City of Morro Bay expressly found that issuance of the permit was "consistent with the intent" of the state's medical marijuana laws and that there were no violations of "any provision of the municipal code." (*Id.* at 3.)  Shortly thereafter, the CCCC began operating a nursery of marijuana plants within the dispensary.  I posted the conditions that Morro Bay imposed on the nursery, which I worked with the Morro Bay officials to help draft as part of my application, on the shelves of the nursery. (*Id.* at 6.)

43.    In the summer of 2006, City Attorney Schultz arranged a tour of the CCCC for approximately 20 County Supervisors from around the state.

44.    To my knowledge, none of the city officials received any complaints about the operations of the dispensary. (Ex. A-8 ¶ 5, Decl. of J. Peters.)

45.    Morro Bay officials, including the Mayor, expressed to me that they believed the CCCC was operated "according to State law and the laws of the City of Morro Bay." (Ex. A-8 ¶ 8; Decl. of J. Peters; *see* Ex. A-8 ¶ 6, Decl. of City Councilperson R. Grantham.)  Similarly, Morro Bay City Attorney Rob Schultz expressed that "During the time that Mr. Lynch was in business, to my knowledge he complied with all of his conditions that the City of Morro Bay issued. He complied with all of our laws, all of our regulations that were in place." (Sentencing Tr., Dkt. No. 367 at 61.)

46.    The CCCC maintained commercial general liability insurance. (*See* Ex. A-13, Insurance Policies.)

47.    The CCCC did not engage in any lobbying or political campaign activity.

**D.    Security**

48.    Through my efforts, when the dispensary first opened, the CCCC contracted with a security company to provide security guards for the dispensary. Later, the CCCC directly hired security staff as employees.

7

49.     At all times that the CCCC was open, I endeavored to have security guards present.  There were usually two security guards present during operating hours: one at the door and one in the dispensary.  I purchased a security wand for the security guard at the entrance to ensure that no weapons could be brought into the dispensary.

50.     Prior to opening the dispensary, I also purchased and installed eight security cameras to monitor all areas of the dispensary.  I also purchased, installed, and set up a computer system to view and record the footage from the cameras.  The CCCC employed a Chief of Security who oversaw physical security and reviewed security cameras.  A receptionist verified the patients and conducted background checks.

51.     I also outfitted the CCCC with a security monitoring system, including a keypad for entry, siren, glass protection device, motion detection, and remote monitoring.  (*See* Ex. A-14, HSM Electronic Protection Services Contract, April 10, 2006.)

52.     Important documents, marijuana, and cash were stored in several large safes in the CCCC.  (*See, e.g.*, Ex. A-15, Trial Ex. 64, Pictures of Safes.)  The acting manager and I were the only ones with the combinations to the safes.

53.     The police were never called to the CCCC to address any criminal issues. To the contrary, police officers visited the dispensary to update their "Emergency Business Contact Information" sheet, which they requested be completed by all businesses.  (Ex. A-16, Trial Ex. 428, Morro Bay Police Dep't Contact Sheet.)  I also reached out to the Police Department to check the criminal records of potential employees and vendors on occasion.

E.     **Qualified Patient Procedures**

54.     Upon arrival at the dispensary, a member or potential member would be greeted by a security guard at the entrance on the first floor.  That guard would wand the member to ensure no firearms made it into the dispensary.

55.     The guard also signed in each member on a "Daily Patient Log" by logging their CCCC identification number, last name, time of arrival, and California

8

driver's license number.  (Ex. A-17, Trial Ex. 125A, Unredacted Daily Patient Log, Jan. 19, 2007.)

56.     Only after membership was confirmed would the member be permitted to enter the dispensary on the second floor.  Only qualified patients, law enforcement, government officials, caregivers, and parents or legal guardians were permitted to enter the dispensary.

57.     For potential members, the guard reviewed the persons' driver's license and their doctor's cannabis recommendation.  (Trial Tr., Dkt. No. 355 at 85.)  If a potential member did not possess the required documentation, they should not have been permitted to enter the CCCC.  If a potential member possessed what appeared to be the required documentation, they would be permitted upstairs to enter the reception area of the CCCC.

58.     The potential member would present their driver's license and doctor's recommendation for cannabis to the CCCC staff, as well as any proof of membership in any other cannabis collectives or cooperatives, if they had one.  All of these documents would be photocopied and saved in a separate file for each qualified patient.  (Ex. A-18, Sample Member File.)

59.     Then, the CCCC staff would call the doctor's office who supplied the cannabis recommendation to verify that it was authentic and applicable to the potential member.  The CCCC staff would also verify that the doctor who issued the recommendation was a licensed physician in good standing by confirming those facts on the California Medical Board website.  After the verification was complete, the CCCC staff member would mark that the physician recommendation was approved. (Ex. A-18 at 3, Sample Member File.)

60.     On several occasions, the CCCC discovered forged identification cards or recommendations and the individuals were denied membership.

61.     Next, the potential member would complete application paperwork, which included a "Designation of Primary Caregiver" form and a "Membership Agreement

9

Form." (Ex. A-18 at 1-2, Sample Member File.)  The Designation of Primary Caregiver Form required the patient to certify that he or she suffered from a medical condition that limited his or her life activities and that the patient had "obtained a recommendation or approval from a licensed physician to use medical marijuana to treat [the] illness." (*Id.* at 1.)  The form further designated the CCCC as the patient's "primary caregiver" in accordance with California Health and Safety Code § 11362.5, et seq.  The patient signed the form and it was cosigned by a CCCC staff member, which was often me.  (*Id.* at 1.)  The patient also signed a Membership Agreement, which limited the patient's use of marijuana requiring, among numerous specific restrictions, that the marijuana only be used for medicinal purposes and that the member "abide by the laws of the State of California regarding medical cannabis." (*Id.* at 2.)  The form also warned that violation of any of the rules could result in termination of membership.  (*Id.*)  The patient signed and dated the Membership Agreement Form.  (*Id.*)

62.     Once a member was approved, the CCCC took a photo of the member, entered their information into an Access database of all members, issued the member a membership number, and printed and issued a plastic membership card.  (*See* Ex. A-19, Sample CCCC Membership Identification Card.)  The expiration date of the physician's recommendation was tracked on the face of the ID card and in the Access database in order to remind patients when renewal was required.

63.     On several occasions, the CCCC discovered a violation of the terms in the Membership Agreement, including members who opened the medication directly outside the dispensary.  When the CCCC discovered a violation, the patient's membership was usually terminated.

64.     Since childhood, I have suffered from severe migraine headaches.  On December 6, 2005, I was examined by a physician, Dr. Hanya Barth, who provided a "Therapeutic Cannabis Recommendation" to treat my condition.  (Ex. A-20 at 43-46, Lynch Membership Forms, ECF No. 224-5; PSR ¶ 101.)  I completed the forms, copied

my doctor's recommendation and my driver's license, took my photograph, and I became member number 1 of the CCCC.  (Ex. A-20 at 43-46; Ex. A-21, Trial Ex. 96, Lynch Information from Access Member Database.)

65.     There have been times that my migraines became so severe that I had to entrust the CCCC manager to handle daily operations.

66.     By March 29, 2007, the CCCC had approximately 2,400 members.  (*See* Ex. A-22, Trial Ex. 95, Access Database of CCCC Members.)  The CCCC only sold medical marijuana to members.

**F.     Caregiver Procedures**

67.     Those who supplied marijuana to the dispensary were usually members of the CCCC and completed the above requirements.  (*See* Ex. A-23, Sample Vendor File.)

68.     In addition, most caregivers—also described as vendors—completed a "Designated Caregiver Agreement Form."  (*Id.* at 2.)  That form provided that: "To meet the needs of CCCC patients, qualified members of CCCC will be designated as a Caregiver for a given number of patients and will be granted the right to process transport and possess medical cannabis on behalf of their assigned patients as allowed by California State Law."  (*Id.*)  By completing the form, the member became a caregiver for other CCCC members.

69.     The caregiver was assigned a certain number of patients for whom they could provide marijuana and agreed to limit their cultivation in accordance with the limits on the number of plants and ounces of marijuana that existed at the time.  (*Id.*)  The patient limitation information was recorded in the Access database along with the membership information.

70.     The caregiver further agreed that the cannabis he or she cultivated, possessed and transported would be used exclusively for CCCC patients and only for medical use.  (*Id.*)  The caregiver also agreed that CCCC could inspect the caregiver's growing facility.  (*Id.*)

71.     Among other restrictions, the caregiver was required to agree that he or she "had not been convicted of any felonies and authorize a criminal background check of my criminal history."  (*Id.*)

72.     Either I or my manager interviewed caregivers in person.  We reviewed each of the items on the Designated Caregiver Agreement Form.  I also confirmed with the person that he or she did not have a felony record.

73.     I signed nearly every caregiver agreement after interviewing the person and confirming their suitability.  (*Id.* at 1.)

74.     I endeavored to align the total number of patients allotted on the Designated Caregiver Agreements with or below the total number of patients who belonged to the CCCC.  In other words, the CCCC tracked the patient limits from the Designated Caregiver Agreements and ensured that those limits never exceeded the CCCC membership.

75.     In general, the CCCC patients' need for medicinal marijuana was greater than the supply available from the caregivers.  The CCCC often had to seek out additional caregivers and develop new vendors who would be able to cultivate marijuana sufficient to supply enough marijuana to meet the needs of the CCCC's members.

76.     Caregivers primarily grew cannabis plants off-site and returned to the dispensary when the marijuana was ready for distribution to other members.  Once the nursery was open, caregivers sometimes purchased clones (aka: saplings) from the CCCC then cultivate them off-site and return with usable marijuana distributable to other members.

77.     When a caregiver provided marijuana to the CCCC, a staff member— commonly me—would complete a "CCCC Vendor Breakdown Sheet."  (*See* Ex. A-24, Trial Ex. 166, Sample Vendor Breakdown Sheets.)  On that form, the CCCC recorded the date and time the caregiver arrived, an invoice number, the caregiver's member number, the strain, its weight, and the amount the caregiver charged for the marijuana.

(*See id.* at 4.)  The CCCC employee who received the marijuana from the caregiver would list their employee number and the receipt had to be approved by a manager or by me.  (*Id.*)  The form would also indicate whether the marijuana was provided to the dispensary on consignment, meaning that the caregiver would not be compensated for the marijuana until it was sold to other members.  (*Id.*)

78.     Once the caregiver was paid, it would generally be noted at the bottom of the Vendor Breakdown Sheet, indicating the date paid and noting that it was "PIF" or paid in full, often with the payees initials.  (*See id.*)

79.     A reasonably accurate estimate of the total amount the CCCC paid for marijuana could be deduced from the Vendor Breakdown Sheets and the notes written on them.  In particular, the amount listed beside the "Vendor Service Charge" would almost always equal the amount the CCCC paid the caregiver for the marijuana he or she supplied.

**G.     Employees**

80.     Potential employees completed an application form that I created.  (*See* Ex. A-25 at 4-8, Sample Employee File.)  Among many other questions, the application form asked whether the applicant had ever been convicted of a felony.  (*Id.* at 7.)  The CCCC endeavored not to hire those with criminal histories and completed background checks on new employees.  The applicant signed the form certifying its truthfulness.

81.     I personally interviewed all potential employees to confirm the truthfulness of the contents of their application.

82.     Once hired, the employee completed a "CCCC Employee Agreement." (*Id.* at 1.)  That agreement made the employee terminable at will and certified that the employee had "never been convicted of a felony and authorize[d] a background check of [his/her] criminal history."  (*Id.*)  It also required the employee to comply with the conditions issued by Morro Bay pursuant to the CCCC's business license.  (*Id.*)  Each employee signed, dated, and included their social security number on the employee agreement.  (*Id.*)

13

83.    The employee also completed standard California and federal new-hire paperwork, such as a W-4 form.  The CCCC paid and deducted taxes from each employee's wages.  (*See* Ex. A-26, Trial Ex. 90, EDD Quarterly Wage & Withholding Report.)  The employee also provided identification which was copied and put in their employee file.

84.    Almost all of the employees of the CCCC were also members of the CCCC and completed the paperwork and provided the documentation that was required of all members.

85.    At any one time, the CCCC employed approximately eight or nine employees, including a manager, assistant manager, counter attendants, receptionist, and nursery manager.  (Ex. A-27, Trial Ex. 89, Employee List & Schedules.)

86.    After the nursery opened, employees, who were also members, assisted with the growing process.  The nursery staff watered, pruned, and monitored the plants, including tracking those that had died.  (*See* Ex. A-28, Trial Ex. 105, Dead Clone Log.)

87.    Employees used an electronic clock to sign in and out at the beginning and end of their shifts.  The CCCC kept a log of the employee's hours on timesheets.  (Ex. A-29, Trial Ex. 93, Sample Timesheet & Hours Log.)

**H.    Compensation and Expenses**

88.    The money the CCCC received from members as compensation for medical marijuana was used to pay vendors, cover operating expenses, compensate employees, compensate me for my service to the dispensary, and reimburse startup expenses.  Expenses were recorded primarily in the QuickBooks file for the CCCC, as well as on the Vendor Breakdown Sheets and on receipts saved in the CCCC's binders.

89.    Any surplus funds, which were minimal, were reinvested into the CCCC for items such as additional marijuana to meet growing patient needs, necessary building upgrades, hiring additional personnel, and improving access for patients in need.

14

90.    The salary I drew from the CCCC was reasonable compensation for the enormous time and effort I put into creating, managing, and running the CCCC, as detailed above.

91.    The CCCC also repaid me for some of the startup expenses that I incurred in establishing the dispensary.  These expenses included, but are not limited to: security deposit and rent for the month prior to opening, purchase of all desks, display furniture, safes, and shelving, investment in a point-of-sale system, purchase of a membership card printer and associated computer system, purchase of all computers and software, purchase and setup of QuickBooks and Intuit for payroll, purchase and installation of security cameras and related systems, improvements to the building, obtaining insurance for the business and building, and payments to my initial business partner Dan Eister.

92.    Although the CCCC repaid me for some of the expenses I incurred in starting the business, I never recouped my initial investment.  To finance the CCCC's startup costs, I refinanced my home in California.  Ultimately, because the CCCC did not fully reimburse me for the startup costs prior to its closure, I could not repay the re-financed loan on my home.  In 2009, I lost my home to foreclosure.

93.    On April 30, 2009, I filed for bankruptcy.  (Ex. A-30, Chapter. 7 Voluntary Petition, Case No. 9:09-bk-11593-RR (C.D. Cal.), Dkt. No. 1.)  My debts were discharged on September 12, 2009.  Much of the discharged debt were the CCCC's startup and business expenses.  (*Id.* at 21-23.)

I.    **Sales, Amounts Charged, and Discounts**

94.    When a member purchased marijuana, he or she could pay with cash, credit or gift card, or a check.  All items in the CCCC were labeled with the name of the strain, the warning "for medicinal use only," and had a barcode.  (Ex. A-31, Trial Ex. 11, Photo of CCCC Packaged Marijuana.)  Once purchased, the CCCC staff member would scan the barcode and the connected computer would register the sale. The cost of every item was logged in the point-of-sale system.  A receipt was generated

for every sale, noting the item purchased and the cost of the product.  (Ex. A-32, Trial Ex. 14A, Unredacted Sample Receipt.)

95.   At the end of the day, the CCCC staff generated a daily sales report.  (*See, e.g.*, Ex. A-33, Trial Ex. 112, Jan. 2007 Daily Sales Reports.)  The reports listed the total patient sales, returns, and discounts provided.  (*See, e.g.*, *id.* at 1.)  They further broke down whether the sales were in cash, by check, or by credit or gift card.  (*Id.*)

96.   Generally, I or a manager oversaw the close out process at the end of the day.  After closing, we would confirm that the cash in the register matched the cash transactions on the Daily Sales Report.  From there, I or the manager would log any payments made by the CCCC with that cash.  Most of those cash payments were made to the caregivers, who did not accept credit or check payments, and the Report noted who was paid and the associated invoice number.  Those caregiver payments were also noted on the Vendor Breakdown Sheets described above.  The remaining funds, if any, were either deposited into the bank or carried over to the next day's expenses.

97.   A reasonably accurate estimate of the CCCC's gross income could be deduced from the Daily Sales Reports and the notes written on them.

98.   When my home was searched on March 29, 2007, the DEA found approximately $27,000 in cash.  (*See* Ex. A-34, Trial Ex. 48, Photos of Cash.)  The cash was tied into individual bundles and each was wrapped in a daily sales sheet, representing the amount of cash from the CCCC on the date listed on the sheet.  (*See* Ex. A-35, Trial Ex. 50, Daily Sales Sheet Wrapped Around Cash.)  The cash was patient fees paid to the CCCC for marijuana.  I often carried cash home with me to work on accounting and finance tasks at home and to ensure that the cash was not all stored in one location.  Had it not been seized by the government, it would have been used to pay the CCCC's daily operating expenses.

99.   The managers of the CCCC developed the amounts charged to the members for the various marijuana goods sold.  (*See* Ex. A-36, Trial Ex. 55, Rate Sheets.)  The CCCC sold bud marijuana, clones or plants, and marijuana-related goods

16

such as hash and cannabis oils or balms.  (*Id.*)  The rates were posted in the dispensary for all members to view.

100.   In setting the pricing, the managers took into account the amount the CCCC paid the vendor for the marijuana (which was the CCCC's largest expenditure), the market price for the strain at other dispensaries in the area, and other costs and expenses of the dispensary.  Because the overhead and expenses of the dispensary remained relatively stable, the amount charged by the CCCC remained relatively consistent.  To the extent there were changes, they were price reduction; as member numbers increased, the CCCC was able to decrease the amounts charged to members.

101.   The amounts charged by the CCCC for marijuana were much lower than those charged by dispensaries in the Los Angeles area.

102.   If a vendor sought greater compensation for the marijuana than we thought was fair to charge members, we would not purchase from that vendor.

103.   At the request of members, the CCCC provided 25 percent discounts to needy patients.  As shown in the daily sales reports, the CCCC regularly provided a discount to patients below the reasonable rates set.  The discount was noted as "Incon 25%."  (*See, e.g.*, Ex. A-33 at 1, Trial Ex. 112, Jan. 2007 Daily Sales Reports.)  In just the month of January 2007, the discounts provided to needy patients totaled nearly $5,900.  (*See* Ex. A-33.)

104.   In addition to discounts that we provided to severely sick and needy patients, we also gave comped (i.e., free) marijuana away to members who were struggling financially or severely ill.  The comped marijuana is also designated on the daily sales reports.  (*See* Ex. A-33.)

105.   At the time of the DEA's raid on March 29, 2007, I was developing a more formal process for members to obtain discounts.  I created a "Financial Declaration and Discount Eligibility Form" which would make it easier for the CCCC to identify needy patients and supply discounts more consistently and regularly.  (*See* Ex. A-37, Financial Declaration and Discount Eligibility Form.)  The discount program would

take into account a member's financial need and disability.  (*Id.*)  My goal was to ensure that medical marijuana was accessible to all patients in need.

**J.     Inventory**

106.   The CCCC tracked the marijuana that was available at the dispensary. Staff kept inventory logs of the marijuana plants in the nursery and the grams of marijuana that were available by strain.  (Ex. A-38, Trial Exs. 103A, 104, Inventory Logs.)  In addition, all products were barcoded and scanned into the point-of-sale system and could be tracked.

18

1       I declare under penalty of perjury under the laws of the United States of America

2 that the foregoing is true and correct.

3       Executed on July 14, 2022, at Los Angeles, California.

CHARLES LYNCH

# EXHIBIT A-1

# DECLARATION OF CHARLES LYNCH

I, Charles Lynch, hereby state and declare as follows:

1.     I operated the Central Coast Compassionate Caregivers (the "CCCC" or the "dispensary"), which was located in the City of Morro Bay, California.

2.     Before I opened the dispensary, I spent the summer and fall of 2005 researching the laws about medical marijuana dispensaries. I did not have a lawyer at the time.

3.     I read as much as I could and thought that I understood the difference between federal and State law and how all of the dispensaries in California were legal. Among the materials I read were Prop 215, Senate Bill 420, the Tenth Amendment, and the DEA website.

4.     A few months after I called the DEA but before I opened the CCCC, I hired Lou Koory to be my lawyer. I told my lawyer everything about my operations, including about the substance of my phone calls with the DEA. Every time I had a question about things, I would speak with either Mr. Koory, someone in the local government in the City of Morro Bay or the County of San Luis Obispo. I always tried to stay current with the law on the Internet, but it was confusing at times.

5.      When I opened the dispensary, I was invited to join the Chamber of Commerce. I accepted the invitation, and they gave us a nice sticker for the door.

6.      When I opened the CCCC, I walked around the neighborhood in downtown Morro Bay and introduced myself to my neighbors. I gave them my business card and told them to call me if they had any complaints or concerns. No one ever called to complain about things at the dispensary.

7.      After I opened the dispensary, several local business publications published the address of the dispensary. The address was also readily available on the Internet.

8.      During the application process, I proposed layouts of the dispensary to the City. During the process, I would speak often with Mike Prater, the City Planner, and Rob Schultz, the City Attorney.

9.      One time, Mr. Schultz asked if he could bring a whole bunch of lawyers from the County Counsel Association into the dispensary. I told him that it would be okay to do that, and the lawyers all came for a tour.

10.     We also gave tours to doctors who wanted to see whether the dispensary was a safe place to send their patients. Most doctors also wanted to know whether the marijuana was of a medicinal quality as opposed to street quality.

11.     I never met Dr. Tollette until I was arrested.  I believe that I met him
in while in custody and in court at the Roybal Building.

12.     We always cooperated with local law enforcement.  I spoke with the
City of Morro Bay's police department.  Sometimes an officer would come and
update the police emergency contact sheet.  Sometimes I spoke with a local district
attorney when he wanted to know whether a particular individual was a qualified
patient.  I had read the HIPAA laws before opening and believed that I was
allowed to provide that sort of information to law enforcement officers.  We told
our patients about this, as I thought it was important for them to know.

13.     I tried to comply with all of the City's conditions for the dispensary
and all other laws as best that I could.

14.     We displayed the City's conditions, which were attached to my
business license, in several locations throughout the CCCC.  We tried to put the
conditions in places where people would see them.

15.     I found a company that performed background checks on people who
wanted to work at the dispensary.  I also called the local county information line
and asked about peoples criminal records with the county of San Luis Obispo.  I
also had employees sign an agreement form.

16.     One of the persons whom I couldn't hire because of the City's

conditions was my former partner, Dan Eister.  Mr. Eister had a felony conviction,

which I found out when I did the background checks on myself and Mr. Eister.  I

had to tell him that he couldn't be part of the CCCC.

17.     I put a solid security system in place.  I had visited other dispensaries

around the State, and I copied what the other dispensaries did in terms of providing

safe access to the patients.  We made sure that no one under the age of 18 could get

into the dispensary without their legal guardian.  When we got someone's

paperwork who was under 18, we would inspect both the adult and the minor's

drivers' licenses in order to ensure that the adult guardian was who he or she said

he or she was and to make sure that the licenses were not expired.

18.     I always made sure that my employees were not consuming marijuana

at the CCCC.

19.     I eventually applied for, and received, a conditional use permit.

CCCC never did any cultivating on site, and I told my employees and other

members of the cooperative not to plant any seeds until we got the permit.  Before

I got the permit, I drafted the conditions for Mr. Schultz.  I also drew up a second

floor plan.  I contracted with a company to let other businesses within 300 feet

know about the plans.  I worked with Mike Prater on the plans.  I went to a

Commission meeting on the issue, where the plans were discussed. The Mayor, the City Attorney, the Planning Commission, the Chief of Police, and other members of the City and public were there.

20.    I didn't have any experience with nurseries, so I hired a nursery manager who managed the nursery. I then posted the new conditions that I had drafted, which had been approved, onto the shelves at the nursery.

21.    I drew up a plan for signage before I opened and brought it to the Planning Department. I got approval on the door signs right away. The City later gave me approval on the larger signs after I had the signs created. I never had the larger signs installed.

22.    I had all employees fill out Department of Homeland Security forms. I also posted federal and state labor law posters that I got on the Internet. I tried to verify backgrounds of employees so that I could assure myself that no one was an illegal alien. We had an electronic sign in/out clock for employees, and we maintained a weekly schedule.

23.    I ran payroll by using Intuit Quickbooks.

24.    I heard a lot of argument at trial about how rich I got by operating the dispensary. That isn't true. I didn't open the dispensary to make money. I opened it to help people. I never got any of my initial investment back in the dispensary,

Case 2:07-cr-00689-GW   Document 244-12   Filed 03/03/09   Page 27 of 38   Page ID #:3827

which I got from re-financing my house on Rosemary Lane. I still drive the same Murano that I drove before I opened the CCCC. I live in the same house, although I'm getting pretty close to bankruptcy. I've got a bankruptcy lawyer now, and I'm having a lot of trouble making my house payments. I did buy myself a new guitar effects pedal during the time I opened the dispensary as well as a brand new X-box system.

25.     In terms of doctors, we verified all patients' authorizations. Employees would also verify that the doctors were on the California Medical Board website and in good standing.

26.     We provided patients with a secure website, which explained the State laws about medical marijuana. I put links to these sites up for the patients.

27.     We had patients sign membership forms, which described the rules. We also made sure that all patients were Californians and had valid identification. A few times we discovered forged ID's or doctor's recommendations, and we denied these people access.

28.     Once a patient became a member, we issued an identification card. We wanted to keep our promise to all of our patients that we would never disclose their private information. It also seemed important under the HIPAA laws as well. We maintained our list in a locked part of the CCCC, where the records were

locked as well. I also instructed everyone to never disclose the identity of patients -- even on the occasion when we learned that one of the patients was cooperating with law enforcement. All patients were provided with information from the California Patient Privacy Rights.

29.    No just anyone could come into the dispensary without permission. We only permitted law enforcement, patients, caregivers, parents, or city officials into the dispensary.

30.    We ran a discount program for patients who did not have a lot of money.

31.    We considered ourselves a primary caregiver under California law. We adhered to the State's possession guidelines, which weren't so clear, but we erred on the side of caution. We operated as a sole proprietorship, which is what my lawyer recommended.

32.    My lawyer recently asked me to drive to an address where a deputy sheriff said Ryan Doughtery allegedly had medical marijuana plants in his car. The address does not seem to exist.

33.    I believe that I helped more people during the one year that the CCCC was open than I have in my entire life. Since the dispensary closed, I am aware of

several patients who have passed away.  Several died of the ailments that brought

them to the CCCC.

I declare under penalty of perjury that the foregoing is true and correct to the

best of my knowledge.

Executed this 30 th day of January, 2009, at ___8:30 Am___, California.


CHARLES CORNELIUS LYNCH

# EXHIBIT A-2

CASE NO. CR 07-689-WU
UNITED STATES OF AMERICA

VS. LYNCH

PLAINTIFF'S EXHIBIT 88

DATE_____IDEN.

DATE_____EVID.

BY_____
AO 386          Deputy Clerk



**CALIFORNIA ASSOCIATION OF REALTORS®**

# COMMERCIAL LEASE AGREEMENT
### (C.A.R. Form CL, Revised 10/01)

Date (For reference only): _February 22, 2006_

_____ _Bob Davis_ _____ ("Landlord") and
_____ _Charles C. Lynch_ _____ ("Tenant") agree as follows:

1. **PROPERTY:** Landlord rents to Tenant and Tenant rents from Landlord, the real property and improvements described as:
   _780 Monterey, Morro Bay CA 93442_ ("Premises"), which
   comprise approximately _____ % of the total square footage of rentable space in the entire property. See exhibit _____ for a further
   description of the Premises.

2. **TERM:** The term shall be for _____ years and _____ months, beginning on (date) _____ ("Commencement Date"),
   (Check A or B):
   ☐ A. **Lease:** and shall terminate on (date) _____ at _____ ☐ AM ☐ PM.
   Any holding over after the term of this agreement expires, with Landlord's consent, shall create a month-to-month tenancy that either party
   may terminate as specified in paragraph 2B. Rent shall be at a rate equal to the rent for the immediately preceding month, payable in
   advance. All other terms and conditions of this agreement shall remain in full force and effect.
   ☒ B. **Month-to-month:** and continues as a month-to-month tenancy. Either party may terminate the tenancy by giving written notice to the other at
   least 30 days prior to the intended termination date, subject to any applicable local laws. Such notice may be given on any date.
   ☐ C. **RENEWAL OR EXTENSION TERMS:** See attached addendum _____ .

3. **BASE RENT:**
   A. Tenant agrees to pay Base Rent at the rate of (CHECK ONE ONLY:)
   ☒ (1) $ _1,200.00_ _____ per month, for the term of the agreement.
   ☐ (2) $ _____ per month, for the first 12 months of the agreement. Commencing with the 13th month, and upon expiration of
   each 12 months thereafter, rent shall be adjusted according to any increase in the U.S. Consumer Price Index of the Bureau of Labor
   Statistics of the Department of Labor for All Urban Consumers ("CPI") for
   (the city nearest the location of the Premises), based on the following formula: Base Rent will be multiplied by the most current CPI
   preceding the first calendar month during which the adjustment is to take effect, and divided by the most recent CPI preceding the
   Commencement Date. In no event shall any adjusted Base Rent be less than the Base Rent for the month immediately preceding the
   adjustment. If the CPI is no longer published, then the adjustment to Base Rent shall be based on an alternate index that most closely
   reflects the CPI.
   ☐ (3) $ _____ per month for the period commencing _____ and ending _____ and
          $ _____ per month for the period commencing _____ and ending _____ and
          $ _____ per month for the period commencing _____ and ending _____ .
   ☐ (4) In accordance with the attached rent schedule.
   ☐ (5) Other: _____
   B. Base Rent is payable in advance on the **1st (or** ☐ _____ ) day of each calendar month, and is delinquent on the next day.
   C. If Commencement Date falls on any day other than the first day of the month, Base Rent for the first calendar month shall be prorated based on a
   30-day period. If Tenant has paid one full month's Base Rent in advance of Commencement Date, Base Rent for the second calendar month shall
   be prorated based on a 30-day period.

4. **RENT:**
   A. Definition: ("Rent") shall mean all monetary obligations of Tenant to Landlord under the terms of this agreement, except security deposit.
   B. Payment: Rent shall be paid to (Name) _Bob Davis_ , at (address)
   _P.O. Box 6523, Los Osos, CA 93412_ _(556-0333)_ , or at any other
   location specified by Landlord in writing to Tenant.
   C. Timing: Base Rent shall be paid as specified in paragraph 3. All other Rent shall be paid within 30 days after Tenant is billed by Landlord.

5. **EARLY POSSESSION:** Tenant is entitled to possession of the Premises on _____
   If Tenant is in possession prior to the Commencement Date, during this time **(i)** Tenant is not obligated to pay Base Rent, and **(ii)** Tenant ☐ is
   ☐ is not obligated to pay Rent other than Base Rent. Whether or not Tenant is obligated to pay Rent prior to Commencement Date, Tenant is
   obligated to comply with all other terms of this agreement.

6. **SECURITY DEPOSIT:**
   A. Tenant agrees to pay Landlord $ _2,000.00_ _____ as a security deposit. Tenant agrees not to hold Broker responsible for its return.
   (IF CHECKED:) ☐ If Base Rent increases during the term of this agreement, Tenant agrees to increase security deposit by the same proportion
   as the increase in Base Rent.
   B. All or any portion of the security deposit may be used, as reasonably necessary, to: **(i)** cure Tenant's default in payment of Rent, late charges,
   non-sufficient funds ("NSF") fees, or other sums due; **(ii)** repair damage, excluding ordinary wear and tear, caused by Tenant or by a guest or
   licensee of Tenant; **(iii)** broom clean the Premises, if necessary, upon termination of tenancy; and **(iv)** cover any other unfulfilled obligation of
   Tenant. **SECURITY DEPOSIT SHALL NOT BE USED BY TENANT IN LIEU OF PAYMENT OF LAST MONTH'S RENT.** If all or any portion of the
   security deposit is used during tenancy, Tenant agrees to reinstate the total security deposit within 5 days after written notice is delivered to
   Tenant. Within 30 days after Landlord receives possession of the Premises, Landlord shall: **(i)** furnish Tenant an itemized statement indicating the
   amount of any security deposit received and the basis for its disposition, and **(ii)** return any remaining portion of security deposit to Tenant.
   However, if the Landlord's only claim upon the security deposit is for unpaid Rent, then the remaining portion of the security deposit, after
   deduction of unpaid Rent, shall be returned within 14 days after the Landlord receives possession.
   C. No interest will be paid on security deposit, unless required by local ordinance.

The copyright laws of the United States (Title 17 U.S. Code) forbid the
unauthorized reproduction of this form, or any portion thereof, by photocopy
machine or any other means, including facsimile or computerized formats.
Copyright © 1998-2001, CALIFORNIA ASSOCIATION OF REALTORS®,
INC. ALL RIGHTS RESERVED.

Landlord and Tenant acknowledge receipt of a copy of this
page.
Landlord's Initials ( _____ ) ( _____ )
Tenant's Initials ( _CL_ ) ( _____ )

| Reviewed by | | |
|---|---|---|
| Broker or Designee _____ | Date _____ | |

**CL-11 REVISED 10/01 (PAGE 1 of 6)**

**COMMERCIAL LEASE AGREEMENT (CL-11 PAGE 1 OF 6)**

Pedersen Realty     1163 Main St     , Morro Bay     CA 93442
Phone: (805)7725657     Fax: (805)     Pedersen Realty     780 Monterey,

Premises: _780 Monterey, Morro Bay  CA  93442_ _____ Date _February 22, 2006_

**7.  PAYMENTS:**

|  | TOTAL DUE | PAYMENT RECEIVED | BALANCE DUE | DUE DATE |
|---|---|---|---|---|
| A.  Rent: From _03/01/2006_  To _03/31/2006_ | $ _1,200.00_ | $ _1,200.00_ | $ _____ | |
|           Date            Date | | | | |
| .  Security Deposit . . . . . . . . . . . . . . . . . . . . . . . . . | $ _2,000.00_ | $ _2,000.00_ | $ _____ | |
| C.  Other: _____ | $ _____ | $ _____ | $ _____ | |
|            Category | | | | |
| D.  Other: _____ | $ _____ | $ _____ | $ _____ | |
|            Category | | | | |
| E.  **Total:** . . . . . . . . . . . . . . . . . . . . . . . . . | $ _3,200.00_ | $ _3,200.00_ | $ _____ | |

**8.  PARKING:** Tenant is entitled to _____ unreserved and _none_ _____ reserved vehicle parking spaces. The right to parking ☐ is ☒ is not included in the Base Rent charged pursuant to paragraph 3. If not included in the Base Rent, the parking rental fee shall be an additional $ _____ per month. Parking space(s) are to be used for parking operable motor vehicles, except for trailers, boats, campers, buses or trucks (other than pick-up trucks). Tenant shall park in assigned space(s) only. Parking space(s) are to be kept clean. Vehicles leaking oil, gas or other motor vehicle fluids shall not be parked in parking spaces or on the Premises. Mechanical work or storage of inoperable vehicles is not allowed in parking space(s) or elsewhere on the Premises. No overnight parking is permitted.

**9.  ADDITIONAL STORAGE:** Storage is permitted as follows: _within the premises only_ _____
The right to additional storage space ☐ is ☒ is not included in the Base Rent charged pursuant to paragraph 3. If not included in Base Rent, storage space shall be an additional $ _____ per month. Tenant shall store only personal property that Tenant owns, and shall not store property that is claimed by another, or in which another has any right, title, or interest. Tenant shall not store any improperly packaged food or perishable goods, flammable materials, explosives, or other dangerous or hazardous material. Tenant shall pay for, and be responsible for, the clean-up of any contamination caused by Tenant's use of the storage area.

**10.  LATE CHARGE; INTEREST; NSF CHECKS:** Tenant acknowledges that either late payment of Rent or issuance of a NSF check may cause Landlord to incur costs and expenses, the exact amount of which are extremely difficult and impractical to determine. These costs may include, but are not limited to, processing, enforcement and accounting expenses, and late charges imposed on Landlord. If any installment of Rent due from Tenant is not received by Landlord within **10 calendar days** after date due, or if a check is returned NSF, Tenant shall pay to Landlord, respectively, $ _60.00_ _____ as late charge, plus 10% interest per annum on the delinquent amount and $25.00 as a NSF fee, any of which shall be deemed additional Rent. Landlord and Tenant agree that these charges represent a fair and reasonable estimate of the costs Landlord may incur by reason of Tenant's late or NSF payment. Any late charge, delinquent interest, or NSF fee due shall be paid with the current installment of Rent. Landlord's acceptance of any late charge or NSF fee shall not constitute a waiver as to any default of Tenant. Landlord's right to collect a Late Charge or NSF fee shall not be deemed an extension of the date Rent is due under paragraph 4, or prevent Landlord from exercising any other rights and remedies under this agreement, and as provided by law.
**CONDITION OF PREMISES:** Tenant has examined the Premises and acknowledges that Premise is clean and in operative condition, with the ollowing exceptions: _____.
Items listed as exceptions shall be dealt with in the following manner: _____

**12.  ZONING AND LAND USE:** Tenant accepts the Premises subject to all local, state and federal laws, regulations and ordinances ("Laws"). Landlord makes no representations or warranty that Premises are now or in the future will be suitable for Tenant's use. Tenant has made its own investigation regarding all applicable Laws.

**13.  TENANT OPERATING EXPENSES:** Tenant agrees to pay for all utilities and services directly billed to Tenant. _____

**14.  PROPERTY OPERATING EXPENSES:**
   A.  Tenant agrees to pay its proportionate share of Landlord's estimated monthly property operating expenses, including but not limited to, common area maintenance, consolidated utility and service bills, insurance, and real estate taxes, based on the ratio of the square footage of the Premises to the total square footage of the rentable space in the entire property. _____

**OR B. ☒  (If checked)** Paragraph 14 does not apply.

**15.  USE:** The Premises are for the sole use as _Central Coast Compassionate Caregivers_ _____
No other use is permitted without Landlord's prior written consent. If any use by Tenant causes an increase in the premium on Landlord's existing property insurance, Tenant shall pay for the increased cost. Tenant will comply with all Laws affecting its use of the Premises.

**16.  RULES/REGULATIONS:** Tenant agrees to comply with all rules and regulations of Landlord (and, if applicable, Owner's Association) that are at any time posted on the Premises or delivered to Tenant. Tenant shall not, and shall ensure that guests and licensees of Tenant do not, disturb, annoy, endanger, or interfere with other tenants of the building or neighbors, or use the Premises for any unlawful purposes, including, but not limited to, using, manufacturing, selling, storing, or transporting illicit drugs or other contraband, or violate any law or ordinance, or committing a waste or nuisance on or about the Premises.

**17.  MAINTENANCE:**
   A.  Tenant OR ☐  (If checked, Landlord) shall professionally maintain the Premises including heating, air conditioning, electrical, plumbing and water systems, if any, and keep glass, windows and doors in operable and safe condition. Unless Landlord is checked, if Tenant fails to maintain the Premises, Landlord may contract for or perform such maintenance, and charge Tenant for Landlord's cost.
   B.  Landlord OR ☐  (If checked, Tenant) shall maintain the roof, foundation, exterior walls, common areas and _____

copyright laws of the United States (Title 17 U.S. Code) forbid the thorized reproduction of this form, or any portion thereof, by photocopy ne or any other means, including facsimile or computerized formats. Copyright © 1998-2001, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.

Landlord and Tenant acknowledge receipt of a copy of this page.
Landlord's Initials (_____) (_____)
Tenant's Initials (___/___) (_____)
Reviewed by
Broker or Designee _____ Date _____

**CL-11 REVISED 10/01 (PAGE 2 OF 6)**

**COMMERCIAL LEASE AGREEMENT (CL-11 PAGE 2 OF 6)**          780 Monterey,

Premises: *780 Monterey, Morro Bay  CA  93442*                                                    Date *February 22, 2006*

**18. ALTERATIONS:** Tenant shall not make any alterations in or about the Premises, including installation of trade fixtures and signs, without Landlord's prior written consent, which shall not be unreasonably withheld. Any alterations to the Premises shall be done according to Law and with required permits. Tenant shall give Landlord advance notice of the commencement date of any planned alteration, so that Landlord, at its option, may post a Notice of Non-Responsibility to prevent potential liens against Landlord's interest in the Premises. Landlord may also require Tenant to provide Landlord with lien releases from any contractor performing work on the Premises.

**19. GOVERNMENT IMPOSED ALTERATIONS:** Any alterations required by Law as a result of Tenant's use shall be Tenant's responsibility. Landlord shall be responsible for any other alterations required by Law.

**20. ENTRY:** Tenant shall make Premises available to Landlord or Landlord's agent for the purpose of entering to make inspections, necessary or agreed repairs, alterations, or improvements, or to supply necessary or agreed services, or to show Premises to prospective or actual purchasers, tenants, mortgagees, lenders, appraisers, or contractors. Landlord and Tenant agree that 24 hours notice (oral or written) shall be reasonable and sufficient notice. In an emergency, Landlord or Landlord's representative may enter Premises at any time without prior notice.

**21. SIGNS:** Tenant authorizes Landlord to place a FOR SALE sign on the Premises at any time, and a FOR LEASE sign on the Premises within the 90 (or ☐ _____ ) day period preceding the termination of the agreement.

**22. SUBLETTING/ASSIGNMENT:** Tenant shall not sublet or encumber all or any part of Premises, or assign or transfer this agreement or any interest in it, without the prior written consent of Landlord, which shall not be unreasonably withheld. Unless such consent is obtained, any subletting, assignment, transfer, or encumbrance of the Premises, agreement, or tenancy, by voluntary act of Tenant, operation of law, or otherwise, shall be null and void, and, at the option of Landlord, terminate this agreement. Any proposed sublessee, assignee, or transferee shall submit to Landlord an application and credit information for Landlord's approval, and, if approved, sign a separate written agreement with Landlord and Tenant. Landlord's consent to any one sublease, assignment, or transfer, shall not be construed as consent to any subsequent sublease, assignment, or transfer, and does not release Tenant of Tenant's obligation under this agreement.

**23. POSSESSION:** If Landlord is unable to deliver possession of Premises on Commencement Date, such date shall be extended to the date on which possession is made available to Tenant. However, the expiration date shall remain the same as specified in paragraph 2. If Landlord is unable to deliver possession within 60 (or ☐ _____ ) calendar days after agreed Commencement Date, Tenant may terminate this agreement by giving written notice to Landlord, and shall be refunded all Rent and security deposit paid.

**24. TENANT'S OBLIGATIONS UPON VACATING PREMISES:** Upon termination of agreement, Tenant shall: (i) give Landlord all copies of all keys or opening devices to Premises, including any common areas; (ii) vacate Premises and surrender it to Landlord empty of all persons and personal property; (iii) vacate all parking and storage spaces; (iv) deliver Premises to Landlord in the same condition as referenced in paragraph 11; (v) clean Premises; (vi) give written notice to Landlord of Tenant's forwarding address; and, (vii) _____

All improvements installed by Tenant, with or without Landlord's consent, become the property of Landlord upon termination. Landlord may nevertheless require Tenant to remove any such improvement that did not exist at the time possession was made available to Tenant.

**25. BREACH OF CONTRACT/EARLY TERMINATION:** In event Tenant, prior to expiration of this agreement, breaches any obligation in this agreement, abandons the premises, or gives notice of tenant's intent to terminate this tenancy prior to its expiration, in addition to any obligations established by paragraph 24, Tenant shall also be responsible for lost rent, rental commissions, advertising expenses, and painting costs necessary to ready Premises for re-rental. Landlord may also recover from Tenant: (i) the worth, at the time of award, of the unpaid Rent that had been earned at the time of termination; (ii) the worth, at the time of award, of the amount by which the unpaid Rent that would have been earned after expiration until the time of award exceeds the amount of such rental loss the Tenant proves could have been reasonably avoided; and (iii) the worth, at the time of award, of the amount by which the unpaid Rent for the balance of the term after the time of award exceeds the amount of such rental loss that Tenant proves could be reasonably avoided. Landlord may elect to continue the tenancy in effect for so long as Landlord does not terminate Tenant's right to possession, by either written notice of termination of possession or by reletting the Premises to another who takes possession, and Landlord may enforce all Landlord's rights and remedies under this agreement, including the right to recover the Rent as it becomes due.

**26. DAMAGE TO PREMISES:** If, by no fault of Tenant, Premises are totally or partially damaged or destroyed by fire, earthquake, accident or other casualty, Landlord shall have the right to restore the Premises by repair or rebuilding. If Landlord elects to repair or rebuild, and is able to complete such restoration within 90 days from the date of damage, subject to terms of this paragraph, this agreement shall remain in full force and effect. If Landlord is unable to restore the Premises within this time, or if Landlord elects not to restore, then either Landlord or Tenant may terminate this agreement by giving the other written notice. Rent shall be abated as of the date of damage. The abated amount shall be the current monthly Base Rent prorated on a 30-day basis. If this agreement is not terminated, and the damage is not repaired, then Rent shall be reduced based on the extent to which the damage interferes with Tenant's reasonable use of Premises. If damage occurs as a result of an act of Tenant or Tenant's guests, only Landlord shall have the right of termination, and no reduction in Rent shall be made.

**27. HAZARDOUS MATERIALS:** Tenant shall not use, store, generate, release or dispose of any hazardous material on the Premises or the property of which the Premises are part. However, Tenant is permitted to make use of such materials that are required to be used in the normal course of Tenant's business provided that Tenant complies with all applicable Laws related to the hazardous materials. Tenant is responsible for the cost of removal and remediation, or any clean-up of any contamination caused by Tenant.

**28. CONDEMNATION:** If all or part of the Premises is condemned for public use, either party may terminate this agreement as of the date possession is given to the condemner. All condemnation proceeds, exclusive of those allocated by the condemner to Tenant's relocation costs and trade fixtures, belong to Landlord.

**29. INSURANCE:** Tenant's personal property, fixtures, equipment, inventory and vehicles are not insured by Landlord against loss or damage due to fire, theft, vandalism, rain, water, criminal or negligent acts of others, or any other cause. Tenant is to carry Tenant's own property insurance to protect Tenant from any such loss. In addition, Tenant shall carry liability insurance in an amount of not less than $ *1,000,000.00* . Tenant's liability insurance shall name Landlord and Landlord's agent as additional insured. Tenant, upon Landlord's request, shall provide Landlord with a certificate of insurance establishing Tenant's compliance. Landlord shall maintain liability insurance insuring Landlord, but not Tenant, in an amount of at least $ *500,000.00* , plus property insurance in an amount sufficient to cover the replacement cost of the property. Tenant is advised to carry business interruption insurance in an amount at least sufficient to cover Tenant's complete rental obligation to Landlord. Landlord is advised to obtain a policy of rental loss insurance. Both Landlord and Tenant release each other, and waive their respective rights to subrogation against each other, for loss or damage covered by insurance.

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1998-2001, CALIFORNIA ASSOCIATION OF REALTORS®, ALL RIGHTS RESERVED.

Landlord and Tenant acknowledge receipt of a copy of this page.

Landlord's Initials ( _____ ) ( _____ )
Tenant's Initials ( *Q* ) ( _____ )

Reviewed by _____
Broker or Designee _____   Date _____


EQUAL HOUSING OPPORTUNITY

CL-11 REVISED 10/01 (PAGE 3 OF 6)

**COMMERCIAL LEASE AGREEMENT (CL-11 PAGE 3 OF 6)**

780 Monterey,

Premises: <u>780 Monterey, Morro Bay  CA  93442</u>                                   Date <u>February 22, 2006</u>

**30. TENANCY STATEMENT (ESTOPPEL CERTIFICATE):** Tenant shall execute and return a tenancy statement (estoppel certificate), delivered to Tenant by Landlord or Landlord's agent, within 3 days after its receipt. The tenancy statement shall acknowledge that this agreement is unmodified and in full force, or in full force as modified, and state the modifications. Failure to comply with this requirement: (I) shall be deemed Tenant's acknowledgment that the tenancy statement is true and correct, and may be relied upon by a prospective lender or purchaser; and (II) may be treated by Landlord as a material breach of this agreement. Tenant shall also prepare, execute, and deliver to Landlord any financial statement (which will be held in confidence) reasonably requested by a prospective lender or buyer.

**31. LANDLORD'S TRANSFER:** Tenant agrees that the transferee of Landlord's interest shall be substituted as Landlord under this agreement. Landlord will be released of any further obligation to Tenant regarding the security deposit, only if the security deposit is returned to Tenant upon such transfer, or if the security deposit is actually transferred to the transferee. For all other obligations under this agreement, Landlord is released of any further liability to Tenant, upon Landlord's transfer.

**32. SUBORDINATION:** This agreement shall be subordinate to all existing liens and, at Landlord's option, the lien of any first deed of trust or first mortgage subsequently placed upon the real property of which the Premises are a part, and to any advances made on the security of the Premises, and to all renewals, modifications, consolidations, replacements, and extensions. However, as to the lien of any deed of trust or mortgage entered into after execution of this agreement, Tenant's right to quiet possession of the Premises shall not be disturbed if Tenant is not in default and so long as Tenant pays the Rent and observes and performs all of the provisions of this agreement, unless this agreement is otherwise terminated pursuant to its terms. If any mortgagee, trustee, or ground lessor elects to have this agreement placed in a security position prior to the lien of a mortgage, deed of trust, or ground lease, and gives written notice to Tenant, this agreement shall be deemed prior to that mortgage, deed of trust, or ground lease, or the date of recording.

**33. TENANT REPRESENTATIONS; CREDIT:** Tenant warrants that all statements in Tenant's financial documents and rental application are accurate. Tenant authorizes Landlord and Broker(s) to obtain Tenant's credit report at time of application and periodically during tenancy in connection with approval, modification, or enforcement of this agreement Landlord may cancel this agreement: (I) before occupancy begins, upon disapproval of the credit report(s); or (II) at any time, upon discovering that information in Tenant's application is false. A negative credit report reflecting on Tenant's record may be submitted to a credit reporting agency, if Tenant fails to pay Rent or comply with any other obligation under this agreement.

**34. DISPUTE RESOLUTION:**
   **A. MEDIATION:** Tenant and Landlord agree to mediate any dispute or claim arising between them out of this agreement, or any resulting transaction, before resorting to arbitration or court action, subject to paragraph 34B(2) below. Paragraphs 34B(2) and (3) apply whether or not the arbitration provision is initialed. Mediation fees, if any, shall be divided equally among the parties involved. If for any dispute or claim to which this paragraph applies, any party commences an action without first attempting to resolve the matter through mediation, or refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action. THIS MEDIATION PROVISION APPLIES WHETHER OR NOT THE ARBITRATION PROVISION IS INITIALED.

   **B. ARBITRATION OF DISPUTES: (1)** Tenant and Landlord agree that any dispute or claim in Law or equity arising between them out of this agreement or any resulting transaction, which is not settled through mediation, shall be decided by neutral, binding arbitration, including and subject to paragraphs 34B(2) and (3) below. The arbitrator shall be a retired judge or justice, or an attorney with at least 5 years of real estate transactional law experience, unless the parties mutually agree to a different arbitrator, who shall render an award in accordance with substantive California Law. In all other respects, the arbitration shall be conducted in accordance with Part III, Title 9 of the California Code of Civil Procedure. Judgment upon the award of the arbitrator(s) may be entered in any court having jurisdiction. The parties shall have the right to discovery in accordance with Code of Civil Procedure §1283.05.

   **(2) EXCLUSIONS FROM MEDIATION AND ARBITRATION:** The following matters are excluded from Mediation and Arbitration hereunder: (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage, or installment land sale contract as defined in Civil Code §2985; (ii) an unlawful detainer action; (iii) the filing or enforcement of a mechanic's lien; (iv) any matter that is within the jurisdiction of a probate, small claims, or bankruptcy court; and (v) an action for bodily injury or wrongful death, or for latent or patent defects to which Code of Civil Procedure §337.1 or §337.15 applies. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a violation of the mediation and arbitration provisions.

   **(3) BROKERS:** Tenant and Landlord agree to mediate and arbitrate disputes or claims involving either or both Brokers, provided either or both Brokers shall have agreed to such mediation or arbitration, prior to, or within a reasonable time after the dispute or claim is presented to Brokers. Any election by either or both Brokers to participate in mediation or arbitration shall not result in Brokers being deemed parties to the agreement.

   **"NOTICE: BY INITIALING IN THE SPACE BELOW YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALING IN THE SPACE BELOW YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS THOSE RIGHTS ARE SPECIFICALLY INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION. IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY."**

   **"WE HAVE READ AND UNDERSTAND THE FOREGOING AND AGREE TO SUBMIT DISPUTES ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION TO NEUTRAL ARBITRATION."**

| Landlord's Initials _____ / _____ | Tenant's Initials _Cl_ / _____ |

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1998-2001, CALIFORNIA ASSOCIATION OF REALTORS®, ALL RIGHTS RESERVED.

Landlord and Tenant acknowledge receipt of a copy of this page.
Landlord's Initials ( _____ ) ( _____ )
Tenant's Initials ( _CQ_ ) ( _____ )

Reviewed by
Broker or Designee _____  Date _____

**CL-11 REVISED 10/01 (PAGE 4 of 6)**

**COMMERCIAL LEASE AGREEMENT (CL-11 PAGE 4 OF 6)**

780 Monterey,

Premises: _780 Monterey, Morro Bay   CA   93442_ . Date _February 22, 2006_

**35. JOINT AND INDIVIDUAL OBLIGATIONS:** If there is more than one Tenant, each one shall be individually and completely responsible for the performance of all obligations of Tenant under this agreement, jointly with every other Tenant, and individually, whether or not in possession.

**36. NOTICE:** Notices may be served by mail, facsimile, or courier at the following address or location, or at any other location subsequently designated:

Landlord: _Bob Davis_                                          Tenant: _Charles C. Lynch_

_P.O. Box 6523_

_Los Osos, CA   93412_                                          _Arroyo Grande, CA   93420_

_556-0333_                                                             _801-0380_

Notice is deemed effective upon the earliest of the following: (i) personal receipt by either party or their agent; (ii) written acknowledgement of notice; or (iii) 5 days after mailing notice to such location by first class mail, postage pre-paid.

**37. WAIVER:** The waiver of any breach shall not be construed as a continuing waiver of the same breach or a waiver of any subsequent breach.

**38. INDEMNIFICATION:** Tenant shall indemnify, defend and hold Landlord harmless from all claims, disputes, litigation, judgments and attorney fees arising out of Tenant's use of the Premises.

**39. OTHER TERMS AND CONDITIONS/SUPPLEMENTS:** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

The following ATTACHED supplements/exhibits are incorporated in this agreement: _____

**40. ATTORNEY FEES:** In any action or proceeding arising out of this agreement, the prevailing party between Landlord and Tenant shall be entitled to reasonable attorney fees and costs from the non-prevailing Landlord or Tenant, except as provided in paragraph 34A.

**41. ENTIRE CONTRACT:** Time is of the essence. All prior agreements between Landlord and Tenant are incorporated in this agreement, which constitutes the entire contract. It is intended as a final expression of the parties' agreement, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. The parties further intend that this agreement constitutes the complete and exclusive statement of its terms, and that no extrinsic evidence whatsoever may be introduced in any judicial or other proceeding, if any, involving this agreement. Any provision of this agreement that is held to be invalid shall not affect the validity or enforceability of any other provision in this agreement. This agreement shall be binding upon, and inure to the benefit of, the heirs, assignees and successors to the parties.

**42. BROKERAGE:** Landlord and Tenant shall each pay to Broker(s) the fee agreed to, if any, in a separate written agreement. Neither Tenant nor Landlord has utilized the services of, or for any other reason owes compensation to, a licensed real estate broker (individual or corporate), agent, finder, or other entity, other than as named in this agreement, in connection with any act relating to the Premises, including, but not limited to, inquiries, introductions, consultations, and negotiations leading to this agreement. Tenant and Landlord each agree to indemnify, defend and hold harmless the other, and the Brokers specified herein, and their agents, from and against any costs, expenses, or liability for compensation claimed inconsistent with the warranty and representation in this paragraph 42.

**43. AGENCY CONFIRMATION:** The following agency relationships are hereby confirmed for this transaction:

Listing Agent: _____ (Print Firm Name) is the agent of (check one):
☐ the Landlord exclusively; or ☐ both the Tenant and Landlord.

Selling Agent: _____ (Print Firm Name) (if not same as Listing Agent) is the agent of (check one):
☐ the Tenant exclusively; or ☐ the Landlord exclusively; or ☐ both the Tenant and Landlord.

Real Estate Brokers are not parties to the agreement between Tenant and Landlord.

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1998-2001, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.

Landlord and Tenant acknowledge receipt of a copy of this page.
Landlord's Initials ( _____ ) ( _____ )
Tenant's Initials ( _CL_ ) ( _____ )

EQUAL HOUSING OPPORTUNITY

**CL-11 REVISED 10/01 (PAGE 5 of 6)**

Reviewed by
Broker or Designee _____ Date _____

Premises: _780 Monterey, Morro Bay  CA  93442_ _____ Date _February 22, 2006_

---

Landlord and Tenant acknowledge and agree that Brokers: (i) do not guarantee the condition of the Premises; (ii) cannot verify representations made by others; (iii) will not verify zoning and land use restrictions; (iv) cannot provide legal or tax advice; (v) will not provide other advice or information that exceeds the knowledge, education or experience required to ᵔbtain a real estate license. Furthermore, if Brokers are not also acting as Landlord in this agreement, Brokers: (vi) do not ᵔcide what rental rate a Tenant should pay or Landlord should accept; and (vii) do not decide upon the length or other terms of tenancy. Landlord and Tenant agree that they will seek legal, tax, insurance, and other desired assistance from appropriate professionals.

---

Tenant _Charly C. Lynch_ _____ Date _2-22-06_

Charles C. Lynch
(Print name)

Address ████████████ _____ City _Arroyo Grande_ ・ State _CA_  Zip _93420_

Tenant _____ Date _____

(Print name)

Address _____ City _____ State _____ Zip _____

Landlord _____ Date _____
        (owner or agent with authority to enter into this agreement)
        Bob Davis

Address _P.O. Box 6523_ _____ City _Los Osos_ ___ State _CA_  Zip _93412_

Landlord _____ Date _____
        (owner or agent with authority to enter into this agreement)

Address _____ City _____ State _____ Zip _____

Agency relationships are confirmed as above. Real estate brokers who are not also Landlord in this agreement are not a party to the agreement between Landlord and Tenant.

 'Estate Broker (Leasing Firm) _____

By (Agent) _____ Date _____

Address _____ City _____ State _____ Zip _____

Telephone _____ Fax _____ E-mail _____

Real Estate Broker (Listing Firm) _____

By (Agent) _____ Date _____

Address _____ City _____ State _____ Zip _____

Telephone _____ Fax _____ E-mail _____

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

| Reviewed by | ・・ |
|---|---|
| Broker or Designee _____ | Date _____ |



CL-11 REVISED 10/01 (PAGE 6 OF 6)

**COMMERCIAL LEASE AGREEMENT (CL-11 PAGE 6 OF 6)**

780 Monterey,

**\*\*Bank & Credit Information\*\***     (Applicant #2 cont'd)

| Name of bank/branch | Account number | Type of account | Account balance |
|---|---|---|---|
| | | | |
| | | | |

| Name of creditor | Account number | Monthly payment | Balance due |
|---|---|---|---|
| | | | |
| | | | |

Have you been a party to an unlawful detainer action or filed bankruptcy within the last seven years? __No  __Yes
If yes, explain _____

Have you ever been convicted of or pleaded no contest to a felony? ___No ___Yes  Explain _____

Auto make _____ Model _____ Year _____ License # _____ State____ Color _____

In case of emergency, person to notify _____ Relationship _____

Address _____ City, State, Zip _____ Phone _____

**█████████████**

Total number of applicants (18 & older) ____1____   Total number of people who plan to occupy the Premises (including minors) _____

Name(s) of all other occupants(s) and relationship to applicant(s) (including minors) __3 - 4  Employees plus__
__owner  will  help  operate  business__

Does any applicant have pets?  X No ____ Yes  Number & Type _____

Does any applicant plan to use liquid-filled furniture? X No ___Yes  Type _____

Will any applicant be using a co-signor to guarantee rent payment? X No ___Yes

Name of co-signor _____ Relationship _____

Address _____ City, State, Zip _____ Phone _____

\*\*Co-signors must complete a separate Co-Signor Application and will need to sign the rental agreement.

Applicant(s) represent(s) the above information to be true, correct and complete and hereby authorize(s) verification of the information provided, including obtaining credit report(s) at the actual cost of $15.00/applicant to be paid by applicant(s). The cost of the credit report is not a deposit or rent, and will not be applied to future rent or refunded, even if the application to rent is declined. Applicant(s) understand(s) that the landlord may terminate any rental agreement entered into for any misrepresentation made above.

Applicant(s) understand(s) and agree(s):  (i) this is an application to rent only and does not guarantee that applicant(s) will be offered the Premises; and (ii) Landlord or Manager or Agent may accept more than one application for the Premises and, using their sole discretion, will select the best qualified applicant; and (iii) applicant(s) will be responsible for any charges incurred while verifying the information on this application in the event that any misrepresentation has been made above.

**█████████**  _Charles C. Lynch_  Date _1-31-06_  Time _1 pm_

**█████████**  _____ Date _____ Time _____

### RECEIPT OF SECURITY DEPOSIT

Applicant(s) has/have deposited the Sum of _three thousand two hundred_ Dollars $ _3200. —_
evidenced by:  ✓ Cashier's Check  ___ Money Order  ___Other _____ payable
to _Pedersen Realty_ , to be held uncashed until approval of the application to rent, as deposit
on the property located at _780 Monterey  Morro Bay, Ca. 93442_ at a monthly rent of $ _1200. —_
The property to be occupied only by the person(s) named in the application. In the event the application to rent is not approved within
_one_ days, this deposit shall be returned to applicant(s). If approved, the ✓ month-to-month, ___lease, or ___other _____
shall commence on _March 1 , 2006_ . Additional Terms: _____

**TOTAL SUMS DUE PRIOR TO OCCUPANCY:**

| | | |
|---|---|---|
| Rent for the period _3/1/06_ to _3/31/06_ | $ | _1200. —_ |
| Security deposit (not applicable toward last months rent) . . . . . . . . . . . . . . | $ | _2000. —_ |
| Pet deposit (if applicable). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ | _-0-_ |
| Other _____ | $ | |
| Total. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ | _3200. —_ |
| Less amount received above. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ | _3200. —_ |
| Balance due, on or before _____ | $ | _-0-_ |

addition to the above, applicant(s) has/have paid $ _-0-_ for the credit report(s). The undersigned has/have read the foregoing acknowledge(s) receipt of a copy.

Applicant #1 _Charlie C. Lynch_ Date _2/22/06_  Applicant #2 _____ Date _____

# EXHIBIT A-3

















# CENTRAL COAST
# COMPASSIONATE
# CAREGIVERS

## REQUIREMENTS
## VALID CA STATE ID
## DR. RECOMMENDATION

NO CELL PHONES
NO HATS
NO SUNGLASSES
NO LOITERING
NO WEAPONS

VIDEO SURVEILLANCE

QUIET PLEASE

Video
Surveillance



Turn off
Cell phones

Quiet Please



Walk Lightly
Do Not Bother Downstairs Neighbors











# EXHIBIT A-4

# CITY OF MORRO BAY

595 Harbor Street
Morro Bay, CA 93442-1900
(805) 772-6200 • FAX (805) 772-7329

## BUSINESS LICENSE APPLICATION

**Please Check One**
- ☒ New Application
- ☐ Change of Owner
- ☐ Change of Address
- ☐ Change of Business Name
- ☐ Home Occupation

| | | | |
|---|---|---|---|
| Business Name | Central Coast Compassionate Caregivers | Bus. Start Date | 4/1/06 |
| Corporate Name (if applicable) | | Resale No. | |
| Business Location | 780 Monterey Morro Bay CA 93442 (Cannot be P.O. Box per State of California Business & Professions Code-Section 17538.5) | Federal ID No. | |
| | Charles C. Lynch | State ID No. | |
| Mailing Address | 589 Rosemary Ln. | State Lic. No. | |
| | Arroyo Grande CA 93420 | State Lic. Type | |
| | | Expire Date | |
| Phone No. | 805-801-0380 cell | Fax No. | Email Address | |

Description of Business _Health Services Provider & Assoc._ medical marijuana

Ownership ☐ Corporation ☐ Corp-Ltd Liability ☐ Partnership ☒ Sole Proprietor ☐ Trust

* We will need a copy of your State Contractors Card *
CONTACTORS: Annual ☐  One Job ☐
Location:

**Enter below names of Owners, Partners, or Corporate Officers (attach additional sheet, if necessary)**

| | | | |
|---|---|---|---|
| 1st Owner Name | Charles C. Lynch | Title owner | Date of Birth ▇▇▇ |
| Home Address (Cannot be P.O. Box) | ▇▇▇▇▇▇▇ | | Driver Lic. No. ▇▇▇ |
| | Arroyo Grande CA ▇▇▇ | | Soc. Sec. No. ▇▇▇ |
| Home Phone No. | 805 489 4653 | Cell / Pager No. ▇▇▇ | |
| 2nd Owner Name | | Title | Date of Birth |
| Home Address (Cannot be P.O. Box) | | | Driver Lic. No. |
| | | | Soc. Sec. No. |
| Home Phone No. | | Cell / Pager No. | |

## HAZARDOUS MATERIALS RISK ANALYSIS(if applicable)

List all Chemicals USED, STORED, or SOLD by your business. Include the amount of all flammable liquids, poisons, corrosives, acids, explosives, pesticides and insecticides.

Type of Chemical: _____

Type of process used and stored: _____

**Please provide the following additional information if checked**

- ☒ FLOOR PLAN: Provide a floor plan of the business, drawn to scale; indicate the types of activities which will occur in each portion of the building as applicable. (For example: retail area, storage, food service, office, etc.)
- ☐ PARKING PLAN: Provide a plan showing all existing and any proposed parking spaces and related driveways and pedestrian pathways.
- ☐ WATER USE: Describe activities to be conducted in your business which involve water use, other than personal hygiene.
- ☐ Other County, State Permit or Entitlement Required:

Please see the Public Services Dept. for any additional permits required by the city.

| No. of Employees/Salesperson/Agent (excluding owner/partners) | Full-Time 4 | Part-Time | No. of Units, Spaces, Rooms or People Cared For |
|---|---|---|---|

### FOR OFFICE USE ONLY      CITY DEPARTMENT REVIEW AND APPROVAL

Business License No. 098757

| | | | | |
|---|---|---|---|---|
| Planning Department | ☒ Approved By: MJP+ | Date 2/17/06 | ☐ Not Approved | Basic Fee $ 27.03 |
| Police Department | ☐ Approved By: | Date | ☐ Not Approved | Misc. Fee $ 25.92 |
| Fire Department | ☒ Approved By: | Date 3/15/06 | ☐ Not Approved | % of Gross Receipts $ |
| Harbor Department | ☐ Approved By: | Date | ☐ Not Approved | |
| Building Department | ☒ Approved By: | Date 2-21-06 | ☐ Not Approved | Total Amount Due $ 52.95 |

It is acknowledged by the undersigned that if it is determined by the City that the business does not comply with all applicable federal, state and city laws, the business license may be revoked by the City. It is also acknowledged that any false statements made above are grounds for denial or revocation of the business license. I declare, under penalty of perjury under the laws of the State of California, that the information provided in this application is true and correct.

Signature of Owner or Representative: _Chas C. Lynch_  Title: _owner_  Date: _2-17-06_

RETURN APPLICATION TO ABOVE ADDRESS AND MAKE CHECK PAYABLE TO CITY OF MORRO BAY.

Printed 6/11/2004; 8:36 am

SHIP'D MAR 17

1131

# EXHIBIT A-5



# CITY OF MORRO BAY
# CITY ATTORNEY DEPARTMENT
955 SHASTA AVE. ◆ MORRO BAY, CA 93442
805-772-6568

## MEMORANDUM

**TO:** CITY MANAGER & FINANCE DIRECTOR

**FROM:** ROB SCHULTZ

**SUBJECT:** BUSINESS LICENSE APPLICATION FOR CENTRAL COAST COMPASSIONATE CAREGIVERS

**DATE:** MARCH 13, 2006

---

I am in receipt of a Business License Application for Central Coast Compassionate Caregivers and a Memorandum from the Police Chief regarding the issuance of the business license. Pursuant to your request, this memorandum shall serve as my legal opinion and justification to approve and issue the business license.

In 1996, California voters passed the Compassionate Use Act (hereinafter "CUA"), which legalized the possession and use of medical marijuana with the recommendation or approval of a physician, and protected patients, primary caregivers and prescribing physicians from criminal penalties. Since that time, seven other states (Alaska, Arizona, Colorado, Hawaii, Maine, Oregon and Washington) have enacted similar laws.

In 2004, the CUA was supplemented by Senate Bill 420 (hereinafter "S.B. 420"). S.B. 420 mandates the State of California via the Department of Health Services to create and maintain a voluntary program for the issuance of identification cards for qualified patients. Although mandated to establish the identification program, the Department has not done so. S.B. 420 also requires that "every county health department, or the county's designee" provide applications for identification cards, process completed applications, maintain records and utilize protocols adopted by the Department of Health Services. As of this date, San Luis Obispo County has not issued identification cards in compliance with S.B. 420. Neither the original 1996 CUA nor the additions contained in S.B. 420 speak to the regulation of medical marijuana dispensaries.

In contrast to California's permissive law, the federal law as codified in the Controlled Substances Act (hereinafter "CSA") prohibits and makes it unlawful for any person to knowingly or intentionally manufacture, distribute, dispense or possess with the intent to manufacture, distribute, or dispense marijuana. The CSA contains no exceptions for the manufacture, distribution, or dispensing of marijuana for medical purposes, and the United States Supreme Court has determined that no such exception is implied in the CSA. Thus, under federal law the distribution of marijuana even for medical purposes and in accordance with the CUA could still lead to criminal prosecution.

Business License Application fo.
Central Coast Compassionate Caregivers

March 13, 2006

In June 2005, the United States Supreme Court held in *Gonzales v. Raich* that Congress has the power under the Commerce Clause of the United States Constitution to prohibit (under the federal Controlled Substances Act) the distribution and manufacture of marijuana. In *Raich*, the first sentence of the Court's opinion observes that nine western states authorize the use of marijuana for medicinal purposes. The Court then openly laments that its ruling that federal law prohibiting the use of marijuana for medical purposes "is made difficult by respondents' (the patients) strong arguments that they will suffer irreparable harm because, despite a congressional finding to the contrary, marijuana does have valid therapeutic purposes." The Court explains, however, that its proper role is to rule on whether Congress acted within its "power," not whether Congress is "wise" to require the enforcement of the total ban on marijuana in the CSA in every medical circumstance.

In response to the *Raich* decision, California Attorney General Bill Lockyer issued the following statement:

> "Today's ruling does not overturn California law permitting the use of medical marijuana, but it does uphold a federal regulatory scheme that contradicts the will of California voters and limits the right of states to provide appropriate medical care for its citizens. Although I am disappointed in the outcome of today's decision, legitimate medical marijuana patients in California must know that state and federal laws are no different today than they were yesterday.

> "Californians spoke overwhelmingly in favor of medical marijuana by passing Proposition 215, the Compassionate Use Initiative, and that law still stands in our state. Unfortunately, federal law continues to criminalize the use of physician-recommended marijuana medicine. This conflict between state and federal law means that seriously ill Californians will continue to run the risk of arrest and prosecution under federal law when they grow and or they use marijuana as medicine.

> "Today's ruling shows the vast philosophical difference between the federal government and Californians on the rights of patients to have access to the medicine they need to survive and lead healthier lives. Taking medicine on the recommendation of a doctor for a legitimate illness should not be a crime.

> "There is something very wrong with a federal law that treats medical marijuana the same as heroin. The United States Congress and the President have the power to reform and modernize federal law in order to bring relief to medical patients and still punish those who illegally traffic in substances. Patients, physicians and the public that support medicinal marijuana should tell their Congressional Representatives and Senators to take a fresh look at the federal laws that ban its use."

Statewide, only 15 of the state's 478 cities have banned dispensaries, while 49 have issued moratoriums on new facilities, 24 have established regulations and 390 have taken no action, according to Oakland-based Americans for Safe Access. The group, which defends patients'

Business License Application for
Central Coast Compassionate Caregivers

March 13, 2006

access to medical marijuana, has sued Pasadena and Susanville, in addition to Concord and Fresno, for banning dispensaries.

There are currently no regulations governing the establishment of medical marijuana dispensaries within the City of Morro Bay. Therefore, medical marijuana dispensaries might be permissible without oversight in any zone that allows drug stores, pharmacies or medical uses. In June 2005, Staff recommended to the City Council that they enact an interim urgency ordinance imposing a moratorium on medical marijuana dispensaries until Staff had an opportunity to propose regulations. The interim urgency ordinance was not adopted by City Council; therefore, medical marijuana dispensaries are allowed in the City of Morro Bay as a matter of right in the C-1 District and with a minor use permit in the MCR District. In the G-O District a CUP is necessary.

Since the Business License Application for Central Coast Compassionate Caregivers is located within the C-1 District, it must be approved as a matter of right. Due to the City's current regulations and State Law, failure to approve this business license will surely result in litigation. I do not believe we will be able to prevail.

It is my understanding that the Police Chief has contacted other police departments in the state where medical marijuana dispensaries are operating or have operated. The concerns raised were that the dispensaries do not abide by the rules. The dispensaries would stay open longer than allowed hours, patrons would loiter in the parking lot and surrounding areas," hand to hand" illegal sales in the parking lots and surrounding areas occurred and the facilities had larger amounts of "product" than were allowed. There was also reported an increase in crime related to home invasions. There is no legal basis for attaching conditions to a business license. However, if you believe that conditions should be attached to this business license in order to address some of the Police Chief's concerns, I would suggest the following as a starting point:

1. No applicant, agent or employee, or any person exercising management authority of a   dispensary, can have been convicted of a felony;
2. No person under the age of 18 is allowed in the dispensary except in the presence of his/her parent or guardian;
3. Cannabis cannot be consumed on the premises;
4. Cannabis cannot be cultivated on the premises unless a use permit is obtained;
5. Signage must be approved by the Public Services Department;
6. The Dispensary must comply with all provisions of the Health and Safety Code;
7. The Dispensary shall be operated in compliance with regulations the City may issue regarding, but not limited to, security measures, record keeping, proper identification for patients, storage of marijuana on the site, on-site cultivation and the maximum amount that may be dispensed in any single transaction. Such regulations may be modified from time to time, as the City deems appropriate

Please call me if you have any questions.

# EXHIBIT A-6

## CITY OF MOR   BAY
595 Harbor Street • Morro Bay, California 93442
(805) 772-6200 • FAX (805) 772-7329

## BUSINESS LICENSE
THIS CERTIFIES that the business or individual listed ...ow is hereby licensed
to do business within the CITY OF MORRO BAY.

**Business Name:** Central Coast Compassionate Caregivers
**Business Location:** 780 Monterey Ave
Morro Bay, CA  93442

**1st Owner Name:** Charles C. Lynch
**2nd Owner Name:**

CENTRAL COAST COMPASSIONATE
CAREGIVERS
780 MONTEREY AVE
MORRO BAY, CA 93442

**BUSINESS LICENSE #:** 098733
**SIC NUMBER:** 5912004
**Description:** Medical Marijuana Dispensary

Subject to Displayed Conditions

**Effective Date:** April 01, 2006
**Expiration Date:** June 30, 2006

DIRECTOR OF FINANCE

This license is to be displayed conspicuously at the location of business, and is not transferable or assignable.

## CITY OF MORRO BAY
595 Harbor Street • Morro Bay, California 93442
(805) 772-6200 • FAX (805) 772-7329

## BUSINESS LICENSE
THIS CERTIFIES that the business or individual listed below is hereby licensed
to do business within the CITY OF MORRO BAY.

**Business Name:** Central Coast Compassionate Caregivers
**Business Location:** 780 Monterey Ave
Morro Bay, CA  93442

**1st Owner Name:** Charles C. Lynch
**2nd Owner Name:**

CENTRAL COAST COMPASSIONATE
CAREGIVERS
780 MONTEREY AVE
MORRO BAY, CA 93442

**BUSINESS LICENSE #:** 098733
**SIC NUMBER:** 5912004
**Description:** Medical Marijuana Dispensary

Subject to Displayed Conditions

**Effective Date:** April 01, 2006
**Expiration Date:** June 30, 2006

DIRECTOR OF FINANCE

This license is to be displayed conspicuously at the location of business, and is not transferable or assignable.

CASE NO. CR-07-689-GW

UNITED STATES

VS. CHARLES LYNCH

DEFENDANT'S EXHIBIT 429

DATE _____ IDEN.

DATE _____ EVID.

BY _____
Deputy Clerk

AO 386-A

## CITY OF MORRO BAY

596 Harbor Street • Morro Bay, California 93442
(805) 772-6200 • FAX (805) 772-7329

## BUSINESS LICENSE

THIS CERTIFIES that the business or individual listed below is hereby licensed
to do business within the CITY OF MORRO BAY.

**Business Name:** Central Coast Compassionate Caregivers

**Business Location:** 780 Monterey Ave
Morro Bay, CA 93442

**1st Owner Name:** Charles C. Lynch
**2nd Owner Name:**

CENTRAL COAST COMPASSIONATE
CAREGIVERS
780 MONTEREY AVE
MORRO BAY, CA 93442

**BUSINESS LICENSE #:** 098733

**SIC NUMBER:** 5912004
**Description:** Medical Marijuana Dispensary
Subject to Displayed Conditions

**Effective Date:** July 01, 2006
**Expiration Date:** June 30, 2007

DIRECTOR OF FINANCE

This license is to be displayed conspicuously at the location of business, and is not transferable or assignable.



# City of Morro Bay

Morro Bay, CA 93442 ● 805-772-6200
www.morro-bay.ca.us

## Conditions for Issuance of Business License

1. These business license conditions are to be displayed conspicuously at the location of business.

2. No applicant, agent or employee, or any person exercising management authority of a dispensary, can have been convicted of a felony.

3. No person under the age of 18 is allowed in the dispensary except in the presence of his/her parent or guardian.

4. Cannabis cannot be consumed on the premises.

5. Cannabis cannot be cultivated on the premises unless a use permit is obtained.

6. Signage must be approved by the Public Services Department.

7. The Dispensary must comply with all provisions of the Health and Safety Code.

8. The Dispensary shall be operated in compliance with regulations the City may issue regarding, but not limited to, security measures, record keeping, proper identification for patients, storage of marijuana on the site, on-site cultivation and the maximum amount that may be dispensed in any single transaction. Such regulations may be modified from time to time, as the City deems appropriate.

FINANCE
595 Harbor Street
HARBOR DEPARTMENT

ADMINISTRATION
595 Harbor Street
CITY ATTORNEY

FIRE DEPARTMENT
715 Harbor Street
POLICE DEPARTMENT

PUBLIC SERVICES
955 Shasta Avenue
RECREATION AND PARKS

# EXHIBIT A-7



ⓘ **Intelius Club Member** charleslynch@charleslynch.

Home | My ID Watch | My Reports | My

| People Search | Search By Phone | Background Check | Criminal Check | Idei |

**Your Reports:**

| Products | Order No. | Reports Used | Reports Left | Expirati |
|---|---|---|---|---|
| Club Intelius Annual Membership - | 5012481 | - | - | 03/23/200 |

### NATIONWIDE CRIMINAL CHECK - APRIL 7, 2006

#### Search Summary

| | |
|---|---|
| **Name** | Brandon Macdonell |
| **State** | ALL |
| **Birthday** | ▆▆▆▆▆▆ |

#### Report Contents

■ **Nationwide Criminal Check**

■ **Run Another Nationwide Criminal Check**

---

### CRIMINAL CHECK

#### Courtesy Expanded Search

● Many criminal records do not have a date of birth. **We found 0 records for your search with a date of birth.** As a courtesy, at no charge to you, **we ran a criminal search for Brandon Macdonell with no date of birth.**

#### What is a Nationwide Criminal Check?

This section lists criminal records from county courts, department of corrections, administration of the courts, and other legal agencies. The types of offenses include felonies, misdemeanors, sexual offenses, and more. Please closely review ea record as subjects with a common name may return multiple criminal record results.

---

### Criminal Check Disclaimer

■ Customers are charged a search fee for executing a Criminal Check. The Criminal Check report returns results which may include all criminal records or no results found on the individual.

■ In the event of using this service for criminal background checks, you should not assume that this data provides a complete or accurate history of any person's criminal history.

■ You should use extreme caution when interpreting the results of a criminal background search for any type of personal verification.

■ Positive or false matches in criminal searches may not provide confirmation of an individual's criminal background.

■ Please reference the updated Intelius User agreement for additional restrictions regarding the usage of this data.

---

### Criminal Check for all Brandon Macdonell in the United States

**NAME:**   Brandon Macdonell

**REGION:**   United States

**RESULT:**   We have searched **case, sentencing, disposition, and other criminal related records** for Brandon

Macdonell matched to the date of birth of ███████ for all available counties and states in the united states.

**No records were found**. Positive or false matches within a criminal search may not provide confirmation of criminal background.

Help | Contact Us | Bookmark Intelius | FAQs | Terms & Conditions | SiteMap
Copyright © 2003-2006, Intelius (www6-37)

# EXHIBIT A-8

Case 2:07-cr-00689-GW   Document 544-1   Filed 03/05/09   Page 71 of 316   Page ID #:9837
Case 2:07-cr-00689-GW   Document 546-2   Filed 03/09/09   Page 10 of 16   Page ID #:9872

Jan 28 09 10:11a     Janice Peters          805-772-4656          p.2

## <u>DECLARATION OF THE HONORABLE JANICE PETERS</u>

I, Janice Peters, hereby state and declare as follows:

1.      I am the Mayor of the City of Morro Bay.  I have been the Mayor of the City of Morro Bay for four years.  I was re-elected to my third term in November of 2008, several months after testifying at Mr. Lynch's trial.

2.      I served on the City Council for ten years prior to becoming the Mayor of the City of Morro Bay.

3.      I have known Charlie Lynch since early 2006 after he filed an application for a business license.  The business that he sought to open was a medical marijuana dispensary.  The City Council voted in favor of allowing a medical marijuana dispensary in Morro Bay.  As Mayor, I am a member of the City Council and agreed with the decision.  We specifically informed Mr. Lynch that if the dispensary was the location or cause of any illegal activity, problems or citizen complaints, that our decision would be reversed.

4.      Mr. Lynch joined the Morro Bay Chamber of Commerce and I was present at the ribbon-cutting ceremony.  All who attended were given a tour of the dispensary and informed about the medicinal uses of the products sold.  We were also

told how patient records were kept. The dispensary was on the second floor of an office building in our downtown commercial area, across the street from a bank and only a few blocks from the Morro Bay City Hall. A security guard was stationed at the downstairs door whose job it was to check for patient IDs before allowing anyone upstairs. Upstairs, there was a waiting room where patients were checked in before being allowed into a separate room where the product was located.

     5.     When Mr. Lynch opened his dispensary, I passed out my business card to all the neighboring businesses on Monterey Street and Morro Bay Blvd. I talked with the owners of these establishments and advised them to contact me if they had any comments and/or complaints about the dispensary. I never received a single complaint about the dispensary.

     6.     Shortly after the dispensary opened, I did receive a call from the pastor of a church located several blocks down Monterey St. in a residential neighborhood. He said that some members of his congregation were concerned about the dispensary. I told him about the local residents I had spoken with whose illnesses were eased by use of medical marijuana, and suggested to him that we allow the dispensary to operate for awhile and see if any problems arose. He agreed that was reasonable. I asked him to let me know if he or his congregation members had further concerns. I never received another call from him.

     7.     The decision to permit a dispensary was considered very carefully and

seriously by the City Council.  We based our decision on our understanding of State law, and our compassion for local residents who find relief from illness and pain with the use of medical marijuana.  Mr. Lynch's dispensary was the only one in San Luis Obispo County.

8.     To my knowledge, Mr. Lynch operated a well-supervised, legitimate business according to State law and the laws of the City of Morro Bay.  I believe that Mr. Lynch is a victim of the discrepancy between State and federal laws, and therefore I do not consider his actions criminal.

9.     I strongly support and urge leniency in the sentencing proceeding.  I do not believe that Mr. Lynch should be sent to prison, nor would society in any way benefit by such action.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 28th day of January, 2009, at Morro Bay, California.

JANICE PETERS

1                  <u>DECLARATION OF BETTY WINHOLTZ</u>


I, Betty Winholtz, hereby state and declare as follows:

1.      I am a member of the City Council of the City of Morro Bay.

2.      I was elected to the City Council in November of 2002. I was the highest
vote-getter when I was re-elected in 2006.

3.      I am a City representative on a couple of County advisory boards as well
as a couple of City sub-committees.

4.      I first met Charlie Lynch at a City Council meeting; he came to Public
Comment in order to invite the City Council to visit his proposed dispensary. I took a
tour of the facility on Monterrey Street.

5.      I also attended the ribbon-cutting ceremony for the medical marijuana
dispensary.

6.      I have never heard negative feedback from City Staff or City residents
regarding the medical marijuana dispensary. I did, however, receive one letter
condemning marijuana in general.

7.      I would strongly support leniency in the sentencing proceeding and have
submitted a letter under separate cover in that respect.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this <u>27</u>th day of January, 2009, at _Morro Bay_, California.

BETTY WINHOLTZ

## DECLARATION OF RICK GRANTHAM

I, Rick Grantham, hereby state and declare as follows:

1.    I am a member of the City Council of the City of Morro Bay.

2.    I was elected to the City Council in November of 2006.

3.    I am a retired state peace officer.

4.    I was on the Board of Directors of the Morro Bay Chamber of Commerce when Charles Lynch opened his dispensary.  We invited Mr. Lynch to join the Chamber of Commerce, which he did.

5.    Various members of the Chamber of Commerce, members of the City Council, and the Mayor attended the opening of the Central Coast Compassionate Caregivers.

6.    Charles Lynch always adhered to the directives of the City in the operation of his medical marijuana dispensary.  He also enjoys a good reputation in the City of Morro Bay for being a law-abiding person.

7.    I would strongly support leniency in the sentencing proceeding.

I declare under penalty of perjury that the foregoing is true and correct to the

best of my knowledge.


Executed this 26 th day of January, 2009, at _Morro Bay_ , California.


RICK GRANTHAM

# EXHIBIT A-9

# County of San Luis Obispo • Public Health Department

2191 Johnson Avenue • P.O. Box 1489
San Luis Obispo, California 93406
(805) 781-5519 • FAX (805) 781-1048

Gregory Thomas, M.D., M.P.H.
County Health Officer
Public Health Director

May 16, 2006

Mr. Charles Lynch
Central Coast Compassionate Caregivers
780 Monterey St., Suite B
Morro Bay, CA 93442

Dear Mr. Lynch:

Thank you for your courtesy shown to me and Margaret Wheeler on 4/25/06, explaining
to us how your business operates, which gave us a sense of how our implementing the
medical marijuana ID card program will interface with your business. We enjoyed
meeting you, Lou and Gina and found the materials you gave us to be very helpful,
especially the list of physicians who are presently recommending the use of medical
marijuana. That will help us when we receive phone calls from clients once our program
is implemented.

On 5/12/06 you called me, saying that many of your clients want to purchase edible
marijuana, and you sought my help getting sales of edible marijuana initiated. I
interpreted your request that you wanted some kind of County permission to begin those
types of sales. Please be advised that, based on the advice of County Counsel, the
position of the Public Health Department is as follows:
1. We are implementing the ID card program under compulsion of State law.
2. We don't feel we can give "approvals" to anything your business does (or plans to
   do) because your business appears to be illegal under federal law, and we don't
   think we can "approve" anything that is illegal under federal law.
3. At the present time, we don't plan to do anything more with regard to medical
   marijuana other than operate the ID card system; but we really can't predict what
   (if anything) we might be doing in the future with regard to medical marijuana."

So, if you have any questions, please feel free to call me any time at 781-4677.

Sincerely,

Kathleen O'Neill
Community Health Services Director

Greg Thomas, M.D., Public Health Administrator/Health Officer
Margaret Bond, Vital Records

# EXHIBIT A-10



# City of Morro Bay

Morro Bay, CA 93442 • 805-772-6200
www.morro-bay.ca.us

March 30, 2006

Charles Lynch
589 Rosemary Lane
Arroyo Grande, CA 93420

RE:     780 Monterey, Ste. B, Application No. SPO-055

Dear Mr. Lynch:

This letter is to inform you that the above referenced sign application permit has been approved.
Enclosed to evidence this approval is your approved Sign Permit.  Should the project involve any
electrical work or lighting, a building permit may be required.

If you have any questions regarding this matter, please contact me at 805-772-6270 or
rgrossman@morro-bay.ca.us.

Sincerely,

Rachel Grossman
Assistant Planner

Enclosures :   Sign Permit
               Approved Plans

| FINANCE | ADMINISTRATION | FIRE DEPARTMENT | PUBLIC SERVICES |
|---|---|---|---|
| 595 Harbor Street | 595 Harbor Street | 715 Harbor Street | 955 Shasta Street |
| HARBOR DEPARTMENT | CITY ATTORNEY | POLICE DEPARTMENT | RECREATION AND PARKS |
| 1275 Embarcadero Road | 955 Shasta Avenue | 850 Morro Bay Boulevard | 1001 Kennedy Way |

# Sign Permit

SIGN PERMIT NO.    **SPO-055**

*THIS PERMIT IS HEREBY APPROVED AND ISSUED FOR:* ONE WALL SIGN, MEASURING 13.3 SQUARE FEET AND DOOR AND WINDOW GRAPHICS MEASURING 4 SQUARE FEET.

SITE ADDRESS:    **780 MONTEREY, STE. B**

APPLICANT:    Charles Lynch

APN:    **066-121-004**        LEGAL: **LOT 6, BLOCK 27**

DATE APPROVED:    **MARCH 30, 2006**

APPROVED BY: *[signature]*
                    RACHEL GROSSMAN                    TITLE   ASSISTANT PLANNER

DESCRIPTION OF APPROVAL:   ONE WALL SIGN, AND DOOR AND WINDOW GRAPHICS TOTALING 17.3 *SQUARE* FEET.  WALL SIGN SHALL READ, "CENTRAL COAST C.C., 780 MONTEREY SUITE B."  WINDOW SIGN SHALL READ, "OPEN/CLOSED, HOURS 10AM-6PM, CLOSED MONDAYS."  DOOR GRAPHICS SHALL READ, "CENTRAL COAST C.C., 780 MONTEREY SUITE B, MORRO BAY, CA 93442, 805-772-4879."

IF THE INSTALLATION OF THE SIGN REQUIRES STRUCTURAL OR ELECTRICAL WORK CONTACT THE BUILDING DIVISION FOR INFORMATION ON THE PROCESS OF OBTAINING A BUILDING PERMIT.

ATTACHMENTS: ATTACHMENT A -- APPROVED PLANS



Central Coast CC
780 Monterey Suite B
Morro Bay, CA 93422
Plot Plan

Downstairs Tenants

APPROVED BY
CITY OF ... BAY
PLANNI... ...TMENT

Signature

Date 3/30/06

Security

Down Stairs
1510 sq ft

Trash Area

Proposed Central Coast
CC sign will be 2' x 6'
8".  Door and window
signs will take up about
4 sq ft. Total of about
17.3 sq ft of signage for
CCCC.

Fidelity National currently has two signs on
the front of the building measuring 2' x 4'
each. They also have a door sign of about
1 x 1. Therefore about 17 sq ft total.



780 Monterey
Drawing of Proposed Central Coast C. C. Signage (Suite B)
Proposal Includes Open/Closed sign, door sign text and above door sign
Photo of Existing Fidelity National Title Company Signs also shown

# Central Coast C.C.
# 780 Monterey Suite B

2'

6' 8"

Proposed Central Coast C. C. sign close up.
Will attempt to match theme of existing signage
Sign will be attached in a manner consistent with existing signage.

6'8" x 2'
(6*12) + (8) x 24" =
72 + 8 x 24 =
80 x 24 = 1920 sq inches
1920/144 = 13.3 sq ft
13.3 Sq ft proposed sign above door
4 sq ft of window and Door signage
· Total CCCC Signage 17.3 sq ft

Existing Fidelity National Title Co. Signs
4'8" x 2'
(4*12)" + 8" x 24" =
56" x 24" = 1344 sq inches
1344 /144 = 9.3 sq ft
2 signs @ 9.3 sq ft
18.6 sq ft existing Fidelity signage

_____
Signature

Date 3/30/06



CITY OF MORRO BAY
PUBLIC SERVICES DEPARTMENT
955 Shasta Avenue
Morro Bay, CA 93442

Charles Lynch
589 Rosemary Lane
Arroyo Grande, CA 93420

```
City of Morro Bay


  3/16/2006    Receipt Number: 040128101
 16:19:33      Received By . : STAT2

Received From: CENTRAL COAST COMPASSION

 Business License                    $2.95
 001-3510-3101
 CENTRAL COAST COMPASSIONATE

         Receipt Total . :          52.95
         Amount Tendered :          52.95
         Change  . . . . :      .     .63

 Payment Received: Check :           52.98
```

# EXHIBIT A-11

# CITY OF MORRO BAY

595 Harbor Street, Morro Bay, CA 93442-1900
(805) 772-6200 • FAX (805) 772-7329

## RENEWAL OF CITY BUSINESS TAX CERTIFICATE

| PAYMENT DUE DATE |
|---|
| 07/01/2006 |

New License Period Is: **07/01/2006 - 06/30/2007**

| BUSINESS LICENSE NO. | 098733 | EXPIRATION DATE 06/30/2006 | |
|---|---|---|---|

*IF BUSINESS IS NO LONGER CONDUCTED IN MORRO BAY, PLEASE INDICATE HERE _____ (ALTHOUGH NO TAX IS DUE, PLEASE SIGN THIS FORM AND RETURN IT TO THE CITY TO AVOID PENALTIES AND/OR POSSIBLE COURT ACTION.) I DECLARE UNDER PENALTY OF PERJURY THAT THE INFORMATION AND STATEMENTS CONTAINED HEREIN ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF. I AM AWARE THAT ANY VIOLATION OF THE MORRO BAY MUNICIPAL CODE WILL TERMINATE THE BUSINESS TAX CERTIFICATE.*

| Business Name and Location | Central Coast Compassionate Caregivers<br>780 Monterey Ave<br>Morro Bay, CA 93442 | Phone No. | (805) 772-4879 |
|---|---|---|---|
| | | Fax No. | |
| | | Start Date | 04/01/2006 |
| | | Rate Type | 016 |
| Mailing Address | CENTRAL COAST COMPASSIONATE CAREGIVERS<br>780 MONTEREY AVE<br>MORRO BAY CA 93442 | SIC Code | 5912004 |
| | | NAIC Code | 44611 |
| | | Ownership | Sole Proprietorship |
| | | Email Address | |

State License No.

License Type

| Description of Business | Medical Marijuana Dispensary | Expiration Date | |
|---|---|---|---|
| APN | Federal ID No. | State ID No. | Resale No. |

### Owners, Partners, or Corporate Officers - Please make any necessary corrections.

| Name | Charles C. Lynch | Title | Owner | Date of Birth | 05/15/1962 |
|---|---|---|---|---|---|
| Address | 589 Rosemary Ln<br>Arroyo Grande, CA 93420 | Phone #1 | (805) 489-4653 | Driver's Lic # | A4448929 |
| | | Phone #2 | (805) 801-0380 | | |

### Emergency Contact - Please make any necessary corrections.

| Name | Charles C Lynch | Title | Owner | Phone No. | (805) 489-4653 home |
|---|---|---|---|---|---|
| Address | 589 Rosemary Ln<br>Arroyo Grande, CA 93420 | | | | 805 772 4877 office<br>*☓* 805 801 0380 cell |

### Alarm Company - Please make any necessary corrections.

| Name | Honeywell Security | Lic. No. | 098691 |
|---|---|---|---|
| Address | 3660 Technology Dr, Ste 300<br>Minneapolis, MN 55418 | Phone No. | 800 282 4422 |

| Class Code 016 | Sales/Services/Restaurants. |
|---|---|

Please calculate your business license fee as follows:

Base Fee (includes 1 owner)  $ 111.74
Plus: $26.78 for each additional owner/employee
# of owner/employees over 1:
    8  X $26.78 = $ 214.24

=TOTAL DUE (base fee+owner/employee fee) $ 325.98
(enter the amount in the box at the right)

To avoid a penalty of 10% per month, sign and return this form with payment before July 31, 2006.

*The number of employees refers to a full time equivalent employee. If you have any questions regarding employee calculations, please call (805) 772-6200.

### PLEASE COMPLETE THE FOLLOWING:

Do you store FLAMMABLE or HAZARDOUS materials?
☐ Yes  ☒ No

If yes, type and quantity: _____

| No. of Employees | Part-Time | Full-Time |
|---|---|---|
| | 2 | 6 |

| Previous Balance (includes Penalty) | $ | 0.00 |
|---|---|---|
| Renewal Fee | | |
| Penalty | | |
| TOTAL AMOUNT DUE | | |

ALL BUSINESS SIGNS WITHIN THE CITY LIMITS MUST BE APPROVED BY THE PLANNING & BUILDING DEPARTMENT.

I certify the above information is correct. (Make any corrections as needed.)

_Charles C. Lynch_
Signed By

_owner_
Officer / Title

_6-20-06_
Renewal Application Date

**FEE MUST ACCOMPANY APPLICATION - NON REFUNDABLE - VALIDATED TAX CERTIFICATE WILL BE MAILED TO YOU.**

# EXHIBIT A-12



# City of Morro Bay

Morro Bay, CA 93442 • 805-772-6200
www.morro-bay.ca.us

## CONDITIONAL USE PERMIT

CASE NO:    UP0-123

THIS PERMIT IS HEREBY APPROVED AND ISSUED FOR:

SITE ADDRESS:    780 Monterey Avenue

APPLICANT:    Charles Lynch

APN:    066-121-001            LEGAL: Portion of Lot 7, Block 27, Town of Morro

DATE APPROVED:    July 17, 2006        APPROVED BY:    PLANNING COMMISSION

PPROVED BASED UPON ATTACHED FINDINGS *(Findings and Conditions of Approval Attached)*

CEQA DETERMINATION:    CATEGORICAL EXEMPTION, CLASS 1, SECTIONS 15301

**DESCRIPTION OF APPROVAL:** Occupation of an existing 60 square-feet of floor area for the purposes of adding cannabis plants (clones) with conditions.

THIS APPROVAL IS CONDITIONAL AND IS VALID *ONLY IF CONDITIONS (ATTACHED) ARE MET* AND *ONLY AFTER THE APPLICABLE APPEAL PERIOD. Failure to comply with the conditions of this permit shall, at the discretion of the Public Services Director pursuant to Municipal Code Section 17.60.150, render this entitlement null and void.*
*PERMIT EFFECTIVE DATE & INFORMATION APPLICABLE TO YOUR PROJECT IS OUTLINED FOLLOWING THE BOX CHECKED BELOW:*

☒    YOUR PROPERTY IS LOCATED IN THE CITY OF MORRO BAY JURISDICTION, THERE IS AN APPEAL PERIOD OF TEN (10) *Calendar days*, WITHIN WHICH TIME YOUR PERMIT IS APPEALABLE TO THE CITY COUNCIL

☒    YOUR PROPERTY IS LOCATED OUTSIDE THE COASTAL COMMISSION'S APPEAL JURISDICTION.

IF NOT APPEALED, YOUR PERMIT WILL BE EFFECTIVE:        July 28, 2006

ATTEST:    _Mil Pt_                    DATE:    July 18, 2006

Mike Prater, Senior Planner
**FOR: Bruce Ambo, Public Services Director**

THIS IS A DISCRETIONARY APPROVAL AND DOES NOT CONSTITUTE A BUILDING PERMIT

| FINANCE | ADMINISTRATION | FIRE DEPARTMENT | PUBLIC SERVICES |
|---|---|---|---|
| 595 Harbor Street | 595 Harbor Street | 715 Harbor Street | 955 Shasta Street |
| HARBOR DEPARTMENT | CITY ATTORNEY | POLICE DEPARTMENT | RECREATION AND PARKS |
| 1275 Embarcadero Road | 955 Shasta Avenue | 850 Morro Bay Boulevard | 1001 Kennedy Way |



# City of Morro Bay

Morro Bay, CA 93442 • 805-772-6200
www.morro-bay.ca.us

July 18, 2006

Charles Lynch
589 Rosemary Ln
Arroyo Grande, CA 93420

SUBJECT: Case Number UP0-123                    SITE:   780 Monterey Avenue

Dear Mr. Lynch:

At its regular meeting on July 17, 2006 the Planning Commission approved your request for a Conditional Use Permit to occupy an existing 60 square-feet of floor area for the purposes of adding cannabis plants (clones) with conditions. This Conditional Use Permit is subject to conditions, which are specified in the attached conditions of approval. The Planning Commission added a condition that annual report be filed with this business.

This action does not constitute a building permit. If you wish to further modify the interior of the building that would require a building permit you are subject to the applicable rules and regulations of the Morro Bay Municipal Code, and must initiate any further processing of this project including building and sign modification permits.

The Morro Bay Municipal Code provides for an appeal of the action by the Planning Commission within ten (10) days of adoption and anyone wishing to appeal may do so in writing by delivering such letter to the office of the City Clerk. There is a fee for processing appeals, which are not coastal permits.

Sincerely,

Mike Prater, Senior Planner

Enclosures:    Permit, Findings & Conditions of Approval

CC: Bob Davis, P.O. Box 6523, Los Osos, Ca. 93412

| FINANCE | ADMINISTRATION | FIRE DEPARTMENT | PUBLIC SERVICES |
|---|---|---|---|
| 595 Harbor Street | 595 Harbor Street | 715 Harbor Street | 955 Shasta Street |
| HARBOR DEPARTMENT | CITY ATTORNEY | POLICE DEPARTMENT | RECREATION AND PARKS |
| 1275 Embarcadero Road | 955 Shasta Avenue | 850 Morro Bay Boulevard | 1001 Kennedy Way |



# City of Morro Bay

Morro Bay, CA 93442 • 805-772-6200
www.morro-bay.ca.us

## EXHIBIT A:
## FINDINGS FOR APPROVAL

UP0-123: The applicant requests a Conditional Use Permit to Add Medical Cannabis Plant Nursery to an existing medical marijuana dispensary business in the C-1 zone district.

### California Environmental Quality Act (CEQA)

A. The project is Categorically Exempt from the requirements of the California Environmental Qualty Act (CEQA) under Class 1 exemption for *"minor alterations to existing facilities"*, (State CEQA Guidelines Section 15301). There are no known sensitive environmental resources on the project site that would suggest that the exemption should not be applied.

### Conditional Use Permit Findings:

B. That the dispensary permit is consistent with the intent of Proposition 215 and related State Law, the provisions of the Zoning Code.

C. That the dispensary location is not identified as having significant crime issues. That there have not been significant numbers of calls for police service, crimes or arrests in the area.

D. That an applicant or employee is not under eighteen (18) years of age.

E. That an appropriate limit on size of the dispensary has been established and the requested permit would not exceed limitations on number of patients.

F. That issuance of a dispensary permit for the size requested is justified to meet the needs of residents.

G. That the site plan, floor plan, and security plan have incorporated features necessary to assist in reducing potential crime-related problems. These features may include, but are not limited to, security on-site; procedures for allowing entry; openness to surveillance and control of the premises: the perimeter, and surrounding properties; reduction of opportunities for congregating and obstructing public ways and neighboring property; illumination of exterior areas; and limiting furnishings and features that encourage loitering and nuisance behavior.

H. That no dispensary use, owner, permittee, agent, or employee has violated any provision of municipal code including grounds for suspension, modification or revocation of a permit.

I. That all reasonable measures have been incorporated into the plan and/or consistently taken to successfully control the establishment's patrons' conduct resulting in disturbances, vandalism, crowd control inside or outside the premises, traffic control problems, ingesting cannabis in public, harassment of passerby, excessive littering, excessive loitering, illegal parking, excessive loud noises, especially late at night or early in the morning hours, lewd conduct, or police detentions or arrests.

J. There has been no substantial evidence submitted into the record that would suggest that the project would, under the circumstances of the particular case, be detrimental to the health, safety, morals, comfort and general welfare of the persons residing or working in the neighborhood of the project.

K.  That the applicant, his or her agent or employee, or any person who is exercising managerial authority on behalf of the applicant has not been convicted of a felony, or of a misdemeanor involving moral turpitude, or has engaged in misconduct related to the qualifications, functions or duties of a permittee.

## EXHIBIT B:
## CONDITIONS OF APPROVAL

UP0-123: The applicant requests a Conditional Use Permit to Add Medical Cannabis Plant Nursery to an existing medical marijuana dispensary business in the C-1 zone district.

## STANDARD CONDITIONS

1.  Permit: This permit is granted for the land described in the staff report, referenced above, and all attachments thereto, and as shown on the attached exhibits, and on file with the Public Services Department.

2.  Inaugurate Within Two Years: Unless the construction or operation of the structure, facility, or use is commenced not later than two (2) years after the effective date of this approval and is diligently pursued thereafter, this approval will automatically become null and void; provided, however, that upon the written request of the applicant, prior to the expiration of this approval, the applicant may request up to two extensions for not more than one (1) additional year each. Said extensions may be granted by the Public Services Director, upon finding that the project complies with all applicable provisions of the Morro Bay Municipal Code, General Plan and Local Coastal Program Land Use Plan (LCP) in effect at the time of the extension request.

3.  Changes: Any minor change may be approved by the Public Services Director. Any substantial change, as so deemed by the Public Services Director, will require the filing of an application for an amendment to be reviewed by the Planning Commission.

4.  Compliance with the Law: All requirements of any law, ordinance or regulation of the State of California, City of Morro Bay, and any other governmental entity shall be complied with in the exercise of this approval.

5.  Compliance with Conditions: By issuance of building permits for the proposed use or development, the owner or designee accepts and agrees to comply with all Conditions of Approval. Compliance with and execution of all conditions listed hereon shall be required prior to obtaining final building inspection clearance. Deviation from this requirement shall be permitted only by written consent of the Public Services Director and/or as authorized by the Planning Commission. Failure to comply with these conditions shall render this entitlement, at the discretion of the Director, null and void. Continuation of the use without a valid entitlement will constitute a violation of the Morro Bay Municipal Code and is a misdemeanor.

6.  Compliance with Morro Bay Standards: This project shall meet all applicable requirements under the Morro Bay Municipal Code, and shall be consistent with all programs and policies contained in the Zoning Ordinance, certified Coastal Land Use Plan and General Plan for the City of Morro Bay.

7.  Hold Harmless: The applicant, as a condition of approval, hereby agrees to defend, indemnify, and hold harmless the City, its agents, officers, and employees, from any claim, action, or proceeding against the City as a result of the action or inaction by the City, or from any claim to

attack, set aside, void, or annul this approval by the City of the applicant's project; or applicants failure to comply with conditions of approval. This condition and agreement shall be binding on all successors and assigns.

## PROJECT-SPECIFIC CONDITIONS

8. Nursery Conditions of Approval will be displayed conspicuously in the nursery area;
9. No more than 12 immature plants per verified patient may be on the premises at one time; .
10. No plant shall be taller than 1 foot from the base of the plant;
11. No mature budding plants are allowed;
12. Nursery area will be maintained free of mold, mildew, and fungus;
13. Nursery area will be maintained free of bugs and mites;
14. Nursery dispensing will comply with all provisions of California Health and Safety Code;
15. Nursery area shall not exceed 60 square feet of total office space;
16. The nursery shall be maintained in compliance with regulations the City may issue regarding, but not limited to, the maximum number that may be dispensed in any single transaction. Such regulations may be modified from time to time, as the City deems appropriate.
17. In addition to the cannabis currently sold at this location, all products sold when leaving the business must be disguised in a manner that conceals the contents.
18. The applicant shall provide an annual report to be submitted to the Public Services Department.
19. No active Cannaboids shall be disposed of improperly.

# EXHIBIT A-13

 **C. M. MEIERS COMPANY, INC.**

*Established in 1934*

January 19, 2007                    <u>**VIA FAX # (805) 456-0389 & U S MAIL**</u>

Mr. Charles Lynch
**CENTRAL COAST COMPASSIONATE CAREGIVERS**
780 Monterey Avenue, Suite B
Morro Bay, CA 93442

**RE:   GENERAL LIABILITY INSURANCE**
       **SCOTTSDALE INSURANCE COMPANY**
       **POLICY NUMBER:  CLS1320340**
       **POLICY TERM:  JANUARY 16, 2007 - 2008**

Dear Charles:

Attached is Monarch E & S Insurance Binder regarding your General Liability policy, numbered above.  Please hold the Binder as Evidence of coverage until your policy have been received and prepared for delivery to you.

Bob Davis has been supplied with verification of coverage.  Copy enclosed for you files.

The annual premium for the General Liability Policy is $1,469.53 (including fees).  Your payment has been received and paid in full.  Thank you!!!

Thank you, Charles!!!  Please do not hesitate to contact Derek or myself at any time when you have questions or when we may be of assistance.  We appreciate your business and look forward to being of service to you.

Best wishes,

*Lawana*

Lawana Malone, CPCU

ac

enclosure

# ACORD™ CERTIFICATE OF LIABILITY INSURANCE

| | DATE (MM/DD/YYYY) 01/19/2007 |
|---|---|

| PRODUCER (818)224-6100     FAX (818)224-6099 | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. | |
|---|---|---|
| C. M. Meiers Company, Inc. 21045 Califa St. #100 Woodland Hills, CA 91367 vana Malone | **INSURERS AFFORDING COVERAGE** | NAIC # |
| INSURED Central Coast Compassionate Caregivers | INSURER A: Scottsdale Insurance Co | |
| 780 Monterey Avenue, Suite B | INSURER B: | |
| Morro Bay, CA 93442 | INSURER C: | |
| | INSURER D: | |
| | INSURER E: | |

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| A | | **GENERAL LIABILITY** [X] COMMERCIAL GENERAL LIABILITY | CLS1320340 | 01/16/2007 | 01/16/2008 | EACH OCCURRENCE | $ 1,000,000 |
| | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 100,000 |
| | | CLAIMS MADE [X] OCCUR | | | | MED EXP (Any one person) | $ 5,000 |
| | | | | | | PERSONAL & ADV INJURY | $ EXCLUDED |
| | | | | | | GENERAL AGGREGATE | $ 1,000,000 |
| | | GEN'L AGGREGATE LIMIT APPLIES PER: [ ] POLICY [ ] PRO-JECT [ ] LOC | | | | PRODUCTS - COMP/OP AGG | $ EXCLUDED |
| | | **AUTOMOBILE LIABILITY** [ ] ANY AUTO | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | [ ] ALL OWNED AUTOS [ ] SCHEDULED AUTOS | | | | BODILY INJURY (Per person) | $ |
| | | [ ] HIRED AUTOS [ ] NON-OWNED AUTOS | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | **GARAGE LIABILITY** [ ] ANY AUTO | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | | | | | OTHER THAN AUTO ONLY: EA ACC | $ |
| | | | | | | AGG | $ |
| | | **EXCESS/UMBRELLA LIABILITY** [ ] OCCUR [ ] CLAIMS MADE | | | | EACH OCCURRENCE | $ |
| | | | | | | AGGREGATE | $ |
| | | [ ] DEDUCTIBLE | | | | | $ |
| | | [ ] RETENTION $ | | | | | $ |
| | | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? If yes, describe under SPECIAL PROVISIONS below | | | | [ ] WC STATU-TORY LIMITS [ ] OTH-ER | |
| | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| | | **OTHER** | | | | | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS
EVIDENCE OF GENERAL LIABILITY COVERAGE


*10 DAY NOTICE OF CANCELLATION FOR NON-PAYMENT OF PREMIUM.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| BOB DAVIS PO BOX 6523 LOS OSOS, CA 93412 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL  30  DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES. AUTHORIZED REPRESENTATIVE Herbert Rothman/ANGELA      *Herbert H. Rothman* |

ACORD 25 (2001/08) FAX:   (805)528-0527

©ACORD CORPORATION 1988



**MONARCH E&S**
**INSURANCE SERVICES**
YOU'LL GET THE ROYAL TREATMENT.

2540 Foothill Blvd., Suite 101   **B I N D E R**
La Crescenta, CA 91214
Phone (818)249-0100 * Fax 249-1166
License No. 0697233   Policy#:CLS1320340

Previous No.
CLS1194605

```
                                          Named Insured:
                                          CENTRAL COAST
                                          COMPASSIONATE CAREGIVERS
                                          780 MONTEREY AVENUE
                                          SUITE B
         DEREK ROSS                       MORRO BAY        CA 93442

         G M MEIERS INSURANCE       AM Best   Name of Insurer(s)
         21045 CALIFA STREET #100   A+, XV    SCOTTSDALE INSURANCE CO.        100%
         WOODLAND HILLS CA 91367


         Fax: (818) 224-6099

   Binder Effective: 01-16-07 to 04-16-07
   Policy Effective: 01-16-07 to 01-16-08
                12:01 A.M. Standard Time
```

```
   CGL OCCURRENCE FORM
   GENERAL AGGREGATE                        :  $1,000,000.
   PRODUCTS/COMPLETED OPERATIONS AGGREGATE:  $ EXCLUDED
   PERSONAL/ADVERTISING INJURY              :  $ EXCLUDED
   EACH OCCURRENCE                          :  $1,000,000.
   FIRE DAMAGE                              :  $  100,000.
   MEDICAL PAYMENTS                         :  $    5,000.
   PREMIUM BASIS = 1,000 SQ FT - PREMISES LIABILITY ONLY
   DEDUCTIBLE:  $500 BI/PD PER CLAIMANT INCL LAE

   TERRORISM COVERAGE WAS REJECTED BY THE INSURED.
   25% MINIMUM EARNED PREMIUM/100% MINIMUM & ADVANCE PREMIUM/FEES FULLY EARNED.

   EXCLUSIONS:  PUNITIVE OR EXEMPLARY DAMAGES; ASBESTOS; TOTAL POLLUTION; LEAD
   CONTAMINATION; EARTH OR LAND MOVEMENT; NUCLEAR ENERGY; EMPLOYMENT-RELATED
   PRACTICES; YEAR 2000 COMPUTER-RELATED & OTHER ELECTRONIC PROBLEMS; WAR
   (CG0062); FUNGI OR BACTERIA (CG2167); KNOWN INJURY OR DAMAGE (CG0057);
   VIOLATION OF STATUTES THAT GOVERN E-MAILS, FAX, PHONE CALLS OR OTHER METHODS
   OF SENDING MATERIAL OR INFORMATION; PRODUCTS/COMPLETED OPERATIONS; PERSONAL/
   ADVERTISING INJURY; PROFESSIONAL LIABILITY; COMMUNICABLE DISEASE.

   ATTACH:  AMENDMENT TO OTHER INSURANCE CONDITION (GLS-152s); AMENDMENT OF
   INSURED CONTRACT DEFINITION (CG2426); DRUGGISTS ENDT; CONTRACTUAL LIABILITY
         (continued on page  2)
```

(continued on page  2)

```
                                           PREMIUM      $1,250.00
                                        Policy Fee       $175.00
                                  Surplus Lines Tax       $42.75
                                      Stamping Fee         $1.78
                                             TOTAL     $1,469.53
```

CONDITIONS: THIS TEMPORARY BINDING OF COVERAGE SHALL BE VOID FROM THE BEGINNING IF THE
UNDERWRITER DOES NOT RECIEVE, REVIEW AND ACCEPT SUCH MATERIALS AND INFORMATION REQUESTED
ABOVE WITHIN THE TIME FRAME STATED.  THIS BINDER IS ALSO CANCELLED WHEN A POLICY IS ISSUED.

Invoice Date: January 19, 2007   Authorized Representative:

(OMNI 7 DC0431-060314/0701191006)   ORIGINAL   Contact: MARK KAUFMAN/LE

LIMITATION; DESIGNATED PREMISES ENDT.
INCLUDES ONE A/I - BOB DAVIS - LANDLORD.

(OMNI 7 DC0431X-020808/0701191006)



## SCOTTSDALE INSURANCE COMPANY®

# COMMERCIAL GENERAL LIABILITY COVERAGE PART
## SUPPLEMENTAL DECLARATIONS

| | | |
|---|---|---|
| Policy No.  CLS1194685 | Effective Date | 03/23/2006 |
| | | 12:01 A.M., Standard Time |

Named Insured  CENTRAL COAST COMPASSIONATE          Agent No.          04032

### Item 1. Limits of Insurance

| Coverage | Limit of Liability | |
|---|---|---|
| Aggregate Limits of Liability | $   EXCLUDED | Products/Completed Operations Aggregate |
| | $  1,000,000 | General Aggregate (other than Products/Completed Operations) |
| Coverage A - Bodily Injury and Property Damage Liability | $  1,000,000 | any one occurrence subject to the Products/Completed Operations and General Aggregate Limits of Liability |
| Damage to Premises Rented to You Limit | $   100,000 | any one premises subject to the Coverage A occurrence and the General Aggregate Limits of Liability |
| Coverage B - Personal and Advertising Injury Liability | $   EXCLUDED | any one person or organization subject to the General Aggregate Limits of Liability |
| Coverage C - Medical Payments | $    5,000 | any one person subject to the Coverage A occurrence and the General Aggregate Limits |

### Item 2. Description of Business

Form of Business:

☐ Individual    ☐ Partnership    ☐ Joint Venture    ☐ Trust    ☐ Limited Liability Company

☒ Organization including a corporation (other than Partnership, Joint Venture or Limited Liability Company)

Location of All Premises You Own, Rent or Occupy:
780 MONTEREY AVENUE, SUITE B
MORRO BAY, CA 93442

### Item 3. Forms and Endorsements

Form(s) and Endorsement(s) made a part of this policy at time of Issue:
    **See Schedule of Forms and Endorsements**

### Item 4. Premiums

| | | |
|---|---|---|
| Coverage Part Premium: | $ | 1,250 |
| Other Premium: | $ | |
| Total Premium: | $ | 1,250 |

THESE DECLARATIONS ARE PART OF THE POLICY DECLARATIONS CONTAINING THE NAME OF THE INSURED AND THE POLICY PERIOD.

# ACORD™ CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY)
03/22/2006

| PRODUCER (818)224-6124    FAX (818)224-6099 | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. | |
|---|---|---|
| C. N. Meiers Company, Inc.<br>21045 Califa St. #100<br>Woodland Hills, CA 91367<br>Lawana Malone | | |
| INSURED Central Coast Compassionate Caregivers<br>780 Monterey Avenue, Suite B<br>Morro Bay, CA 93442 | INSURERS AFFORDING COVERAGE | NAIC # |
| | INSURER A: Scottsdale Insurance Co | |
| | INSURER B: | |
| | INSURER C: | |
| | INSURER D: | |
| | INSURER E: | |

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| A | | **GENERAL LIABILITY**<br>X  COMMERCIAL GENERAL LIABILITY<br>  CLAIMS MADE  X  OCCUR | CLS1194685 | 01/16/2006 | 01/16/2007 | EACH OCCURRENCE | $ 1,000,000 |
| | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 100,000 |
| | | | | | | MED EXP (Any one person) | $ 5,000 |
| | | | | | | PERSONAL & ADV INJURY | $ EXCLUDED |
| | | | | | | GENERAL AGGREGATE | $ 1,000,000 |
| | | GEN'L AGGREGATE LIMIT APPLIES PER:<br> POLICY   PRO-JECT   LOC | | | | PRODUCTS - COMP/OP AGG | $ EXCLUDED |
| | | **AUTOMOBILE LIABILITY**<br>  ANY AUTO<br>  ALL OWNED AUTOS<br>  SCHEDULED AUTOS<br>  HIRED AUTOS<br>  NON-OWNED AUTOS | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | **GARAGE LIABILITY**<br>  ANY AUTO | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | | | | | OTHER THAN    EA ACC<br>AUTO ONLY:        AGG | $<br>$ |
| | | **EXCESS/UMBRELLA LIABILITY**<br>  OCCUR    CLAIMS MADE<br><br>  DEDUCTIBLE<br>  RETENTION   $ | | | | EACH OCCURRENCE | $ |
| | | | | | | AGGREGATE | $ |
| | | | | | | | $ |
| | | | | | | | $ |
| | | | | | | | $ |
| | | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY**<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED?<br>If yes, describe under SPECIAL PROVISIONS below | | | | WC STATU-TORY LIMITS    OTH-ER | |
| | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| | | **OTHER** | | | | | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS
EVIDENCE OF GENERAL LIABILITY COVERAGE


*10 DAY NOTICE OF CANCELLATION FOR NON-PAYMENT OF PREMIUM.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| BOB DAVIS<br>PO BOX 6523<br>Los Osos<br>LOS OSOS, CA 93412 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL 30 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES.<br>AUTHORIZED REPRESENTATIVE<br>Herbert Rothman/ANGELA    *Herbert H. Rothman* |

ACORD 25 (2001/08)  FAX:  (805)528-0527

© ACORD CORPORATION 1988

# EXHIBIT A-14

4-26-06 (7) WTP /Pielted /Cog

**HSM** Electronic Protection Services Inc.

500/25

*Confidential & Proprietary Information*

## *Certificate of Completion*

### Customer Information

Customer Name: Central Coast Compassionate Caregivers

Address: 780 Monterey Avenue, Suite B

City: Morro Bay

Customer Contact: Charles Lynch

Premise Contact: Charles Lynch

Work Order # 2288676

PNC Signal Verification # 185160

State: CA   Zip: 93442

Customer Contact # 805-801-0380

Premise Contact # 805-772-4879

### Transaction Information

New **X**        Add _____        Upgrade _____        Resign: _____

Move _____        Takeover _____        Renew: _____        Old Name _____

### System Information

Intrusion: **X**        Fire: _____        Access: _____        CCTV: _____        Other/Integrated _____

### Services Information        Other _____        Old Name _____

Monitoring **X**        Communication Backup _____        HSM eServices _____        Service Plan _____

Preventative Maintenance _____        Fire Alarm Test and Inspect _____        TAC _____

On-Site Customer Support / Tech _____        Advan. System Knowledge _____        Additional Services _____

### To Be Completed by Customer:

|  | Yes | No |
|---|---|---|
| My system installation is complete. | X |  |
| I understand the operation of my system. | X |  |
| I have received decals / security signs. | X |  |
| I understand how to test the system and components. | X |  |
| I know the correct procedure to cancel an accidental alarm. | X |  |
| I have completed the notification list. | X |  |
| My system complies with the contract and requirements | X |  |

On a scale of 1-5, with 5 being the "Best in Class" I rate the installation a [4]

Comments: Long time to get installed

*My HSM system has been satisfactorily installed and completed.*
*Prompt payment will be made in accordance with the terms and conditions of my agreement.*

Central Coast Compassionate Caregivers
Customer Name Printed

Charles C. Lynch
Customer Signature

137
Branch #        Contract #        Install #

137 Central Coast District
HSM Installing Branch Name

(Darren Richter)
HSM Representative Signature

4-25-06
*Completion Date (i.e. Billing Start Date)*

*Please include any additional comments on the back*

# Honeywell Security Monitoring

## Installation and Service Agreement                    No. _____

This agreement is made and entered into this **10th** day of **APRIL, 2006** between SecurityCo, Inc., successor to Honeywell Security Monitoring, located in
_____, Minnesota, hereinafter referred to as "Honeywell" and **Central Coast Compassionate Caregivers** , hereinafter referred to as "Customer".

**1. System and Service**
Honeywell agrees to install, monitor and/or maintain, during the term of this agreement, at the premises of the Customer located at **780 Monterey St, Suite B**
**Morro Bay, Ca. 93442** a **intrusion alarm** system as described in the attached Schedule of Service and Protection.

**2. Terms, Renewal and Expiration**
This agreement is effective as of the execution date of this agreement and shall have an initial term of twelve (12) months from the date the system first becomes operative under this agreement, and thereafter shall be automatically renewed for consecutive terms for one year, unless either party gives written notice at least sixty (60) days prior to the end of such term, to the other of intent to allow the agreement to expire as of the end of the then-current term.

**3. Payment and Scope** (prices do not include any applicable state and local sales or use tax):
A. Payment – Customer agrees to pay Honeywell:
  i. **$800.00** for the total installation of the system.
  a. $ _____ upon signing of this agreement.
  b. Progress payments as follows: **per Phil K.,THIS IS A MONTH-TO-MONTH AGREEMENT**
  c. **$ 800.00** upon completion of the installation, plus a telephone installation and/or connection charge of : $ 0

  ii. **$ 25.00** for services per month, as described in the Schedule of Service and Protection, payable ☒ quarterly ☐ semi-annually or ☐ annually, in advance commencing from the first (1st) day of the month following the date the system becomes operative. Customer also agrees to pay interim charges in the amount of approximately 1/30th of the monthly charges for each day from and including the date the system becomes operative until the first (1st) of the following month. For financed systems, an additional monthly is payable for the term of the financing agreement.

  iii. Any increase by Honeywell in the basic monthly charges specified in 3.A.ii., is subject to the following: At any time following the expiration of twenty-four (24) months of this agreement, Honeywell may increase the monthly charges once a year. If Honeywell increases the basic monthly charge by an amount greater than nine (9) percent, customer may terminate this agreement upon written notice to Honeywell within fifteen (15) days of notification of such increase.

B. Services
  i. Honeywell will provide services as follows: ☒ Monitoring; ☐ Extended Service: 8 a.m. – 4 p.m. Monday through Friday, excluding holidays; or ☐ Service Plus: 24 hours a day, 7 days a week including holidays.

C. Ownership of Equipment. The equipment shall be owned by ☒ Customer; ☐ Honeywell or its assignee (hereinafter "Honeywell-owned"); ☐ Financed System.

**4. Liquidated Damages and Honeywell's Limits of Liability**
A. It is understood and agreed by the parties hereto that Honeywell is providing a system and/or service designed to reduce the risk of loss only; that the payments provided for herein are based solely on the value of the system and/or services as described herein and are unrelated to the value of any property located on Customer's premises; that Honeywell is not liable for losses which may occur in the monitoring, repairing, signal handling or dispatching aspects of the service, even if due to Honeywell's negligence or failure of performance; that Honeywell is not liable for losses resulting from failure to warn or inadequate training; that Honeywell is not an insurer; and that insurance covering personal injury, property loss, damage to and on Customer's premises must be obtained and/or maintained by Customer. Customer understands that it is Customer's duty to purchase such insurance; that Honeywell selected levels of protection and services and that the system and/or service described in the Schedule of Service and Protection has been chosen by Customer after considering and balancing the levels of protection afforded by various systems and the related costs.

B. IT IS AGREED THAT IT IS IMPRACTICAL AND EXTREMELY DIFFICULT TO FIX ACTUAL DAMAGES WHICH MAY ARISE IN SITUATIONS WHERE THERE MAY BE A FAILURE OF THE SYSTEM AND/OR SERVICES PROVIDED, DUE TO THE UNCERTAIN VALUE OF CUSTOMER'S PROPERTY OR THE PROPERTY OF OTHERS KEPT ON THE PROTECTED PREMISES WHICH MAY BE LOST, STOLEN, DESTROYED, DAMAGED OR OTHERWISE AFFECTED BY OCCURRENCES WHICH THE SYSTEM OR SERVICE IS DESIGNED TO DETECT OR AVERT, INABILITY OF HONEYWELL TO GUARANTEE POLICE, FIRE DEPARTMENT AND MEDICAL ALERT RESPONSE TIME, AND ESTABLISHING A CAUSAL CONNECTION BETWEEN THE SYSTEM OR SERVICE PROBLEMS AND CUSTOMER'S POSSIBLE LOSS. THEREFORE IF ARTICLE 4A IS JUDICIALLY DETERMINED TO BE INVALID OR UNENFORCEABLE AND ANY LIABILITY IS JUDICIALLY IMPOSED ON HONEYWELL, ITS EMPLOYEES, AGENTS OR REPRESENTATIVES, FOR PROPERTY DAMAGE OR PERSONAL INJURY, SUCH LIABILITY SHALL BE LIMITED TO AN AMOUNT EQUAL TO THE ANNUAL SERVICE CHARGE OR $1000, WHICHEVER IS LESS. (IF THERE IS NO ANNUAL SERVICE CHARGE, HONEYWELL'S LIABILITY SHALL BE LIMITED TO $500.00.) THIS SUM SHALL BE PAID AND RECEIVED EITHER (I) AS LIQUIDATED DAMAGES AND NOT AS A PENALTY, OR (II) AS A LIMITATION OF LIABILITY APPROVED AND AGREED UPON BY THE PARTIES. THE PAYMENT OF THIS AMOUNT SHALL BE HONEYWELL'S SOLE AND EXCLUSIVE LIABILITY REGARDLESS OF WHETHER LOSS OR DAMAGE IS CAUSED BY THE PERFORMANCE OR NONPERFORMANCE OF OBLIGATIONS UNDER THIS CONTRACT OR BY NEGLIGENCE, ACTIVE OR OTHERWISE, OF HONEYWELL, ITS EMPLOYEES, AGENTS OR REPRESENTATIVES. NO SUIT OR ACTION SHALL BE BROUGHT AGAINST HONEYWELL MORE THAN ONE (1) YEAR AFTER THE ACCRUAL OF THE CAUSE OF ACTION THEREFOR. IF CUSTOMER WISHES HONEYWELL TO INCREASE THE AMOUNT OF THE LIQUIDATED DAMAGES AS PROVIDED ABOVE, CUSTOMER MAY OBTAIN FROM HONEYWELL AN ADDITIONAL AMOUNT OF LIQUIDATED DAMAGES BY PAYING AN ADDITIONAL MONTHLY SERVICE CHARGE TO HONEYWELL. THIS CLAUSE WILL IN NO WAY BE INTERPRETED TO ESTABLISH HONEYWELL AS AN INSURER.

C. SINCE THE PARTIES AGREE THAT CUSTOMER RETAINS THE SOLE RESPONSIBILITY FOR THE LIFE AND SAFETY OF ALL PERSONS IN ITS PREMISES, AND FOR PROTECTING AGAINST LOSSES TO HIS/HER OWN PROPERTY OR THE PROPERTY OF OTHERS IN ITS PREMISES, CUSTOMER AGREES TO INDEMNIFY AND SAVE HARMLESS HONEYWELL, ITS EMPLOYEES, ASSIGNS AND AGENTS, FROM AND AGAINST ALL CLAIMS, LAWSUITS AND LOSSES, BY PERSONS NOT A PARTY TO THIS AGREEMENT, ALLEGED TO BE CAUSED BY THE IMPROPER OPERATION OF THE SYSTEM, WHETHER DUE TO MALFUNCTIONING OR NONFUNCTIONING OF THE SYSTEM OR THE NEGLIGENT PERFORMANCE OR NONPERFORMANCE BY HONEYWELL OF THE INSTALLATION, MAINTENANCE, MONITORING, SIGNAL-HANDLING OR DISPATCHING ASPECTS OF THE SERVICE.

D. Paragraph A through C of this Article 4 shall apply to any other company or entity which, in addition to Honeywell, promotes, markets or endorses the installation, monitoring or maintenance provided hereunder.

E. Limited Equipment Warranty
Where Customer purchases a security system under this agreement, Honeywell warrants that the equipment and parts of the security system will be free from defects in material and workmanship for a period of ninety (90) days from the date the security system is placed into operation. If during this warranty period, any of the equipment or parts are defective or malfunction, they will be repaired or replaced, at Honeywell's sole option, free of charge. Warranty repair is done 8 a.m.—4 pm Monday through Friday, excluding holidays. This warranty will not apply if the damage or malfunction occurs, through no fault of Honeywell, while the system is in the possession of the Customer, or because the system has been adjusted, added to, altered, abused, misused or tampered with by the Customer, or otherwise operated or used contrary to the operating instructions. If inspection by Honeywell fails to disclose any defect covered by this limited equipment warranty, the equipment will be repaired or replaced at Customer's expense and Honeywell's regular service charges will apply.

DISCLAIMER OF ALL OTHER WARRANTIES:
TO THE EXTENT THAT THIS AGREEMENT IS DETERMINED TO BE SUBJECT TO THE UNIFORM COMMERCIAL CODE, THEN, WITH THE EXCEPTION OF THE FOREGOING LIMITED EQUIPMENT WARRANTY, HONEYWELL MAKES NO OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, THAT THE SYSTEM OR SERVICE SUPPLIED MAY NOT BE COMPROMISED, OR THAT THE SYSTEM OR SERVICE WILL IN ALL CASES PROVIDE THE PROTECTION FOR WHICH IT IS INTENDED. IN NO EVENT, WILL HONEYWELL, IT EMPLOYEES, OR AGENTS OR REPRESENTATIVES BE RESPONSIBLE FOR CONSEQUENTIAL, SPECIAL OR INCIDENTAL DAMAGES OF ANY NATURE WHATSOEVER. HONEYWELL MAKES NO WARRANTIES CONCERNING ANY EQUIPMENT OR DEVICES ATTACHED TO CUSTOMER'S SYSTEM UNLESS SUCH EQUIPMENT OR DEVICES WERE ORIGINALLY PURCHASED AND INSTALLED UNDER THIS AGREEMENT.

**5. Entire Agreement**
It is agreed to and understood by the parties that this agreement, including the provisions on the back page and the attached Schedule of Service and Protection, constitute the entire agreement between the parties, and supersedes and replaces all other prior agreements, whether oral or written, relating to the premises covered by this agreement. This agreement may not be changed, modified or varied except in writing, signed by an authorized representative of Honeywell. It is understood and agreed by and between the parties hereto, that the terms and conditions of this agreement shall govern notwithstanding any additional or inconsistent terms or conditions contained in any purchase order or other document submitted by Customer. This agreement shall not become binding on Honeywell until approved by Honeywell's Management as provided below. Customer hereby acknowledges that he/she has read this entire agreement and agrees to be bound by all its terms and conditions.

| SecurityCo, Inc. (successor to Honeywell Security Monitoring) | CUSTOMER By (Signature) _Charles C. Lynch_ |
|---|---|
| Sales Representative **BILL KELLEY** | Name (Print or Type) _Charles C. Lynch_ |
| Approved and accepted by Honeywell | Title _owner_ |
| By _____ | Date _4-10-06_ |
| Title _____ | Bank Reference _____  Telephone _____ |
| Date _____ | Account Number _____ |

**NOT BINDING ON HONEYWELL WITHOUT AUTHORIZED MANAGEMENT APPROVAL SIGNATURE**

(Page 1 of 2) Rev. 10-2004 (CommAgreement/SecurityCo.doc)

**HSM** Electronic Protection Services Inc.

Confidential & Proprietary Information

Sales ▼

## Schedule of Service and Protection
### (Equipment & Installation)

/ OR ALL SERVICES PROVIDED BELOW ARE DEFINED IN AND SUBJECT TO THE TERMS AND CONDITIONS OF THE ATTACHED | INSTALLATION AND SERVICE ▼ |
AGREEMENT DATED **April 19, 2005** BETWEEN HSM ELECTRONIC PROTECTION SERVICES INC. AND
**Central Coast Compassionate Caregivers** FOR SERVICES AT 780 MONTEREY AVE. Site 8

| | | MORRO BAY | CA | 93442 |

### System Information

| Intrusion: X | Fire: | Access Control: | CCTV: | Other: | Describe Other: |

### Customer to Provide

All required 110vac power outlets

Lighting Conditions for CCTV
Payment for Plan Submittals

All Conduit w/ Pull Strings
All Patching & Painting
Payment for Permits & Fees

### Protection Devices: (List Type, Quantity, And Location for Each Device)

| Quant | Equipment | Quant | Equipment |
|-------|-----------|-------|-----------|
| 1 | Battery | 1 | GEMINI-P801 WITH KEYPAD |
| 1 | Indoor Siren | | |
| 1 | Door Contact | | |
| 1 | Glass Protection Device, 30' Range | | |
| 2 | PIR/MW Motion Detector 35x35 | | |

### Special Instructions / Notes

### Pricing and Deposit Terms

| | |
|---|---|
| Total Installation Price: | $800 |
| Sales Tax, (if applicable): | |
| Total Price: | $800 |
| Deposit (in-hand) | $264 |
| Balance Due Upon Completion | $536 |

NOTE:
Total Monthly Fee is reflected on Schedule of Service and Protection
(Services).

Accepted By:

Customer Signature: Charles C. Lynch    Date: 4-10-06    HSM Initials: BK

CENTRAL COAST C.C.xls

Rev 1/22/2006

*# SIGN: Charles C. Jr. L*

**6. Miscellaneous Charges and Increase in Charges**

A. Customer shall pay any City, State or Federal taxes, fees or charges which are imposed upon the equipment, the installation thereof or performance of the service provided for herein, including any increase in charges to contractor for facilities required for transmission of signals under this agreement.

B. At Honeywell's option, a fee may be charged for any false alarm caused by Customer or for any unnecessary service run. If either Honeywell or Customer is assessed any fine or penalty by any municipality, fire or police protection district, as a result of any false alarm, Customer shall pay the full amount of such fine or penalty.

C. Charges for toll free telephone usage, if selected by customer, are included in the payment described in paragraph 3(A). Honeywell may immediately increase its monthly charges to reflect any increase in charges for toll free service. Customer shall pay any other telephone company toll line charges, including installation.

D. Installation charges set forth in Article 3 assume installation will be performed during Honeywell's normal working hours and using its own personnel. If Customer requests the installation or any part thereof to be performed outside ordinary business hours, or if the installation must be performed by outside contractors, or Honeywell's wage rate do not apply, the installation charge is subject to revision.

E. If any government agency requires any changes in the system originally installed, Customer agrees to pay for such changes. It is Customer's responsibility to obtain all alarm use permits required by the local jurisdiction.

F. Honeywell shall have the right to charge the legal rate of interest or, at Honeywell's option, an amount equal to 7.5% on any delinquent balance. A balance becomes delinquent thirty (30) days after payment is due under Article 3. Honeywell may also, upon written notice to Customer, stop providing monitoring and maintenance services if Customer is delinquent on any payment. Honeywell may charge $25.00 for any NSF check.

**7. Further Obligations of Customer**

A. Customer, at its own expense, shall supply appropriate unswitched AC electric power, outlets for such power, located according to Honeywell's requirements and telephone company interconnection jacks, if required.

B. Customer shall not tamper with, alter, adjust, add to, disturb, injure, move, remove, interconnect with other equipment or otherwise interfere with equipment installed by Honeywell, nor shall Customer permit the same to be done by others. It is further agreed that Customer indemnifies and holds Honeywell harmless for any system arising out of the foregoing and that if any work is required to be performed by Honeywell, due to Customer's breach of the foregoing obligations, Customer will pay Honeywell for such work in accordance with Honeywell's then-current prevailing charges.

C. For those premises where Honeywell is to provide Customer Service Center monitoring, Customer shall furnish Honeywell a list of the names, titles, residence addresses, telephone numbers and signatures of all persons authorized to enter the premises of Customer during scheduled closed periods and shall be responsible for updating such lists. In cases of supervised service, Customer shall also furnish Honeywell with an authorized daily and holiday opening and closing schedule.

D. Customer shall aid the alarm system at such times as Customer shall close its premises. Customer shall test the alarm system prior to each closed period and shall immediately report to Honeywell any claimed inadequacy in or failure of the system.

E. Customer shall permit Honeywell access to the premises for any reason arising out of or in connection with Honeywell's rights or obligations under this agreement.

F. Should any part of the system be damaged by fire, water, lightning, acts of God, third parties or any cause beyond the control of Honeywell, any repairs or replacement shall be paid for by Customer (ordinary wear and tear excepted in the case of a Honeywell-owned system).

G. Any claim by Customer of improper installation or a defect in the system shall be made in writing to Honeywell within thirty (30) days of installation completion.

H. Customer represents and warrants that Customer is the owner of the premises or, if not, that the owner agrees and consents to the installation of the system on the premises. Customer shall indemnify and hold Honeywell harmless from any losses or damages, including attorney fees, resulting from breach of such representation and warranty, or from Honeywell's inability to recover Honeywell-owned system components when customer moves out of the premises.

I. For those premises where Honeywell is to provide central station sprinkler supervisory and water flow alarm or automatic fire alarm service, Customer warrants and agrees that all alarm valves, gate valves, pumps, compressors, inspector test connections, or other elements of the sprinkler system as now installed or to be installed are, or will be, connected at Customer's expense so as to be acceptable to the insurance and other authorities having jurisdiction when equipped with Honeywell's signaling devices. Customer further agrees to furnish any necessary water through Customer's meter and at Customer's expense, to place hoods over any open fingers or lines, and to pipe all boiler blow-offs and alarm exhaust outside the premises to be protected.

J. For those premises where closed circuit television equipment is provided, Customer will provide adequate illumination under all operational conditions for the proper operation of the closed circuit television camera and will provide 110 AC power supply where required as well as shelf or desk space for monitors.

K. It is mutually agreed that the Customer assumes full responsibility for the operation of any and all bypass or switch units provided for disconnecting or reconnecting the alarm sounding and/or transmitting equipment at Customer's premises.

L. Customer represents that, except to the extent it has given Honeywell written notice prior to the execution of this agreement, to the best of its knowledge there is no asbestos or presumed asbestos-containing material, formaldehyde or other potentially toxic or hazardous material contained within, or in, on or under any portion of any area where work will be performed under this contract. If such materials (whether or not disclosed by Customer) are discovered and such materials provide any unsafe or unlawful condition, such discovery shall constitute a cause beyond Honeywell's reasonable control and Honeywell shall not stop or continue to perform its work under the contract until Customer has remedied the unsafe or unlawful condition at Customer's sole expense. Customer shall indemnify and hold Honeywell and its assigns harmless from and against any and all claims, cost and expenses of any kind (including attorney's fees) for bodily injury, property damage, death or stoppage that arises under or results from such unsafe or unlawful conditions (regardless of whether or not Customer disclosed such materials to Honeywell).

**8. Further Obligations of Honeywell; Limitations**

A. Honeywell shall not be held responsible or liable for delay in installation of the system or interruption of service, due to strikes, lockouts, riots, floods, fires, lightning, acts of God or any cause beyond the control of Honeywell, including interruptions in telephone service. Honeywell will not be required to perform installation or supply service to Customer unless any such cause shall continue.

B. For those premises where Customer Service Center monitoring is provided, Honeywell, upon receipt of an alarm signal from Customer's premises, shall (unless previously instructed otherwise by Customer), make a reasonable effort to transmit the alarm promptly to the police, fire department, medical agency or customer designated agency having jurisdiction or responsibility. Honeywell shall also make a reasonable effort to notify Customer's designated representatives by telephone at every genuine alarm received unless instructed to do otherwise by Customer. To avoid false alarms, Honeywell shall have the right, at its sole judgment, to first investigate the cause of a signal by either telephoning Customer or dispatching a representative to the Customer's premises to determine whether an emergency condition exists warranting notification of the police. Customer agrees that telephone calls received or transmitted by the Customer Service Center, including the receipt and transmission of alarm signals, may be electronically recorded by Honeywell, and that Customer consents to such recordings.

C. Customer understands that, if the system installed under this agreement is monitored, due to the nature of the method used for communicating alarm signals to the Customer Service Center, there may be times when the communication method is not able to transmit signals and Honeywell will not receive alarm signals. Digital communicators use standard telephone lines and Honeywell does not receive signals when the telephone systems becomes non-operational or the telephone line is cut, interfered with or otherwise damaged. There will be times when any radio frequency method, such as cellular, public or private radio systems, cannot transmit an alarm signal due to lack of signal strength or availability of a communication channel. Similarly, any other type of communication method installed under this agreement also can experience an inability to communicate alarm signals. Customer understands that Honeywell offers several levels of communication methods of alarm signals to the Customer Service Center and that the Services described in the front page of this agreement are on the Schedule of Service and Protection have been chosen by Customer after considering and balancing the levels of protection afforded by various communication methods and the related costs. Customer acknowledges and agrees that Customer is solely responsible for the selection of the type of communication method and whether the utilization of more than one communication method is required.

D. In cases of possible communication method trouble detected by Honeywell, Honeywell shall contact the communication method provider and request that it determine the location of the trouble, if unknown to Honeywell. When the trouble has been traced to a Customer, Honeywell will make a reasonable effort to notify Customer or the designated equipment service. In the event any service or repair to Customer's equipment becomes necessary, Honeywell shall, within a reasonable time, dispatch a representative to Customer's premises for the purpose of making the necessary services or repair. It is understood that the communication method provider is not the agent of Honeywell and Honeywell will not be liable for the communication method provider's negligent performance or delay in performance.

E. For those premises with a direct connection to the police, fire department or other agency, it is mutually understood and agreed that signals transmitted hereunder will be monitored in police and/or fire departments or other agencies, and that the personnel of such police and/or fire departments or other agencies are not Honeywell's agents nor does Honeywell assume any responsibility for the manner in which such signals are monitored or the response, if any, to such signals.

**9. Title to Equipment and Use of Honeywell-owned Equipment**

Any Honeywell-owned equipment installed on the Customer's premises shall at all times remain solely the property of Honeywell, or its designees and Customer agrees not to permit the attachment thereto of any equipment not furnished by Honeywell. If Customer purchases equipment, Customer agrees that Honeywell retains a security interest in the equipment until the full purchase price is paid. It is further understood and agreed that Honeywell may remove or abandon all Honeywell-owned equipment, including all wiring installed by Honeywell, in whole or in part, upon termination of the agreement by lapse of time, default of any monies due hereunder, or otherwise without any obligation to repair or redecorate any portion of the protected premises, provided that such removal or abandonment shall not be held to constitute a waiver of the right of Honeywell, or its assignees, to collect any charges which have accrued hereunder.

**10. Termination**

A. Honeywell may terminate this agreement immediately upon written notice:
   i. In the event Customer defaults in the performance of any of the terms and conditions of this agreement, including the failure to make any payment as agreed herein, in which case the balance of the monies due and for the unexpired term of this agreement shall become immediately due and payable, together with interest at the maximum legally allowable rate. Customer shall also pay attorney and/or collection fees, defined as an additional thirty-five percent (35%) of the outstanding balance owed, incurred in collecting Customer's account; or
   ii. In the event Honeywell's Customer Service Center, the telephone lines, wires or Honeywell's equipment within Customer premises are, by any cause beyond the control of Honeywell, destroyed or so substantially damaged that it is commercially impractical to continue service to Customer's premises; or
   iii. As provided in Article 2 relating to expiration; Article 3(A) relating to price increases; and Article 11 relating to assignment.

B. Customer may terminate this agreement:
   i. Immediately upon written notice, in the event Customer's premises are, by any cause beyond the control of the Customer, destroyed or so substantially damaged that it is commercially impractical for Customer to continue any operations at such premises; provided that if the Customer is using Honeywell-owned equipment, the Customer must pay Honeywell all payments remaining to be made under the agreement through its scheduled expiration; or
   ii. As provided in Article 2 relating to expiration; Article 3(A) relating to price increases; and Article 11 relating to assignment.

C. Upon termination of this agreement, Customer shall permit Honeywell access to Customer's premises in order to deactivate the telephone line signaling device and/or to remove the equipment pursuant to Article 9.

**11. Assignment**

Honeywell may assign its right to payment, along with all terms and conditions related to that right or to any Honeywell interest in the equipment, without notice to or consent of Customer. This agreement may be otherwise assigned by Honeywell provided that the Customer receives thirty (30) days advance written notice. This agreement may be assigned by the Customer with Honeywell's prior written consent, which shall not be unreasonably withheld provided that the assignee is determined to be creditworthy by Honeywell in its sole discretion. If Honeywell does not consent to the Customer's assignment, the Customer may terminate the agreement; provided that if the Customer is using Honeywell-owned equipment, the Customer must pay Honeywell all payments remaining to be made under the agreement through its scheduled expiration.

**12. No Subrogation**

Customer does hereby for itself and other parties claiming under it, release and discharge Honeywell from and against all claims arising from hazards covered by Customer's insurance, it being expressly agreed and understood that no insurance company or insurer will have any right of subrogation against Honeywell.

(Page 2 of 2) Rev. 10-2004 (General Agreement Commercial.doc)

# HSM   Electronic Protection Services Inc.

Confidential & Proprietary Information

## Schedule of Service and Protection (Services)

PAGE 1 OF 2

ANY OR ALL SERVICES PROVIDED BELOW ARE DEFINED IN AND SUBJECT TO THE TERMS AND CONDITIONS OF THE ATTACHED INSTALLATION AND SERVICE AGREEMENT DATED        April 10, 2006        BETWEEN HSM ELECTRONIC PROTECTION SERVICES INC. AND Central Coast Compassionate Caregivers        FOR SERVICES AT        790 MONTEREY AVE   Suite B

MORRO BAY        CA        93442

| Monitoring Services | Additional Monitoring Services | Additional ProtectionNet Services |
|---|---|---|
| X Intrusion Alarm        RM05 | Add. Intrusion Alarm | O/C Signal Supervision |
| Fire Alarm & Sprinkler | Add. Fire Alarm & Sprinkler | Open and Close Signal Tracking |
| Critical Condition | Add. Critical Condition | Pin Management by HSM |
| Medical Response | Add. Medical Response | Open / Close Reports |
| Elevator Telephone | Hold-Up or Panic Alarm | Standard Exception Report |
| Other Central Station | Additional Areas | Customized Exception Report |
| No Monitoring | Duress Monitoring | |
| | 24-Hour Auto Dialer Test | |
| | Weekly Auto Dialer Test | |

## Communication Back-up

| | | |
|---|---|---|
| Basic Cell Back-Up | Advanced Cell Back-Up | Internet Comm. BackUp |
| Basic Radio Back-Up | Advanced Radio Back-Up | |

## eDataManager

| | | |
|---|---|---|
| X Basic eDataManger        RE05 | Premium eDataManager | Premium Plus eDataManager |
| Adven. eDataManager | | |

## eVideoManager

| | | |
|---|---|---|
| eVideo Alarm Verif. | eVideo O/C Record | eVideo Open Supervision |
| eVideo Guard Tour | eVideo Escort | eVideo Close Supervision |
| | eVideo eMail Clips | |

## Service Plans

### Standard Service Plan

(Monday – Friday, 8am – 4pm)
HSM Standard Service Plan covers labor and equipment costs during normal business hours. This plan covers normal "wear and tear", repair or replacement and includes batteries and lift rentals. Repair or replacement of equipment damaged by the customer, acts of God or vandalism is not covered. Service labor rates for after hours work are based on current HSM service labor rate schedule. Includes access to the HSM TAC – Technical Assistance Center (24x7).

### Premium Service Plan

(24x7, 365 days)
HSM Premium Service Plan covers labor and equipment costs. This plan covers normal "wear and tear", repair or replacement and includes batteries and lift rentals. Repair or replacement of equipment damaged by the customer, acts of God or vandalism is not covered. Includes access to the HSM TAC – Technical Assistance Center (24x7).

### Labor Only Service Plan

(Monday – Friday, 8am – 4pm)
HSM Labor Only Service Plan covers labor costs. This plan covers normal "wear and tear", repair or replacement and includes batteries and lift rentals. Repair or replacement of equipment damaged by the customer, acts of God or vandalism is not covered. Service labor rates for after hours work are based on current HSM service labor rate schedule. Includes access to the HSM TAC - Technical Assistance Center (24x7).

### Parts Only Service Plan

(24x7, 365 days, Applicable Labor Rate)
HSM Parts Only Service Plan covers equipment costs. This plan covers normal "wear and tear", repair or replacement and includes batteries and lift rentals. Repair or replacement of equipment damaged by the customer, acts of God or vandalism is not covered. Service labor rates are based on current HSM service labor rate schedule. Includes access to the HSM TAC – Technical Assistance Center (24x7).

### Priority Response Service Plan        (Available to National Accounts)

(4 hour response, 24x7, 365 days)
HSM Priority Response Service Plan covers labor and equipment costs with a 4 hour response. This plan covers normal "wear and tear", repair or replacement and includes batteries and lift rentals. Repair or replacement of equipment damaged by the customer, acts of God or vandalism is not covered. Includes access to the HSM TAC – Technical Assistance Center (24x7).

Schedule of Service and Protection (Services) Continued on Page 2   Customer Initials: _CC_        HSM Initials: _RK_

**HSM** Electronic Protection Services Inc.

Confidential & Proprietary Information

## Schedule of Service and Protection
### (Services)

PAGE **2** OF **2**

ANY OR ALL SERVICES PROVIDED BELOW ARE DEFINED IN AND SUBJECT TO THE TERMS AND CONDITIONS OF THE ATTACHED INSTALLATION AND SERVICE AGREEMENT DATED **April 10, 2006** BETWEEN HSM ELECTRONIC PROTECTION SERVICES INC. AND

**Central Coast Compassionate Caregivers** FOR SERVICES AT **780 MONTEREY AVE.**

**MORRO BAY** **CA** **93442**

### Preventative Maintenance

**Preventative Maint.**

Scheduled preventative maintenance. The scheduled appointment includes a visual inspection of devices, walk-test of system components, cleaning of devices as needed and verification of communication link. Includes access to the HSM TAC – Technical Assistance Center (24x7). System repair, equipment replacement and lift rentals are excluded.

**Access Control Preventative Maint.**

Scheduled preventative maintenance. The scheduled appointment includes a visual inspection of devices, walk-test of system components, cleaning of devices as needed and may, for PC based systems, include programming back-up and software patch updates (as available). Includes access to the HSM TAC – Technical Assistance Center (24x7). System repair, equipment replacement and lift rentals are excluded.

**Basic QIP Home Security Inspection Plan**

Scheduled inspection provided for home security systems. The QIP inspection includes HSM's "10 Point Test & Inspect" procedure by a service technician, 1-800 toll-free alarm transmission service and access to the HSM TAC – Technical Assistance Center (24x7). Equipment repair and replacement are excluded.

**Advanced QIP Home Security Inspection Plan**

Scheduled inspection provided for home security systems. The QIP inspection includes HSM's "10 Point Test & Inspect" procedure by a service technician, 1-800 toll-free alarm transmission service, access to the HSM TAC – Technical Assistance Center (24x7), 10% discount on repairs and new equipment throughout the plan term and transmitter batteries replaced as needed (5 battery limit per inspection).

**Premium QIP Home Security Inspection Plan**

Scheduled inspection provided for home security systems. The QIP inspection includes HSM's "10 Point Test & Inspect" procedure by a service technician, 1-800 toll-free alarm transmission service, access to the HSM TAC – Technical Assistance Center (24x7), 15% discount on repairs and new equipment throughout the plan term and transmitter batteries replaced as needed (10 battery limit per inspection) and alarm control battery replaced as needed.

### Fire Alarm Test & Inspection

| | |
|---|---|
| Monthly Test & Inspection | Quarterly Test & Inspection |
| Annual Test & Inspection | Semi-Annual Test & Inspection |

Scheduled tests and inspections. The scheduled appointments include a visual inspection of devices, operational records. Tests and inspections are documented and provided for customers. Test of system components and verification of communication link. Includes access to the HSM TAC - Technical Assistance Center (24x7). System repair, equipment replacement and lift rentals are excluded.

### On-Site Customer Support Specialist / Technician

**On-Site Technical Support Specialist**

HSM Technical Specialists work at the customer location to assist in day-to-day tasks regarding the system operation and technical application. This support can be customized to include repair service work, programming, test & inspection and other technical requirements.

**On-Site Customer Support Specialist**

HSM Customer Support Specialists work at the customer location to assist in day-to-day tasks regarding the administration of security accounts. A support specialist can assist with questions, coordination and administration of installation, service, monitoring, account management and billing matters.

### Technical Assistance Center (TAC)

**Technical Assistance Center Support**

(TAC is included for customers with a HSM Service Plan, Preventative Maintenance or Fire Alarm Test & Inspection Plan)

### Advanced System Knowledge and Training

**HSM Training Package** (1 Hour, 1 Annual Session)

### Additional Services

| | |
|---|---|
| UL Fire Alarm Certificate | Software Support (HSS/EBI/XSM) |
| UL DOD Alarm Certificate | Board or Direct Connection (Select Areas) |
| UL Intrusion Alarm Certificate | Runner or Guard Response (Select Areas) |

### Other Services

Other Services

**Total Monthly Fee:** **$25**

NOTE: Total Installation Price is reflected on Schedule of Service and Protection (Equipment & Installation).

Accepted By:

Customer Signature: _Chris C. Lee_ ✳ Date: **4-10-06** HSM Initials: _BK_

# EXHIBIT A-15

CASE NO. CR 07-689-WU

UNITED STATES OF AMERICA

VS. LYNCH

PLAINTIFF'S EXHIBIT 64

DATE_____IDEN.

DATE_____EVID.

BY_____

AO 386                    Deputy Clerk





# EXHIBIT A-16



# City c. Morro Bay

## POLICE DEPARTMENT
850 Morro Bay Blvd.
Morro Bay, California 93442
Ph. (805) 772-6225

Dear Business Owner:

The Morro Bay Police Department Communications Center keeps emergency contact information on all businesses in our community. The purpose of this information is to enable us to contact business owners or their agents when issues arise relating to their business. Examples would be an alarm sounding, discovery of a break-in, or discovery of property damage, which requires us to notify the business owner/agent and in most cases, have them respond to their business after hours. As a business owner/agent, your assistance in completing the below information to update our files will allow us to contact you in an emergency and provide good customer service.

Please complete the spaces below, <u>providing at least one local emergency contact</u>, and return to us. Feel free to indicate any additional information you deem useful to us and the Fire Department in the event their response is required.

Sincerely,

John DeRohan
Chief of Police

By:_____

### BUSINESS EMERGENCY CONTACT INFORMATION

Name of Business _Central Coast Compessimete Gregiues_ Phone # _805-801-0380_

Business Address _780 Monterey ; Morro BAY_ Check Here if Home Business: _____

Mailing Address (if different from above) _589 Rosemary Ln; Arroyo Grande CA 93420_

Type of Business: _Health Seevices_ Business Hours _11 Am 7 pm_

Alarm Company: _NA_ Phone No._____

Name of Owner/Manager _Charles C. Lynch_

Name of First Contact _Charles C. Lynch_

Address _589 Rosemary Ln; Arroyo Grande CA_ Phone Nos. _805 489 4653_

Name of Second Contact_____

Address_____ Phone Nos._____

Name of Third Contact_____

Address_____ Phone #_____

Additional Information_____
Please provide any additional information on reverse side or attach.

F:\Shared\Forms\F-208.doc Rev 05-04

# EXHIBIT A-17

CASE NO._____ CR 07-689-WU _____
UNITED STATES OF AMERICA
_____

VS._____ LYNCH _____

PLAINTIFF'S EXHIBIT_____ 125A _____

DATE_____IDEN.

DATE_____EVID.

BY_____
AO 386            Deputy Clerk

# Daily Patient Log

Date: 1/19   Security Officer: Ryan

| | ID NUMBER | LAST NAME | TIME IN | CELL Y/N | CADL# | OCBC | NOTES |
|---|---|---|---|---|---|---|---|
| 1 | 317 | Crabtree | 1101 | | E0283666 | | |
| 2 | 741 | Beech | 1104 | | D4952598 | | |
| 3 | 1950 | Ray | 1106 | | D6989209 | new | |
| 4 | 1951 | Powell | 1110 | ∅ | D9000949 | new | |
| 5 | 331 | Sanders | 1137 | | C1227962 | | |
| 6 | 1805 | Schmitz | 1143 | | N6832979 | | |
| 7 | 1683 | Whittington | 1147 | | N0081445 | Renew | |
| 8 | 1102 | Lowrie | 1147 | | B9421167 | | |
| 9 | 738 | Taylor | 1154 | | D4492710 | | |
| 10 | 1952 | Hovarter | 1157 | | U1114663 | New | |
| 11 | 1492 | Shores | 1158 | | B5017723 | | |
| 12 | 538 | Waldendzok | 1201 | | C3600036 | | |
| 13 | 785 | Warner | 1209 | | N4771611 | | |
| 14 | 1766 | Sisko | 1210 | ∅ | E0177858 | | |
| 15 | 1953 | Boyd | 1213 | ∅ | C2679227 | new | |
| 16 | 661 | Callahan | 1215 | | N9424037 | | |
| 17 | 608 | Baxter | 1216 | | C3687345 | | |
| 18 | 1954 | Alger | 1220 | ∅ | D8999305 | new | |
| 19 | 1620 | Oliver | 1232 | | C0733010 | | |
| 20 | 1595 | Babcock | 1237 | | C4366846 | | |
| 21 | | Armijo | 1239 | | A7114951 | new | |
| 22 | 1854 | Benton | 1245 | | D5589206 | | |
| 23 | 1765 | Silva | 1250 | ∅ | N2527991 | | |
| 24 | 1505 | Sowell | 1259 | | N4547321 | | |
| 25 | 663 | Ortiz | 126 | | D3016812 | | |
| 26 | 351 | Weinert | 127 | | D7377720 | | |
| 27 | 1614 | Costa | 132 | ∅ | C4541251 | | |
| 28 | 185 | Baker | 133 | | D0485873 | | |
| 29 | 1705 | Miller | 136 | | D1711864 | | |
| 30 | 1398 | Bedard | 141 | ∅ | D2187354 | | |
| 31 | 885 | Cohen | 146 | | D3112722 | | |
| 32 | NA | BALDWIN | 201 | | D5844315 | NA | |
| 33 | 1876 | Talmage | 205 | | D4272627 | | |
| 34 | 1895 | Blair | 206 | | D5320972 | | |
| 35 | 1884 | Sim | 207 | | D3743172 | | |
| 36 | 1958 | Yolo | 215 | | D2703487 | new | |
| 37 | 800 | Osier | 219 | | C4840313 | | |
| 38 | | Wiley | 225 | | N8589870 | new | |
| 39 | 215 | Sanders | 233 | | P0939224 | Lost Card | |
| 40 | 1831 | Wilson | 236 | | A7580106 | | |
| 41 | 1960 | Bean | 237 | | D5536914 | new | |
| 42 | 309 | Shaffer | 239 | | C5014627 | | |
| 43 | 905 | Martell | 242 | | P0133839 | | |
| 44 | 1201 | Pearson | 244 | | B7457992 | | |
| 45 | 501 | Carter | 247 | | D4187875 | | |
| 46 | 438 | Nichols | 249 | | B4724497 | | |
| 47 | 674 | Glanzer | 250 | | N2674833 | | |
| 48 | | | | | | | |
| 49 | 77 | Tidilio | 322 | | N6580005 | | |
| 50 | 1344 | Coleman | 324 | ∅ | D4358040 | | |

Central Coast Compassionate Caregivers
2005 All Rights Reserved
Confidential

# Daily Patient Log

Date: 1/19   Security Officer: Ryan

| | ID NUMBER | LAST NAME | TIME IN | CELL Y/N | CADL# | OCBC | NOTES |
|---|---|---|---|---|---|---|---|
| 1 | 197 | Stephens | 340 | | B8134117 | | |
| 2 | 1755 | Robinson | 343 | | M0442516 | | |
| 3 | 1961 | Draper | 348 | ∅ | D6576726 | New | |
| 4 | 825 | Gray | 401 | | B3542383 | | |
| 5 | 1719 | Kwil | 406 | | D7468430 | | |
| 6 | 997 | Bell | 410 | ∅ | B9201896 | | |
| 7 | 1360 | Kaeli | 411 | | D8313217 | | |
| 8 | 1493 | Minor | 417 | | D5568000 | | |
| 9 | 1133 | Brannum | 419 | | D1179542 | | |
| 10 | 122 | Slobodnik | 420 | | B6118146 | | |
| 11 | 159 | Hicks | 421 | ∅ | D3290325 | | |
| 12 | 1616 | Bobks | 433 | | A9859609 | | |
| 13 | 1841 | Currin | 436 | | D7125580 | | |
| 14 | 1641 | Mountain | 442 | < | B8471366 | | |
| 15 | 46 | Rash | 444 | | A7205464 | | |
| 16 | 1864 | Tychewicz | 445 | | CC599459 | | |
| 17 | 1078 | Guardado | 448 | | B5142702 | | |
| 18 | 1870 | Robinson | 449 | | A1482308 | | |
| 19 | 486 | Rice | 455 | | C2978822 | | |
| 20 | 889 | Rancour | 459 | | B8194319 | | |
| 21 | 1962 | Smith | 502 | | D6576724 | New | |
| 22 | 654 | Strong | 510 | | D9002929 | | |
| 23 | 1692 | Girardi | 514 | | D7468385 | | |
| 24 | 1664 | Donaldson | 515 | | D5377059 | | |
| 25 | 508 | Clark | 519 | | E0004637 | | |
| 26 | 1499 | Piper | 528 | | D1969236 | | |
| 27 | 579 | Tyra | 535 | | A5293101 | | |
| 28 | 488 | Hixon | 536 | | C3203019 | | |
| 29 | 883 | Von | 541 | | B3611505 | | |
| 30 | 1889 | Anema | 547 | | D6477254 | | |
| 31 | 445 | Ferraro | 549 | ∅ | C0810121 | | |
| 32 | 1380 | Kline | 551 | ∅ | N861198 | | |
| 33 | 1173 | Garcia | 552 | | C1453953 | | |
| 34 | ~~2817~~ | ~~Abbott~~ | | | | | |
| 35 | | | | | | | |
| 36 | | | | | | | |
| 37 | | | | | | | |
| 38 | | | | | | | |
| 39 | | | | | | | |
| 40 | | | | | | | |
| 41 | | | | | | | |
| 42 | | | | | | | |
| 43 | | | | | | | |
| 44 | | | | | | | |
| 45 | | | | | | | |
| 46 | | | | | | | |
| 47 | | | | | | | |
| 48 | | | | | | | |
| 49 | | | | | | | |
| 50 | | | | | | | |

Central Coast Compassionate Caregivers
2005 All Rights Reserved
Confidential

# EXHIBIT A-18

# Central Coast Compassionate Caregivers

## Designation of Primary Caregiver

I, _Kathryn  Hudson_____, certify that I suffer from one or more of the following medical conditions:  Acquired immune deficiency syndrome (AIDS), Anorexia,  Arthritis, Cachexia, Cancer, Chronic pain, Glaucoma, Migraine, Persistent muscle spasms, including, but not limited to,  spasms associated with multiple sclerosis, seizures, including, but not limited to, seizures associated with epilepsy, severe nausea, or any other chronic or persistent medical symptom that either: (A) substantially limits the ability of the person to conduct one or more major life activities as defined in the Americans with Disabilities Act of 1990 (Public Law 101-336). (B) If not alleviated, may cause serious harm to the patient's safety or physical or mental health, that I have obtained a recommendation or approval from a licensed physician to use medical marijuana to treat my illness.

I hereby designate Central Coast Compassionate Caregivers as my 'Designated Primary Caregiver' in accordance with California Health and Safety Code 11362.5(d) and 11362.5(e) which read as follows:

   (d) Section 11357, relating to the possession of marijuana, and Section 11358, relating to the cultivation of marijuana, shall not apply to a patient, or to a patient's primary caregiver, who possesses or cultivates marijuana for the personal medical purposes of the patient upon the written or oral recommendation or approval of a physician.
   (e) For the purposes of this section, "primary caregiver" means the individual designated by the person exempted under this section who has consistently assumed responsibility for the housing, health, or safety of that person.

I agree that depending upon my needs; I will consistently rely on the above-named person as my primary source of:
   1. Growing, transporting, processing, obtaining and storing medical marijuana
   2. Transportation to and from health care appointments
   3. Shopping for food and personal care items
   4. Gardening, pet care and household chores
   5. Any other typical attendant style care

This designation shall remain in effect until the expiration of my current recommendation.  This contract may be terminated at any time only by my written request.

_Kathryn Hudson_____          _11/14/04_____
(Patient Signature)                    (Today's date)

_Kathryn Hudson_____
(Print Patient Name)

*CAREGIVER WILL FILL OUT PORTION BELOW*

_Charles C. Lynch_____          _1615_____
(Charles Lynch, Caregiver)              (Patient ID)

# Membership Agreement Form                    1

## Central Coast Compassionate Caregivers
780 Monterey Ave. Suite B
Morro Bay, CA 93442
805-772-4879 office; 805-456-0389 fax

As a member of the Central Coast Compassionate Caregivers Association, CCCC, I hereby agree to the following:

➤ I will NOT open my medication until I am at a safe, private location.
➤ I will not open my medication within 1000 feet of the service center.
➤ I will NOT leave people outside waiting while I go inside the service center.
➤ I will keep all medicines away from children.
➤ I agree the medical cannabis provided is for medicinal use only.
➤ I agree to abide by the laws of the State of California regarding medical cannabis.
➤ I agree that I am of sound mind and that I have signed the caregiver form at my own free will.
➤ I understand medical cannabis could be prosecuted as a federal crime, but I also understand that medical cannabis rights have been granted to me by the California State Legislature based on the 10th amendment of the Constitution to the United States of America and that I expect my state which granted me these rights to protect me from federal government prosecution.
➤ I understand CCCC can not be held liable for any of my actions regarding medical cannabis.
➤ I agree that if I am convicted of any crime my Membership with CCCC may be terminated.
➤ I understand that if I provide false documents of any kind that I will be prosecuted to the fullest extent of the law.
➤ I agree that I am not an agent of a law enforcement agency or a person providing information to law enforcement regarding any information pertaining to CCCC.
➤ I agree I have seen a copy of the Privacy Policy and have requested a copy if I want one.
➤ I agree that I will not discuss my membership with the media.

As a member CCCC, I shall NOT engage in the smoking of medical cannabis under any of the following circumstances as described in California Health and Safety Code 11362.79 which states:

(a) In any place where smoking is prohibited by law.
(b) In or within 1,000 feet of the grounds of a school, recreation center, or youth center, unless the medical use occurs within a residence.
(c) On a school bus.
(d) While in a motor vehicle that is being operated.
(e) While operating a boat.

**VIOLATION OF ANY OF THESE SAFETY PRECAUTIONS OR CALIFORNIA STATE LAWS MAY RESULT IN IMMEDIATE TERMINATION OF MEMBERSHIP.**

Thank you,
Charles Lynch
Central Coast Compassionate Caregivers

Member signature and date below:

Signature: _Kathryn Hudson_          Date: _11/14/06_

Patient ID #: _1015_

Central Coast Compassionate Caregivers
2005 All Rights Reserved
Confidential

**FOR VERIFICATION CALL: 866.632.6627**

28302



**866.632.6627**

# PHYSICIAN'S STATEMENT

This letter is to verify that I am the attending physician for

Kathryn Ann Hudson  regarding the therapeutic value of medical
Patient Name

marijuana for him/her.

Additionally, this letter verifies that he/she has been diagnosed with a serious
medical condition and that the medical use of marijuana is appropriate for that
serious medical condition.

This letter is made a part of the patient's permanent record.

Signed _____   License No.: G75086
Deborah Malka .MD
MediCann  Inc

Date of Statement: **11/11/06**

Clinic Location: **Santa Cruz**

Time Period Covered

3 Months      6 Months

12 Months      Other

**Private & Confidential**
**FOR VERIFICATION CALL: 866.632.6627**
**Version 1.2**

APPROVED EPG*
11\14





# EXHIBIT A-19

**Central Coast Compassionate Caregivers**

Association Member Identification



Sean M. Forrest

ID #:  971

DOB:  ███████

CDL:  ███████

Expires:

6/20/2007



See back of card for more information

# EXHIBIT A-20

# Membership Agreement Form

1

## Central Coast Compassionate Caregivers
780 Monterey Ave. Suite B
Morro Bay, CA 93442
805-772-4879 office; 805-456-0389 fax

As a member of the Central Coast Compassionate Caregivers Association, CCCC, I hereby agree to the following:

➢ I will NOT open my medication until I am at a safe, private location.
➢ I will not open my medication within 1000 feet of the service center.
➢ I will NOT leave people outside waiting while I go inside the service center.
➢ I will keep all medicines away from children.
➢ I agree the medical cannabis provided is for medicinal use only.
➢ I agree to abide by the laws of the State of California regarding medical cannabis.
➢ I agree that I am of sound mind and that I have signed the caregiver form at my own free will.
➢ I understand medical cannabis could be prosecuted as a federal crime, but I also understand that medical cannabis rights have been granted to me by the California State Legislature based on the 10th amendment of the Constitution to the United States of America and that I expect my state which granted me these rights to protect me from federal government prosecution.
➢ I understand CCCC can not be held liable for any of my actions regarding medical cannabis.
➢ I agree that if I am convicted of any crime my Membership with CCCC may be terminated.
➢ I understand that if I provide false documents of any kind that I will be prosecuted to the fullest extent of the law.
➢ I agree that I am not an agent of a law enforcement agency or a person providing information to law enforcement regarding any information pertaining to CCCC.
➢ I agree I have seen a copy of the Privacy Policy and have requested a copy if I want one.
➢ I agree that I will not discuss my membership with the media.

As a member CCCC, I shall NOT engage in the smoking of medical cannabis under any of the following circumstances as described in California Health and Safety Code 11362.79 which states:

(a) In any place where smoking is prohibited by law.
(b) In or within 1,000 feet of the grounds of a school, recreation center, or youth center, unless the medical use occurs within a residence.
(c) On a school bus.
(d) While in a motor vehicle that is being operated.
(e) While operating a boat.

**VIOLATION OF ANY OF THESE SAFETY PRECAUTIONS OR CALIFORNIA STATE LAWS MAY RESULT IN IMMEDIATE TERMINATION OF MEMBERSHIP.**

Thank you,
Charles Lynch
Central Coast Compassionate Caregivers

Member signature and date below:

Signature: _Charles C. Lynch_          Date: _12.6.06_

Patient ID #: _1_

Central Coast Compassionate Caregivers
2005 All Rights Reserved
Confidential



Thomas A. Sazani, MD
39 S. E. St. #C
Orcutt (Santa Maria), CA 93455
805 938 3 5

## PHYSICIAN'S STATEMENT
## Health and Safety Code Section 11362.5

This certifies that _____ was examined in my office. He/She has a serious medical condition which, in my professional opinion, may benefit from the use of medical cannabis. I have discussed the potential risks and benefits of medical cannabis with the patient. I approve his/her use of cannabis as medicine. If my patient chooses to use cannabis as medicine, I will continue to monitor his/her use. I have informed my patient not to use this medication with alcohol or other mind-altering medications. I have informed my patient not to drive, operate heavy machinery or engage in any activity which requires alertness while using medical cannabis.

## PATIENT DECLARATION

I, _____ declare that all the information provided to the physician is true and correct under penalty of perjury.

Patient Signature _____        Date of Statement _____

Signed _____        Time period covered (Maximum 1 Year

Thomas A. Sazani, MD  CA Medical License # A42368

_____ Months    _____ 6 Months
_____ 12 Months    _____ Other



# Hanya Barth, M.D.

## Therapeutic Cannabis Recommendation*

This certifies that _____Charles Lynch_____

born on _____/ 62_____ was examined in my office. He/she was

found to have a medical condition, that in my professional opinion, would benefit from the use of

medical cannabis. I have discussed the potential risks and benefits of medical cannabis use as an

appropriate therapeutic treatment pursuant to the Compassionate Use Act of 1996 (California

Health and Safety Code 11362.5)

I recommend and/or approve his/her use of cannabis with the following limitations and/or
conditions:
1. Do not smoke tobacco
2. Do not use this medication with alcohol or other mind altering medications
3. Use the least amount of medical cannabis needed to relieve symptoms
4. Do realize that there may be physical or mental impairment when using this medication
5. Do not drive, operate machinery or engage in any activity which requires alertness while
using medical cannabis
6. Use discretion when using medical cannabis and respect the rights of others

My patient authorizes me to discuss his/her medical condition and the contents of this letter, for
verification purposes only. I am a physician licensed to practice medicine in the state of California.

This recommendation expires on _____12-06-06_____

Diagnosis _____Migraine HA,_____

Hanya Barth, M.D.
Ca lic. #A031974

Date _____12/6/05_____

---

I have read and agree to the terms above.

Signed _____Charles C. Lynch_____
(Patient Signature)

To verify recommendations please call (415) 255-1200



CALIFORNIA
DRIVER LICENSE

CHARLES C LYNCH

SEX:M HAIR:BRO EYES:HZL
HT:5-10 WT:145

242

# Hanya Barth, M.D.

## Therapeutic Cannabis Recommendation*

This certifies that _Charles Lynch_

born on _____ / 62 _____ was examined in my office. He/she was

found to have a medical condition, that in my professional opinion, would benefit from the use of

medical cannabis. I have discussed the potential risks and benefits of medical cannabis use as an

appropriate therapeutic treatment pursuant to the Compassionate Use Act of 1996 (California

Health and Safety Code 11362.5)

I recommend and/or approve his/her use of cannabis with the following limitations and/or
conditions:
1. Do not smoke tobacco
2. Do not use this medication with alcohol or other mind altering medications
3. Use the least amount of medical cannabis needed to relieve symptoms
4. Do realize that there may be physical or mental impairment when using this medication
5. Do not drive, operate machinery or engage in any activity which requires alertness while
    using medical cannabis
6. Use discretion when using medical cannabis and respect the rights of others

My patient authorizes me to discuss his/her medical condition and the contents of this letter, for
verification purposes only. I am a physician licensed to practice medicine in the state of California.

This recommendation expires on _____   12-06-06 _____

Diagnosis _Migraine  HA_

Hanya Barth, M.D.
Ca lic. #A031974

Date   12/6/05

I have read and agree to the terms above.

Signed _Charles C. Lynch_
(Patient Signature)

To verify recommendations please call (415) 255-1200



243

# EXHIBIT A-21

## Members

| Id_Number | First Name | Middle Initial | Last Name |
|---|---|---|---|
| 1 | Charles | C | Lynch |

**Id_Photo**



CASE NO. CR 07-689-WU
UNITED STATES OF AMERICA

VS. LYNCH

PLAINTIFF'S EXHIBIT 96

DATE_____IDEN.

DATE_____EVID.

BY_____

AO 386          Deputy Clerk

# EXHIBIT A-22

CASE NO. CR 07-689-WU
UNITED STATES OF AMERICA

VS. LYNCH

PLAINTIFF'S EXHIBIT 95

DATE_____IDEN.

DATE_____EVID.

BY_____
AO 386          Deputy Clerk

# Expired Members

CASE NO. CR 07-689-WU

UNITED STATES OF AMERICA

VS. LYNCH

PLAINTIFF'S EXHIBIT 95

DATE _____ IDE

DATE _____ EVI

BY _____

AO 386                           Deputy Clerk

| Id_Number | First Name | Middle Initial | Last Name | ID_Expires |
|---|---|---|---|---|
| 1 | Charles | C | Lynch | 12/4/2007 |
| 2 | Daniel | J | Eister | 12/6/2006 |
| 3 | Louis | E | Koory | 9/13/2007 |
| 4 | Jason | | Scharf | 9/8/2006 |
| 5 | Freddie | J | Sarenana | 2/17/2008 |
| 6 | Stephen | R | Ripple | 7/3/2007 |
| 7 | Raymond | L | Lewis | 10/23/2007 |
| 8 | Austen | T | Connella | 3/11/2007 |
| 9 | Tara | L | Cochran | 11/29/2007 |
| 10 | Billy | D | Moore | 4/3/2007 |
| 11 | Joel | W | Wrona | 4/9/2006 |
| 12 | Jason | C | Marriott | 10/21/2007 |
| 13 | Brandon | M | Warren | 5/15/2007 |
| 14 | Gabriel | J | Norris | 9/30/2007 |
| 15 | Eric | J | Baranek | 3/29/2006 |
| 16 | Gary | E | Adamson | 4/25/2007 |
| 17 | Justin | M | Hall | 3/4/2006 |
| 18 | Amy | L | Kendrick | 4/25/2007 |
| 19 | Ramon | | Miranda, Jr. | 10/12/2007 |
| 20 | Joseph | E | Strawn | 3/4/2007 |
| 21 | David | M | Woodward | 4/26/2006 |
| 22 | Samual | A | Bailey | 12/7/2006 |
| 23 | Morgan | C | Rodgers | 3/26/2006 |
| 24 | Amanda | N | Anderson | 11/20/2006 |
| 25 | Derek | T | Smit | 1/11/2007 |
| 26 | Joseph | A | Messineo | 1/30/2007 |
| 27 | Eric | | Moore | 2/14/2006 |
| 28 | Christopher | J | Sherburne | 11/3/2006 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 29 | Wayne | F | Harsh | 6/7/2007 |
| 30 | Michael | E | Dulitz | 3/14/2007 |
| 31 | Nancy | L | Gill | 3/9/2007 |
| 32 | Zachary | C | Abrams | 12/22/2007 |
| 33 | Arthur | | Cano | 5/20/2007 |
| 34 | Barry | L | Haueter | 5/16/2007 |
| 35 | Jason | A | Torres | 4/23/2006 |
| 36 | Tyler | S | Vizard | 3/12/2006 |
| 37 | Kenneth | A | Smith | 3/14/2007 |
| 38 | Beau | L | McGill | 9/29/2006 |
| 39 | Gilbert | J | Dowd | 6/14/2007 |
| 40 | Michael | I | Schultz | 4/4/2006 |
| 41 | Brandon | T | Rivers | 3/18/2006 |
| 42 | Jeffrey | D | Weber | 8/12/2007 |
| 43 | Scott | A | Lutz | 3/3/2007 |
| 44 | Jensen | R | Wrona | 4/9/2006 |
| 45 | Ian | C | Johnson | 11/20/2006 |
| 46 | Brett | A | Rash II | 5/12/2007 |
| 47 | Christopher | J | Fergon | 1/17/2006 |
| 48 | David | P | Anderson | 9/23/2007 |
| 49 | Wesley | R | Anderson, Jr | 1/26/2008 |
| 50 | Roy | W | McCarter | 11/8/2006 |
| 51 | Emily | E | Worrell | 5/11/2006 |
| 52 | Martin | A | Garciduenas | 5/17/2006 |
| 53 | Susan | G | Barajas | 10/13/2007 |
| 54 | Barbara | A | Spallina | 4/19/2006 |
| 55 | Jeffery | M | Armstrong | 6/20/2007 |
| 56 | Joshua | W | Weber | 3/23/2007 |
| 57 | Ernest | B | Wood | 6/25/2007 |
| 58 | Max | M | Johnston | 5/24/2006 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 59 | Ulysses | J | McKeown | 3/3/2006 |
| 60 | Ricky | D | Supiran | 3/21/2007 |
| 61 | Grant | J | Jardine | 1/13/2006 |
| 62 | Darren | T | Wilson | 1/13/2006 |
| 63 | Jesse | J | McCauley | 10/1/2006 |
| 64 | Kevin | T | Clarno | 4/20/2007 |
| 65 | Russel | D | Bearce, III | 9/20/2007 |
| 66 | Robert | K | Welshons | 1/8/2008 |
| 67 | Christopher | R | Clarke | 4/9/2006 |
| 68 | Michael | A | Barba | 9/20/2007 |
| 69 | Richard | R | Swiney | 4/19/2006 |
| 70 | James | L | McLarty | 9/22/2006 |
| 71 | Rowly | J | Bettencourt | 3/31/2007 |
| 72 | Derrick | L | Elswick | 1/9/2007 |
| 73 | Rosaline | J | Rancour | 1/11/2007 |
| 74 | John | R | Odom, Jr | 2/3/2007 |
| 75 | Willie | R | Martin | 6/29/2007 |
| 76 | Andrew | H | Sensibaugh | 1/23/2008 |
| 77 | Anthony | M | Tiglio | 7/8/2007 |
| 78 | Joshua | G | Ritchie | 2/11/2006 |
| 79 | Dylan | K | Eicher | 4/12/2006 |
| 80 | Justin | M | Dees | 8/12/2006 |
| 81 | Kenneth | W | Kowalski, ll | 1/17/2007 |
| 82 | Lonnie | D | Ratliff, Jr | 12/28/2007 |
| 83 | Claude | M | Desimone | 1/20/2007 |
| 84 | Elbert | P | Shoemate | 9/20/2007 |
| 85 | Sean | C | McArthur | 10/7/2007 |
| 86 | Jason | C | Sparks | 3/2/2007 |
| 87 | Thomas | R | Negrete | 5/17/2006 |
| 88 | Daniel | J | Harrington | 6/24/2006 |

| Id_Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 89 | Ignacio | F | Palomar, III | 11/26/2006 |
| 90 | Daniel | C | Mussey | 9/24/2006 |
| 91 | Erica | A | Mussey | 9/24/2006 |
| 92 | Ann | M | Alpago | 9/6/2006 |
| 93 | Lena | J | Callery | 12/10/2006 |
| 94 | Karen | A | Caesar | 7/12/2006 |
| 95 | David | L | Ferguson | 1/9/2007 |
| 96 | Darren | A | Bryant | 10/13/2007 |
| 97 | Justin | J | Brush | 2/23/2008 |
| 98 | Ronald | A | Schmiedeberg | 4/26/2006 |
| 99 | Lynn | E | Smith | 5/11/2006 |
| 100 | Chandra | D | Langille | 10/22/2006 |
| 101 | Jonathan | C | Lohayza | 9/10/2006 |
| 102 | Christopher | G | Schneider | 1/18/2007 |
| 103 | Stephen | W | Claypool | 8/18/2006 |
| 104 | Anne | M | Adams | 1/4/2007 |
| 105 | Grant | W | Chase | 2/19/2006 |
| 106 | Joseph | S | Bramon | 11/11/2006 |
| 107 | Benjamin | | Breschini | 12/28/2006 |
| 108 | Jason | J | Ramirez | 5/31/2006 |
| 109 | Brandon | J | Macdonnell | 9/21/2006 |
| 110 | Lynn | D | Warnock | 3/18/2007 |
| 111 | Craig | S | Donville | 11/2/2007 |
| 112 | Jonetta | G | Tatman | 8/1/2007 |
| 113 | Christina | | Robertson | 3/8/2007 |
| 114 | Michelle | R | Marlow | 4/18/2006 |
| 115 | Mario | S | Cassara | 7/9/2006 |
| 116 | Michella | M | Mahaffey | 10/13/2007 |
| 117 | Kelli | J | Carroll | 4/20/2007 |
| 118 | Gregory | D | Carroll | 4/25/2006 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 119 | Michael | P | Orth | 8/11/2006 |
| 120 | Spencer | J | Mazone | 10/24/2007 |
| 121 | Daniel | A | Shinn | 9/18/2007 |
| 122 | Hannah | R | Slobodnik | 5/24/2007 |
| 123 | Joshua | T | Lemieux | 4/13/2006 |
| 124 | Adam | M | Darbee | 5/14/2006 |
| 125 | Arthur | T | Appleby | 2/20/2007 |
| 126 | Mark | R | Lechuga | 9/10/2006 |
| 127 | Jose | M | Vazquez | 2/22/2006 |
| 128 | Carla | M | Valline | 12/7/2006 |
| 129 | Brenda | K | Cowan | 5/24/2006 |
| 130 | Paul | K | Singh | 4/25/2007 |
| 131 | Michael | J | Reynolds | 3/12/2007 |
| 132 | Edward | P | Lunde | 4/7/2006 |
| 133 | Tommy | A | Welch | 11/10/2007 |
| 134 | Christy | L | Lutz | 3/11/2007 |
| 135 | Isaiah | J | Streamland | 12/18/2006 |
| 136 | Jeffrey | E | Claywell | 3/5/2007 |
| 137 | Ryan | L | Vinn | 4/15/2007 |
| 138 | Kenneth | | McFarland | 7/26/2006 |
| 139 | Robert | K | Woodham | 10/8/2006 |
| 140 | John | V | Candelaria, II | 9/27/2007 |
| 141 | Daniel | J | McNamara | 3/29/2007 |
| 142 | Ruth | A | Spencer | 5/26/2006 |
| 143 | Gina | M | Armstrong | 12/28/2007 |
| 144 | Jonathan | A | Smith | 7/14/2006 |
| 145 | Dennis | J | McCauley | 1/11/2004 |
| 146 | Keith | T | Gomez | 2/14/2006 |
| 147 | Byron | D | Keathley | 7/28/2007 |
| 148 | Justin | C | Smith | 3/17/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 149 | Frank | E | Ring, Jr | 3/17/2006 |
| 150 | Rachel | J | Welch | 12/21/2006 |
| 151 | Jeffrey | G | Golden | 10/19/2007 |
| 152 | Ronald | F | McIntosh, II | 9/21/2006 |
| 153 | Sean | M | Mitchell | 1/17/2007 |
| 154 | Robin | A | Edwards | 3/5/2007 |
| 155 | John | B | Martin | 12/9/2006 |
| 156 | Steven | R | Harvey | 9/12/2007 |
| 157 | David | M | Ponemon | 7/13/2007 |
| 158 | Robert | G | Hunt, Jr | 8/2/2006 |
| 159 | Todd | L | Hicks | 1/26/2007 |
| 160 | D Craig | | Steffens | 11/17/2007 |
| 161 | Daniel | J | McCraw | 9/7/2007 |
| 162 | Susan | L | Skelton | 11/1/2007 |
| 163 | Kathryn | A | Kornoff | 11/18/2007 |
| 164 | Salinda | | Alexander | 6/19/2007 |
| 165 | Curtis | B | Greeves | 11/1/2006 |
| 166 | Scott | E | Crutcher | 10/21/2007 |
| 167 | Ramon | | Miranda | 10/12/2007 |
| 168 | Chris | M | Costa | 6/14/2007 |
| 169 | Francisco | | Sanchez | 8/31/2007 |
| 170 | Armond | E | Benson | 3/23/2006 |
| 171 | John | H | Robinson | 5/20/2006 |
| 172 | Martin | A | Paulsen | 11/30/2007 |
| 173 | Nick | E | Lakey | 3/4/2007 |
| 174 | Edgar | A | Vasquez | 12/29/2007 |
| 175 | Frank | T | Sanchez | 8/23/2007 |
| 176 | Nichol | R | Green | 2/22/2006 |
| 177 | Philip | R | Woodworth | 5/13/2007 |
| 178 | Kimberly | | Wachel | 9/17/2006 |

| Id_Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 179 | Carol | J | Dehart | 10/28/2007 |
| 180 | Angel | J | Sosa | 11/5/2006 |
| 181 | Bryan | S | Kraft | 4/8/2006 |
| 182 | Anthony | | Charnley | 3/11/2007 |
| 183 | Scott | D | Gillson | 6/26/2007 |
| 184 | Joseph | E | Lucero | 12/21/2006 |
| 185 | Leah | R | Haislip | 7/16/2006 |
| 186 | Christopher | L | Circosta | 7/16/2006 |
| 187 | Marcos | W | Trejo | 11/22/2006 |
| 188 | Mark | D | Housley | 5/26/2007 |
| 189 | Russell | F | Peterson | 11/22/2006 |
| 190 | Vince | | Nix | 2/7/2007 |
| 191 | Neil | M | Dinsfriend | 7/27/2006 |
| 192 | Mark | R | Lechuga | 9/22/2007 |
| 193 | Ulisses | | Avina | 11/12/2006 |
| 194 | Nicholas | A | Chronis | 7/30/2006 |
| 195 | Sandra | J | Chronis | 7/30/2006 |
| 196 | Destry | D | Bettis | 5/18/2007 |
| 197 | Marcus | L | Stephens | 8/2/2007 |
| 198 | John | G | Pina | 4/21/2007 |
| 199 | Brett | B | White | 7/18/2007 |
| 200 | Vernon | E | Hathaway | 4/27/2007 |
| 201 | Larry | J | Sanders | 11/22/2007 |
| 202 | Daniel | L | Prestera | 9/11/2007 |
| 203 | Jose | L | Hernandez | 12/10/2006 |
| 204 | Alice | F | Manzer | 3/9/2006 |
| 205 | Laura | R | Blanchard | 3/7/2007 |
| 206 | Leslie | A | Stout | 9/28/2007 |
| 207 | Rudy | A | Bernal | 9/29/2007 |
| 208 | Suzan | K | Shipman | 8/23/2006 |

| Id_Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 209 | Danny | E | Angello | 8/23/2006 |
| 210 | Henry | | Lopez, Jr | 8/14/2006 |
| 211 | Nancy | G | Carter | 3/5/2007 |
| 212 | Elizabeth | L | Barraza | 5/4/2006 |
| 213 | Eric | J | Aguilar | 5/10/2006 |
| 214 | Adam | A | Barraza | 5/4/2006 |
| 215 | Laura | L | Sanders | 7/17/2007 |
| 216 | Bradley | D | Foster | 2/19/2007 |
| 217 | Gregory | R | Martin | 1/8/2008 |
| 218 | Andrew | D | Simmons | 5/1/2007 |
| 219 | Shane | C | Gray | 11/12/2006 |
| 220 | Elaine | C | McKellips | 6/28/2007 |
| 221 | Jason | S | Sanderson | 1/6/2007 |
| 222 | Matthew | C | Hideo Austin | 1/13/2007 |
| 223 | Todd | K | Schafer | 1/30/2007 |
| 224 | Keith | B | Cox | 10/17/2006 |
| 225 | Cary | F | Legare | 6/12/2007 |
| 226 | Michael | R | Cesmat | 11/7/2006 |
| 227 | David | V | Linn | 11/29/2006 |
| 228 | Willie | A | Beavers II | 9/27/2007 |
| 229 | Jerod | J | Banegas | 4/7/2006 |
| 230 | Mark | A | Andrews | 3/1/2006 |
| 231 | Diane | M | Leedham | 5/4/2007 |
| 232 | Nedra | J | Stephens | 1/20/2007 |
| 233 | Donald | L | Ramos | 2/6/2006 |
| 234 | Victor | N | Streamland | 12/16/2006 |
| 235 | Corinna | E | Cantacessi | 2/10/2008 |
| 236 | George | R | McKinney | 2/4/2007 |
| 237 | Barbara | L | Morris | 1/18/2007 |
| 238 | Caitlin | B | Fitzgerald | 1/9/2007 |

| Id_Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 239 | Jessica | C | Ybarra | 4/2/2006 |
| 240 | Benjamin | E | Shapiro | 12/30/2006 |
| 241 | Jenee | M | Robertson | 11/19/2006 |
| 242 | Stewart | C | Houghland | 6/27/2006 |
| 243 | Shirley | J | Grijalva | 1/18/2007 |
| 244 | Christopher | J | Myrick | 2/13/2008 |
| 245 | Bret | A | Erickson | 6/1/2007 |
| 246 | Patrick | J | Quinn | 6/18/2006 |
| 247 | Michael | A | Ferraro | 12/29/2006 |
| 248 | William | T | Moreland, Jr | 10/22/2006 |
| 249 | David | A | Tripp | 3/6/2006 |
| 250 | Terri | L | Wilson | 3/19/2007 |
| 251 | Teddy | L | Shaffer | 7/26/2007 |
| 252 | Marshal | A | Badgett | 2/21/2006 |
| 253 | Meagan | M | Flora | 12/14/2007 |
| 254 | Gary | S | Fuchsberger | 12/19/2006 |
| 255 | Robert | A | Burpee III. | 9/25/2007 |
| 256 | Randal | S | Griner | 9/28/2007 |
| 257 | Scott | | Barton | 5/11/2007 |
| 258 | Karen | L | McCraw | 6/24/2006 |
| 259 | Christina | P | Buelna | 6/6/2007 |
| 260 | Randy | K | Wafford, Jr | 8/23/2006 |
| 261 | Courtney | A | Crandall | 7/25/2006 |
| 262 | Robert | B | Librizzi | 6/17/2007 |
| 263 | Carla | S | Bennett | 2/8/2006 |
| 264 | Susan | C | Tarpley | 6/9/2006 |
| 265 | Dean | M | Criscitiello | 11/1/2007 |
| 266 | Eric | J | Beresford | 1/28/2007 |
| 267 | James | E | Young | 4/13/2007 |
| 268 | Stephen | M | Chatlovsky | 2/9/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 269 | Ray | S | Baker | 10/6/2006 |
| 270 | Albert | T | Seaman | 2/8/2007 |
| 271 | Judith | L | Cheuvront | 3/9/2007 |
| 272 | Rhoni | A | Yeager | 3/9/2007 |
| 273 | James | T | Lynch | 8/15/2006 |
| 274 | Corey | A | Brewster | 2/9/2006 |
| 275 | Jerome | M | Hunt | 1/11/2008 |
| 276 | Robert | V | Parlet | 11/22/2006 |
| 277 | Sandra | A | Parlet | 11/22/2006 |
| 278 | Jeshua | | Richard | 12/28/2006 |
| 279 | Andrea | J | Euphrat | 1/30/2008 |
| 280 | Sina | | Mirzad | 7/30/2006 |
| 281 | Derek | P | Wengeler | 1/6/2007 |
| 282 | Bruce | R | Bilton | 5/4/2007 |
| 283 | Clayton | G | Glore | 12/21/2007 |
| 284 | Jeanette | M | Haupt | 8/10/2006 |
| 285 | Raymond | C | Hanson | 2/9/2007 |
| 286 | Francisco | J | Hin, JR | 2/2/2008 |
| 287 | Kendra | L | Ferguson | 1/25/2007 |
| 288 | Kristina | M | Sloan | 9/7/2007 |
| 289 | Deborah | L | Marchiano | 9/13/2007 |
| 290 | Aaron | T | Yarborough | 1/14/2007 |
| 291 | Rayna | R | Davison | 2/3/2007 |
| 292 | Steven | C | Montgomery | 2/16/2008 |
| 293 | Dane | A | Woodruff-Stark | 1/20/2007 |
| 294 | Korey | S | Kolb | 3/4/2007 |
| 295 | Erik | J | Granstrom | 4/13/2007 |
| 296 | Lonnie | R | Cunningham | 9/9/2007 |
| 297 | Brenton | B | Smith | 12/29/2006 |
| 298 | Curtis | J | Coleman | 9/18/2006 |

| Id_Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 299 | Patrick | G | Najjar | 11/10/2007 |
| 300 | Sadie | L | Mueller | 2/5/2007 |
| 301 | Rick | C | Banegas | 5/31/2006 |
| 302 | Alexander | J | Gross | 3/17/2007 |
| 303 | Skye | S | Jenkins | 1/22/2007 |
| 304 | Peter | B | Boreham | 1/31/2008 |
| 305 | Daniel | R | Jones | 1/24/2007 |
| 306 | Pierre | R | Madrid | 8/18/2006 |
| 307 | Terise | A | Bockerich | 10/5/2006 |
| 308 | Kevin | A | Campbell | 1/29/2008 |
| 309 | Joel | P | Shaffer | 11/28/2007 |
| 310 | Kevin | M | Rice | 4/10/2006 |
| 311 | Millard | L | Stephens, Jr. | 3/27/2006 |
| 312 | Brian | L | DelKener | 6/1/2007 |
| 313 | Terry | J | Ponds | 8/29/2007 |
| 314 | Carlo | A | Niboli | 5/26/2006 |
| 315 | Corey | A | Patton | 1/22/2008 |
| 316 | Michael | A | Gilliam | 12/11/2006 |
| 317 | Randy | D | Crabtree | 2/5/2008 |
| 318 | Christopher | J | Freitas | 11/24/2006 |
| 319 | Nicola | | DeGradi | 5/6/2007 |
| 320 | Rebecca | A | Brown | 1/6/2007 |
| 321 | Sheila | | Tranquilli | 12/18/2007 |
| 322 | Cynthia | L | Nunes | 5/17/2006 |
| 323 | John | S | Veres | 8/10/2006 |
| 324 | Karen | M | Teplinski | 3/8/2007 |
| 325 | Larry | A | Brown | 6/22/2006 |
| 326 | Mary | A | Phillips | 2/8/2008 |
| 327 | Colin | G | Van Noy | 7/17/2007 |
| 328 | Timothy | E | Ferguson | 11/19/2006 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 329 | Douglas | G | Sergent | 8/10/2006 |
| 330 | Wesley | E | Megill, Jr | 7/22/2007 |
| 331 | Donald | S | Birchell | 8/23/2006 |
| 332 | Sarah | A | Bradley | 3/7/2006 |
| 333 | Joseph | H | Lassiter | 10/27/2006 |
| 334 | Troy | | Hoogenbosch | 2/17/2007 |
| 335 | Victor | | Ramirez | 5/17/2006 |
| 336 | Kurt | J | Gervasio | 4/12/2006 |
| 337 | Michael | J | Sanders | 2/19/2008 |
| 338 | Ryan | M | Pease | 3/5/2007 |
| 339 | Frank | L | Vaca | 2/23/2007 |
| 340 | Shane | K | Sharp | 8/11/2006 |
| 342 | Dylan | E | Redman | 11/2/2006 |
| 343 | Jonathan | M | Coburn | 3/4/2007 |
| 344 | Moses | I | Guerrero | 6/16/2006 |
| 345 | Linda | J | Hill | 5/19/2007 |
| 346 | Johnathon | E | Carroll | 1/5/2008 |
| 347 | Kenneth | L | Pratte | 1/24/2007 |
| 348 | Grace | E | Brown | 1/24/2008 |
| 349 | Christopher | A | Quaglino | 1/11/2008 |
| 350 | Wade | D | Richardson | 3/7/2007 |
| 351 | Roger | B | Weinert | 3/30/2007 |
| 352 | Shirley | M | Rhynes | 10/24/2007 |
| 353 | James | A | Cutler | 11/4/2006 |
| 354 | Lindsay | B | Dominguez | 10/30/2007 |
| 355 | Derek | A | Kenney | 9/21/2006 |
| 356 | David | C | Harris | 3/4/2007 |
| 357 | Debbie | P | Garcia | 7/11/2007 |
| 358 | Richard | L | Ibison | 3/18/2007 |
| 359 | Nelson | O | Walker | 2/17/2008 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 360 | Johnny | R | Dominguez | 8/12/2006 |
| 361 | Eric | | Lamerd | 2/11/2007 |
| 362 | Joel | A | Frick | 2/6/2007 |
| 363 | Zackery | J | Morse | 1/28/2007 |
| 364 | Ryan | D | Torres | 2/6/2007 |
| 365 | Cesar | O | Mendoza | 1/28/2007 |
| 366 | Jordan | R | Gaffney | 11/4/2007 |
| 367 | Cindy | J | Winter | 4/15/2006 |
| 368 | Fernando | M | Miranda | 4/3/2007 |
| 369 | Nathan | D | Richardson | 1/21/2007 |
| 370 | Cameron | P | Sharp | 12/13/2006 |
| 371 | Kenneth | R | Parson | 6/2/2006 |
| 372 | Mitchell | E | Hathaway | 2/16/2007 |
| 373 | Liora | R | Levenson | 9/20/2007 |
| 374 | Robert | S | Marshall | 9/30/2007 |
| 375 | Roy | | Soutee | 3/31/2007 |
| 376 | Scott | A | Blanchard | 3/7/2007 |
| 377 | Marcus | J | Smith | 9/11/2007 |
| 378 | Krystal | O | Ramirez | 11/19/2006 |
| 379 | Chuck | J | Zamora | 5/3/2006 |
| 380 | Jonathan | A | Clark | 2/13/2008 |
| 381 | Van | F | Rupp | 3/31/2007 |
| 382 | Nicholas | P | Ettl | 3/20/2007 |
| 383 | Matthew | R | Martinez | 8/30/2006 |
| 384 | Lauryn | C | Foltz | 10/20/2006 |
| 385 | Robert | J | McFain | 10/24/2006 |
| 386 | Brandon | T | Copsy | 3/23/2007 |
| 387 | Matt | J | Carton | 10/20/2006 |
| 388 | Craig | T | McGurrin | 10/11/2006 |
| 389 | Arthuro | T | Olivo | 3/17/2007 |

| Id_Number | First Name | Middle Initial | Last Name | ID_Expires |
|---|---|---|---|---|
| 390 | Stephen | W | Crabtree | 5/18/2006 |
| 391 | Joseph | R | Cupit | 11/5/2006 |
| 392 | Eric | N | Donnelly | 2/16/2007 |
| 393 | Edward | L | Siler | 5/24/2006 |
| 394 | Timothy | P | Sullivan | 3/23/2007 |
| 395 | Robert | H | Sack | 3/8/2007 |
| 396 | Andrew | M | Salter | 11/23/2006 |
| 397 | Crystal | D | Macut | 2/22/2007 |
| 398 | Natalie | M | Pinedo | 3/7/2007 |
| 399 | Timothy | | VanBlarigan | 3/6/2007 |
| 400 | Ramona | I | Riosbielski | 5/26/2007 |
| 401 | Marc | A | Barellano | 6/12/2007 |
| 402 | David | E | Hosking | 6/8/2007 |
| 403 | Shawna | M | Dallaire | 3/6/2007 |
| 404 | Jesstin | B | Bernard | 2/27/2007 |
| 405 | Fredricker | | McCrady | 1/24/2007 |
| 406 | Jolynn | Y | Reasons | 5/3/2007 |
| 407 | Jayme | K | Millis | 4/8/2007 |
| 408 | Raymond | L | Barrett | 3/3/2007 |
| 409 | Arthur | S | Learnard | 3/22/2007 |
| 410 | Tomas | C | Laugen | 3/6/2007 |
| 411 | Greg | R | McDowell | 3/7/2007 |
| 412 | Trinidad | | Maduena | 3/4/2007 |
| 413 | Philip | B | Wallensack | 3/23/2007 |
| 414 | Jonathan | L | Stauf | 3/25/2007 |
| 415 | Gary | A | Rhodes | 12/22/2007 |
| 416 | John | P | Theodosis | 4/4/2007 |
| 417 | Dustin | C | Solu | 3/11/2007 |
| 418 | Crystal | N | Jones | 3/5/2007 |
| 419 | Nicholas | R | Machado | 10/14/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 420 | Caleb | N | Crosby | 1/20/2007 |
| 421 | Shane | D | Cowhig | 3/4/2007 |
| 422 | Clayton | J | Kearney | 1/7/2008 |
| 423 | Kody | L | Deitrich | 2/4/2007 |
| 424 | Edward | W | Rice | 2/4/2007 |
| 425 | Abraham | R | Finnhowell | 8/31/2006 |
| 426 | Daniel | L | Richlin | 7/8/2007 |
| 427 | Mark | D | Bishop | 3/6/2007 |
| 428 | Jason | A | Thompson | 5/18/2006 |
| 429 | Joseph | | Benyo | 3/14/2007 |
| 430 | Bryant | | Garcia | 9/17/2006 |
| 431 | Greg | M | Collins | 3/2/2007 |
| 432 | Gary | M | Ash | 4/27/2007 |
| 433 | Judah | R | Sanders | 2/20/2007 |
| 434 | Christi | J | Yribarren | 8/11/2007 |
| 435 | Wayne | J | Lillund | 3/1/2007 |
| 436 | Aram | V | Deirmenjian | 8/18/2007 |
| 437 | Jason | M | Barba | 10/28/2006 |
| 438 | Rion | M | Nichols | 2/23/2007 |
| 439 | Kristin | B | Charf | 3/3/2007 |
| 440 | Lasca | A | Gaylord | 10/9/2007 |
| 441 | Luis | E | Olivares | 5/14/2006 |
| 442 | Martin | A | Mimmack | 8/29/2007 |
| 443 | Robert | A | Salicido | 5/24/2006 |
| 444 | Joseph | R | Howland | 11/22/2006 |
| 445 | Karen | L | Ferraro | 6/9/2007 |
| 446 | Kevin | E | Ochniak | 1/28/2007 |
| 447 | Mark | H | Szymborski | 1/10/2007 |
| 448 | Richard | J | Vargas | 3/22/2007 |
| 449 | Rolf | | Poprowski | 3/8/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 450 | Marcella | A | Poprowski | 5/21/2006 |
| 451 | Joseph | | Ricci | 1/26/2007 |
| 452 | Edward | B | Quesnoy | 1/9/2008 |
| 453 | Angelo | F | Cattaneo | 10/7/2006 |
| 454 | Jaqueline | M | Moreno | 9/13/2006 |
| 455 | Jonathan | D | Lee | 3/14/2007 |
| 456 | William | C | Okerblom | 7/12/2007 |
| 457 | Sam | | Craft | 3/24/2007 |
| 458 | Robert | E | Davis | 3/3/2007 |
| 459 | Ryan | E | Hyfield | 4/18/2007 |
| 460 | David | A | Kincheloe | 9/26/2006 |
| 461 | Peter | D | Gomez | 3/31/2007 |
| 462 | Ryan | A | Manning | 5/20/2006 |
| 463 | Justin | T | Emery | 9/1/2006 |
| 464 | Lynn | R | Morphew | 11/17/2007 |
| 465 | Robert | L | Holmgren | 1/31/2008 |
| 466 | John | C | Lowry | 4/10/2007 |
| 467 | Shane | R | Graham | 4/7/2007 |
| 468 | Eric | J | Lorigo | 5/23/2006 |
| 469 | Monty | J | McKinzie | 8/24/2006 |
| 470 | Christopher | D | Gerkins | 3/23/2007 |
| 471 | Lizanne | M | Aanerud | 10/26/2007 |
| 472 | Francis | M | Hamilton | 2/17/2007 |
| 473 | Corey | R | Hetzner | 9/28/2006 |
| 474 | Christopher | M | Stebel | 9/15/2007 |
| 475 | Ethan | | Rivera | 3/3/2007 |
| 476 | Karin | S | VanHoy | 3/3/2007 |
| 477 | Harold | W | Hern | 7/2/2006 |
| 478 | Marianne | | Olguin | 4/20/2006 |
| 479 | Danielle | R | Sallia | 4/6/2007 |

| Id_Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 480 | Lucas | K | Hayes | 9/28/2006 |
| 481 | Marshall | B | Roberts | 7/22/2006 |
| 482 | Lawrence | J | Bader | 6/1/2006 |
| 483 | Raymond | W | David | 8/28/2007 |
| 484 | Helena | M | Patague | 2/2/2007 |
| 485 | Seth | D | Mohling | 3/1/2008 |
| 486 | Cathy | L | Rice | 2/25/2007 |
| 487 | John | S | Bryan | 5/26/2006 |
| 488 | Garry | R | Hixon | 4/13/2007 |
| 489 | William | D | Holladay | 8/23/2006 |
| 490 | Robert | B | Garcia | 5/20/2007 |
| 491 | Danielle | M | Acebo | 4/7/2007 |
| 492 | Ron | J | Cowan | 4/11/2007 |
| 493 | Kathleen | M | Heck | 4/13/2007 |
| 494 | Oscar | | Corona | 4/13/2007 |
| 495 | Gay | M | Sullivan | 3/16/2007 |
| 496 | Chad | T | Murray | 9/27/2007 |
| 497 | Larry | A | Shears | 9/1/2007 |
| 498 | Robert | S | Bronte | 1/6/2007 |
| 499 | Jeanie | | Janinski | 5/18/2006 |
| 500 | Reed | A | Gordon | 12/23/2007 |
| 501 | Temar | M | Carter | 3/17/2007 |
| 502 | Aaron | T | Wright | 10/26/2007 |
| 503 | Stephen | A | Ruffino | 6/13/2007 |
| 504 | Richard | G | Morton | 4/9/2007 |
| 505 | Elizabeth | J | Wilson | 4/12/2007 |
| 506 | Catherine | M | Malcolm | 3/5/2007 |
| 507 | Nicole | K | Missamore | 4/28/2006 |
| 508 | Gordon | M | Clark | 5/21/2007 |
| 509 | Carl | C | Merritt | 4/7/2007 |

| Id_Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 510 | George | R | Molina | 9/8/2007 |
| 511 | Jodi | M | Wood | 9/16/2006 |
| 512 | Amy | M | Yamauchi | 6/11/2006 |
| 513 | Andrew | A | Edmonds | 12/21/2007 |
| 514 | Norman | J | Arnold | 1/10/2007 |
| 515 | Kenneth | W | Clark | 6/4/2007 |
| 516 | Tilhinha | | Cowan | 4/12/2007 |
| 517 | Chandler | R | Bridges | 3/22/2007 |
| 518 | Nicholas | J | Brannen | 4/7/2007 |
| 519 | Charles | J | Phillips | 4/7/2007 |
| 520 | Shane | D | Arnold | 4/5/2007 |
| 521 | Shyam | | Ananda | 4/1/2007 |
| 522 | Bryan | E | Phelps | 8/7/2006 |
| 523 | Rick | | Fernandez | 4/18/2007 |
| 524 | Ryan | C | Evans | 3/21/2007 |
| 525 | Marcia | L | Auch | 7/29/2007 |
| 526 | Everett | G | Banks | 4/19/2007 |
| 527 | Gilbert | R | Montoya | 11/18/2006 |
| 528 | Mondrick | | Thompson | 10/19/2007 |
| 529 | Danielle | R | Ploutz | 10/1/2006 |
| 530 | Nicholas | M | Anderson | 3/22/2007 |
| 531 | Madeline | R | Casey | 6/22/2006 |
| 532 | Paul | E | McKenzie | 10/5/2006 |
| 533 | Francisco | J | Rodriguez | 6/1/2006 |
| 534 | Alex | N | Macksoud | 8/19/2006 |
| 535 | Eduardo | H | Rendon | 3/15/2007 |
| 536 | Brinna | A | Wilson | 3/11/2007 |
| 537 | Nick | C | Dahlquist | 10/29/2006 |
| 538 | Michael | | Walendzuk | 6/1/2007 |
| 539 | Michael | | Guadado | 7/13/2006 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 540 | Jack | M | Kromberg | 4/18/2007 |
| 541 | Cody | B | Moore | 3/14/2007 |
| 542 | Lisa | A | Franco | 4/1/2007 |
| 543 | Daniel | C | Holtzman | 4/19/2007 |
| 544 | Vanessa | R | Gilliam | 3/25/2007 |
| 545 | Dustin | J | Vargas | 3/18/2007 |
| 546 | Lisa | A | VanHeuver | 4/12/2007 |
| 547 | Rocky | L | Guerra | 7/12/2007 |
| 548 | Timothy | L | Liebel | 2/18/2007 |
| 549 | Ronald | F | Kelly | 9/21/2007 |
| 550 | Larry | M | Mitchell | 10/23/2007 |
| 551 | Trinity | A | Buie | 9/17/2006 |
| 552 | Heath | J | Buie | 1/17/2007 |
| 553 | Mark | D | Anderson | 4/19/2007 |
| 554 | Juan | H | Valencia | 3/11/2007 |
| 555 | Ronald | | Dutson | 3/1/2007 |
| 556 | Marc | A | Potter | 1/25/2008 |
| 557 | Adam | E | Meinke | 4/10/2007 |
| 558 | Evan | A | Sparer | 1/9/2007 |
| 559 | Michael | D | Aroner | 5/24/2006 |
| 560 | Keri | L | Ganon | 4/3/2007 |
| 561 | Jerry | A | Bool | 10/18/2007 |
| 562 | Carmen | | Guitierrez | 10/5/2006 |
| 563 | Rafal | K | Preis | 11/27/2007 |
| 564 | Coby | E | Osborne | 5/7/2007 |
| 565 | Si | T | Tun | 9/9/2006 |
| 566 | Clabron | S | Marshall | 8/31/2006 |
| 567 | Denise | | Brush | 2/25/2007 |
| 568 | Joseph | P | Edone | 4/9/2007 |
| 569 | Brad | K | Ananian | 1/6/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 570 | Ricardo | | Berumen | 4/11/2007 |
| 571 | Aaron | T | Cervantes | 1/20/2007 |
| 572 | John | A | Ibarra, Jr | 5/4/2007 |
| 573 | Patricia | E | Murley | 11/20/2007 |
| 574 | Tod | T | Cornwall | 7/10/2007 |
| 575 | Charles | F | Grenier, III | 10/4/2007 |
| 576 | Andrew | | Wilkening | 10/4/2007 |
| 577 | Roni | P | Sparrey | 5/8/2006 |
| 578 | Gary | M | Noakes | 5/8/2007 |
| 579 | Joseph | W | Tyra, II | 12/12/2007 |
| 580 | Justin | B | Jensen | 4/10/2007 |
| 581 | Anthony | L | Terraboa | 4/10/2007 |
| 582 | Michael | T | Rice | 7/17/2007 |
| 583 | Mark | A | Phillips | 12/26/2007 |
| 584 | Jose | M | Arroyo, III | 4/26/2007 |
| 585 | Zelbert | D | Armer | 3/4/2007 |
| 586 | Gaetano | R | Zorzi | 8/3/2006 |
| 587 | Britt | A | Marzocchi | 5/26/2006 |
| 588 | Brandon | J | Sam | 3/23/2007 |
| 589 | Stuart | R | Biven | 4/20/2007 |
| 590 | Nicholas | A | Thorpe | 9/7/2007 |
| 591 | Willie | | Robertson | 4/27/2007 |
| 592 | Glynn | A | Trolz | 5/24/2006 |
| 593 | Richard | E | Grantham | 4/4/2007 |
| 594 | Deirdre | N | Fitzgerald | 4/21/2007 |
| 595 | Jeremy | M | Birchfield | 4/21/2007 |
| 596 | Bruno | P | Lometti | 5/7/2007 |
| 597 | Jesse | M | Baker-Riley | 11/9/2007 |
| 598 | Zackary | B | Morgan | 5/14/2006 |
| 599 | Dana | | McCaw | 8/8/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 600 | Christopher | J | Freitas | 10/24/2006 |
| 601 | Jefferson | | Burbank | 4/19/2007 |
| 602 | Sharon | L | Strange-Fishback | 8/2/2007 |
| 603 | Charlotte | A | Parker | 4/7/2007 |
| 604 | Thomas | R | Bright | 4/27/2007 |
| 605 | Brett | | Hamilton | 12/9/2006 |
| 606 | Jeffery | S | Chase | 1/17/2008 |
| 607 | Daniel | J | Shaffer | 4/5/2007 |
| 608 | Charles | K | Baxter, IV | 4/9/2007 |
| 609 | John | D | Ross | 4/27/2007 |
| 610 | Emerson | M | Philpot | 6/13/2006 |
| 611 | Thomas | E | Clendenin | 4/19/2007 |
| 612 | William | A | McLachlan, III | 1/28/2007 |
| 613 | Vera | L | Gilpin | 7/27/2007 |
| 614 | Jessica | M | Griffith | 9/12/2007 |
| 615 | Karen | S | Vail | 8/12/2007 |
| 616 | Jesse | J | Hemphill | 1/26/2008 |
| 617 | Fred | A | Kapp | 10/4/2006 |
| 618 | Kyle | S | Greenhaw | 4/28/2007 |
| 619 | Fred | | Kowal | 4/21/2007 |
| 620 | Amanda | G | Ayres | 4/23/2007 |
| 621 | Richard | L | Walsh | 8/18/2006 |
| 622 | Michael | J | Ihli | 4/25/2007 |
| 623 | Christopher | B | Kandarian | 10/19/2006 |
| 624 | James | M | Pinney | 5/22/2006 |
| 625 | Michael | C | Manganaro | 12/14/2007 |
| 626 | Ronald | L | Tindall | 4/25/2007 |
| 627 | Margaret | A | Cundiff | 11/1/2006 |
| 628 | Scott | M | McKey | 4/22/2007 |
| 629 | Scott | A | Lieberman | 1/15/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 630 | Ashley | M | VanDuzer | 5/1/2007 |
| 631 | Robert | Z | Kimmell | 5/2/2007 |
| 632 | Kelly | C | Christensen | 1/11/2007 |
| 633 | Jeremy | A | Calvin | 4/29/2007 |
| 634 | Brian | D | Kelly | 10/8/2006 |
| 635 | Brian | M | Schehr | 4/18/2007 |
| 636 | Rebecca | J | Honeycutt | 4/16/2007 |
| 637 | Catherine | A | Davis | 11/3/2006 |
| 638 | Kevin | S | Bryant | 4/20/2007 |
| 639 | Robert | A | Kaye | 7/23/2007 |
| 640 | Colleen | D | Robertson | 11/3/2006 |
| 641 | Perry | G | Juarez | 4/14/2007 |
| 642 | Eddie | J | Vlassis | 2/16/2007 |
| 643 | John | B | Gullick | 9/7/2006 |
| 644 | Irfan | H | Ainuddin | 5/2/2007 |
| 645 | Nicholas | G | Peterson | 10/27/2007 |
| 646 | Steven | D | Sortino | 5/31/2007 |
| 647 | Jay | M | Salamon | 5/2/2007 |
| 648 | Nicholas | R | Downs | 4/27/2007 |
| 649 | Cynthia | A | Anderson | 12/3/2006 |
| 650 | Elizabeth | B | Garnica | 5/4/2007 |
| 651 | Victor | S | Gonzales | 4/11/2007 |
| 652 | Sheldon | W | Rowley | 3/25/2007 |
| 653 | Maria | A | Mynatt | 5/12/2007 |
| 654 | Gregory | A | Hall | 6/14/2006 |
| 655 | Aaron | C | Eckman | 4/14/2007 |
| 656 | Patricia | L | McKenrick | 2/22/2007 |
| 657 | Maria | L | Hathaway | 4/27/2007 |
| 658 | Michael | | Lopez | 2/17/2007 |
| 659 | Kelly | L | Block | 4/26/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 660 | Kevin | J | Campbell | 11/29/2006 |
| 661 | Jeff | G | Callahan | 5/4/2007 |
| 662 | Steven | A | Hildebran | 5/17/2006 |
| 663 | Patricia | R | Ortiz | 5/5/2007 |
| 664 | Christopher | J | Mote | 5/2/2007 |
| 665 | David | A | Sylvester | 11/5/2006 |
| 666 | Scott | R | Dushane | 8/19/2006 |
| 667 | Ronald | W | Stewart | 3/11/2007 |
| 668 | Robert | R | Simmons | 5/1/2007 |
| 669 | Ken | H | Southwood | 10/18/2006 |
| 670 | Jesus | S | Barrientos | 7/11/2006 |
| 671 | Doreen | L | Clements | 5/7/2007 |
| 672 | Gordon | A | Boyce | 2/23/2007 |
| 673 | Carsun | | Lopez | 4/2/2007 |
| 674 | Lyndon | W | Glanzer | 5/2/2007 |
| 675 | Samantha | F | MacDonald | 7/8/2006 |
| 676 | Robert | D | Stout | 5/11/2007 |
| 677 | Richard | A | Cruzen | 5/6/2007 |
| 678 | Sandra | L | Mangini | 3/16/2007 |
| 679 | Elizabeth | A | Odom | 10/5/2006 |
| 680 | Bruce | W | Wright | 4/2/2007 |
| 681 | Janele | S | Robison | 8/17/2006 |
| 682 | Sharron | L | Williamson | 5/28/2006 |
| 683 | Don | L | Young | 5/11/2007 |
| 684 | Michael | P | Rummel | 4/12/2007 |
| 685 | Lisa | A | Tanzman | 8/26/2006 |
| 686 | C | B | Launch | 11/11/2006 |
| 687 | Edgar | L | Hollon | 3/18/2007 |
| 688 | Brian | D | Wick | 4/25/2007 |
| 689 | Edward | D | Arnold | 5/11/2007 |

| Id_Number | First Name | Middle Initial | Last Name | ID_Expires |
|---|---|---|---|---|
| 690 | Chad | E | Byers | 11/19/2006 |
| 691 | Samuel | A | Curtis | 11/26/2006 |
| 692 | Nick | J | Mersinas | 10/11/2006 |
| 693 | Kristopher | P | Carroll | 10/6/2007 |
| 694 | Travis | C | Lone | 2/16/2008 |
| 695 | William | T | Hosey | 2/9/2007 |
| 696 | Branden | E | Beamon | 2/20/2007 |
| 697 | Darla | L | Beamon | 2/3/2007 |
| 698 | Stoyan | P | Dudich | 11/20/2007 |
| 699 | Angie | M | McNeal | 5/6/2007 |
| 700 | Lucille | B | Seaman | 2/8/2006 |
| 701 | Justin | R | St. John | 5/13/2007 |
| 702 | Pamela | N | Nesin | 3/15/2007 |
| 703 | Patrick | R | Rowland | 5/2/2007 |
| 704 | Vincent | E | Pasquini | 4/18/2007 |
| 705 | Chad | R | Harris | 5/13/2007 |
| 706 | Robert | A | Little | 5/11/2007 |
| 707 | Priscilla | N | Collins | 4/20/2007 |
| 708 | Isaac | J | Forsman | 2/16/2008 |
| 709 | Michael | B | Walsh | 10/19/2006 |
| 710 | Robin | M | Dealmeida | 4/25/2007 |
| 711 | Dustin | W | Herget | 5/13/2007 |
| 712 | Aaron | D | Mylan | 5/13/2007 |
| 713 | John | R | Walker | 5/17/2007 |
| 714 | Daniel | E | Eister | 4/7/2007 |
| 715 | Edward | F | Morales | 4/18/2007 |
| 716 | Joshua | | VanLeeuwen | 1/16/2007 |
| 717 | Brett | A | Stevenson | 10/2/2006 |
| 718 | James | R | Graton | 9/28/2006 |
| 719 | John | P | Hearst | 12/15/2006 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 720 | Wanda | J | Robertson | 5/18/2007 |
| 721 | Steven | H | Isun | 5/10/2007 |
| 722 | Thomas | P | Drahos | 4/3/2007 |
| 723 | Linda | H | Drahos | 4/3/2007 |
| 724 | Robert | C | Rahe | 8/24/2006 |
| 725 | Brian | K | Toberman | 8/3/2006 |
| 726 | Russell | A | Ramos | 5/16/2007 |
| 727 | Teresa | A | Thomas | 8/18/2006 |
| 728 | Jennifer | L | Hale | 5/16/2007 |
| 729 | Robert | A | Lujan | 9/8/2007 |
| 730 | Roger | D | Lawrence | 9/7/2006 |
| 731 | Holli | M | Lawrence | 8/30/2006 |
| 732 | Natalie | D | Gilliam | 3/25/2007 |
| 733 | Denise | | Hibberd | 4/20/2007 |
| 734 | Benjamin | R | Waddell | 5/20/2007 |
| 735 | Rachel | K | Waddell | 5/20/2007 |
| 736 | Debroah | S | Arnoldi | 8/6/2006 |
| 737 | Orion | W | Stang | 3/16/2007 |
| 738 | Teal | M | Taylor | 5/23/2007 |
| 739 | David | K | Truong | 10/27/2006 |
| 740 | Nicholas | C | Strunk | 5/20/2007 |
| 741 | Ryan | K | Beech | 2/9/2007 |
| 742 | Randy | L | Hawke | 8/8/2007 |
| 743 | Terrill | M | Christian | 5/17/2007 |
| 744 | William | L | Barnette | 5/17/2007 |
| 745 | Vincent | J | Orefice | 5/24/2007 |
| 746 | Eric | A | Cox | 5/8/2007 |
| 747 | Todd | | Gilbert | 9/22/2006 |
| 748 | Travis | A | Reed | 4/29/2007 |
| 749 | Richard | E | Claassen | 5/25/2007 |

| Id_Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 750 | Michael | F | Chapman | 11/1/2006 |
| 751 | Steven | | Clinkenbeard | 5/24/2007 |
| 752 | James | V | Rivers | 9/18/2006 |
| 753 | Alan | | Weissman | 5/13/2007 |
| 754 | Mark | T | Hepper | 5/25/2007 |
| 755 | Jason | P | Clark | 5/25/2007 |
| 756 | Malia | M | Mattox | 9/17/2006 |
| 757 | Mathew | A | Knight | 4/18/2007 |
| 758 | Michael | D | Gallagher | 9/26/2007 |
| 759 | Gregg | M | Baker | 6/19/2006 |
| 760 | Bart | A | Bottrell | 6/7/2006 |
| 761 | Nick | P | Grijalva | 10/17/2007 |
| 762 | Jack | F | Doan | 5/4/2007 |
| 763 | James | C | Daniels | 12/22/2006 |
| 764 | Sarah | C | Littlejohn | 5/25/2007 |
| 765 | Fernando | R | Rosales | 5/25/2007 |
| 766 | Richard | A | Jacobsen | 4/29/2007 |
| 767 | Justin | J | Bonfield | 4/10/2007 |
| 768 | Ricky | S | Anderson | 3/30/2007 |
| 769 | Sean | C | Charnley | 5/19/2007 |
| 770 | Dana | R | Fabing, Jr. | 4/1/2007 |
| 771 | Dustin | K | Payne | 4/22/2007 |
| 772 | Robert | N | Sheakalee | 2/11/2007 |
| 773 | Carol | B | Kruger | 9/7/2006 |
| 774 | Gregory | W | Johnson | 3/2/2007 |
| 775 | Brian | A | Folmar | 6/15/2006 |
| 776 | John | R | Williams | 12/7/2006 |
| 777 | Shannon | D | Scott | 5/17/2007 |
| 778 | Alexander | J | Martin | 5/22/2007 |
| 779 | Benjamin | P | Balderaz | 4/14/2007 |

| Id_Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 780 | Timothy | S | Pope | 5/17/2007 |
| 781 | Jacob | M | Horn | 10/12/2006 |
| 782 | James | D | Leonard | 11/30/2006 |
| 783 | Charles | J | Rowles | 5/18/2007 |
| 784 | Juan | M | Garcia | 9/7/2006 |
| 785 | James | T | Warner | 6/30/2007 |
| 786 | Barbara | E | Cherback | 5/22/2007 |
| 787 | Christopher | | Candiliere | 5/22/2007 |
| 788 | Richard | M | Birney | 3/27/2007 |
| 789 | Olivia | D | Martinez | 2/22/2007 |
| 790 | Eric | L | Dandurand | 5/6/2007 |
| 791 | Robert | G | Starnes | 5/19/2007 |
| 792 | Tracy | L | Davis | 1/20/2007 |
| 793 | Geneva | A | Calaway | 8/5/2006 |
| 794 | Stephen | C | Mann | 9/27/2006 |
| 795 | Chris | D | Brigham | 5/31/2007 |
| 796 | David | E | Fowler | 5/19/2007 |
| 797 | Stephen | J | Smith | 3/28/2007 |
| 798 | Colin | M | Kennedy | 5/10/2007 |
| 799 | Christopher | J | Pari | 3/1/2007 |
| 800 | Timothy | A | Oster | 6/1/2007 |
| 801 | Dawnita | M | Fields | 5/31/2007 |
| 802 | Michael | L | Fields | 5/31/2007 |
| 803 | Pamela | A | Fagan | 3/30/2007 |
| 804 | Barbara | B | Wallberg | 3/8/2007 |
| 805 | Tyler | L | Hamilton | 6/2/2007 |
| 806 | Danny | K | Allen, Jr | 3/14/2007 |
| 807 | Ralph | B | Wood | 6/1/2007 |
| 808 | Randall | J | Goodell | 8/5/2006 |
| 809 | Daniel | V | Lee | 11/1/2006 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|-----------|-----------|----------------|-----------|------------|
| 810 | Charles | H | Nurss, III | 5/26/2007 |
| 811 | David | V | Anderson Jr | 12/30/2006 |
| 812 | Heidi | S | Mattison | 10/14/2006 |
| 813 | Joel | P | Jones-Marino | 4/26/2007 |
| 814 | Giancarlo | D | Fede | 5/29/2007 |
| 815 | Randall | W | Linhares | 5/24/2007 |
| 816 | Denis | B | Robinson | 5/25/2007 |
| 817 | Ralph | W | Dobson | 6/1/2007 |
| 818 | Gary | R | Brown | 5/31/2007 |
| 819 | William | R | Shehan | 5/4/2007 |
| 820 | Robert | D | Luke | 3/12/2007 |
| 821 | Russell | E | Wilson | 6/5/2007 |
| 822 | James | P | Carter | 6/1/2007 |
| 823 | Matthew | S | Novak | 6/4/2007 |
| 824 | Chase | M | Elwell | 6/3/2007 |
| 825 | Michael | D | Gray | 6/7/2007 |
| 826 | Valerie | B | Garcia | 3/25/2007 |
| 827 | Steven | S | Simpier | 9/8/2006 |
| 828 | Adam | J | Pollard | 1/16/2008 |
| 829 | Joseph | E | Dearinger | 6/7/2007 |
| 830 | William | D | Chesley, Jr | 12/8/2006 |
| 831 | Patrick | W | Goodwin | 1/11/2007 |
| 832 | Marianne | | Schuyler | 3/9/2007 |
| 833 | Iqubal Mike | | Purewal | 5/9/2007 |
| 834 | Gary | P | Bleam | 6/3/2007 |
| 835 | Timothy | J | Diehl | 5/9/2007 |
| 836 | John | M | Choboian | 9/22/2007 |
| 837 | Matthew | W | Hardy Ribakow | 6/14/2006 |
| 838 | Stacey | M | Palomar | 11/26/2006 |
| 839 | Kristal | L | Schweitzer | 5/22/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 840 | Joseph | P | Valencia | 4/11/2007 |
| 841 | Leland | S | Simpson, IV | 5/30/2007 |
| 842 | Jonathan | | Schauerman | 5/24/2007 |
| 843 | Riun | L | VanDriessche | 11/14/2007 |
| 844 | Samuel | J | Moreno | 6/8/2007 |
| 845 | Jon | T | Martin | 6/7/2007 |
| 846 | Julio | C | Moreno, Jr. | 5/10/2007 |
| 847 | Austin | D | Christensen | 1/20/2008 |
| 848 | Ronald | D | Smith | 6/14/2007 |
| 849 | Robert | R | Weinert, Jr | 5/5/2007 |
| 850 | Leslie | M | Talbert | 5/15/2007 |
| 851 | Paula | A | Harris | 3/28/2007 |
| 852 | Hildy | E | Gal | 8/19/2007 |
| 853 | Geoffery | T | Beech | 11/20/2006 |
| 854 | Juan | A | Sifuentes, Jr | 11/11/2006 |
| 855 | Kimberly | I | Swingle | 3/1/2007 |
| 856 | Schuyler | P | Lawrence. | 6/10/2007 |
| 857 | Craig | C | White | 5/9/2007 |
| 858 | Frederick | D | Rust | 5/9/2007 |
| 859 | Barry | S | Dorfman | 6/15/2007 |
| 860 | Sandra | A | Sweetin | 11/26/2006 |
| 861 | Patricia | A | Riley | 4/29/2007 |
| 862 | Patrick | D | French | 6/16/2007 |
| 863 | Edward | W | Walsh | 5/24/2007 |
| 864 | Zack | D | Lichti | 3/22/2007 |
| 865 | Frank | S | McCulley | 12/12/2006 |
| 866 | Veronica | J | Castilleja | 5/15/2007 |
| 867 | Juan | M | Anguiano | 5/15/2007 |
| 868 | Thomas | J | Magee, II | 5/23/2007 |
| 869 | Jenna | M | Johnson | 4/15/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 870 | Jensen | R | Wrona | 10/15/2006 |
| 871 | Alfred | E | Perez | 5/29/2007 |
| 872 | Lois | L | Rathgaber | 10/26/2007 |
| 873 | Justin | J | Bedel | 6/12/2007 |
| 874 | Jorge | A | Hernandez | 3/3/2007 |
| 875 | Keith | A | Peranick | 3/25/2007 |
| 876 | | | | 1/31/2007 |
| 877 | Brian | J | Parker | 3/19/2007 |
| 878 | Christopher | C | Lord | 9/10/2006 |
| 879 | Denise | A | Jacobson | 6/15/2007 |
| 880 | Zachary | D | Bishop | 6/11/2007 |
| 881 | Brandon | T | Walters | 6/14/2007 |
| 882 | Keith | D | Leslie | 3/25/2007 |
| 883 | Von | | Odermatt | 6/18/2007 |
| 884 | Trent | E | Atwood | 8/31/2006 |
| 885 | Kyle | | Cohen | 12/9/2007 |
| 886 | Barry | G | Foster | 6/10/2007 |
| 887 | Timothy | R | Hill | 5/27/2007 |
| 888 | Daniel | C | Tripp | 6/3/2007 |
| 889 | Jack | S | Rancour | 5/11/2007 |
| 890 | Mike | P | Agalos | 6/16/2007 |
| 891 | Jason | S | Ryczek | 11/8/2006 |
| 892 | Eugenio | | Ortiz | 3/23/2007 |
| 893 | Travis | W | Keegan | 9/21/2006 |
| 894 | Daniel | T | Steil | 3/4/2007 |
| 895 | Betty | A | Orman | 6/15/2007 |
| 896 | Shea | E | Uva | 9/1/2006 |
| 897 | Gregory | H | Flaming | 6/7/2007 |
| 898 | Brad | T | Nowak | 6/22/2007 |
| 899 | David | T | Campbell | 6/1/2007 |

| Id_Number | First Name | Middle Initial | Last Name | ID_Expires |
|---|---|---|---|---|
| 900 | Damon | P | Bell | 12/18/2007 |
| 901 | Kathleen | J | Trout | 1/31/2008 |
| 902 | Ron | C | Roe | 7/1/2006 |
| 903 | Shonn | A | Sitton | 1/17/2007 |
| 904 | John | C | Roskell | 11/16/2006 |
| 905 | Connie | L | Martell | 2/14/2007 |
| 906 | Jonathan | A | Halas | 6/20/2007 |
| 907 | Carmen | | Alicea | 5/23/2007 |
| 908 | David | A | Young | 6/23/2007 |
| 909 | Steven | | Nieto | 11/28/2006 |
| 910 | Keith | | Livermore | 3/3/2007 |
| 911 | Robert | L | Williams, Jr. | 12/5/2006 |
| 912 | Stuart | W | Halverson | 1/31/2007 |
| 913 | Raul | | Zamora | 6/19/2007 |
| 914 | Brennan | J | Carrol | 12/14/2007 |
| 915 | Cynthia | | Lorenzi | 6/15/2007 |
| 916 | Pablo | S | Garcia | 7/1/2007 |
| 917 | Kevin | R | Wiley | 6/20/2007 |
| 918 | James | N | Baker | 4/24/2007 |
| 919 | Aaron | B | Zidenberg | 5/3/2007 |
| 920 | Travis | H | Jecker | 6/26/2007 |
| 921 | Ryan | K | Castellanos | 6/21/2007 |
| 922 | David | E | Stambal | 6/13/2007 |
| 923 | Robert | L | Peak, Jr | 5/23/2007 |
| 924 | Bryan | S | Kraft | 12/16/2006 |
| 925 | Laura | R | Zeller | 8/23/2006 |
| 926 | Pamela | E | Westphal | 11/20/2006 |
| 927 | Nicholas | L | Chacon | 6/28/2007 |
| 928 | Jessica | L | Lewis | 6/15/2007 |
| 929 | William | E | Bristow | 9/10/2006 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 930 | Joshua | P | Yorba | 11/10/2006 |
| 931 | Rodolfo | G | Dominguez | 12/16/2006 |
| 932 | Caleb | R | Mendoza | 6/29/2007 |
| 933 | Phillip | E | Bell | 12/23/2006 |
| 934 | Anthony | | Iffert | 5/30/2007 |
| 935 | Keenan | R | Sittinger | 6/27/2007 |
| 936 | John | G | Russell | 6/17/2007 |
| 937 | Edward | H | Toal | 6/12/2007 |
| 938 | Orlando | M | Hinojosa | 7/4/2007 |
| 939 | Edward | A | Williams | 6/14/2007 |
| 940 | Guadalupe | | Falcon | 6/28/2007 |
| 941 | Tim | D | Eames | 7/12/2006 |
| 942 | Nicholas | P | Fee | 3/3/2007 |
| 943 | Laszlo | B | Papp, Jr | 3/3/2007 |
| 944 | Alejandro | | Herrera | 3/14/2007 |
| 945 | Devan | C | Boudakian | 6/21/2007 |
| 946 | Jeannie | Y | Converse | 1/11/2007 |
| 947 | Stephen | W | Smith | 1/23/2007 |
| 948 | Michael | A | Gil | 6/25/2007 |
| 949 | Michael | M | Vazquez | 6/25/2007 |
| 950 | Daniel | K | Krammer | 7/1/2007 |
| 951 | Michael | M | Hanash | 3/8/2007 |
| 952 | Michael | J | Kirby | 12/28/2006 |
| 953 | Collin | M | Brashears | 12/5/2006 |
| 954 | Roni | P | Sparrey | 5/8/2007 |
| 955 | Gary | M | Noakes | 5/8/2007 |
| 956 | Kenneth | G | Skinner | 6/29/2007 |
| 957 | Tomothy | G | Doolittle | 7/19/2006 |
| 958 | Lois | P | Scriven | 6/27/2007 |
| 959 | Bianca | A | Goodnight | 7/5/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 960 | Ronald | E | Johnson | 4/13/2007 |
| 961 | Richard | L | Cohan | 6/12/2007 |
| 962 | Sasan | | Hariri-Moghadam | 6/30/2007 |
| 963 | Kyle | D | Moon | 4/26/2007 |
| 964 | Sean | M | Cullen | 10/15/2006 |
| 965 | Daniel | A | Abeytia, Jr | 7/5/2007 |
| 966 | Jerry | L | Withrow | 6/28/2007 |
| 967 | Juan | C | Guereca | 9/13/2006 |
| 968 | Anthony | W | Auzenne | 5/28/2007 |
| 969 | Jesse | K | Bash | 6/1/2007 |
| 970 | Elvin | A | Valenzuela | 7/7/2007 |
| 971 | Sean | M | Forrest | 6/20/2007 |
| 972 | Travis | J | Russell | 7/30/2007 |
| 973 | Mark | W | Stewart | 6/26/2007 |
| 974 | Edward | M | Dyer | 7/8/2007 |
| 975 | Walter | H | Buehler | 5/18/2007 |
| 976 | Sylvia | M | Lasos | 10/8/2006 |
| 977 | Gabriel | J | Alarcon | 6/28/2007 |
| 978 | Trevor | G | Alvarez | 6/20/2007 |
| 979 | Nicolas | R | Elliott | 5/8/2007 |
| 980 | Marlon | P | Siegel | 6/15/2007 |
| 981 | Ryan | C | McVey | 7/10/2007 |
| 982 | Maria | L | Vallin | 6/15/2007 |
| 983 | Stefini | G | Vice | 3/21/2007 |
| 984 | Matthew | R | Hischier | 5/19/2007 |
| 985 | Jacob | A | Hischier | 5/19/2007 |
| 986 | Jeremy | L | Lewis | 7/9/2007 |
| 987 | Andrew | G | Boost | 6/26/2007 |
| 988 | Robert | R | Weinert | 5/5/2007 |
| 989 | Kristin | W | Johnston | 7/31/2007 |

| Id_Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 990 | Byron | L | Hampton | 6/26/2007 |
| 991 | Carol | A | Fitzgerald | 1/9/2007 |
| 992 | Kenneth | B | Gurr | 10/4/2006 |
| 993 | Brian | L | Macleod | 11/6/2007 |
| 994 | Bambi | L | Avila | 12/10/2006 |
| 995 | Brett | I | Yader | 6/24/2007 |
| 996 | Robert | | Bellinghausen | 7/8/2007 |
| 997 | Lauren | | Huston-Bell | 6/29/2007 |
| 998 | Cody | J | Slot | 7/9/2007 |
| 999 | James | J | Lewis | 12/8/2006 |
| 1000 | Steven | J | Ehens | 1/10/2007 |
| 1001 | Demetrius | C | Brunson | 3/27/2007 |
| 1002 | Andrea | K | Martin | 6/24/2007 |
| 1003 | George | E | Tyler, Jr | 6/19/2007 |
| 1004 | Suzanne | M | Delinger | 1/12/2007 |
| 1005 | Nathan | C | Bruns | 7/9/2007 |
| 1006 | Carol | J | Bynum | 11/5/2006 |
| 1007 | Jorge | | Bravo-Gonzalez | 7/6/2007 |
| 1008 | Nancy | L | Byrd | 9/7/2006 |
| 1009 | Zachary | W | Maples | 5/30/2007 |
| 1010 | Edwin | C | Gillespie | 2/27/2007 |
| 1011 | Karen | R | Conner | 4/6/2007 |
| 1012 | Trevor | V | Denney | 7/13/2007 |
| 1013 | Stephen | M | Scott | 2/16/2007 |
| 1014 | Gilbert | R | Montez | 6/26/2007 |
| 1015 | Jason | W | Goldie | 7/15/2007 |
| 1016 | Rodrigo | | Juarez | 1/26/2007 |
| 1017 | Steven | D | Hamilton | 6/22/2007 |
| 1018 | Nicholas | R | Smith | 3/3/2007 |
| 1019 | John | A | Deringer | 7/3/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 1020 | Leanna | M | Gainer | 7/5/2007 |
| 1021 | Berenice | C | Parsons | 3/16/2007 |
| 1022 | Frederick | P | Gutierrez | 9/28/2006 |
| 1023 | Luce | T | Gutierrez | 2/28/2007 |
| 1024 | Franchesca | | Casella | 7/7/2007 |
| 1025 | Corey | R | Nance | 7/17/2007 |
| 1026 | Christopher | | Alpaugh | 7/17/2007 |
| 1027 | Scott | J | Reuse | 2/27/2008 |
| 1028 | John | E | Shurke | 6/7/2007 |
| 1029 | Owen | E | Beck | 7/13/2007 |
| 1030 | David | L | Akelian | 8/2/2007 |
| 1031 | Craig | D | Williams | 7/19/2007 |
| 1032 | Rebecca | R | Rogers | 7/17/2007 |
| 1033 | Robert | D | Moreland | 7/15/2007 |
| 1034 | Zach | S | Long | 7/11/2007 |
| 1035 | Bethany | A | Miner | 6/19/2007 |
| 1036 | Jacob | N | Taus | 7/15/2007 |
| 1037 | Steven | M | Dunton | 7/20/2007 |
| 1038 | Patrick | B | Morris | 2/16/2008 |
| 1039 | Arthur | J | MCCormack | 1/13/2007 |
| 1040 | Mark | E | Kemp | 1/21/2007 |
| 1041 | Edward | L | Selden | 7/7/2007 |
| 1042 | Antonio | G | Neotti | 7/7/2007 |
| 1043 | Elizabeth | B | Wallace | 3/15/2007 |
| 1044 | Donald | G | Coles | 11/13/2007 |
| 1045 | Richard | D | Bastien | 4/26/2007 |
| 1046 | Theresa | A | Ross | 1/8/2008 |
| 1047 | Scott | D | Kennedy | 3/29/2007 |
| 1048 | Benjamin | T | Supertino | 4/19/2007 |
| 1049 | Donald | G | Halsell, Jr. | 7/21/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 1050 | Judy | A | Kuster | 12/7/2007 |
| 1051 | John | W | Cones, III | 5/22/2007 |
| 1052 | Aaron | T | Riggs | 4/1/2007 |
| 1053 | Shaun | D | Means | 6/14/2007 |
| 1054 | Michael | J | Pulido | 7/16/2007 |
| 1055 | Donald | W | Wells | 7/19/2007 |
| 1056 | Stephen | M | Hinds | 7/19/2007 |
| 1057 | Jamison | D | Lenthall-Johnson | 5/1/2007 |
| 1058 | Nicholas | P | Ferrari | 1/11/2007 |
| 1059 | Jacob | T | Cain | 7/14/2007 |
| 1060 | Andrew | W | Ivary | 6/20/2007 |
| 1061 | Rodney | J | Anderson, III | 7/19/2007 |
| 1062 | Deborah | L | Macdonald | 7/19/2007 |
| 1063 | Christopher | M | Culbreath | 7/24/2007 |
| 1064 | Steven | M | Vrionis | 3/3/2007 |
| 1065 | Robert | J | Spurgeon | 1/16/2008 |
| 1066 | Valerie | G | Johnson | 6/26/2007 |
| 1067 | Mark | E | Ratto | 5/6/2007 |
| 1068 | Mark | A | Harden | 7/11/2007 |
| 1069 | Jordan | A | Richlin | 9/22/2006 |
| 1070 | Evan | R | Ortiz | 1/18/2007 |
| 1071 | Danny | | Shu | 3/22/2007 |
| 1072 | Zachary | S | Browne | 1/18/2007 |
| 1073 | Santiago | M | Castellanos, Jr. | 11/23/2006 |
| 1074 | John | E | Wiggins | 3/16/2007 |
| 1075 | Thelma | R | Palma | 7/28/2007 |
| 1076 | Jerry | A | Kemp | 7/28/2007 |
| 1077 | Rashelle | L | Kemp | 7/28/2007 |
| 1078 | Ruben | | Guardado, Jr. | 7/22/2007 |
| 1079 | Sequoia | E | Clark | 5/22/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 1080 | Jill | A | Pentoney | 1/20/2007 |
| 1081 | Byron | D | Anderson | 6/28/2007 |
| 1082 | David | M | May | 7/18/2007 |
| 1083 | Andy | H | Whitlock | 7/10/2007 |
| 1084 | Cynthia | G | Green | 12/8/2006 |
| 1085 | Michael | J | Johnson | 7/6/2007 |
| 1086 | James | G | Evans | 5/24/2007 |
| 1087 | Jeffrey | A | Berkus | 11/1/2006 |
| 1088 | John | R | Meinke | 4/10/2007 |
| 1089 | Debbie | E | Beck | 7/18/2007 |
| 1090 | Jane | E | Wedel | 5/10/2007 |
| 1091 | Mark | W | Hollister | 7/28/2007 |
| 1092 | Holly | M | Steele | 7/24/2007 |
| 1093 | Joshua | M | Songer | 2/8/2007 |
| 1094 | William | J | Cullen | 6/7/2007 |
| 1095 | Jason | M | Graves | 7/10/2007 |
| 1096 | Nicholas | M | Jones | 7/29/2007 |
| 1097 | Larry | D | Whipkey | 4/3/2007 |
| 1098 | Brison | N | Tompkins | 4/13/2007 |
| 1099 | Luis | R | Castorena | 9/14/2006 |
| 1100 | Ricardo | A | Balderas | 7/27/2007 |
| 1101 | Anthony | J | Trujillo | 8/2/2007 |
| 1102 | Russell | C | Lowrie | 7/5/2007 |
| 1103 | Jason | A | Becker | 9/15/2007 |
| 1104 | Kristopher | J | Byrd | 9/1/2007 |
| 1105 | Albert | J | Whipkey | 8/31/2007 |
| 1106 | Joe | D | Cossey | 5/11/2007 |
| 1107 | Marcelina | | Becerra | 7/17/2007 |
| 1108 | Garrett | W | Caravantes | 6/9/2007 |
| 1109 | Mathew | A | Winer-Kirschner | 7/5/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 1110 | Nicholas | R | Bailey | 7/29/2007 |
| 1111 | Brent | C | Meadows | 3/18/2007 |
| 1112 | Rosemary | J | Guzman | 2/3/2007 |
| 1113 | Tobi | M | Mace | 3/24/2007 |
| 1114 | James | D | Davis | 7/29/2007 |
| 1115 | Jeffrey | A | Hempenius | 12/9/2006 |
| 1116 | Barbara | W | Smith | 7/24/2007 |
| 1117 | Edward | R | Oliveira | 7/10/2007 |
| 1118 | Andrew | J | Freeny | 1/26/2007 |
| 1119 | Aaron | D | Fackett | 9/7/2007 |
| 1120 | Charles | R | Bupp | 5/17/2007 |
| 1121 | Karen | M | Songer | 10/18/2006 |
| 1122 | Kevin | M | Anderson | 11/2/2007 |
| 1123 | Steven | | Andriese | 8/1/2007 |
| 1124 | Jennifer | L | Cassara | 7/24/2007 |
| 1125 | Ricardo | | Madrigal | 4/27/2007 |
| 1126 | Ralph | L | Johnson | 1/11/2007 |
| 1127 | Michael | B | Shepherd | 7/7/2007 |
| 1128 | Terry | L | Lettau | 8/7/2007 |
| 1129 | Shawn | P | Zdun | 1/30/2007 |
| 1130 | Stephen | C | Bishop, Jr | 10/24/2007 |
| 1131 | Antoine | W | Rodriguez | 7/9/2007 |
| 1132 | Gary | M | Oulrey | 11/5/2006 |
| 1133 | Michael | D | Brannum | 8/5/2007 |
| 1134 | Jackie | L | Laizure | 3/31/2007 |
| 1135 | Ken | R | Jordan | 7/18/2007 |
| 1136 | Patrick | R | Waco | 5/8/2007 |
| 1137 | Michael | B | Vanheuver | 7/11/2007 |
| 1138 | Ruel | J | Czach | 8/9/2007 |
| 1139 | Angela | K | Mapes | 8/7/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 1140 | Herman | A | Reyes | 9/19/2006 |
| 1141 | Marcus | | Rodrguez, III | 12/29/2006 |
| 1142 | Philip | M | Boone | 8/31/2006 |
| 1143 | John | J | Campise | 2/2/2007 |
| 1144 | Catherine | B | Bilton | 5/4/2007 |
| 1145 | James | W | Danenhauer | 5/12/2007 |
| 1146 | Larson | C | Otterson | 5/9/2007 |
| 1147 | Steven | A | Lambert | 5/9/2007 |
| 1148 | Bryan | C | Myrick | 7/1/2007 |
| 1149 | Ronald | E | Reitmeier | 7/29/2007 |
| 1150 | Jon | E | Bohn | 9/26/2006 |
| 1151 | Laurel | L | Renz | 8/7/2007 |
| 1152 | Steven | N | Beck | 7/18/2007 |
| 1153 | Darl | T | Skelton | 11/1/2007 |
| 1154 | Anthony | P | Montemayor | 11/2/2006 |
| 1155 | Jason | L | Allen | 8/12/2007 |
| 1156 | Gonzalo | | Chavez | 9/15/2006 |
| 1157 | Samuel | R | Torres | 10/30/2007 |
| 1158 | Thomas | J | Silva | 8/14/2007 |
| 1159 | Michael | A | Lipari | 7/31/2007 |
| 1160 | Bradley | W | Case | 5/5/2007 |
| 1161 | Kalvin | J | Packett | 5/30/2007 |
| 1162 | Rhonda | F | Monson | 2/22/2007 |
| 1163 | Charles | R | Goodman | 6/12/2007 |
| 1164 | Brian | L | Garzoli | 1/20/2007 |
| 1165 | Jesse | T | Han | 6/5/2007 |
| 1166 | Benjamin | | Leon | 8/7/2007 |
| 1167 | Michael | D | Mesker | 7/26/2007 |
| 1168 | Kevin | E | Casey | 8/16/2007 |
| 1169 | Brett | J | Estes | 1/3/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 1170 | Frances | L | Rush | 8/12/2007 |
| 1171 | Clark | R | Rutledge | 12/28/2006 |
| 1172 | Steven | A | Adrianse | 2/14/2007 |
| 1173 | Kelly | | Garcia | 8/23/2007 |
| 1174 | James | E | Clegg | 8/9/2007 |
| 1175 | Michael | | Crawford | 2/14/2007 |
| 1176 | David | M | Watts | 4/1/2007 |
| 1177 | Rachel | P | Arceo | 5/20/2007 |
| 1178 | Nathan | L | Holden | 5/20/2007 |
| 1179 | Matthew | A | Smith | 8/14/2007 |
| 1180 | Millard | L | Stephens | 6/21/2007 |
| 1181 | Jeffrey | A | Renzulli | 11/21/2007 |
| 1182 | James | S | Mitchell, Jr. | 3/9/2007 |
| 1183 | Gary | M | Collins | 9/28/2006 |
| 1184 | John | C | Silliman | 3/7/2007 |
| 1185 | Larry | L | Baker | 6/6/2007 |
| 1186 | Logan | P | Walker | 7/28/2007 |
| 1187 | David | M | Sanderson | 10/24/2007 |
| 1188 | Derek | N | Taylor | 5/31/2007 |
| 1189 | Mark | T | Jones, IV | 6/12/2007 |
| 1190 | Aaron | R | Bewley | 6/19/2007 |
| 1191 | Cory | B | Winborn | 7/17/2007 |
| 1192 | Chris | R | Klingenfuss-Stuart | 3/8/2007 |
| 1193 | Derek | E | Belmonte | 8/17/2007 |
| 1194 | Ronald | | Schatzberg | 8/21/2007 |
| 1195 | Jeffrey | T | Steele | 8/21/2007 |
| 1196 | Jonathan | B | Patterson | 8/19/2007 |
| 1197 | Braden | E | Barclay | 8/21/2007 |
| 1198 | Scott | W | McClain | 8/21/2007 |
| 1199 | James | D | Nestle | 8/21/2007 |

| Id_Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 1200 | Michael | S | Kelley | 8/21/2007 |
| 1201 | Malachi | | Pearson | 8/19/2007 |
| 1202 | Raymond | R | Alnas | 10/7/2006 |
| 1203 | Thomas | A | Sazani | 11/2/2007 |
| 1204 | Marco | A | Pacheco | 7/22/2007 |
| 1205 | Dylan | A | Conrad | 11/23/2006 |
| 1206 | Philip | K | Laster | 8/12/2007 |
| 1207 | Christopher | J | Reinacher | 8/7/2007 |
| 1208 | Gavin | R | Long | 6/19/2007 |
| 1209 | Rodil | M | Delos Reyes | 8/17/2007 |
| 1210 | Matthew | J | Korn | 8/19/2007 |
| 1211 | Ernest | B | Lee | 6/5/2007 |
| 1212 | Carol | J | Helvey | 6/28/2007 |
| 1213 | Christopher | R | Botsch | 5/17/2007 |
| 1214 | Christopher | E | Cox | 8/8/2007 |
| 1215 | Christopher | P | Dierks | 7/29/2007 |
| 1216 | Gilbert | | Wilkes | 8/17/2007 |
| 1217 | Linda | C | Wilkes | 8/17/2007 |
| 1218 | John | M | Murphy | 8/24/2007 |
| 1219 | Craig | L | Combs | 1/6/2008 |
| 1220 | Anthony | P | Wingate | 9/14/2006 |
| 1221 | Michael | W | Kurtz | 3/10/2007 |
| 1222 | Eleanore | T | Merriam | 11/13/2007 |
| 1223 | Cavell | W | Bergstresser | 8/12/2007 |
| 1224 | Barry | A | Wilson | 8/12/2007 |
| 1225 | Barney | | Smith | 6/19/2007 |
| 1226 | Sandra | J | Bright | 6/19/2007 |
| 1227 | Arthur | J | Bright Jr. | 5/13/2007 |
| 1228 | Daniel | E | Huxley | 8/8/2007 |
| 1229 | Jorge | L | Tijerina | 12/13/2006 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 1230 | Damon | V | Abraham | 7/6/2007 |
| 1231 | Allison | L | Kamiya | 8/20/2007 |
| 1232 | Kenny | | Valencia | 8/9/2007 |
| 1233 | Sharon | G | Duganne | 2/26/2008 |
| 1234 | Milton | D | Carver | 1/19/2007 |
| 1235 | Thomas | E | Schmidt, III | 8/16/2007 |
| 1236 | Judith | A | Doctor | 8/28/2007 |
| 1237 | Thomas | A | Lee | 6/3/2007 |
| 1238 | Nando | | Hirschfeld | 8/19/2007 |
| 1239 | Rick | R | Vagnini | 5/18/2007 |
| 1240 | Wayne | R | Stevens | 8/28/2007 |
| 1241 | Stacy | K | Irish | 7/28/2007 |
| 1242 | Keith | E | Stuart | 5/8/2007 |
| 1243 | Jeremy | L | Kirby | 1/12/2008 |
| 1244 | Jerad | L | Fox | 10/20/2007 |
| 1245 | Mark | S | Arcamonte | 3/15/2007 |
| 1246 | Ted | N | James, Jr. | 8/30/2007 |
| 1247 | Quincy | O | Albers | 7/24/2007 |
| 1248 | Charles | R | Nielsen | 12/1/2006 |
| 1249 | Victoria | C | Davis | 2/13/2007 |
| 1250 | Debra | E | Stephenson | 8/31/2007 |
| 1251 | Mitchell | D | MacLean | 6/22/2007 |
| 1252 | Knoll | | Funke-Bilu | 10/18/2006 |
| 1253 | Bradly | L | Willsey | 8/14/2007 |
| 1254 | Thomas | V | Lindquist | 8/17/2007 |
| 1255 | Scott | R | Tucker | 10/13/2006 |
| 1256 | Tyler | J | Seth | 7/22/2007 |
| 1257 | Bryan | R | Morales | 7/15/2007 |
| 1258 | Larry | R | Boyd | 10/26/2007 |
| 1259 | Justin | S | Gutierrez | 7/15/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 1260 | Michael | A | Vargas | 6/26/2007 |
| 1261 | Mario | A | Alonso | 4/2/2007 |
| 1262 | Brendan | H | Spiers | 11/11/2006 |
| 1263 | Todd | M | McKinley | 8/28/2007 |
| 1264 | David | M | Dein | 8/14/2007 |
| 1265 | Arthur | E | Salazar | 7/11/2007 |
| 1266 | Blake | A | Salitore | 3/1/2007 |
| 1267 | Mary | C | Rowe | 1/12/2007 |
| 1268 | Ralph | P | Stinson | 10/14/2006 |
| 1269 | Rudy | N | Davis | 9/5/2007 |
| 1270 | Ray | F | DeLaGarza | 12/29/2006 |
| 1271 | Connie | B | Haueter | 5/16/2007 |
| 1272 | Melanie | R | Earwood | 9/7/2007 |
| 1273 | Isaac | M | Tuuri | 12/1/2006 |
| 1274 | Joseph | R | Machado, IV | 4/17/2007 |
| 1275 | Robert | A | Myers | 6/21/2007 |
| 1276 | Jacob | D | Gagnon | 9/8/2007 |
| 1277 | Alicia | M | Erickson | 12/1/2007 |
| 1278 | Jonathan | H | Lynn, II | 8/16/2007 |
| 1279 | Jason | D | Sordelet | 9/8/2007 |
| 1280 | Paul | J | Benson | 11/30/2007 |
| 1281 | Linda | J | Anderson | 8/7/2007 |
| 1282 | LLoyd | H | Anderson | 8/7/2007 |
| 1283 | Marlena | M | Oswald | 9/2/2007 |
| 1284 | Michael | E | Kozlowski | 5/19/2007 |
| 1285 | Ross | E | Klivans | 1/18/2008 |
| 1286 | Christopher | J | Twaddle | 9/7/2007 |
| 1287 | Brenda | K | Bohannon | 8/14/2007 |
| 1288 | Brandom | S | Robey | 5/16/2007 |
| 1289 | Kelly | J | Flores | 8/14/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 1290 | Ernest | B | Flores | 8/14/2007 |
| 1291 | Wade | C | Brown | 1/30/2007 |
| 1292 | Ronnie | J | Mena | 3/18/2007 |
| 1293 | Ethan | S | Ray | 7/5/2007 |
| 1294 | Sandra | M | Srouji | 7/6/2007 |
| 1295 | Robert | L | Longobardi | 9/9/2007 |
| 1296 | James | C | Shull | 11/22/2006 |
| 1297 | Jesse | C | Cutburth | 9/7/2007 |
| 1298 | Elaura | M | Termeer-Giles | 11/6/2006 |
| 1299 | Arthur | S | Amoroso | 9/2/2007 |
| 1300 | Arianne | R | Best | 9/11/2007 |
| 1301 | Frank | N | Brinar | 9/12/2007 |
| 1302 | Sueanne | | Brinar | 9/12/2007 |
| 1303 | Nicholas | L | Snell | 7/8/2007 |
| 1304 | Guillermo | | Tamayo | 9/7/2007 |
| 1305 | Jonathan | L | Cremeans | 1/27/2007 |
| 1306 | James | T | Derryberry, II | 5/30/2007 |
| 1307 | Timothy | A | Guyette | 5/30/2007 |
| 1308 | George | E | Chanz | 9/1/2007 |
| 1309 | Shannon | M | Thomas | 9/7/2007 |
| 1310 | Micah | G | Garcia | 1/3/2007 |
| 1311 | Christopher | L | Chilton | 7/20/2007 |
| 1312 | Loren | J | Reeves | 3/4/2007 |
| 1313 | Kyle | C | Herrera | 3/4/2007 |
| 1314 | Chris | A | Maashoff | 1/31/2008 |
| 1315 | Phillip | G | Jones | 9/14/2007 |
| 1316 | Elijah | M | Butler | 3/30/2007 |
| 1317 | Blake | W | Thorshov | 9/11/2007 |
| 1318 | Andrew | A | Smith | 9/14/2007 |
| 1319 | Nina | L | Paulino | 9/14/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 1320 | Joseph | D | Snyder | 3/31/2007 |
| 1321 | Jonathan | S | Armstrong | 9/14/2007 |
| 1322 | Cynthia | A | Lazenby | 1/10/2007 |
| 1323 | William | R | Welles | 8/1/2007 |
| 1324 | Greg | J | Miller | 9/15/2007 |
| 1325 | David | D | Meyers | 9/6/2007 |
| 1326 | Hans | O | Thiel, III | 9/15/2007 |
| 1327 | David | | Ortega, Jr. | 9/15/2007 |
| 1328 | Thomas | D | Ortega | 9/15/2007 |
| 1329 | Rudolph | P | Rojas, Jr. | 9/15/2007 |
| 1330 | Thomas | D | Fulton | 9/15/2007 |
| 1331 | Andrea | M | Courier | 7/14/2007 |
| 1332 | Martin | J | Mongin | 9/15/2007 |
| 1333 | Barry | G | Tuchman | 1/9/2007 |
| 1334 | Patrick | N | Starr | 9/2/2007 |
| 1335 | Traci | M | Flores | 8/16/2007 |
| 1336 | Leo | A | Keeney | 2/5/2007 |
| 1337 | Gage | | Gill | 8/1/2007 |
| 1338 | Matthew | R | Estrada | 9/28/2006 |
| 1339 | Brady | N | Straubel | 12/14/2006 |
| 1340 | Severa | S | Contreras | 9/15/2007 |
| 1341 | Michael | J | Delacruz | 4/8/2007 |
| 1342 | William | T | Barnes | 12/20/2006 |
| 1343 | Greg | W | Curtzwiler | 7/13/2007 |
| 1344 | Joshua | E | Coleman | 3/11/2007 |
| 1345 | Pierre-Paul | M | Abraham | 7/13/2007 |
| 1346 | Dana | L | Miller | .9/19/2007 |
| 1347 | Christopher | P | Williams | 8/7/2007 |
| 1348 | William | J | Schaeffer | 9/11/2007 |
| 1349 | Jonathan | O | Davis | 3/9/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 1350 | Jeremy | R | Detz | 9/16/2007 |
| 1351 | Donna | J | Sharer | 7/10/2007 |
| 1352 | James | R | Shaffer | 9/15/2007 |
| 1353 | Rex | W | Crossen | 1/27/2007 |
| 1354 | Thomas | P | Garges | 9/19/2007 |
| 1355 | Sally |  | Derevan | 9/14/2007 |
| 1356 | Robert | H | Cardona | 2/13/2007 |
| 1357 | Deanna | F | Cardonna | 3/20/2007 |
| 1358 | Kimberly | A | Marshall-Messina | 5/10/2007 |
| 1359 | Christopher | R | Vanos | 8/22/2007 |
| 1360 | Selene | E | Kaeli | 5/12/2007 |
| 1361 | Matthew | E | Lynge | 5/12/2007 |
| 1362 | George | A | Price | 3/21/2007 |
| 1363 | Eric | A | Philippian | 9/2/2007 |
| 1364 | John | P | Guidotti | 9/2/2007 |
| 1365 | Andrea | A | Pavic | 5/8/2007 |
| 1366 | Clifford | H | Cross | 6/12/2007 |
| 1367 | Larry | D | Robinson | 3/19/2007 |
| 1368 | Christopher | R | Olsen | 11/2/2006 |
| 1369 | James | R | Stuart | 5/24/2007 |
| 1370 | Evan | C | Beauchamp | 11/2/2006 |
| 1371 | Steven | T | Schneider | 9/18/2007 |
| 1372 | Charles | R | Weir | 2/22/2007 |
| 1373 | Linda | L | Flaminio | 6/30/2007 |
| 1374 | Anthony | P | Colon | 8/28/2007 |
| 1375 | Christopher | D | Panetta | 9/22/2007 |
| 1376 | Stanley | E | Lewis | 9/22/2007 |
| 1377 | Jeremy | S | Long | 9/22/2007 |
| 1378 | Terra | J | Moore | 5/24/2007 |
| 1379 | Joseph | E | Brooks | 8/11/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 1380 | Shardel | | Kline | 9/22/2007 |
| 1381 | Mitchell | A | Springer | 7/18/2007 |
| 1382 | Stuart | G | Jackson | 9/22/2007 |
| 1383 | Michael | J | Ash | 9/15/2007 |
| 1384 | Jody | J | Hettler | 9/25/2007 |
| 1385 | James | A | Hettler | 9/25/2007 |
| 1386 | Scott | A | Cope | 3/11/2007 |
| 1387 | Cailin | M | Omeara | 8/30/2007 |
| 1388 | Gary | L | Schaper | 9/11/2007 |
| 1389 | Michael | M | Devan | 7/17/2007 |
| 1390 | Travis | D | Perkins | 9/19/2007 |
| 1391 | Pedro | | Castro, Jr. | 3/22/2007 |
| 1392 | Michael | D | Pugh | 9/19/2007 |
| 1393 | Nathan | D | Brewer | 9/29/2007 |
| 1394 | Erik | J | Balcom | 5/12/2007 |
| 1395 | Christopher | T | Arata | 3/11/2007 |
| 1396 | Tiffani | A | Morones | 9/25/2007 |
| 1397 | Dana | E | Claywell | 9/13/2007 |
| 1398 | David | C | Bedard | 9/28/2007 |
| 1399 | Jeffrey | M | Cuevas | 9/19/2007 |
| 1400 | Jose | V | Porraz | 9/25/2007 |
| 1401 | Alejandro | S | Campillo | 10/28/2006 |
| 1402 | Robin | F | Saulsbury | 11/23/2006 |
| 1403 | Vince | C | Trujillo | 9/28/2007 |
| 1404 | Julie | A | Russell | 7/8/2007 |
| 1405 | Bryan | R | Raives | 6/21/2007 |
| 1406 | Kelly | L | Johnson | 10/6/2006 |
| 1407 | Ricky | D | Landers | 3/6/2007 |
| 1408 | Johnathan | J | Morgan | 12/23/2006 |
| 1409 | Johnathan | R | Payne | 5/25/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 1410 | Monica | R | Craig | 1/31/2007 |
| 1411 | Christopher | J | Cox | 5/8/2007 |
| 1412 | Gregory | A | Bramson | 9/13/2007 |
| 1413 | Gregory | A | Hadley | 10/2/2007 |
| 1414 | Gregory | E | Tucker | 10/3/2007 |
| 1415 | Chelsea | C | Stears | 9/14/2007 |
| 1416 | Knut | N | Siegfried | 3/8/2007 |
| 1417 | Amber | M | York | 7/26/2007 |
| 1418 | Kevin | E | Wills | 8/23/2007 |
| 1419 | Brian | C | MCCaffrey | 9/30/2007 |
| 1420 | Lars | A | Schoultz | 7/17/2007 |
| 1421 | Micah | D | Smith | 10/2/2007 |
| 1422 | Shaun | M | Sweetin | 7/1/2007 |
| 1423 | Mike | C | Hernandez | 2/15/2007 |
| 1424 | Enrique | | Santos | 4/22/2007 |
| 1425 | Roger | E | Tompkins | 9/29/2007 |
| 1426 | Aaron | R | Ulm | 7/17/2007 |
| 1427 | Holly | M | Callow | 9/19/2007 |
| 1428 | Nami | | Shiozaki | 4/7/2007 |
| 1429 | Brandon | A | Conley | 12/10/2006 |
| 1430 | James | P | Leonard | 9/26/2007 |
| 1431 | David | C | Williams | 10/6/2007 |
| 1432 | John | C | Kemak | 10/6/2007 |
| 1433 | Donald | S | Gould | 10/6/2007 |
| 1434 | Debra | A | Gould | 10/6/2007 |
| 1435 | Steve | M | Navarette | 10/5/2007 |
| 1436 | Leeann | | Salazar | 9/25/2007 |
| 1437 | John | S | Salazar | 9/25/2007 |
| 1438 | Tyler | G | Shilstone | 4/19/2007 |
| 1439 | Justin | D | Abernethy | 9/25/2007 |

| Id_Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 1440 | Shawn | R | Orosco | 10/5/2007 |
| 1441 | Randy | R | Pippin | 3/15/2007 |
| 1442 | Arnold | H | Randrup | 1/21/2007 |
| 1443 | Chris | M | Netto | 4/6/2007 |
| 1444 | Joseph | G | Schultz, III | 7/5/2007 |
| 1445 | Matthew | W | Sherriffs | 10/7/2007 |
| 1446 | Tammy | A | White | 9/30/2007 |
| 1447 | Delores | A | Goodall | 9/26/2007 |
| 1448 | Janet | E | Krause | 9/30/2007 |
| 1449 | Derek | S | Shawn | 4/24/2007 |
| 1450 | Donald | M | Baxter | 3/12/2007 |
| 1451 | John | W | Stephens, III | 3/13/2007 |
| 1452 | Eric | W | Coughlin | 6/8/2007 |
| 1453 | Barbara | L | Poetker | 3/14/2007 |
| 1454 | Michael | A | Perez | 10/10/2007 |
| 1455 | Michael | A | Siegfried | 4/20/2007 |
| 1456 | Matthew | D | Bourne | 10/12/2007 |
| 1457 | Kelly | A | Shinn | 10/12/2007 |
| 1458 | Jonathan | D | Bancroft | 9/2/2007 |
| 1459 | Ruth | T | Kahl | 4/14/2007 |
| 1460 | Matthew | J | Espinoza | 1/30/2007 |
| 1461 | Michael | L | Kuster | 10/13/2007 |
| 1462 | Melanie | M | More | 8/30/2007 |
| 1463 | Douglas | E | Trout | 10/12/2007 |
| 1464 | Sherri | M | Castro | 10/12/2007 |
| 1465 | James | S | Cavender | 9/14/2007 |
| 1466 | Robert | R | Roe | 9/14/2007 |
| 1467 | Anthony | L | Angel, Jr. | 8/28/2007 |
| 1468 | Joshua | S | Dininger | 7/29/2007 |
| 1469 | Zachary | D | Bushnell | 9/14/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 1470 | Richard | S | Delgado, JR. | 9/11/2007 |
| 1471 | Jenny | M | Lewis | 10/10/2007 |
| 1472 | Cody | R | Carter | 6/20/2007 |
| 1473 | John | M | Carswell | 10/11/2007 |
| 1474 | Wesley | B | Mendoza | 10/13/2007 |
| 1475 | Rebecca | L | Bullard | 8/14/2007 |
| 1476 | Angela | | Marques | 10/5/2007 |
| 1477 | Christopher | S | Marlow | 10/14/2007 |
| 1478 | Daniel | C | Zapata | 9/29/2007 |
| 1479 | Justin | C | Bedolla | 4/27/2007 |
| 1480 | Stephen | C | Corydon | 8/27/2007 |
| 1481 | Misty | M | Lambert | 3/15/2007 |
| 1482 | Holly | C | Kelly | 5/9/2007 |
| 1483 | Karen | L | Smith | 8/8/2007 |
| 1484 | Tristan | M | Smith | 5/12/2007 |
| 1485 | David | V | Duque | 10/12/2007 |
| 1486 | Jennifer | R | Sanders | 10/12/2007 |
| 1487 | Robert | C | Cameron | 1/22/2007 |
| 1488 | Christian | C | Noterman | 9/12/2007 |
| 1489 | Tamara | A | Bradshaw | 4/16/2007 |
| 1490 | Kevin | H | Slade | 10/17/2007 |
| 1491 | John | A | Cresmer | 9/18/2007 |
| 1492 | Desert | L | Shores | 10/13/2007 |
| 1493 | Brandon | C | Minor | 9/7/2007 |
| 1494 | Brittany | K | Greco | 10/16/2007 |
| 1495 | Steven | A | Cancilla, Jr | 10/16/2007 |
| 1496 | Gary | | Florez | 9/7/2007 |
| 1497 | Steven | E | Williams | 10/6/2007 |
| 1498 | Lloyd | R | Mandansky | 8/31/2007 |
| 1499 | Nick | J | Piper | 7/29/2007 |

| Id_Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 1500 | Megan | L | Jewell | 10/11/2007 |
| 1501 | Jeremy | L | Hammack | 12/30/2006 |
| 1502 | Dale | D | Ball, III | 10/13/2007 |
| 1503 | Kyle | C | Bassi | 1/14/2007 |
| 1504 | Jeffrey | A | Matlick | 6/1/2007 |
| 1505 | Mark | C | Sowell | 10/20/2007 |
| 1506 | Richard | E | Gray | 10/12/2007 |
| 1507 | Eli | J | Reese | 9/30/2007 |
| 1508 | David | | Vigil | 5/18/2007 |
| 1509 | Kaycee | A | Roeser | 9/8/2007 |
| 1510 | Joseph | P | Nocchi | 10/19/2007 |
| 1511 | Dustin | W | Burke | 11/19/2006 |
| 1512 | Ladena | R | Westmoreland | 8/21/2007 |
| 1513 | Dennis | M | Schaefer | 7/31/2007 |
| 1514 | Charles | A | Lotz | 7/31/2007 |
| 1515 | Daniel | J | Kominsky | 10/26/2006 |
| 1516 | Elizabeth | A | Stones | 3/19/2007 |
| 1517 | Bambi | A | Moseley | 10/17/2007 |
| 1518 | Maria | G | Burton | 10/5/2007 |
| 1519 | William | | Burrell, IV | 10/20/2007 |
| 1520 | Garry | N | Fuller | 10/23/2007 |
| 1521 | Richard | E | Minor | 10/23/2007 |
| 1522 | Christopher | M | Sipes | 9/18/2007 |
| 1523 | Beverly | R | Wright | 10/23/2007 |
| 1524 | Ray | L | Guerra | 1/24/2007 |
| 1525 | Daniel | F | Castillo, Jr. | 9/22/2007 |
| 1526 | Benjamin | G | Rose | 8/23/2007 |
| 1527 | Neil | C | Foster | 12/27/2006 |
| 1528 | Erin | S | Monahan | 10/27/2007 |
| 1529 | Marsha | L | Ross | 10/27/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 1530 | Jaime | L | Becerra | 10/13/2007 |
| 1531 | Brian | D | Pickrel | 10/31/2007 |
| 1532 | Jesse | | Valenzuela | 10/10/2007 |
| 1533 | Justin | J | Maretti | 10/26/2007 |
| 1534 | Charles | F | Stephens | 10/27/2007 |
| 1535 | Gail | M | Martin | 10/28/2007 |
| 1536 | Kenneth | L | Stemwedel | 10/28/2007 |
| 1537 | William | B | Hatley | 4/20/2007 |
| 1538 | Clyde | E | Dillman | 4/20/2007 |
| 1539 | Curtis | J | Essen | 10/14/2007 |
| 1540 | Dan | W | Peterson | 10/23/2007 |
| 1541 | Tommy | A | Sartain | 4/20/2007 |
| 1542 | Cayce | A | Branch | 7/16/2007 |
| 1543 | Chad | R | Mardon | 9/28/2007 |
| 1544 | Eric | D | Vasquez | 7/24/2007 |
| 1545 | Johnny | G | Luna | 4/7/2007 |
| 1546 | James | F | Clarke | 3/17/2007 |
| 1547 | David | H | Liljestrand | 4/27/2007 |
| 1548 | Ricky | C | Hill | 10/30/2007 |
| 1549 | Veronica | F | Whitton | 4/10/2007 |
| 1550 | Samuel | B | Wellford | 2/2/2007 |
| 1551 | Adam | E | Brown | 10/31/2007 |
| 1552 | Kinberly | A | Logan | 10/27/2007 |
| 1553 | Pamela | N | Kikkert | 10/6/2007 |
| 1554 | Michael | B | Handler | 10/29/2007 |
| 1555 | Jason | M | Lloyd | 10/24/2007 |
| 1556 | Christina | K | Wright | 10/26/2007 |
| 1557 | Richard | A | Rogers | 10/31/2007 |
| 1558 | Glenn | E | Bowman | 7/10/2007 |
| 1559 | Tonia | L | Neumann | 10/25/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 1560 | Joan | S | Crane | 6/13/2007 |
| 1561 | Ty | E | Barnhart | 11/2/2007 |
| 1562 | Alisha | L | Barnhart | 11/2/2007 |
| 1563 | James | D | Jenkins | 1/22/2008 |
| 1564 | Tamara | L | Bewley | 6/19/2007 |
| 1565 | Brandon | | Gonsalves | 12/14/2006 |
| 1566 | Denise | T | Baldwin | 5/1/2007 |
| 1567 | Efrain | | Rangel | 10/23/2007 |
| 1568 | Jessica | L | Baker | 8/30/2007 |
| 1569 | Jennifer | A | Worley | 4/25/2007 |
| 1570 | Catherine | L | Neifing | 11/3/2007 |
| 1571 | Nicholas | E | Nocchi | 10/19/2007 |
| 1572 | Robert | D | Hicks | 3/22/2007 |
| 1573 | Crystal | A | Uzonyi | 10/4/2007 |
| 1574 | Christopher | D | Oakes | 9/30/2007 |
| 1575 | Nicholas | A | Frisinger | 8/12/2007 |
| 1576 | Matthew | A | Carrasco | 8/12/2007 |
| 1577 | Rebecca | A | McPherson | 7/18/2007 |
| 1578 | Randall | L | Wilson | 8/21/2007 |
| 1579 | Charles | J | Sottile | 11/17/2006 |
| 1580 | Kim | T | Holzmann | 10/23/2007 |
| 1581 | Katherine | E | Valdez | 11/3/2007 |
| 1582 | Elsyne | | Epps | 2/28/2007 |
| 1583 | Katherine | A | Mitchell | 10/24/2007 |
| 1584 | Harlo | O | Stompro | 7/14/2007 |
| 1585 | Aaron | A | Mason | 6/10/2007 |
| 1586 | Kerry | J | Mitchell | 9/12/2007 |
| 1587 | Sylvia | V | Valenzuela | 5/3/2007 |
| 1588 | Kevin | S | Heinichen | 5/4/2007 |
| 1589 | Daniel | | Gello | 11/2/2007 |

| Id_Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 1590 | Jose | R | Martinez | 9/23/2007 |
| 1591 | Danny | W | Tefteller, JR | 9/23/2007 |
| 1592 | Julio | C | Vasquez | 11/6/2007 |
| 1593 | Shawn | M | Estrada | 10/28/2007 |
| 1594 | Patricia | M | Detterich | 5/11/2007 |
| 1595 | Stephen | V | Babcock | 10/8/2007 |
| 1596 | Daniel | A | Williston | 10/19/2007 |
| 1597 | Jacquelyn | S | Foust | 1/27/2007 |
| 1598 | Bridget | L | Omeara | 5/31/2007 |
| 1599 | Roger | S | Melikian | 11/6/2007 |
| 1600 | Christine | L | Moody | 10/30/2007 |
| 1601 | Anthony | E | Gilmore | 10/15/2007 |
| 1602 | Cleo | K | Broadway | 10/14/2007 |
| 1603 | Tanya | A | Wallis | 11/8/2007 |
| 1604 | John | M | Quinn | 11/10/2007 |
| 1605 | Charles | L | Hoffman | 10/20/2007 |
| 1606 | Gus | W | Gibson | 3/5/2007 |
| 1607 | John | W | Dunn | 2/28/2007 |
| 1608 | Yolanda | | Hernandez | 2/17/2007 |
| 1609 | Robin | L | Mattos | 7/8/2007 |
| 1610 | Andrew | J | Mattos | 7/8/2007 |
| 1611 | Cassidy | L | Lavin | 2/11/2007 |
| 1612 | Marshall | E | Lilly | 11/2/2007 |
| 1613 | Carl | L | Shadburn | 9/5/2007 |
| 1614 | Timothy | P | Costa | 10/6/2007 |
| 1615 | Kathryn | A | Hudson | 11/11/2007 |
| 1616 | Christopher | L | Robles | 11/3/2007 |
| 1617 | Darryl | H | Le Mon | 11/2/2007 |
| 1618 | Donnie | L | Hale, Jr | 11/3/2007 |
| 1619 | Rachel | E | Masicampo | 11/6/2007 |

| Id_Number | First Name | Middle Initial | Last Name | ID_Expires |
|---|---|---|---|---|
| 1620 | John | D | Oliver, Jr | 11/14/2007 |
| 1621 | Jordan | C | Kittle | 6/23/2007 |
| 1622 | Joel | L | James | 5/6/2007 |
| 1623 | Ian | P | Gaffney | 11/4/2007 |
| 1624 | Stacie | A | Slattery | 11/9/2007 |
| 1625 | Sandra | G | Branch | 11/14/2007 |
| 1626 | Marie | N | Gaines | 11/15/2007 |
| 1627 | Kevin | J | Barnett | 5/10/2007 |
| 1628 | Nicholas | C | Mohling | 11/15/2007 |
| 1629 | Janice | R | Stilinovich | 10/9/2007 |
| 1630 | Karina | M | Diaz | 10/19/2007 |
| 1631 | Edward | R | Wasniowski | 7/10/2007 |
| 1632 | David | S | Zucker | 10/5/2007 |
| 1633 | Carlos | G | Mendoza | 9/26/2007 |
| 1634 | Daniel | E | Horn | 11/16/2007 |
| 1635 | Clint | J | Murray | 4/24/2007 |
| 1636 | Lawrence | M | McNally | 3/18/2007 |
| 1637 | Wendy | L | Miller | 10/29/2007 |
| 1638 | Patrick | M | Shannon, III | 3/23/2007 |
| 1639 | Richard | A | Macias | 11/16/2007 |
| 1640 | Brian | G | Martino | 9/12/2007 |
| 1641 | John | H | Mountain, IV | 11/17/2007 |
| 1642 | Cynthia | A | Simentales | 11/17/2007 |
| 1643 | Cody | C | Riffel | 11/17/2007 |
| 1644 | Phillip | D | Sutherland | 8/14/2007 |
| 1645 | Ben | J | Banks | 10/16/2007 |
| 1646 | Ruben | S | Sanchez Jr. | 11/22/2006 |
| 1647 | Adam | M | Holtz | 11/3/2007 |
| 1648 | Kenneth | L | Armstrong | 3/14/2007 |
| 1649 | Adam | J | Dale | 11/20/2007 |

| Id_Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 1650 | Victoria | L | Kelsey | 12/3/2006 |
| 1651 | Arthur | P | Pisor | 11/20/2007 |
| 1652 | Seth | G | Engel | 11/20/2007 |
| 1653 | Christopher | J | Torok | 11/1/2007 |
| 1654 | Jeffery | B | Strong | 11/20/2007 |
| 1655 | Frank | R | Freiler | 5/20/2007 |
| 1656 | Brooke | E | Stone | 11/18/2007 |
| 1657 | John | W | Appleby | 11/13/2007 |
| 1658 | Donald | E | Allison, Jr. | 12/12/2006 |
| 1659 | Charles | M | Nemke | 11/21/2007 |
| 1660 | Derrick | J | Brennan | 11/21/2007 |
| 1661 | Jeremy | R | Wright | 10/12/2007 |
| 1662 | Albert | A | Aleman | 1/28/2007 |
| 1663 | Curtis | A | Gill | 10/11/2007 |
| 1664 | Justin | M | Donaldson | 11/18/2007 |
| 1665 | Ian | T | Forbes | 11/28/2006 |
| 1666 | Jason | A | Gomez | 10/14/2007 |
| 1667 | Robert | C | Bates | 9/19/2007 |
| 1668 | Stephanie | R | Willis | 10/3/2007 |
| 1669 | Todd | M | Elder | 10/16/2007 |
| 1670 | Arlene | C | Bunch | 11/1/2007 |
| 1671 | James | T | Kincaid | 11/14/2007 |
| 1672 | John | A | Roben | 11/16/2007 |
| 1673 | Justin | D | Dufresne | 10/19/2007 |
| 1674 | Dustin | N | Arth | 5/8/2007 |
| 1675 | Anthony | F | Balestrieri | 10/27/2007 |
| 1676 | Mario | R | Lopez | 10/7/2007 |
| 1677 | Taylor | G | Cox | 11/21/2007 |
| 1678 | Sang | T | Duong | 7/8/2007 |
| 1679 | Chad | W | Westbrook | 11/21/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 1680 | Emily | L | Held | 11/13/2007 |
| 1681 | Jenny | J | Hubbard | 11/21/2007 |
| 1682 | Charlie | D | Pharr | 11/13/2007 |
| 1683 | Michael | R | Whittington | 5/11/2007 |
| 1684 | Steven | L | Chaffin | 11/15/2007 |
| 1685 | Justin | R | Darter | 6/12/2007 |
| 1686 | Nicholas | S | Kasarjian | 11/11/2007 |
| 1687 | Pedro | A | Castro | 11/21/2007 |
| 1688 | Joshua | W | Wiggins | 5/6/2007 |
| 1689 | Nicholas | J | Heiland | 11/28/2007 |
| 1690 | Willaim | R | Fisk | 11/7/2007 |
| 1691 | Michael | P | Tuuri | 10/18/2007 |
| 1692 | Nicole | A | Girardi | 11/18/2007 |
| 1693 | Timothy | M | King | 11/30/2007 |
| 1694 | Arrin | H | Dilbeck | 11/30/2007 |
| 1695 | Melvin | T | Mueller | 5/30/2007 |
| 1696 | Kenneth | E | Palmer | 11/27/2007 |
| 1697 | Patrick | M | Mcknight Sr | 11/20/2007 |
| 1698 | Victoria | L | Myers | 12/1/2007 |
| 1699 | Randi | J | Alinea | 1/4/2007 |
| 1700 | James | R | Turner | 12/1/2007 |
| 1701 | Benjamin | M | Woodward | 5/28/2007 |
| 1702 | Michele | M | Wargo | 12/1/2007 |
| 1703 | Robin | M | Lopez | 12/1/2007 |
| 1704 | Brian | A | Belsha | 8/22/2007 |
| 1705 | James | L | Miller | 12/1/2007 |
| 1706 | Pamela | J | Oxford | 7/17/2007 |
| 1707 | Kathryn | J | Myers | 10/16/2007 |
| 1708 | Erik | D | James | 11/30/2007 |
| 1709 | Jenni | R | James | 11/30/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 1710 | David | E | Mcbrayer | 6/30/2007 |
| 1711 | Jonathan | T | Jurgens | 11/30/2007 |
| 1712 | Lucas | R | Rossmerz | 11/10/2007 |
| 1713 | Paxton | P | Deurloo | 5/20/2007 |
| 1714 | Cheryl | R | Franz | 10/31/2007 |
| 1715 | Shaun | M | Riley | 10/31/2007 |
| 1716 | Jeffrey | J | Yribarren | 8/11/2007 |
| 1717 | Courtney | A | Crandall | 8/22/2007 |
| 1718 | Miguel | A | Ortiz | 10/7/2007 |
| 1719 | Isaac | E | Kwid | 12/2/2007 |
| 1720 | Bret | M | Finley | 11/9/2007 |
| 1721 | John | A | Stoll | 7/7/2007 |
| 1722 | Matthew | C | Zimmerman | 12/4/2007 |
| 1723 | Andrew | W | Wantz | 1/2/2007 |
| 1724 | Jon | M | Kotowski, Jr. | 2/26/2007 |
| 1725 | Benjamin | A | Mussen | 7/23/2007 |
| 1726 | Gregor | Z | Bebb | 2/1/2007 |
| 1727 | John | A | Kiernan | 2/15/2007 |
| 1728 | John | P | Edwards | 12/4/2007 |
| 1729 | Zachary | N | Solomon | 6/26/2007 |
| 1730 | Emiliano | J | Perry | 4/13/2007 |
| 1731 | David | A | Dodson | 6/8/2007 |
| 1732 | Daniel | R | Holt | 10/17/2007 |
| 1733 | Alex | J | Beekhuysen | 11/17/2007 |
| 1734 | Daniel | W | Chaides | 6/4/2007 |
| 1735 | Anthony | W | Bolin | 6/7/2007 |
| 1736 | William | C | Kinney | 6/23/2007 |
| 1737 | John | J | Perry | 10/26/2007 |
| 1738 | David | A | Oliver | 11/21/2007 |
| 1739 | Evan | W | Woods | 12/8/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 1740 | Stephen | P | Barrack | 12/2/2007 |
| 1741 | Laurence | | Cromley III | 4/13/2007 |
| 1742 | Andrew | I | Rice | 4/1/2007 |
| 1743 | Jason | A | Dunford | 12/4/2007 |
| 1744 | Abner | R | Salazar | 11/9/2007 |
| 1745 | Levi | T | Day | 11/27/2007 |
| 1746 | Chance | J | Hochschild | 11/17/2007 |
| 1747 | Christopher | E | Carr | 6/23/2007 |
| 1748 | Humberto | M | Escobedo | 10/24/2007 |
| 1749 | Julie | M | Sierra | 11/13/2007 |
| 1750 | Joanne | | Schmitz | 12/6/2007 |
| 1751 | Barbara | A | Philipps | 6/5/2007 |
| 1752 | Kier | M | Baker | 9/12/2007 |
| 1753 | Randolph | B | Griffin | 12/5/2007 |
| 1754 | Pamela | A | Bodine | 7/24/2007 |
| 1755 | Tommie | C | Robinson | 12/9/2007 |
| 1756 | Elizabeth | A | Torp | 6/8/2007 |
| 1757 | Steven | N | Sullivan | 12/14/2007 |
| 1758 | Michael | D | Hansen | 12/14/2007 |
| 1759 | Duane | P | James | 12/14/2007 |
| 1760 | Crystal | A | James | 12/14/2007 |
| 1761 | Kenneth | L | Eade | 5/6/2007 |
| 1762 | Paul | G | Gaines | 12/14/2007 |
| 1763 | Steven | R | Peavy | 11/20/2007 |
| 1764 | Marcia | E | Hardcastle | 12/14/2007 |
| 1765 | Joaquin | N | Silva, Jr. | 12/14/2007 |
| 1766 | Robert | F | Sisko | 12/15/2007 |
| 1767 | Jacob | L | Clark | 6/20/2007 |
| 1768 | Curtis | C | Sykes | 12/5/2007 |
| 1769 | Edyth | M | Rodacker | 12/14/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 1770 | Stanley | E | Tillman | 12/14/2007 |
| 1771 | Timothy | | Chadwick | 3/9/2007 |
| 1772 | Jack | L | Schlesinger | 12/14/2007 |
| 1773 | Ryan | W | Guthrie | 6/13/2007 |
| 1774 | Amado | | Mendoza | 3/13/2007 |
| 1775 | Amy | E | Inlow | 12/1/2007 |
| 1776 | Zachary | C | Brode | 6/30/2007 |
| 1777 | Mark | A | Swain | 11/2/2007 |
| 1778 | Suzanna | M | Love | 12/19/2007 |
| 1779 | Michael | P | Kussro | 6/13/2007 |
| 1780 | Mark | W | Lancaster | 12/18/2007 |
| 1781 | Benjamin | F | Aston | 11/29/2007 |
| 1782 | Julia | P | Morgan | 7/26/2007 |
| 1783 | Frank | | Lugo, Jr. | 12/18/2007 |
| 1784 | Katrina | M | Swanson | 6/28/2007 |
| 1785 | Ryan | J | Suzuki | 7/21/2007 |
| 1786 | Ashley | A | Hafner | 3/7/2007 |
| 1787 | Philip | J | Perrone | 10/4/2007 |
| 1788 | Michael | W | Antenucci | 8/15/2007 |
| 1789 | Tyler | J | Anderson | 12/17/2007 |
| 1790 | Vincent | N | Gibilisco | 12/18/2007 |
| 1791 | Raymond | J | Marasse | 12/20/2007 |
| 1792 | Ryan | H | Fulmer | 8/1/2007 |
| 1793 | Michael | T | Zook | 12/20/2007 |
| 1794 | Michael | J | McCardwell | 12/18/2007 |
| 1795 | Theodore | J | Westra | 2/20/2007 |
| 1796 | Janine | Y | Bordeaux | 12/21/2007 |
| 1797 | Clark | H | Smith | 12/21/2007 |
| 1798 | Brad | L | White | 9/26/2007 |
| 1799 | Mario | A | Perez | 2/17/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 1800 | Paula | F | Tyra | 12/12/2007 |
| 1801 | Chad | A | Pluneda | 11/28/2007 |
| 1802 | Michael | J | Rea | 12/16/2007 |
| 1803 | Chris | B | Richards | 7/5/2007 |
| 1804 | Patrick | W | Tychewicz | 12/21/2007 |
| 1805 | Clarence | R | Schmitz | 12/20/2007 |
| 1806 | Greg | E | Waters | 12/22/2007 |
| 1807 | Joseph | R | Mercardante, Jr. | 12/9/2007 |
| 1808 | Sara | L | Breckenridge | 10/26/2007 |
| 1809 | Nicole | A | Panos | 12/9/2007 |
| 1810 | David | | Buelna | 6/6/2007 |
| 1811 | Randahl | A | Turner | 11/4/2007 |
| 1812 | Robert | C | Arnold-Starr | 8/8/2007 |
| 1813 | Gary | B | Warren | 12/14/2007 |
| 1814 | Andrew | R | Goldman | 12/8/2007 |
| 1815 | Lawrence | P | Letters | 12/2/2007 |
| 1816 | Jesse | F | Harsh | 12/19/2007 |
| 1817 | Raymond | D | Vasquez | 9/30/2007 |
| 1818 | Geryes | J | Mansour | 8/31/2007 |
| 1819 | Brendan | P | Perry | 4/4/2007 |
| 1820 | Keith | M | Mautner | 11/4/2007 |
| 1821 | Gregory | A | Korn | 7/24/2007 |
| 1822 | Charles | B | Siverling, Jr. | 1/21/2007 |
| 1823 | Wallace | S | Marsh | 12/19/2007 |
| 1824 | Daniel | E | Irving | 5/7/2007 |
| 1825 | Daniel | C | Cruzen | 11/20/2007 |
| 1826 | Grant | L | Fobert | 9/19/2007 |
| 1827 | Joshua | D | Bye | 11/18/2007 |
| 1828 | Jermiah | L | Holler | 12/27/2007 |
| 1829 | Robert | L | Ayala, Jr. | 12/28/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 1830 | Ronald | E | Terrell | 12/28/2007 |
| 1831 | Christopher | L | Wilson | 12/28/2007 |
| 1832 | Albert | J | Leon | 12/28/2007 |
| 1833 | Danny | R | Andrews | 6/19/2007 |
| 1834 | Sheri | L | Murray | 5/2/2007 |
| 1835 | Matthew | W | Simmons | 12/8/2007 |
| 1836 | Rudy | | Gonzales | 12/19/2007 |
| 1837 | Robert | C | Seroka | 12/7/2007 |
| 1838 | Kevin | M | Ferguson | 2/2/2007 |
| 1839 | Andrew | J | Sanfeliz | 10/18/2007 |
| 1840 | Mark | | McWilliams | 11/14/2007 |
| 1841 | Reynold | E | Currin | 12/22/2007 |
| 1842 | Gary | P | Legge | 12/21/2007 |
| 1843 | Austin | D | Mundy | 3/23/2007 |
| 1844 | James | M | Shiu | 3/26/2007 |
| 1845 | Jeffrey | H | Anderson | 5/30/2007 |
| 1846 | Ryan | P | Doherty | 1/2/2008 |
| 1847 | Edward | A | Eisiminger | 12/27/2007 |
| 1848 | Scott | R | Conroy | 3/29/2007 |
| 1849 | William | H | Yates | 10/5/2007 |
| 1850 | Joseph | A | Gastelo | 10/10/2007 |
| 1851 | Jesse | A | Baldridge | 12/8/2007 |
| 1852 | Robert | T | Alvarez | 12/27/2007 |
| 1853 | Joseph | L | Rodrigues, III | 1/2/2008 |
| 1854 | Austyn | J | Benton | 9/12/2007 |
| 1855 | James | A | Birdsall | 7/2/2007 |
| 1856 | Micah | G | Frederick | 12/13/2007 |
| 1857 | Joshua | L | Frederick | 10/24/2007 |
| 1858 | Cynthia | E | Muller | 11/3/2007 |
| 1859 | Kylee | R | La Faive | 1/2/2008 |

| Id_Number | First Name | Middle Initial | Last Name | ID_Expires |
|---|---|---|---|---|
| 1860 | Sara | E | Blair-Field | 12/20/2007 |
| 1861 | Eric | L | Cornelison | 1/4/2008 |
| 1862 | Alan | R | Arntson II | 7/4/2007 |
| 1863 | Jeffery | A | DuPont | 12/21/2007 |
| 1864 | Jeffrey | M | Volk | 1/4/2008 |
| 1865 | Sharron | A | Favre | 5/24/2007 |
| 1866 | Tonya | D | Roslinda | 7/4/2007 |
| 1867 | Ernesto | E | Serrano | 1/4/2008 |
| 1868 | Benny | R | Serrano | 1/4/2008 |
| 1869 | Kathleen | P | Sander | 7/4/2007 |
| 1870 | Kenny | R | Robinson | 12/22/2007 |
| 1871 | Zack | T | Elwell | 12/18/2007 |
| 1872 | Davina | J | Mesa-Kussro | 12/9/2007 |
| 1873 | Ryan | L | Nejdl | 12/22/2007 |
| 1874 | Tami | L | Shores | 10/13/2007 |
| 1875 | Ronnie | L | Soares | 12/19/2007 |
| 1876 | William | R | Talmage | 12/29/2007 |
| 1877 | Luis | M | Balerio | 11/21/2007 |
| 1878 | Gerald | W | Rowe II | 12/1/2007 |
| 1879 | Rana | | Ghana | 6/5/2007 |
| 1880 | Jennifer | C | Foschaar | 12/20/2007 |
| 1881 | Bryan | D | Tonella II | 3/4/2007 |
| 1882 | Andres | D | Villalobos | 9/23/2007 |
| 1883 | Phillip | J | Smith | 5/14/2007 |
| 1884 | Steve | J | Sim | 7/7/2007 |
| 1885 | Martin | E | Grant | 10/9/2007 |
| 1886 | Melinda | B | Warner | 11/26/2007 |
| 1887 | Bradley | D | Valois | 1/9/2008 |
| 1888 | Kevin | M | Palmer | 1/4/2008 |
| 1889 | Charles | J | Anema | 12/14/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 1890 | Aaron | L | Titus | 4/30/2007 |
| 1891 | Christopher | M | King | 1/5/2008 |
| 1892 | Donald | R | Laucella, Jr. | 1/2/2008 |
| 1893 | Phillip | C | Cantu | 4/11/2007 |
| 1894 | Timothy | J | McKinney | 1/9/2008 |
| 1895 | Jonathon | A | Blair | 3/31/2007 |
| 1896 | Mark | C | Spangler | 12/18/2007 |
| 1897 | Joseph | L | McNeal | 6/19/2007 |
| 1898 | Michael | B | Kincade, Jr. | 1/10/2008 |
| 1899 | Angus | M | Lewis | 1/5/2008 |
| 1900 | Janie | T | Torres | 6/21/2007 |
| 1901 | Aaron | J | Phillips | 1/11/2008 |
| 1902 | Bradford | B | Denike | 1/11/2008 |
| 1903 | Mary | L | Renard | 1/5/2008 |
| 1904 | Courtland | M | Howe | 1/5/2008 |
| 1905 | Charleen | W | Heidlebaugh | 1/9/2008 |
| 1906 | James | E | Terry | 1/11/2008 |
| 1907 | Ryan | L | Johnston | 11/17/2007 |
| 1908 | Susan | E | Renard | 1/5/2008 |
| 1909 | Kacey | K | Brown | 1/11/2008 |
| 1910 | Norman | C | Murphy | 1/11/2008 |
| 1912 | George | D | Stevens, Jr. | 10/4/2007 |
| 1913 | Enrico | | Pace | 11/30/2007 |
| 1914 | LaVetta | P | DeSimone | 12/29/2007 |
| 1915 | Ian | C | Macdonald | 10/26/2007 |
| 1916 | Natasha | A | Ilyin | 10/27/2007 |
| 1917 | Ryan | A | Jackson | 12/21/2007 |
| 1918 | Michelle | E | Brown | 1/12/2008 |
| 1919 | Kevin | D | Richards | 10/3/2007 |
| 1920 | Dustin | T | Richards | 10/3/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 1921 | Michael | P | Cheek | 1/5/2008 |
| 1922 | Bryan | J | Willkomm | 4/7/2007 |
| 1923 | Christine | D | Rappilus | 1/8/2008 |
| 1924 | Jonathan | P | Chruszch | 1/11/2008 |
| 1925 | Jaime | D | Ruiz | 9/10/2007 |
| 1926 | Curtis | D | Atkinson | 12/29/2007 |
| 1927 | Wesley | E | Pierce | 1/15/2008 |
| 1928 | Dennis | N | Isbell | 3/5/2007 |
| 1929 | Jack | R | Mylan | 1/3/2008 |
| 1930 | Leonard | W | Harden | 1/15/2008 |
| 1932 | Grant | S | Davis | 12/28/2007 |
| 1933 | William | C | Agren | 10/23/2007 |
| 1935 | Steven | E | Frank | 3/10/2007 |
| 1936 | Emmanuel | I | Leon | 1/5/2008 |
| 1937 | Eric | T | Crook | 12/19/2007 |
| 1938 | Blake | R | Davis | 8/21/2007 |
| 1939 | Beth | A | Hurd | 1/16/2008 |
| 1940 | Clarence | H | Mitchell | 4/30/2007 |
| 1941 | Michael | J | Wheeler | 1/11/2008 |
| 1942 | Jennifer | M | Wineman | 12/4/2007 |
| 1943 | Michael | D | Huhtala | 1/15/2008 |
| 1944 | Susan | L | Stephens | 1/18/2008 |
| 1945 | Todd | E | Taylor | 12/12/2007 |
| 1946 | Joshua | G | Ritchie | 1/17/2008 |
| 1948 | Jeremy | W | Gledhill | 1/3/2008 |
| 1949 | Samir | T | Aburashed | 1/16/2008 |
| 1950 | Taci | R | Ray | 4/6/2007 |
| 1951 | Timothy | A | Powell | 8/26/2007 |
| 1952 | Mary | K | Hovarter | 1/18/2008 |
| 1953 | Coyle | A | Boyd III | 1/18/2008 |

| Id_Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 1954 | George | S | Alger | 1/10/2008 |
| 1955 | Bryan | B | Armijo | 10/12/2007 |
| 1956 | Kerrin | L | Bartholomew | 9/24/2007 |
| 1957 | Taylor | C | Baldwin | 5/28/2007 |
| 1958 | Erin | M | Yolo | 10/20/2007 |
| 1959 | Susan | S | Wiley | 1/19/2008 |
| 1960 | Damian | E | Bean | 9/13/2007 |
| 1961 | Blair | J | Draper | 7/12/2007 |
| 1962 | Jed | A | Oliver | 11/16/2007 |
| 1963 | Eric | C | Dudley | 12/19/2007 |
| 1964 | Dustin | N | Gotchal | 1/2/2008 |
| 1965 | Melissa | J | Biliardi | 7/15/2007 |
| 1966 | Amy | L | Hawkins | 1/13/2008 |
| 1967 | Craig | S | Hawkins | 1/13/2008 |
| 1968 | Paul | D | Ramsay | 1/19/2008 |
| 1969 | Karin | L | Powers | 11/3/2007 |
| 1970 | Edward | J | Binnebose | 3/15/2007 |
| 1971 | Thomas | S | Cameron | 1/20/2008 |
| 1972 | Sandra | R | Meadow | 11/28/2007 |
| 1973 | Roger | F | Merrithew | 1/22/2008 |
| 1974 | Alicia | G | McClellan | 1/5/2008 |
| 1975 | Jaz | D | Mackey | 3/20/2007 |
| 1976 | Carol | C | Eicher | 1/17/2008 |
| 1977 | Craig | C | Lindaman | 12/19/2007 |
| 1978 | Kevin | W | Lindaman | 12/19/2007 |
| 1979 | Paul | V | Goss | 1/22/2008 |
| 1980 | Eric | J | Snyder | 1/20/2008 |
| 1981 | Jeffrey | T | Baublits | 5/25/2007 |
| 1982 | Temicka | T | Williams | 12/1/2007 |
| 1983 | Betty | J | Wischemann | 7/4/2007 |

| Id_Number | First Name | Middle Initial | Last Name | ID Expires |
|-----------|-----------|----------------|-----------|------------|
| 1984 | Clinton | A | Prowse | 1/25/2008 |
| 1985 | Vincent | S | Fitch | 11/10/2007 |
| 1986 | Scott | A | Payne, II | 1/19/2008 |
| 1987 | Mario | L | De Leon | 7/31/2007 |
| 1988 | Amy | L | Robbins | 12/9/2007 |
| 1989 | James | R | Rodriguez-Dugins | 1/19/2008 |
| 1990 | Lisa | M | Kaseroff | 12/8/2007 |
| 1991 | Brent | A | Wiedmer | 3/29/2007 |
| 1992 | Edward | J | Specht | 11/16/2007 |
| 1993 | Norman | A | Hadley | 1/26/2008 |
| 1994 | Steven | J | Day | 1/3/2008 |
| 1995 | Steven | P | Craig | 12/20/2007 |
| 1996 | Julia | C | Reid | 12/16/2007 |
| 1997 | Jeremy | T | Jenkins | 1/26/2008 |
| 1998 | Alix | G | Pellew-Harvey | 5/20/2007 |
| 1999 | Thomas | J | Shea, II | 12/9/2007 |
| 2000 | Kenneth | Z | Chaves | 1/5/2008 |
| 2001 | Matthew | R | Berriatua | 12/30/2007 |
| 2002 | Alan | R | Reti | 6/27/2007 |
| 2003 | Yvonne | M | Viramontes | 11/28/2007 |
| 2004 | Dominic | M | Harris | 1/18/2008 |
| 2005 | Jeremy | D | Sharp | 1/29/2008 |
| 2006 | Ann | M | LaRose | 1/29/2008 |
| 2007 | Jacob | T | Eanes | 1/15/2008 |
| 2008 | Jesse | C | Valdez | 1/29/2008 |
| 2009 | Jennifer | L | Worthington | 1/29/2008 |
| 2010 | Joshua | M | Jones | 1/27/2008 |
| 2011 | Nancy | L | Jennejohn | 1/29/2008 |
| 2012 | Chanin | N | Argento | 1/29/2008 |
| 2013 | Nichole | D | Cunningham | 1/29/2008 |

| Id_Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 2014 | Edmond | W | Frost | 1/22/2008 |
| 2015 | David | A | Lewitter | 1/30/2008 |
| 2016 | David | E | Murray | 1/1/2008 |
| 2017 | Larry | S | Smith | 1/17/2008 |
| 2018 | Branten | G | Bottom | 1/30/2008 |
| 2019 | Michael | V | Witort | 1/29/2008 |
| 2020 | Jerry | L | Baker, III | 1/28/2008 |
| 2021 | Wayne | D | Shaffer | 9/7/2007 |
| 2022 | James | A | Goodie | 1/16/2008 |
| 2023 | Robert | S | Klein | 2/1/2008 |
| 2024 | Jerry | L | Moore | 1/22/2008 |
| 2025 | Sean | T | O'Connor | 11/9/2007 |
| 2026 | Susan | M | Gordon | 6/10/2007 |
| 2027 | Giorgio | F | Lavezzo | 2/2/2008 |
| 2028 | Matthew | E | Corral | 1/3/2008 |
| 2029 | Joseph | D | Morales | 2/21/2007 |
| 2030 | Jonathan | C | Crowell | 2/26/2007 |
| 2031 | Sandy | A | Strange | 2/2/2008 |
| 2032 | Shane | R | Walton | 2/3/2008 |
| 2033 | Matthew | S | Frank | 2/3/2008 |
| 2034 | Nathan | A | Williams | 12/20/2007 |
| 2035 | Sheila | E | Gibilisco | 1/23/2008 |
| 2036 | Paula | R | Raught | 2/1/2008 |
| 2037 | Michael | A | Vangalio | 1/18/2008 |
| 2038 | Danny | V | Teofilo | 2/5/2008 |
| 2039 | Valerie | S | Felger | 2/5/2008 |
| 2040 | Christopher | J | Bellamy | 2/6/2008 |
| 2041 | Anji | C | Ammon | 2/5/2008 |
| 2042 | Michelle | H | Hiemstra | 2/7/2008 |
| 2043 | Clayton | S | Hiemstra | 2/6/2008 |

| Id_Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 2044 | Amber | L | Pinon | 7/26/2007 |
| 2045 | Stewart | F | McLennan | 10/6/2007 |
| 2046 | Maxine | E | Harden | 12/28/2007 |
| 2047 | Brian | A | Janas | 2/5/2008 |
| 2048 | Jared | M | Scott | 2/3/2008 |
| 2049 | Eric | M | Ollivier | 3/13/2007 |
| 2050 | Donna | M | Klein | 8/5/2007 |
| 2051 | Richard | C | Storer | 2/5/2008 |
| 2052 | Fernando | | Herrera | 1/30/2008 |
| 2053 | Dennis | T | Vaca | 2/2/2008 |
| 2054 | Trevor | J | Floth | 7/22/2007 |
| 2055 | Andrew | P | Strahle | 3/19/2007 |
| 2056 | Michael | C | Jones | 10/4/2007 |
| 2057 | Roena | E | Padilla-Hartshorn | 2/5/2008 |
| 2058 | Leo | | Ortega, Jr. | 7/5/2007 |
| 2059 | Thomas | | McIntyre | 2/7/2008 |
| 2060 | Robert | M | Striebel | 1/18/2008 |
| 2061 | Cristian | A | Tulbure | 2/5/2008 |
| 2063 | Carey | L | Jones | 1/27/2008 |
| 2064 | Chandra | F | Bergstresser | 1/27/2008 |
| 2065 | Jennifer | L | King | 1/27/2008 |
| 2066 | Jim | J | Tarwater | 4/13/2007 |
| 2067 | Jiwon | | Kim | 8/7/2007 |
| 2068 | Raymond | D | Jensen | 2/9/2008 |
| 2069 | Mary | J | Garrison | 2/9/2008 |
| 2070 | Robert | G | Potter | 2/6/2008 |
| 2071 | Jennifer | M | Leal | 2/9/2008 |
| 2072 | Daniel | J | Soto | 1/12/2008 |
| 2073 | Brian | D | Osborn | 11/27/2007 |
| 2074 | Eric | A | Wilson | 9/30/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 2075 | Justin | M | Yoo | 10/31/2007 |
| 2076 | Vietnam | T | Nguyen | 2/1/2008 |
| 2077 | Jeffrey | T | Cole | 2/23/2007 |
| 2078 | John | D | Jenks | 2/5/2008 |
| 2079 | Sarah | A | Johnson | 2/6/2008 |
| 2080 | Heather | M | Perkins | 2/6/2008 |
| 2081 | Donald | W | Higgins, III | 1/20/2008 |
| 2082 | Richard | J | Davis | 7/6/2007 |
| 2083 | Michael | J | Ratkay | 1/5/2008 |
| 2084 | Michael | J | Kennedy | 8/31/2007 |
| 2085 | Richard | | Cowell III | 1/19/2008 |
| 2086 | Ariel | D | Silver | 1/3/2008 |
| 2087 | Micah | J | Miller | 7/29/2007 |
| 2088 | Reid | M | Beyer | 2/12/2008 |
| 2089 | Brian | H | Gardner | 2/12/2008 |
| 2090 | Brad | R | Betschart | 2/13/2008 |
| 2091 | Manny | | Fimbres | 2/13/2008 |
| 2092 | Lorenzo | T | Nevarez | 12/18/2007 |
| 2093 | Daniel | J | Lyons | 5/10/2007 |
| 2094 | Janet | M | Hopton | 1/27/2008 |
| 2095 | Joshua | R | Murphy | 10/11/2007 |
| 2096 | Sara | C | Stebel | 10/25/2007 |
| 2097 | Nathan | M | Gray | 2/9/2008 |
| 2098 | Christopher | R | Bertilacchi | 2/9/2008 |
| 2099 | Eiko | M | Pease | 2/13/2008 |
| 2100 | Erik | J | Hobbs | 2/14/2008 |
| 2101 | Eva | R | Arebalo | 2/14/2008 |
| 2102 | Richard | T | Wideman | 2/8/2008 |
| 2103 | Donald | R | Chastain | 1/28/2008 |
| 2104 | John | R | Stoakes | 2/15/2008 |

| Id_Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 2105 | Joshua | T | Robey | 6/8/2007 |
| 2106 | Brandy | D | Ames | 5/31/2007 |
| 2107 | Eric | A | Ellis | 5/31/2007 |
| 2108 | Misael | E | Olvera | 2/5/2008 |
| 2109 | Robert | E | Vandersluis | 2/15/2008 |
| 2110 | Jennifer | D | Lester | 8/8/2007 |
| 2111 | Rafael | | Gutierrez | 2/2/2008 |
| 2112 | Stephen | E | Neiswanger | 2/16/2008 |
| 2113 | Connor | S | Reilly | 2/8/2008 |
| 2114 | Brandon | P | Fontes | 8/4/2007 |
| 2115 | Ryan | J | Geer | 2/12/2008 |
| 2116 | George | | Carbajal | 2/12/2008 |
| 2117 | Cheryle | M | Ponciano | 4/23/2007 |
| 2118 | Rachel | L | Tamagni | 1/9/2008 |
| 2119 | Thomas | A | Tomasetti | 2/14/2008 |
| 2120 | Patricia | F | Tomasetti | 2/14/2008 |
| 2121 | David | E | Logan | 2/17/2008 |
| 2122 | Sunshine | V | Kelly | 2/17/2008 |
| 2123 | Jacek | A | Bond | 2/10/2008 |
| 2124 | Matthew | L | Ehens | 2/10/2008 |
| 2125 | Darren | D | Keser, Jr. | 2/10/2008 |
| 2126 | Chandler | T | Fritz | 9/19/2007 |
| 2127 | Eric | C | Senzig | 12/10/2007 |
| 2128 | Ruby | H | Peacock | 7/8/2007 |
| 2129 | Lori | A | Davis | 1/30/2008 |
| 2130 | Virginia | L | Pirillo | 7/5/2007 |
| 2131 | Tammi | C | Hixon | 2/16/2008 |
| 2132 | Richard | W | Gauntt | 6/11/2007 |
| 2133 | Chere | G | Valencia | 6/11/2007 |
| 2134 | David | S | Schutzberger | 2/17/2008 |

| Id_Number | First Name | Middle Initial | Last Name | ID_Expires |
|---|---|---|---|---|
| 2135 | Brunillda | E | Francis | 8/1/2007 |
| 2136 | William | R | Sharp | 2/15/2008 |
| 2137 | Sandra | L | Skiles | 2/17/2008 |
| 2138 | Sandra | P | Balsamo | 2/19/2008 |
| 2139 | Amber | C | Jorgensen | 3/12/2007 |
| 2140 | Taylor | N | Lane | 2/19/2008 |
| 2141 | Rebecca | J | Burnen | 7/26/2007 |
| 2142 | Justin | P | Moranville | 2/13/2008 |
| 2143 | Adam | N | Rowland | 2/16/2008 |
| 2144 | Kyle | F | Bonomi | 2/16/2008 |
| 2145 | Kristie | L | Rothstein | 2/17/2008 |
| 2146 | Juanetta | P | Perkins | 2/3/2008 |
| 2147 | Nathan | Z | Sutton | 3/26/2007 |
| 2148 | Charles | E | Rose | 2/16/2008 |
| 2149 | Greg | L | Balwin | 2/5/2008 |
| 2150 | Sean | T | Tolibas | 2/10/2008 |
| 2151 | Patrick | S | Smith | 1/10/2008 |
| 2152 | Lori | C | Cunningham | 2/22/2008 |
| 2153 | Armando | S | Almaguer | 10/30/2007 |
| 2154 | Ryan | M | Garcia | 2/19/2008 |
| 2155 | Alec | C | Mayall | 8/18/2007 |
| 2156 | Patricia | | Jackson | 12/14/2007 |
| 2157 | Robin | K | Brown | 1/12/2008 |
| 2158 | Willie | R | Martin | 3/18/2007 |
| 2159 | Robert | C | Pickeral | 2/22/2008 |
| 2160 | Justin | C | Friend | 2/22/2008 |
| 2161 | Stephen | A | Holsapple | 2/22/2008 |
| 2162 | Gailya | F | Stanley | 11/6/2007 |
| 2163 | Christopher | D | Taylor | 1/24/2008 |
| 2164 | Aaron | S | Wick | 8/5/2007 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 2165 | Kayla | C | Mazza | 2/20/2008 |
| 2166 | Jay | W | Short | 2/6/2008 |
| 2167 | Paul | F | Hernandez | 11/9/2007 |
| 2168 | Robert | L | Andrews | 2/23/2008 |
| 2169 | Beamont | W | Ross | 2/16/2008 |
| 2170 | Jimmy | F | Marty | 2/19/2008 |
| 2171 | Andrew | J | Costello | 2/23/2008 |
| 2172 | Jeffrey | D | Hamp | 2/13/2008 |
| 2173 | Behrooz |  | Akhtari | 2/23/2008 |
| 2174 | Gabriel |  | Velasquez | 2/20/2008 |
| 2175 | Shawn | R | Nunley | 5/4/2007 |
| 2176 | Ryan | P | Swack | 2/22/2008 |
| 2177 | Matthew | A | Tucker | 2/23/2008 |
| 2178 | Jeremiah | L | Bernerd | 12/8/2007 |
| 2179 | Joseph | D | Lindley | 2/20/2008 |
| 2180 | Wyatt | K | Craig | 2/23/2008 |
| 2181 | Charles | R | Wilhelm | 9/5/2007 |
| 2182 | Anthony |  | Moreno | 10/5/2007 |
| 2183 | Holly | R | Sheppard | 8/8/2007 |
| 2184 | Rodney | A | Miller | 2/23/2008 |
| 2185 | Cozette | C | Batz | 2/19/2008 |
| 2186 | Francisco | V | Cortes | 5/10/2007 |
| 2187 | Edward | M | Wood | 2/22/2008 |
| 2188 | Chad | R | Tracy | 2/22/2008 |
| 2189 | Myrna | L | Barnett | 2/27/2008 |
| 2190 | Blake | J | Kownacki | 2/26/2008 |
| 2191 | Timothy | S | Reed | 2/26/2008 |
| 2192 | Felma | L | Hurdle | 10/20/2007 |
| 2193 | Cheryl | R | James | 2/26/2008 |
| 2194 | Gary | L | Steffenauer | 2/26/2008 |

| Id_Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 2195 | Hitesh | J | Doshi | 2/26/2008 |
| 2196 | Charles | D | Tamagni | 2/26/2008 |
| 2197 | Lu | | Clark | 7/8/2007 |
| 2198 | Heidi | M | Martignoni | 2/13/2008 |
| 2199 | Cody | J | Cuellar | 2/26/2008 |
| 2200 | Kevin | N | Rodriguez | 2/27/2008 |
| 2201 | Richard | | Ramerez | 8/26/2007 |
| 2202 | David | L | Hiett | 2/26/2008 |
| 2203 | Geoffrey | S | Seymour | 2/28/2008 |
| 2204 | Tobias | Q | Moore | 2/27/2008 |
| 2205 | Jody | L | Lutherwyckoff | 2/13/2008 |
| 2206 | Wendall | W | Schiffman | 2/27/2008 |
| 2207 | Angel | I | Resendez | 2/27/2008 |
| 2208 | Scott | C | Schultz, II | 2/10/2008 |
| 2209 | Gerald | E | Erjavec | 2/15/2008 |
| 2210 | Randall | L | Hunt | 2/27/2008 |
| 2211 | Christopher | S | Mickley | 12/21/2007 |
| 2212 | Sergio | D | Gonzalez | 5/7/2007 |
| 2213 | Anna | K | Steffenauer | 2/26/2008 |
| 2214 | Jim | C | Waite | 2/26/2008 |
| 2215 | John | K | Close | 2/11/2008 |
| 2216 | Joseph | V | Cirone | 3/2/2008 |
| 2217 | Frank | J | Vargas | 2/23/2008 |
| 2218 | Bobby | R | Chapman | 1/18/2008 |
| 2219 | Pam | S | Shears | 9/1/2007 |
| 2220 | Kristin | L | Hinde-Ray | 2/24/2008 |
| 2221 | Dianne | J | McGinnis | 3/2/2008 |
| 2222 | Christy | M | Coney | 3/2/2008 |
| 2223 | Lauren | A | Vazquez | 3/23/2007 |
| 2224 | Leah | S | Chen | 3/2/2008 |

| Id Number | First Name | Middle Initial | Last Name | ID Expires |
|---|---|---|---|---|
| 2225 | Alex | B | Ambrose | 9/8/2007 |
| 2226 | Kevin | S | Martin | 3/2/2008 |
| 2227 | Johl | A | Wallace | 3/2/2008 |
| 2228 | Valerie | K | Davis | 2/28/2008 |
| 2229 | Russell | L | Hamon | 3/26/2007 |
| 2230 | Jerome |  | White | 2/6/2008 |
| 2231 | China | J | Bodolay | 11/10/2007 |
| 2232 | Charles | B | Gibbs | 3/5/2008 |
| 2233 | Lilalee |  | Isom | 3/5/2008 |
| 2234 | Jeff | C | Specht | 7/23/2007 |
| 2235 | Douglas | G | Cleveland | 3/5/2008 |
| 2236 | George | R | Tricas | 6/5/2007 |
| 2237 | John | W | Gange | 3/5/2008 |
| 2238 | Jason | J | Oates | 3/5/2008 |
| 2239 | Christopher | S | Giminez | 3/6/2008 |
| 2240 | Edward |  | Funez Jr. | 2/24/2008 |
| 2241 | Robert | C | Lewis | 1/10/2008 |
| 2242 | Larry | L | Brebes | 2/19/2008 |
| 2243 | Michael | J | Hayes | 3/2/2008 |
| 2244 | Randall | D | Evett | 2/27/2008 |
| 2245 | Richard | T | Kownacki | 3/5/2008 |

# EXHIBIT A-23

# Central Coast Compassionate Caregivers

# Designation of Primary Caregiver

I, ___AARON BEWLEY___, certify that I suffer from one or more of the following
medical conditions: Acquired immune deficiency syndrome (AIDS), Anorexia, Arthritis,
Cachexia, Cancer, Chronic pain, Glaucoma, Migraine, Persistent muscle spasms, including, but
not limited to, spasms associated with multiple sclerosis, seizures, including, but not limited to,
seizures associated with epilepsy, severe nausea, or any other chronic or persistent medical
symptom that either: (A) substantially limits the ability of the person to conduct one or more
major life activities as defined in the Americans with Disabilities Act of 1990 (Public Law 101-
336). (B) If not alleviated, may cause serious harm to the patient's safety or physical or mental
health, that I have obtained a recommendation or approval from a licensed physician to use
medical marijuana to treat my illness.

I hereby designate Central Coast Compassionate Caregivers as my 'Designated Primary
Caregiver' in accordance with California Health and Safety Code 11362.5(d) and 11362.5(e)
which read as follows:

(d) Section 11357, relating to the possession of marijuana, and Section 11358, relating to the
cultivation of marijuana, shall not apply to a patient, or to a patient's primary caregiver, who
possesses or cultivates marijuana for the personal medical purposes of the patient upon the
written or oral recommendation or approval of a physician.

(e) For the purposes of this section, "primary caregiver" means the individual designated by the
person exempted under this section who has consistently assumed responsibility for the housing,
health, or safety of that person.

I agree that depending upon my needs; I will consistently rely on the above-named person as my
primary source of:
1. Growing, transporting, processing, obtaining and storing medical marijuana
2. Transportation to and from health care appointments
3. Shopping for food and personal care items
4. Gardening, pet care and household chores
5. Any other typical attendant style care

This designation shall remain in effect until the expiration of my current recommendation. This
contract may be terminated at any time only by my written request.

_____                    _6 · 20 · 06_
(Patient Signature)                          (Today's date)

_Aaron Bewley_
(Print Patient Name)

*CAREGIVER WILL FILL OUT PORTION BELOW*

_A. Charles C. Lynch_        _1190_
(Charles Lynch, Caregiver)        (Patient ID)

# Designated Caregiver Agreement Form                          1

Central Coast Compassionate Caregivers
780 Monterey Ave Suite B
Morro Bay, CA 93442
805-772-4879 office; 805-456-0389 fax

Central Coast Compassionate Caregivers, CCCC, is a collective, cooperative cultivation project of patients and caregivers associating under the laws provided by the State of California Proposition 215, The Compassionate Use Act of 1996, California Health and Safety Code 11362.5 and Senate Bill 420. These laws enhance access to safe and legal medical cannabis for qualified patients with a serious medical condition. Also the laws protect caregivers who cultivate medical cannabis on behalf of medical cannabis patients. To meet the needs of CCCC patients, qualified members of CCCC will be designated as a Caregiver for a given number of patients and will be granted the right to process transport and possess medical cannabis on behalf of their assigned patients as allowed by California State Law. California State Law allows Caregivers to possess, transport and process up to 8 ounces of dried cannabis, 12 immature plants or 6 immature plants *per* patient.

I, _AARON BEWLEY_ , hereby accept the responsibilities as Designated Caregiver for CCCC and agree to the following conditions:

➤ I agree that I have been assigned _12_ patients of CCCC and will not cultivate more than _72_ mature plants or _144_ immature plants, nor possess more than _96_ ounces of dried or processed cannabis at any one time.
➤ I agree that the medical cannabis I cultivate, possess and transport will be used exclusively to provide for patients of CCCC and is for medical use only.
➤ I agree not to consume the medical cannabis that has been designated for patients of CCCC.
➤ I agree that CCCC cannot be held financially responsible for any legal situation that may arise regarding my cultivation, possession or transportation of medical cannabis on behalf of CCCC.
➤ I agree that I have not been convicted of any felonies and authorize a criminal background check of my criminal history.
➤ I agree that no children under the age of 18 are allowed within my growing facility.
➤ I agree to maintain my growing facility in a professional manner and will not provide cannabis to the coop that has been infested with bugs or mites, has mold or mildew or any other foreign matter.
➤ I agree to abide by the laws of the State of California regarding medical cannabis.
➤ I agree that I am of sound mind and that I have signed this form at my own free will.
➤ I understand medical cannabis could be prosecuted as a federal crime, but I also understand that medical cannabis rights have been granted to me by the California State Legislature based on the 10th amendment of the Constitution to the United States of America and that I expect my state which granted me these rights to protect me from federal government prosecution.
➤ I understand CCCC can not be held liable for any of my actions regarding medical cannabis.
➤ I agree that if I am convicted of any crime my Caregiver status with CCCC will immediately be terminated.
➤ I understand that if I provide false documents of any kind that I will be prosecuted to the fullest extent of the law.
➤ I agree that I am not an agent of a law enforcement agency or a person providing information to law enforcement regarding any information pertaining to CCCC.
➤ I agree to an inspection of my growing facility by an authorized agent of CCCC within 24 hours after the official request.
➤ I agree to comply with any future rules or regulations that CCCC may issue regarding, but not limited to, security measures, record keeping, health and safety standards and storage of cannabis. Such regulations may be modified from time to time, as CCCC deems appropriate.

VIOLATION OF ANY OF THESE SAFETY PRECAUTIONS OR CALIFORNIA STATE LAWS MAY RESULT IN IMMEDIATE TERMINATION OF MY CAREGIVER STATUS.

Thank you,
Charles Lynch
_Charles C. Lynch_
Managing Caregiver
Central Coast Compassionate Caregivers

Assigned Caregiver signature and date below:

Signature: _____          Date: _8·30·06_

Revision 8-4-06 Change 'and' to 'or' number of plants

# Membership Agreement Form

1

## Central Coast Compassionate Caregivers
780 Monterey Ave. Suite B
Morro Bay, CA 93442
805-772-4879 office; 805-456-0389 fax

As a member of the Central Coast Compassionate Caregivers Association, CCCC, I hereby agree to the following:

- I will NOT open my medication until I am at a safe, private location.
- I will not open my medication within 1000 feet of the service center.
- I will NOT leave people outside waiting while I go inside the service center.
- I will keep all medicines away from children.
- I agree the medical cannabis provided is for medicinal use only.
- I agree to abide by the laws of the State of California regarding medical cannabis.
- I agree that I am of sound mind and that I have signed the caregiver form at my own free will.
- I understand medical cannabis could be prosecuted as a federal crime, but I also understand that medical cannabis rights have been granted to me by the California State Legislature based on the 10th amendment of the Constitution to the United States of America and that I expect my state which granted me these rights to protect me from federal government prosecution.
- I understand CCCC can not be held liable for any of my actions regarding medical cannabis.
- I agree that if I am convicted of any crime my Membership with CCCC may be terminated.
- I understand that if I provide false documents of any kind that I will be prosecuted to the fullest extent of the law.
- I agree that I am not an agent of a law enforcement agency or a person providing information to law enforcement regarding any information pertaining to CCCC.
- I agree I have seen a copy of the Privacy Policy and have requested a copy if I want one.
- I agree that I will not discuss my membership with the media.

As a member CCCC, I shall NOT engage in the smoking of medical cannabis under any of the following circumstances as described in California Health and Safety Code 11362.79 which states:

(a) In any place where smoking is prohibited by law.
(b) In or within 1,000 feet of the grounds of a school, recreation center, or youth center, unless the medical use occurs within a residence.
(c) On a school bus.
(d) While in a motor vehicle that is being operated.
(e) While operating a boat.

**VIOLATION OF ANY OF THESE SAFETY PRECAUTIONS OR CALIFORNIA STATE LAWS MAY RESULT IN IMMEDIATE TERMINATION OF MEMBERSHIP.**

Thank you,
Charles Lynch
Central Coast Compassionate Caregivers

Member signature and date below:

Signature: _____     Date: _8. 20. 06_

Patient ID #: _1190_

Central Coast Compassionate Caregivers
2005 All Rights Reserved
Confidential

# CITY OF MORRO BAY

595 Harbor Street • Morro Bay, California 93442
(805) 772-6200 • FAX (805) 772-7329

## BUSINESS LICENSE

THIS CERTIFIES that the business or individual listed below is hereby licensed to do business within the CITY OF MORRO BAY

**Business Name:** Central Coast Compassionate Caregivers

**Business Location:** 780 Monterey Ave
Morro Bay, CA 93442

**1st Owner Name:** Charles C. Lynch

**2nd Owner Name:**

CENTRAL COAST COMPASSIONATE
CAREGIVERS
780 MONTEREY AVE
MORRO BAY, CA 93442

**BUSINESS LICENSE #:** 098733

**SIC NUMBER:** 5912004

**Description:** Medical Marijuana Dispensary

**Subject to Displayed Conditions**

**Effective Date:** July 01, 2006

**Expiration Date:** June 30, 2007

DIRECTOR OF FINANCE

This license is to be displayed conspicuously at the location of business, and is not transferable or assignable.



# NORCAL HEALTHCARE SYSTEM

### 1504 Franklin Street, Suite 101 ■ Oakland, California 94612

## *Physician Recommendation for Therapeutic Cannabis*

### State of California

### California Health & Safety Code S SI 11362.5, Compassionate Use Act of 1996

**Patients Full Name:  Aaron Robert Bewley**

After reviewing this patient's medical history and pertinent medical records, it has been determined by me, the physician, that this patient may legally use cannabis within the state of California. Such use of cannabis is for this patient's relief of symptoms associated with a medical disorder as the patient has not been able to find an acceptable alternative treatment for specified medical conditions. As the physician issuing this recommendation, it is my opinion that this patient's use of cannabis is to improve quality of life and its use is not for an euphoric effect nor to satisfy a craving.

This patient understands that the use of cannabis remains illegal under Federal Law and that neither the physician nor the physician's associated midlevel practitioners have indicated otherwise. This patient understands that it is the responsibility of the patient to remain informed of state and county laws within California regarding cannabis use and abiding by such laws. It is understood by this patient that this recommendation will expire within twelve (12) months from the date of issuance unless stated otherwise. Additionally, this patient has declared under penalty of perjury that the information provided to Norcal Healthcare System is true and accurate to qualify for this recommendation. Providing Norcal Healthcare System false information and/or illegally distributing cannabis will immediately result in suspension of this recommendation thus making its issuance retroactively invalid.

**Hany Assad, M.D.**
**Board Certified Internal Medicine**
**License# A54309**

**Issuance Date:  June 19, 2006**
**Expiration Date:  June 19, 2007**
**Recommendation Number:  06190648 R**

This patient's medical records are confidential and such records are only released to parties authorized by the patient with a signed consent. To verify this patient, you may contact us 7 days a week from 10:00 a.m. to 5:00 p.m. by calling: (510) 839-0723.

BPGA8/22
**APPROVED**

# EXHIBIT A-24

CASE NO. ___CR 07-689-WU___
UNITED STATES OF AMERICA

VS. ___LYNCH___

PLAINTIFF'S EXHIBIT___**166**___

DATE _____IDEN.

DATE _____EVID.

BY_____
AO 386                    Deputy Clerk

# *CCCC Vender Breakdown Sheet (Cannabis)*

February 2006

Date: _12 · 21 · 06_   Time: _5:15 pm_   Invoice#: _NA_

Department: _MC_

Vendor ID #: _#579_

Strain Name _Romulan_   Indica % _____ / Sativa % _____

Stated Weight Received _224g_

Actual Weight Received: _____

Vender Service Charge: _1800_   Consignment: (Yes) No  (circle one)

### *Services Break down*

1 gm _____ CCCC Service Rate per 1 gm _____ = _____ gms

3.5 gm _____ CCC Service Rate per 3.5 gm _____ = _____ gms

14 gm _____ CCCC Service Rate per 14 gm _____ = _____ gms

total _____ gms

Received by Employee #: _____

Weighed by Employee #: _____

Amount Paid to vender: _1860 —_   Vendor Initials: _OJ_

Date paid: _12-21-06_   Payment method: _cca L_

*Approved by:* _C J. L_   Payment From: _12·20·06_

Location: _____

JVC
LOSS

PIF
to $1800
to #1800
mo thru of 579

Central Coast Compassionate Caregivers
2006 All Rights Reserved
Confidential

## *CCCC Vender Breakdown Sheet (Cannabis)*

February 2006

Date: 1-26-07 _____     Time: 6:00 pm _____          Invoice#: 06241 _____

Department: Mc _____

Vendor ID #: 1235 _____

Strain Name W. WIDOW _____     Indica % _____ / Sativa % _____

Stated Weight Received 670 _____

Actual Weight Received: 670 _____

Vender Service Charge: 3,600 _____          Consignment: (Yes) No  (circle one)

### *Services Break down*

1 gm _____  CCCC Service Rate per 1 gm _____ = _____ gms

3.5 gm _____  CCC Service Rate per 3.5 gm _____ = _____ gms

14 gm _____  CCCC Service Rate per 14 gm _____ = _____ gms

total _____ gms

Received by Employee #: 401 _____

Weighed by Employee #: 401 _____

Amount Paid to vender: _____          Vendor Initials: _____

Date paid: _____          Payment method: _____

*Approved by:* MB _____          Payment From: _____

Location: 5 _____

Estimated Payment Date: _____

062411

**STATEMENT**

TO

DATE

TERMS: C.O.N

IN ACCOUNT WITH: ccc

| Item | | Qty | Price |
|---|---|---|---|
| Sour D | | 1/b | 5300 |
| Cat Piss | | 1/b | 3600 |
| Purple Urkle | | 1/b | 5200 |
| W. Widow | | 1 1/2/lb | 3600 |
| Trainwreck | 8/s | | 900.00 |

DISC $8

TOTAL: 18,600

X

PTF

2067

adams 25812

CCCC

780 Monterey Suite B
Morro Bay, CA 93442
.05-772-4879

# Vendor Services

| Date | P.O. No. |
|------|----------|
| 1/26/2007 | 37 |



| Vendor |
|--------|
| 1235 |

| Terms | Consignment |
|-------|-------------|
| Estimated Due Date | 2/10/2007 |

| Item | Description | Qty | Rate | Location | Amount |
|------|-------------|-----|------|----------|--------|
| White Widow | 670 gms White Widow | 1.4955 | 2,407.22 | 5 | 3,600.00 |
| Sour Diesel | 1 lb Sour Diesel | 1 | 5,300.00 | 5 | 5,300.00 |
| Cat Piss | 1 lb Cat Piss | 1 | 3,600.00 | 5 | 3,600.00 |
| Purple Urkle | 1 lb Purple Urkle | 1 | 5,200.00 | 5 | 5,200.00 |
| Train Wreck | 84 gm Train Wreck | 0.1875 | 4,800.00 | 3 | 900.00 |

| Total | $18,600.00 |
|-------|------------|

PIF

2/4/07
2.20.07

Vendor Initials
X

# *CCCC Vender Breakdown Sheet (Cannabis)*

February 2006

Date: 10·31·06      Time: 12:01                    Invoice#: _____

Department: M.C _____

Vendor ID #: 84 _____

Strain Name  Big Bud _____      Indica % _____ / Sativa % _____

Stated Weight Received  448 _____

Actual Weight Received: 448 _____

Vender Service Charge: 3500 / 4000 _____      Consignment:  Yes  No  (circle one)

### *Services Break down*

1 gm _____ CCCC Service Rate per 1 gm _____ = _____ gms

3.5 gm _____ CCC Service Rate per 3.5 gm _____ = _____ gms

14 gm _____ CCCC Service Rate per 14 gm _____ = _____ gms

total _____ gms

Received by Employee #: _____

Weighed by Employee #: _____

Amount Paid to vender: _____         Vendor Initials: _____

Date paid: _____                     Payment method: _____

*Approved by:* _____                 Payment From: 11·1·06 (1800) T.U.C.

2 x 1.0 g                                   Location: #8  11·2·06 +(1700)

45 x 3.5                                         #43

4 y 14 g                                    - 11·10·06 P.I.F -

Central Coast Compassionate Caregivers
2006 All Rights Reserved
Confidential

## *CCCC Vender Breakdown Sheet (Cannabis)*
February 2006

Date: _1-6-07_        Time: _5:45 pm_        Invoice#: _062409_

Department: _Mc_

Vendor ID #: _1235_

Strain Name _StrawBerry Cough_     Indica % _____ / Sativa % _____

Stated Weight Received _____

Actual Weight Received: _____

Vender Service Charge: _5,000_        Consignment: Yes (No) (circle one)

**Services Break down**

1 gm _____ CCCC Service Rate per 1 gm _____ = _____ gms

3.5 gm _____ CCC Service Rate per 3.5 gm _____ = _____ gms

14 gm _____ CCCC Service Rate per 14 gm _____ = _____ gms

total _____ gms

Received by Employee #: _401_

Weighed by Employee #: _401_

Amount Paid to vender: _5000 —_        Vendor Initials: _X_

Date paid: _1.25.07_        Payment method: _c__

*Approved by:* _MB_        Payment From: _CCCC pos_

Location: _S—_

Estimated Payment Date: _1-20-07_

40-3.5
14-1.0   _1-10-07_
4-145

(42) 3.5
(16) -1.0   _1-16-07_
(2) -14g

PROVIDE

PIF 1·25·07

Central Coast Compassionate Caregivers
2006 All Rights Reserved
Confidential

064409
1-6-07

# STATEMENT

TO

DATE 1-6-07

TERMS Con

IN ACCOUNT WITH
401
CCC
1-6-07

| | | | |
|---|---|---|---|
| 1/b | Grape Ape | 5 500 | |
| 1/b | Orange Crush | 4,800 | |
| 1/b | Strawberry Cough | 5 000 | |

TOTAL 15,200

adams 25812

CCCC

780 Monterey Suite B
Morro Bay, CA 93442
05-772-4879

# Vendor Services



| Date | P.O. No. |
|------|----------|
| 1/6/2007 | 16 |

| Terms | Consignment |
|-------|-------------|
| Estimated Due Date | 1/17/2007 |

| Vendor |
|--------|
| 1235 |

| Item | Description | Qty | Rate | Location | Amount |
|------|-------------|-----|------|----------|--------|
| Grape Ape | 1 lb Grape Ape | 1 | 5,400.00 | 5 | 5,400.00 |
| Orange Krush | 1 lb Orange Krush | 1 | 4,800.00 | 5 | 4,800.00 |
| Strawberry Cou... | 1 lb Strawberry Cough | 1 | 5,000.00 | 5 | 5,000.00 |

PIF

| Total | $15,200.00 |
|-------|-----------|



Vendor Initials

# EXHIBIT A-25

## *CCCC Employee Agreement*
February 2006

### *Employee Agreement Form*

As an employee, contractor or volunteer for Central Coast Compassionate Caregivers, CCCC, I hereby agree to the following:

I understand CCCC is a private medical facility with patients that are seriously ill.

I will at all times respect patients in the manner I address them and in the discussions I have with other employees of CCCC.

I will not discuss patient information with any person or entity other than employees of CCCC and that is required to run the day to day operations of the CCCC establishment.

I understand that Federal Law prohibits Cannabis but California Law Senate Bill 420 allows Medical Cannabis and gives patients a constitutional exception based on the 10th Amendment to the United States of America.

I am not an Agent working for any law enforcement agency in any way and that I will not at any time provide any information to any such agency unless required to do so by law or court order.

I am not working as an Under Cover Agent for any law enforcement agency or any other establishment or entity.

I will not at any time discuss the business aspects or patients of CCCC with any person, agency or news media, including internet websites, newspapers, radio, etc.

I understand that all payments made to me are taxable and will be properly reported when I file my tax returns.

I understand that as an employee I am a vital part of the operations of CCCC and will act accordingly and responsibly regarding my employment by being on time, being friendly and courteous and maintaining a professional attitude, appearance and work ethic while on duty.

I agree not to wear perfumes or colognes while on or before my duty begins.

I understand that my status as an employee with CCCC can be terminated at any time.

I agree I have never been convicted of a Felony and authorize a background check of my criminal history.

I agree to abide by the "Conditions for Issuance of Business License" as directed by the City of Morro Bay.

Employee _____        Date   11/30/06

Social Security # _____

Thank you,

Charles Lynch
Central Coast Compassionate Caregivers

Kevin Bryant
4885 Lamplighter Way
Paso Robles CA, 93446
(805) 239-3904 HM
(805) 305-0553 Cell

Please consider this letter and enclosed resume my application for the position offered by your company. My skills consist of a unique combination of organization, finance and management help, which would adequately fulfill the requirements your company is seeking.  I'm dependable and accurate and complete tasks correctly with a minimum of supervision.  My ability to work well  and with others has been proven time and time by good communications and ethics.

My work  history includes  financial statements, general ledger data entry, bank reconciliation's, accounts receivable and payable. If my requirements could fit the criteria of the  position and could work well with your staff please reach me at my above number.

1

**Position Desired: Open**

**Work Experience:**

**06-23-05/ present:  San luis Obispo County Mental Health**

Assist staff with daily functions at San luis obispo mental health facility. Assist clients with meals, person to person interactions, as well as providing safety for staff and patients on the unit,and provide clients transportation to and from court under supervision.

**5-04/7-04 Second Baptist Church**
Assisted  with implementation of new accounting software to manage activity of monthly transactions and record individual accounts closely

**11-03/ 4-04  James Shepard Enterprises**
Full charge bookkeeper for a custom home builder responsible for daily accounting functions, monthly financial reports and ledger entries. Bank reconciliations of several bank accounts, and I also audited  parent company records for 2001, thur 2003.

**1/03-9/03 Solid Gold Produce**
Truck driver for local produce company. Duties where to deliver produce to stores, and restaurants in the central coasts, as well driving up north the Watson ville to pick up produce for delivery.

**12-97-12-99 Rose Pistola Restaurant**
Provided monthly financial statements reports, quarterly tax payments and payroll for one of San Francisco's most prestigious Italian restaurants.  Strong work with A/R and A/P along with inventory of stock items, daily band deposits, calculation book value per share for both common and preferred stock, cash flow projections and basic accounting functions.

**7-96/12-97 Pengo Corporation**
Accounts receivable coordinator responsible for accounts receivable, inventory reports collections and credit management. Daily cash deposits, general ledger entries, payroll and customer billing.

**EDUCATION:**
**2000/2002 Cuesta Community College**
Accounting Certificate completed Vol. 1 , 2 business management and general course.

**95/96 Santa Barbara Business College**
Received certificate in computerized accounting

2

# CCCC Employment Application

Full Name: Kevin Bryant

Address: 4885 Lamplighter Way

Paso Robles, CA 93446

Telephone Number: 805 239-3904 / 305-0553

Social Security Number: ███████████

Are you legally authorized to work in the United States? [X] Yes [ ] No

Are you 18 years old or older? [X] Yes [ ] No

If not, please give your date of birth: _____

What position are you applying for? Worker, Driver, Cultivation

If you are hired, when can you start work? 10/1/06

## EDUCATION

### High School

Name of School: Paso Robles High School

Location: Paso Robles

Number of years attended: 1

Did you graduate? [X] Yes [ ] No   Date of graduation: _____

### Trade School

Name of School: Santa Barbara Business

Location: Santa Maria

Number of years attended: 1 1/2

Did you graduate? [X] Yes [ ] No   Date of graduation: 6-95

### College

Name of School: _Cuesta College_

Location: _Paso Robles_

Number of years attended: _2_

Did you graduate? [ ] Yes [X] No   Date of graduation: _Still Attending_

What degree did you earn? _General Business_


**_Graduate School_**

Name of School: _____

Location: _____

Number of years attended: _____

Did you graduate? [ ] Yes [ ] No   Date of graduation: _____

What degree did you earn? _____


# EMPLOYMENT HISTORY

Beginning with your most recent employment and working back in time, please give the following information:

**_Employer 1_**

Employer: _San Luis Obispo Mental Health_

Address: _2178 Johnson Ave._

Telephone Number: _(805) 781-4711_

Job Title: _Mental Health Worker_

Duties: _Keep unit safe, assist nursing staff._

Dates of Employment: _06/23/05_

Supervisor: _Linda Winborne_

Reason for Leaving: _Still Employed_

*Employer 2*

Employer: Second Baptist Church

Address: 1937 Riverside Ave , Paso Robles

Telephone Number: (805) 238-2011

Job Title: Book Keeper

Duties: Accounts Payable

Dates of Employment: 5/02 – 7/04

Supervisor: Nanni Michael

Reason for Leaving: _____

*Employer 3*

Employer: Rose Pistola Restaurant

Address: 235 Columbus St. San Francisco

Telephone Number: (415) 391-0991

Job Title: Boo Kkee per

Duties: Accounts Payables, and Receivables, Payroll

Dates of Employment: 12-97 12-99

Supervisor: Reed Heron

Reason for Leaving: Car accident

## PERSONAL REFERENCES

Please provide the names of two references who have not employed you and are not related to you.

*Reference 1*

Name: Mark Bishop

Address: _____

Telephone Number: (805) 462-9374

Relationship: _friend_____

*Reference 2*

Name: _Dino Smith_____

Address: _739 Boolen St._____

Telephone Number: _(805) 975-6166_____

Relationship: _friend_____

## ADDITIONAL QUALIFICATIONS

Please tell us about any other training, education, skills or achievements that you feel should be considered.

_I grow do Bookkeeping, I've had Boxing training_
_and take down courses for protection._

## CRIMINAL HISTORY

Have your ever been convicted of a felony? [ ] Yes [X] No

My answers are true and complete. I understand that if I am hired, any false or *incomplete statements in this application will be grounds for immediate discharge.*

Date: _____9/23/06_____

Applicant's Signature: _____



# EXHIBIT A-26

CASE NO. CR 07-689-WU
UNITED STATES OF AMERICA

VS. LYNCH

PLAINTIFF'S EXHIBIT 90

DATE_____IDEN.

DATE_____EVID.

BY_____
AO 386                    Deputy Clerk

# EDD

Serving the People of California

## QUARTERLY WAGE AND WITHHOLDING REPORT

PLEASE TYPE THIS FORM PER INSTRUCTIONS ON REVERSE
You must FILE this report even if you had no payroll. If you had no payroll, complete items C or D and P

**B0060198**

| | YR | QTR |
|---|---|---|
| | 06 | 3 |

Page number    of

QUARTER ENDED    09/30/06    DUE

DELINQUENT IF NOT POSTMARKED OR RECEIVED BY

EMPLOYER ACCOUNT NO.
259 7519 4

606029333    100406
260064646

DO NOT ALTER THIS AREA

CENTRAL COAST COMPASSIONATE CAREGIVERS
780 MONTEREY AVE STE B
MORRO BAY, CA 93442

A. EMPLOYEES full time and part time who worked during or received pay for the payroll period which includes the 12th of the month.

| 1st Mo. | 2nd Mo. | 3rd Mo. |
|---|---|---|
| 10 | 12 | 12 |

B. ☐ Check this box if you are reporting ONLY Voluntary Plan DI wages on this page. Report PIT Wages and PIT Withheld, if appropriate. See instructions for item B.)

C. ☐ NO PAYROLL    D. ☐ OUT OF BUSINESS/FINAL

| E. SOCIAL SECURITY NUMBER | F. EMPLOYEE NAME (FIRST NAME) | (M.I.) | (LAST NAME) | |
|---|---|---|---|---|
| ~~(redacted)~~ | BILLY | D | MOORE | |
| G. TOTAL SUBJECT WAGES | H. PIT WAGES | | I. PIT WITHHELD | |
| 7770.75 | 7770.75 | | 189.13 | |
| ~~(redacted)~~ | GINA | M | ARMSTRONG | |
| 6958.75 | 6958.75 | | 44.38 | |
| ~~(redacted)~~ | MARC | A | BARELLANO | |
| 5775.50 | 5775.50 | | 141.35 | |
| ~~(redacted)~~ | ABRAHM | T | BAXTER | |
| 3202.75 | 3202.75 | | 18.40 | |
| ~~(redacted)~~ | JOHN | V | CANDELARIA | |
| 10681.47 | 10681.47 | | 453.08 | |
| ~~(redacted)~~ | JUSTIN | | ST JOHN | |
| 5336.92 | 5336.92 | | 88.14 | |
| ~~(redacted)~~ | TODD | L | HICKS | |
| 1072.50 | 1072.50 | | .00 | |

| J. TOTAL SUBJECT WAGES THIS PAGE | K. TOTAL PIT WAGES THIS PAGE | L. TOTAL PIT WITHHELD THIS PAGE |
|---|---|---|
| 40798.64 | 40798.64 | 934.48 |

| M. GRAND TOTAL SUBJECT WAGES | N. GRAND TOTAL PIT WAGES | O. GRAND TOTAL PIT WITHHELD |
|---|---|---|
| 51061.21 | 51061.21 | 1058.70 |

P.  I declare that the information herein is true and correct to the best of my knowledge and belief.

Preparer's Signature _____    PREPARER    Title _____ (Owner, Accountant, Preparer, etc.)    Phone 775 332 8800    Date 10/04/06

DE 6 Rev. 3 (1-98) MAIL TO: State of California/Employment Development Department/P.O. Box 826288/Sacramento, CA 94230-6288

# EDD
Serving the People of California

# QUARTERLY WAGE AND WITHHOLDING REPORT

PLEASE TYPE THIS FORM PER INSTRUCTIONS ON REVERSE
You must FILE this report even if you had no payroll. If you had no payroll, complete items C or D and P.

**B0060198**

| Page number | of |
| --- | --- |

| QUARTER ENDED | 09/30/06 | DUE | DELINQUENT IF NOT POSTMARKED OR RECEIVED BY |
| --- | --- | --- | --- |

| YR | QTR |
| --- | --- |
| 06 | 3 |

606029333    100406
260064646

EMPLOYER ACCOUNT NO.
259 7519 4

DO NOT ALTER THIS AREA

CENTRAL COAST COMPASSIONATE CAREGIVERS
780 MONTEREY AVE STE B
MORRO BAY, CA 93442

A. EMPLOYEES full time and part time who worked during or received pay for the payroll period which includes the 12th of the month.

| 1st Mo. | 2nd Mo. | 3rd Mo. |
| --- | --- | --- |

B. ☐ Check this box if you are reporting ONLY Voluntary Plan DI wages on this page. Report PIT Wages and PIT Withheld, if appropriate. (See instructions for item B.)

C. ☐ NO PAYROLL    D. ☐ OUT OF BUSINESS/FINAL

| E. SOCIAL SECURITY NUMBER | F. EMPLOYEE NAME (FIRST NAME) | (M.I.) | (LAST NAME) |
| --- | --- | --- | --- |
| ~~█████~~ | MARK | W | STEWART |

| G. TOTAL SUBJECT WAGES | H. PIT WAGES | I. PIT WITHHELD |
| --- | --- | --- |
| 3324.50 | 3324.50 | 77.18 |

| E. SOCIAL SECURITY NUMBER | F. EMPLOYEE NAME (FIRST NAME) | (M.I.) | (LAST NAME) |
| --- | --- | --- | --- |
| ~~█████~~ | LETICIA | R | HALAS |

| G. TOTAL SUBJECT WAGES | H. PIT WAGES | I. PIT WITHHELD |
| --- | --- | --- |
| 975.83 | 975.83 | .00 |

| E. SOCIAL SECURITY NUMBER | F. EMPLOYEE NAME (FIRST NAME) | (M.I.) | (LAST NAME) |
| --- | --- | --- | --- |
| ~~█████~~ | MIKE | S | KELLEY |

| G. TOTAL SUBJECT WAGES | H. PIT WAGES | I. PIT WITHHELD |
| --- | --- | --- |
| 2804.83 | 2804.83 | 15.91 |

| E. SOCIAL SECURITY NUMBER | F. EMPLOYEE NAME (FIRST NAME) | (M.I.) | (LAST NAME) |
| --- | --- | --- | --- |
| ~~█████~~ | CHAD | R | HARRIS |

| G. TOTAL SUBJECT WAGES | H. PIT WAGES | I. PIT WITHHELD |
| --- | --- | --- |
| 807.83 | 807.83 | .00 |

| E. SOCIAL SECURITY NUMBER | F. EMPLOYEE NAME (FIRST NAME) | (M.I.) | (LAST NAME) |
| --- | --- | --- | --- |
| ~~█████~~ | COREY | R | NANCE |

| G. TOTAL SUBJECT WAGES | H. PIT WAGES | I. PIT WITHHELD |
| --- | --- | --- |
| 2349.58 | 2349.58 | 31.13 |

| E. SOCIAL SECURITY NUMBER | F. EMPLOYEE NAME (FIRST NAME) | (M.I.) | (LAST NAME) |
| --- | --- | --- | --- |
| | | | |

| G. TOTAL SUBJECT WAGES | H. PIT WAGES | I. PIT WITHHELD |
| --- | --- | --- |
| | | |

| E. SOCIAL SECURITY NUMBER | F. EMPLOYEE NAME (FIRST NAME) | (M.I.) | (LAST NAME) |
| --- | --- | --- | --- |
| | | | |

| G. TOTAL SUBJECT WAGES | H. PIT WAGES | I. PIT WITHHELD |
| --- | --- | --- |
| | | |

| J. TOTAL SUBJECT WAGES THIS PAGE | K. TOTAL PIT WAGES THIS PAGE | L. TOTAL PIT WITHHELD THIS PAGE |
| --- | --- | --- |
| 10262.57 | 10262.57 | 124.22 |

| M. GRAND TOTAL SUBJECT WAGES | N. GRAND TOTAL PIT WAGES | O. GRAND TOTAL PIT WITHHELD |
| --- | --- | --- |
| | | |

P.  I declare that the information herein is true and correct to the best of my knowledge and belief.

| Preparer's Signature | | Title | PREPARER | Phone ( | 775 332 8800 | Date | 10/04/06 |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | (Owner, Accountant, Preparer, etc.) | | | | |

DE 6 Rev. 3 (1-98) MAIL TO: State of California/Employment Development Department/P.O. Box 826288/Sacramento, CA 94230-6288

CLIENT COPY

# EXHIBIT A-27

CASE NO._____ CR 07-689-WU
UNITED STATES OF AMERICA

VS._____ LYNCH

PLAINTIFF'S EXHIBIT_____ 8 9

DATE_____IDEN.

DATE_____EVID.

BY_____
AO 386          Deputy Clerk

ScheduleAnywhere: The easy, affordable and proven online employee scheduling system.

| Schedule | Daily Schedule |
|---|---|
| Filter | No filter |
| Date Range | 11/28/2006-12/11/2006 |

| | Name | Dept | Pos | Tot Hrs | Tue 11/21 | Wed 11/21 | Thu 11/31 | Fri 12/01 | Sat 12/01 | Sun 12/01 | Mon 12/0 | Tue 12/0 | Wed 12/0 | Thu 12/0 | Fri 12/0 | Sat 12/1 | Sun 12/1 | Mon 12/1 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Owner | | | | | | | | | | | | | | | | | |
| 2 | Charles Lynch | Main office | Owner | 96 | ON | ON | ON | ON | ON | ON | CLO | ON | ON | ON | ON | ON | ON | CLO |
| 3 | Manager | | | | | | | | | | | | | | | | | |
| 4 | Marc Barellano | Main office | Specialist SBCN | 80 | ON | OFF | ON | ON | ON | ON | CLO | ON | OFF | ON | ON | OFF | ON | CLO |
| 5 | Assistant Managers | | | | | | | | | | | | | | | | | |
| 6 | Abrahm Baxter | Main office | Security Chief | 96 | ON | ON | ON | ON | ON | ON | CLO | ON | ON | ON | ON | ON | ON | CLO |
| 7 | Mike Kelley | Main office | Assistant Manager | 96 | ON | ON | ON | ON | ON | ON | CLO | ON | ON | ON | ON | ON | ON | CLO |
| 8 | Counter | | | | | | | | | | | | | | | | | |
| 9 | Jessica Elliott | Main office | Specialist SRB | 48 | ON | ON | OFF | ON | OFF | OFF | CLO | OFF | ON | OFF | ON | OFF | ON | CLO |
| 10 | Receptionist | | | | | | | | | | | | | | | | | |
| 11 | Gina Armstrong | Main office | Receptionist | 80 | ON | ON | ON | ON | ON | OFF | CLO | ON | ON | ON | ON | ON | OFF | CLO |
| 12 | Specialist | | | | | | | | | | | | | | | | | |
| 13 | Chad Harris | Main office | Specialist SRB | 80 | ON | ON | ON | OFF | OFF | ON | CLO | ON | ON | ON | OFF | OFF | ON | CLO |
| 14 | Security | | | | | | | | | | | | | | | | | |
| 15 | Ryan Doherty | Main office | Security | 80 | OFF | ON | ON | ON | ON | ON | CLO | ON | OFF | ON | ON | ON | ON | CLO |
| 16 | Kevin Bryant | Main office | Security | 80 | ON | ON | OFF | ON | ON | ON | CLO | ON | ON | OFF | ON | ON | ON | CLO |
| 17 | Jerimiah Heller | Main office | Applicant | 48 | OFF | ON | ON | OFF | ON | ON | OFF | ON | ON | OFF | ON | ON | OFF | CLO |
| 18 | Applicants | | | | | | | | | | | | | | | | | |

Italicized print indicates a shift from a different schedule.

Best viewed in 1024x768
Copyright © 1995 - 2006 Atlas Business Solutions, Inc. All rights reserved.

https:...ww.scheduleanywhere.com/reports/printview.aspx?schedule=...&88&filter=d=0&startdate=11/28/2006&...

ScheduleAnywhere: The easy, affordable and proven online employee scheduling system.

Schedule: Daily Schedule
Filter: No filter
Date Range: 12/9/2006-12/22/2006

| | Name | Dept | Pos | Tot Hrs | Sat 12/09 | Sun 12/10 | Mon 12/11 | Tue 12/12 | Wed 12/13 | Thu 12/14 | Fri 12/15 | Sat 12/16 | Sun 12/17 | Mon 12/18 | Tue 12/19 | Wed 12/20 | Thu 12/21 | Fri 12/22 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Owner | | | | | | | | | | | | | | | | | |
| 2 | Charles Lynch | Main office | Owner | 96 | ON | ON | CLO | ON | ON | ON | ON | ON | ON | CLO | ON | ON | ON | ON |
| 3 | Manager | | | | | | | | | | | | | | | | | |
| 4 | Marc Barellano | Main office | Specialist SBCN | 96 | ON | CLO | CLO | ON | ON | ON | ON | ON | CLO | CLO | ON | ON | ON | ON |
| 5 | Assistant Managers | | | | | | | | | | | | | | | | | |
| 6 | Abrahm Baxter | Main office | Security Chief | 96 | ON | ON | CLO | ON | ON | ON | ON | ON | ON | CLO | ON | ON | ON | ON |
| 7 | Mike Kelley | Main office | Assistant Manager | 96 | ON | ON | CLO | ON | ON | ON | ON | ON | ON | CLO | ON | ON | ON | ON |
| 8 | Counter | | | | | | | | | | | | | | | | | |
| 9 | Jessica Elliott | Main office | Specialist SRB | 48 | OFF | OFF | CLO | ON | OFF | ON | OFF | OFF | OFF | CLO | ON | OFF | ON | OFF |
| 10 | Receptionist | | | | | | | | | | | | | | | | | |
| 11 | Gina Armstrong | Main office | Receptionist | 80 | ON | OFF | CLO | ON | ON | ON | ON | ON | OFF | CLO | ON | ON | ON | ON |
| 12 | Specialist | | | | | | | | | | | | | | | | | |
| 13 | Chad Harris | Main office | Specialist SRB | 80 | OFF | ON | CLO | ON | ON | ON | OFF | OFF | ON | CLO | ON | ON | ON | ON |
| 14 | Security | | | | | | | | | | | | | | | | | |
| 15 | Ryan Doherty | Main office | Security | 80 | ON | ON | CLO | CLO | OFF | ON | ON | ON | ON | CLO | CLO | OFF | ON | ON |
| 16 | Kevin Bryant | Main office | Security | 80 | ON | ON | CLO | ON | ON | OFF | ON | ON | ON | CLO | ON | ON | OFF | ON |
| 17 | Jerimiah Heller | Main office | Applicant | 48 | ON | OFF | OFF | OFF | ON | ON | OFF | ON | OFF | OFF | OFF | ON | ON | OFF |
| 18 | Applicants | | | | | | | | | | | | | | | | | |

Italicized print indicates a shift from a different schedule.

Best viewed in 1024x768

Copyright © 1995 - 2006 Atlas Business Solutions, Inc. All rights reserved.

https://www.scheduleanywhere.com/reports/printview.aspx?scheduleid=...

ScheduleAnywhere: The easy, affordable and proven online employee scheduling system.

**Schedule** Daily Schedule
**Filter** No filter
**Date Range** 12/23/2006-1/5/2007

| # | Name | Dept | Pos | Tot Hrs | Sat 12/23 | Sun 12/24 | Mon 12/25 | Tue 12/26 | Wed 12/27 | Thu 12/28 | Fri 12/29 | Sat 12/30 | Sun 12/31 | Mon 1/01 | Tue 1/02 | Wed 1/03 | Thu 1/04 | Fri 1/05 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Owner | | | | | | | | | | | | | | | | | |
| 2 | Charles Lynch | Main office | Owner | 88 | ON | ON | CLO | ON | ON | ON | ON | ON | HOL | CLO | ON | ON | ON | ON |
| 3 | Manager | | | | | | | | | | | | | | | | | |
| 4 | Marc Barellano | Main office | Specialist SBCN | 88 | ON | ON | CLO | ON | ON | ON | ON | ON | HOL | CLO | ON | ON | ON | ON |
| 5 | Assistant Managers | | | | | | | | | | | | | | | | | |
| 6 | Abrahm Baxter | Main office | Security Chief | 88 | ON | ON | CLO | ON | ON | ON | ON | ON | HOL | CLO | ON | ON | ON | ON |
| 7 | Mike Kelley | Main office | Assistant Manager | 88 | ON | ON | CLO | ON | ON | ON | ON | ON | HOL | CLO | ON | ON | ON | ON |
| 8 | Counter | | | | | | | | | | | | | | | | | |
| 9 | Jessica Elliott | Main office | Specialist SRB | 24 | OFF | OFF | CLO | OFF | OFF | OFF | OFF | OFF | HOL | CLO | ON | OFF | | |
| 10 | Receptionist | | | | | | | | | | | | | | | | | |
| 11 | Gina Armstrong | Main office | Receptionist | 80 | ON | OFF | CLO | ON | ON | ON | ON | ON | HOL | CLO | ON | ON | ON | ON |
| 12 | Specialist | | | | | | | | | | | | | | | | | |
| 13 | Chad Harris | Main office | Specialist SRB | 72 | OFF | ON | CLO | ON | ON | OFF | ON | OFF | HOL | CLO | ON | OFF | ON | ON |
| 14 | Security | | | | | | | | | | | | | | | | | |
| 15 | Ryan Doherty | Main office | Security | 72 | ON | ON | CLO | ON | OFF | ON | ON | ON | HOL | CLO | ON | OFF | ON | ON |
| 16 | Kevin Bryant | Main office | Security | 72 | ON | ON | CLO | ON | ON | OFF | ON | ON | HOL | CLO | ON | ON | OFF | ON |
| 17 | Jerimiah Heller | Main office | Applicant | 48 | ON | OFF | CLO | OFF | ON | ON | ON | OFF | HOL | CLO | ON | ON | ON | ON |
| 18 | Applicants | | | | | | | | | | | | | | | | | OFF |

Italicized print indicates a shift from a different schedule.

Copyright © 1995 - 2006 Atlas Business Solutions, Inc. All rights reserved.

https://www.scheduleanywhere.com/reports/printview.aspx?schedule...

ScheduleAnywhere: The easy, affordable and proven online employee scheduling system.

| Schedule | Daily Schedule |
|---|---|
| Filter | No filter |
| Date Range | 1/6/2007-1/19/2007 |

| | Name | Dept | Pos | Tot Hrs | Sat 1/06 | Sun 1/07 | Mon 1/08 | Tue 1/09 | Wed 1/10 | Thu 1/11 | Fri 1/12 | Sat 1/13 | Sun 1/14 | Mon 1/15 | Tue 1/16 | Wed 1/17 | Thu 1/18 | Fri 1/19 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Owner | | | | | | | | | | | | | | | | | |
| 2 | Charles Lynch | Main office | Owner | 96 | ON | ON | CLO | ON | ON | ON | ON | ON | ON | CLO | ON | ON | ON | ON |
| 3 | Manager | | | | | | | | | | | | | | | | | |
| 4 | Marc Bareliano | Main office | Specialist SBCN | 96 | ON | CLO | CLO | ON | ON | ON | ON | ON | ON | CLO | ON | ON | ON | ON |
| 5 | Assistant Managers | | | | | | | | | | | | | | | | | |
| 6 | Abrahm Baxter | Main office | Security Chief | 96 | ON | ON | CLO | ON | ON | ON | ON | ON | ON | CLO | ON | ON | ON | ON |
| 7 | Mike Kelley | Main office | Assistant Manager | 80 | ON | ON | CLO | OFF | ON | ON | OFF | ON | ON | CLO | OFF | ON | ON | ON |
| 8 | Chad Harris | Main office | Clone Manager | 80 | OFF | ON | CLO | OFF | ON | ON | ON | OFF | ON | CLO | ON | ON | ON | ON |
| 9 | Counter | | | | | | | | | | | | | | | | | |
| 10 | Jessica Elliott | Main office | Specialist SRB | 48 | OFF | OFF | CLO | ON | OFF | ON | ON | OFF | OFF | CLO | ON | OFF | ON | ON |
| 11 | Receptionist | | | | | | | | | | | | | | | | | |
| 12 | Gina Armstrong | Main office | Receptionist | 80 | ON | OFF | CLO | ON | ON | ON | ON | ON | OFF | CLO | ON | ON | ON | ON |
| 13 | Specialist | | | | | | | | | | | | | | | | | |
| 14 | Security | | | | | | | | | | | | | | | | | |
| 15 | Ryan Doherty | Main office | Security | 80 | ON | ON | CLO | ON | OFF | ON | ON | ON | ON | CLO | ON | OFF | ON | ON |
| 16 | Kevin Bryant | Main office | Security | 80 | ON | ON | CLO | OFF | ON | ON | ON | ON | ON | CLO | ON | ON | OFF | ON |
| 17 | Jerimiah Heller | Main office | Applicant | 48 | ON | OFF | CLO | OFF | ON | ON | OFF | ON | ON | OFF | ON | ON | OFF | OFF |
| 18 | James Terry | Main office | Security | 64 | OFF | ON | CLO | ON | ON | ON | OFF | ON | ON | CLO | ON | ON | ON | ON |
| 19 | Applicants | | | | | | | | | | | | | | | | | |

Italicized print indicates a shift from a different schedule.

Copyright © 1995 - 2007 Atlas Business Solutions, Inc. All rights reserved.

https...www.scheduleanywhere.com/reports/printview.aspx?schedule=16018&filter=0&startdate=1/6/2007...

ScheduleAnywhere: The easy, affordable and proven online employee scheduling system.

Schedule: Daily Schedule
Filter: No filter
Date Range: 1/20/2007-2/07/2007

| # | Name | Dept | Pos | Tot Hrs | Sat 1/20 | Sun 1/21 | Mon 1/22 | Tue 1/23 | Wed 1/24 | Thu 1/25 | Fri 1/26 | Sat 1/27 | Sun 1/28 | Mon 1/29 | Tue 1/30 | Wed 1/31 | Thu 2/01 | Fri 2/02 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Owner | | | | | | | | | | | | | | | | | |
| 2 | Charles Lynch | Main office | Owner | 96 | ON | ON | CLO | ON | ON | ON | ON | ON | ON | CLO | ON | ON | ON | ON |
| 3 | Manager | | | | | | | | | | | | | | | | | |
| 4 | Marc Barellano | Main office | Manager | 96 | ON | ON | CLO | ON | ON | ON | ON | ON | ON | CLO | ON | ON | ON | ON |
| 5 | Assistant Managers | | | | | | | | | | | | | | | | | |
| 6 | Abrahm Baxter | Main office | Security Chief | 96 | ON | ON | CLO | ON | ON | ON | ON | ON | ON | CLO | ON | ON | ON | ON |
| 7 | Mike Kelley | Main office | Assistant Manager | 80 | ON | ON | CLO | OFF | ON | ON | ON | ON | ON | CLO | OFF | ON | ON | ON |
| 8 | Chad Harris | Main office | Clone Manager | 80 | OFF | ON | CLO | ON | ON | ON | ON | OFF | ON | CLO | ON | ON | ON | ON |
| 9 | Counter | | | | | | | | | | | | | | | | | |
| 10 | Jessica Elliott | Main office | Specialist SRB | 48 | OFF | OFF | CLO | ON | OFF | OFF | ON | OFF | OFF | CLO | ON | ON | ON | ON |
| 11 | Receptionist | | | | | | | | | | | | | | | | | |
| 12 | Gina Armstrong | Main office | Executive Secretary | 80 | ON | OFF | CLO | ON | ON | ON | ON | ON | OFF | CLO | ON | ON | ON | ON |
| 13 | Specialist | | | | | | | | | | | | | | | | | |
| 14 | Security | | | | | | | | | | | | | | | | | |
| 15 | Ryan Doherty | Main office | Security | 80 | ON | ON | CLO | ON | ON | ON | ON | ON | ON | CLO | ON | OFF | ON | ON |
| 16 | Jerimiah Heller | Main office | Specialist SB | 48 | ON | OFF | CLO | OFF | ON | ON | OFF | ON | OFF | CLO | OFF | OFF | OFF | ON |
| 17 | James Terry | Main office | Security | 80 | OFF | ON | CLO | ON | OFF | ON | ON | ON | ON | CLO | ON | ON | OFF | ON |
| 18 | Applicants | | | | | | | | | | | | | | | | | |

Italicized print indicates a shift from a different schedule.

Copyright © 1995 - 2007 Atlas Business Solutions, Inc. All rights reserved.

# EXHIBIT A-28

CASE NO.___CR 07-689-WU___
UNITED STATES OF AMERICA
_____

VS.___LYNCH_____

PLAINTIFF'S EXHIBIT___105_____

DATE_____IDEN.

DATE_____EVID.

BY_____
AO 386          Deputy Clerk

# Dead Clone Log

| | DATE | SCAN # | NAME | REASON | Total # | REMOVED Y/N |
|---|---|---|---|---|---|---|
| 1 | 1/10/07 | | UNIDENTIFIED | | 26 | yes |
| 2 | 1/10/07 | 495 | Romulan | | 16 | Yes |
| 3 | | 498 | White widow | | 19 | Yes |
| 4 | | 639 | NYCD | | 7 | Yes |
| 5 | | 382 | Kali Gold | | 9 | Yes |
| 6 | | 393 | Kali Mist | | 7 | Yes |
| 7 | | 496 | Panama Red | | 4 | Yes |
| 8 | | 478 | Snow Cap | | 4 | Yes |
| 9 | | 703 | Sour Diesel | | 4 | Yes |
| 10 | | 701 | OG Kush | | 5 | Yes |
| 11 | | 394 | HAWG | | 1 | Yes |
| 12 | | 491 | HOG | | 2 | Yes |
| 13 | | 693 | BUDDHA'S SISTER | | 2 | Yes |
| 14 | | 593 | CRITICAL MASS | | 34 | Yes |
| 15 | | 707 | Bubble Kush | | 5 | Yes |
| 16 | | 650 | AFGHANI | | 2 | Yes |
| 17 | | 706 | BIG Kush | | 2 | Yes |
| 18 | | 567 | SILVER HAZE | | 1 | Yes |
| 19 | | 697 | LIFE SAVER | | 1 | Yes |
| 20 | | 387 | Shiva Shanti | | 2 | Yes |
| 21 | | 537 | PURP #1 | | 1 | Yes |
| 22 | | 490 | SAND dollar | | 1 | Yes |
| 23 | | 482 | Thai tonic | | 1 | Yes |
| 24 | | 704 | BOTTR KUSH | | 1 | Yes |
| 25 | | 696 | ICE | | 2 | Yes |
| 26 | | 709 | Power Plant | | 1 | Yes |
| 27 | | 463 | Trainwreck | | 1 | Yes |
| 28 | | 692 | NIRVANA | | 1 | Yes |
| 29 | 1/10/07 | 691 | Pinochio | | 1 | Yes |
| 30 | 1/12/07 | 387 | Shiva Shanti | | ✗ 2 | Yes |
| 31 | | 705 | Straw Kush | | 1 | Yes |
| 32 | | 23 | Bubble Berry | | 2 | Yes |
| 33 | | 700 | NLX Haze | | 1 | Yes |
| 34 | | 696 | Ice | | 1 | Yes |
| 35 | 1/24/06 | 691 | Pinochio | | #1 | |
| 36 | | 701 | OG Kush | | # 2 | |
| 37 | | 23 | Bubble Berry | | # 2 | |
| 38 | | 490 | Sand Dollar | | 1 | |
| 39 | | | | | | |
| 40 | | | | | | |
| 41 | | | | | | |
| 42 | | | | | | |
| 43 | | | | | | |
| 44 | | | | | | |
| 45 | | | | | | |
| 46 | | | | | | |
| 47 | | | | | | |
| 48 | | | | | | |
| 49 | | | | | | |
| 50 | | | | | | |

133

CASE NO. CR 07-689-WU

UNITED STATES OF AMERICA

VS. LYNCH

PLAINTIFF'S EXHIBIT  105

DATE _____ IDEN.

DATE _____ EVID.

BY _____

AO 386                    Deputy Clerk

Central Coast Compassionate Caregivers
2005 All Rights Reserved
Confidential

# EXHIBIT A-29

CASE NO. ___CR 07-689-WU___
UNITED STATES OF AMERICA

VS. ___LYNCH___

PLAINTIFF'S EXHIBIT___93___

DATE_____IDEN.

DATE_____EVID.

BY_____
AO 386          Deputy Clerk

# Timesheet

Printed on: 05/10/2006

May 6 to May 12, 2006

Name:   John V. Candelaria

| Customer:Job | Service Item | Payroll Item | Notes | Sa | Su | M | Tu | W | Th | F | Total | Bill* |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Hourly wage | | 7:30 | 0:00 | 0:00 | 7:30 | 4:30 | 7:30 | 0:00 | 27:00 | N |
| Totals | | | | 7:30 | 0:00 | 0:00 | 7:30 | 4:30 | 7:30 | 0:00 | 27:00 | |

CASE NO. CR 07-689-WU
UNITED STATES OF AMERICA
VS. LYNCH
PLAINTIFF'S EXHIBIT  93
DATE
DATE
BY
AO 386  Deputy Clerk

Signature

# Employee Hours Log May 2006

Employee Name: _Johnny_          ID# _____

| Day | In | Out | Total | Notes |
|---|---|---|---|---|
| Saturday, April 29, 2006 | | | ⊖ | |
| Sunday, April 30, 2006 | | | ⊖ | |
| Monday, May 01, 2006 | | | | closed |
| Tuesday, May 02, 2006 | 11 | 6 | 7 | |
| Wednesday, May 03, 2006 | 2 | 6 | 4 | |
| Thursday, May 04, 2006 | 11 | 6:30 | 7.5 | Front 40. garage OD |
| Friday, May 05, 2006 | 3:50 | 6:30 | 4 | |
| Saturday, May 06, 2006 | 11 | 6:30 | 7.5 | |
| Sunday, May 07, 2006 | | | ⊖ | |
| Monday, May 08, 2006 | | | ⊖ | closed |
| Tuesday, May 09, 2006 | 11 | 6:30 | 7.5 | |
| Wednesday, May 10, 2006 | 2 | 6:30 | 4.5 | |
| Thursday, May 11, 2006 | 11 | 6:30 | 7.5 | |
| **Friday, May 12, 2006** | | | ⊖ | **Pay Day** |
| Saturday, May 13, 2006 | 11 | 6:30 | | |
| Sunday, May 14, 2006 | 11 | 6:30 | | |
| Monday, May 15, 2006 | | | ⊖ | closed |
| Tuesday, May 16, 2006 | 11 | 6:30 | | |
| Wednesday, May 17, 2006 | 11 | 6:30 | | |
| Thursday, May 18, 2006 | 11 | 6:30 | | |
| Friday, May 19, 2006 | 11 | 6:30 | | |
| Saturday, May 20, 2006 | 11 | 6:30 | | |
| Sunday, May 21, 2006 | 11: | 6:30 | | |
| Monday, May 22, 2006 | | | ⊖ | closed |
| Tuesday, May 23, 2006 | 11:15 | 6:30 | | late 15 mins |
| Wednesday, May 24, 2006 | 11 | 6:30 | | |
| Thursday, May 25, 2006 | 11 | 6:30 | | |
| **Friday, May 26, 2006** | 11 | 6:50 | | **Pay Day** |
| Saturday, May 27, 2006 | | | | |
| Sunday, May 28, 2006 | | | | |
| Monday, May 29, 2006 | | | | closed |
| Tuesday, May 30, 2006 | | | | |
| Wednesday, May 31, 2006 | | | | |

Central Coast Compassionate Caregivers
2005 All Rights Reserved
Confidential

# EXHIBIT A-30

Official Form 1 (1/08)

| United States Bankruptcy Court<br>**CENTRAL** DISTRICT OF **CALIFORNIA** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>*Lynch, Charles C.* | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|

| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>*fdba Central Coast Compassionate Caregivers, dba Xyber Software, fdba Xyber Trade* | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
|---|---|

| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): *1879* | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
|---|---|

| Street Address of Debtor (No. & Street, City, and State):<br>*589 Rosemary Lane*<br>*Arroyo Grande CA*    ZIPCODE *93420* | Street Address of Joint Debtor (No. & Street, City, and State):    ZIPCODE |
|---|---|

| County of Residence or of the Principal Place of Business: *San Luis Obispo* | County of Residence or of the Principal Place of Business: |
|---|---|

| Mailing Address of Debtor (if different from street address):<br>*SAME*    ZIPCODE | Mailing Address of Joint Debtor (if different from street address):    ZIPCODE |
|---|---|

| Location of Principal Assets of Business Debtor<br>(if different from street address above): *SAME*    ZIPCODE |
|---|

**Type of Debtor** (Form of organization) (Check one box.)
- [X] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (if debtor is not one of the above entities, check this box and state type of entity below

**Nature of Business** (Check one box.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [ ] Other

**Tax-Exempt Entity** (Check box, if applicable.)
- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- [X] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)
- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose"
- [X] Debts are primarily business debts.

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business as defined in 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
- [ ] A plan is being filed with this petition
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Filing Fee** (Check one box)
- [X] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Statistical/Administrative Information**
- [X] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors
| [X] 1-49 | [ ] 50-99 | [ ] 100-199 | [ ] 200-999 | [ ] 1,000-5,000 | [ ] 5,001-10,000 | [ ] 10,001-25,000 | [ ] 25,001-50,000 | [ ] 50,001-100,000 | [ ] Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets
| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [ ] $100,001 to $500,000 | [X] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities
| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [ ] $100,001 to $500,000 | [ ] $500,001 to $1 million | [X] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Official Form 1 (1/08)                                                                                      FORM B1, Page   2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>*Charles C. Lynch* |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** | (If more than two, attach additional sheet) | |
|---|---|---|
| Location Where Filed:<br>*None* | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** | (If more than one, attach additional sheet) | |
|---|---|---|
| Name of Debtor:<br>*None* | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11)<br><br>☐ Exhibit A is attached and made a part of this petition | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X _____  *04/16/2009*<br>   Signature of Attorney for Debtor(s)         Date |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and exhibit C is attached and made a part of this petition.
☒ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒ Exhibit D completed and signed by the debtor is attached and made part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

Official Form 1 (1/08)                                                                                           FORM B1, Page   3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | *Charles C. Lynch* |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b)<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |
| X _Charles C. Lynch_<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_04/16/2009_<br>Date | X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed name of Foreign Representative)<br><br>_04/16/2009_<br>(Date) |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X _Robert E. Hurlbett_<br>Signature of Attorney for Debtor(s)<br><br>_Robert E. Hurlbett, 149519_<br>Printed Name of Attorney for Debtor(s)<br><br>_Hurlbett & Faucher_<br>Firm Name<br><br>_3324 State Street, Suite O_<br>Address<br><br>_Santa Barbara CA   93105_<br><br>_(805) 963-9111_<br>Telephone Number<br><br>_04/16/2009_<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br><br>X _____<br><br>_____<br>Date<br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual. |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Authorized Individual<br><br>_____<br>Printed Name of Authorized Individual<br><br>_____<br>Title of Authorized Individual<br><br>_04/16/2009_<br>Date | If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

| Robert E. Hurlbett<br>Hurlbett & Faucher<br>3324 State Street, Suite O<br>Santa Barbara , CA  93105<br>(805) 963-9111          (805) 963-2209          149519<br>☒ *Attorney for:*  Charles C. Lynch | FOR COURT USE ONLY |
|---|---|

| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
|---|---|

| In re: Charles C. Lynch<br>   fdba Central Coast Compassionate Caregivers<br>   dba Xyber Software<br>                                                    Debtor(s). | CASE NO.:<br>CHAPTER:        7<br>ADV. NO.: |
|---|---|

### ELECTRONIC FILING DECLARATION
### (INDIVIDUAL)

☒  Petition, statement of affairs, schedules or lists                     Date Filed: *4/30/09*
☐  Amendments to the petition, statement of affairs, schedules or lists    Date Filed: _____
☐  Other: _____               Date Filed: _____

## PART I - DECLARATION OF DEBTOR(S) OR OTHER PARTY

    I (We), the undersigned Debtor(s) or other party on whose behalf the above-referenced document is being filed (Signing Party), hereby declare under penalty of perjury that:  (1) I have read and understand the above-referenced document being filed electronically (Filed Document); (2) the information provided in the Filed Document is true, correct and complete; (3) the "/s/," followed by my name, on the signature line(s) for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature line(s); (4) I have actually signed a true and correct hard copy of the Filed Document in such places and provided the executed hard copy of the Filed Document to my attorney; and (5) I have authorized my attorney to file the electronic version of the Filed Document and this *Declaration* with the United States Bankruptcy Court for the Central District of California.  If the Filed Document is a petition, I further declare under penalty of perjury that I have completed and signed a *Statement of Social Security Number(s)* (Form B21) and provided the executed original to my attorney.

*Signature of Signing Party*                                              04/17/2009
                                                                          Date

Charles C. Lynch
*Printed Name of Signing Party*

_____               04/17/2009
*Signature of Joint Debtor (if applicable)*               Date

_____
*Printed Name of Joint Debtor (if applicable)*

## PART II - DECLARATION OF ATTORNEY FOR SIGNING PARTY

    I, the undersigned Attorney for the Signing Party, hereby declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) the Signing Party signed the *Declaration of Debtor(s) or Other Party* before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature(s) of the Signing Party in the locations that are indicated by "/s/," followed by the Signing Party's name, on the true and correct hard copy of the Filed Document; (4) I shall maintain the executed originals of this *Declaration*, the *Declaration of Debtor(s) or Other Party*, and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this *Declaration*, the *Declaration of Debtor(s) or Other Party*, and the Filed Document available for review upon request of the Court or other parties.  If the Filed Document is a petition, I further declare under penalty of perjury that:  (1) the Signing Party completed and signed the *Statement of Social Security Number(s)* (Form B21) before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (2) I shall maintain the executed original of the *Statement of Social Security Number(s)* (Form B21) for a period of five years after the closing of the case in which they are filed; and (3) I shall make the executed original of the *Statement of Social Security Number(s)* (Form B21) available for review upon request of the Court.

_____               04/17/2009
*Signature of Attorney for Signing Party*               Date

Robert E. Hurlbett
*Printed Name of Attorney for Signing Party*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*November 2006*

## STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows:  (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof.  If none, so indicate.  Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    None

2.  (If petitioner is a partnership or joint venture)  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows:  (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof.  If none, so indicate.  Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

3.  (If petitioner is a corporation)  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows:  (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof.  If none, so indicate.   Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

4.  (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days:  (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof.  If none, so indicate.   Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at _Santa Barbara_, California.

_____
Debtor   Charles C. Lynch

Dated _4·30·09_

_____
Joint Debtor

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009

F 1015-2.1

B 201 - Notice of Available Chapters (Rev. 04/06)                                      USBC, Central District of California

Name:  Robert E. Hurlbett

Address: 3324 State Street, Suite O

         Santa Barbara , CA  93105

Telephone: (805) 963-9111          Fax:  (805) 963-2209

☑ Attorney for Debtor
☐ Debtor in Pro Per

---

<table>
<tr><td colspan="2" align="center"><b>UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA</b></td></tr>
<tr><td>List all names including trade names, used by Debtor(s) within last 8 years:<br><br>Charles C. Lynch<br><br>Central Coast Compassionate Caregivers<br><br>Xyber Software<br><br>Xyber Trade</td><td>Case No.:<br><br><br><b>NOTICE OF AVAILABLE CHAPTERS</b><br>(Notice to Individual Consumer Debtor Under § 342(b) of the Bankruptcy Code)</td></tr>
</table>

In accordance with § 342(b) of the Bankruptcy Code, this notice:  (1)  Describes briefly the services available from credit counseling services;  (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.  You are cautioned that bankruptcy law is complicated and not easily described.  Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition.  Court employees cannot give you legal advice.

1.  <u>Services Available from Credit Counseling Agencies</u>

    **With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis**.  The briefing must be given within 180 days **before** the bankruptcy filing.  The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator.  The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

    **In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge**.  The clerk also has a list of approved financial management instructional courses.

2.  <u>The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors</u>

    <u>Chapter 7</u>:  Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)

    1.  Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.  Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7.  If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code.  It is up to the court to decide whether the case should be dismissed.

2. Under chapter 7, you may claim certain of your property as exempt under governing law.  A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.  Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in instalments over a period of time.  You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13, you must file with the court  a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors.  The court must approve your plan before it can take effect.

3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11:  Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

3. **Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both.  All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition.  Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

B 201 - Notice of Available Chapters (Rev. 04/06)                                        USBC, Central District of California

## Certificate of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

_____

Printed Name and title, if any, of Bankruptcy Petition Preparer
Address:

_____

X _____
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person, or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

## Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

Charles C. Lynch
_____
Printed Name(s) of Debtor(s)

X _Charles C. Lynch_ 4·30·09
Signature of Debtor                          Date

Case No. (if known) _____

X _____
Signature of Joint Debtor (if any)           Date

B6 Declaration (Official Form 6 - Declaration) (12/07)

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

In re *Charles C. Lynch*

Case No.
Chapter    7

_____ / Debtor

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's  liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data"if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | Attached (Yes/No) | No. of Sheets | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A-Real Property | Yes | 1 | $      650,000.00 | | |
| B-Personal Property | Yes | 4 | $       63,391.00 | | |
| C-Property Claimed as Exempt | Yes | 1 | | | |
| D-Creditors Holding Secured Claims | Yes | 1 | | $      793,245.00 | |
| E-Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $        4,140.00 | |
| F-Creditors Holding Unsecured Nonpriority Claims | Yes | 4 | | $      204,662.00 | |
| G-Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H-Codebtors | Yes | 1 | | | |
| I-Current Income of Individual Debtor(s) | Yes | 1 | | | $        1,843.00 |
| J-Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $        6,164.00 |
| TOTAL | | 17 | $      713,391.00 | $    1,002,047.00 | |

B6 Declaration (Official Form 6 - Declaration) (12/07)

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

In re *Charles C. Lynch*

Case No.

Chapter   7

_____ / Debtor

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☒ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

This information is for statistical purposes only under 28 U.S.C. § 159.

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ |
| Student Loan Obligations (from Schedule F) | $ |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ |
| **TOTAL** | $ |

State the following:

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ |
| Average Expenses (from Schedule J, Line 18) | $ |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | $ |

State the following:

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | $ | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ |
| 4. Total from Schedule F | | $ |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ |

FORM B6A (Official Form 6A) (12/07)

In re _Charles C. Lynch_ _____ ,        Case No._____
　　　　　　Debtor(s)                                                                                (if known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| _589 Rosemary Lane, Arroyo Grande, CA Personal Residence_ | _Fee Simple_ | | $ 650,000.00 | $ 650,000.00 |
| | | | | |

|  | **TOTAL $** | · 650,000.00 |
|---|---|---|
| No continuation sheets attached | (Report also on Summary of Schedules.) | |

B6B (Official Form 6B) (12/07)

In re _Charles C. Lynch_ _____,          Case No. _____
           Debtor(s)                                                        (if known)

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N o n e | Description and Location of Property | Husband--H<br>Wife--W<br>Joint--J<br>Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand. | | *Cash on Hand*<br>*Location: In debtor's possession* | | $ 4,300.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | *Checking Account - Rabobank*<br>*Location: In debtor's possession*<br><br>*Checking Account - Wells Fargo Bank*<br>*Location: In debtor's possession* | | $ 100.00<br><br>$ 0.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | *Miscellaneous Household Goods*<br>*Location: In debtor's possession* | | $ 10,000.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | *Miscellaneous Books, Pictures, CDs, Misc. Art Prints*<br>*Location: In debtor's possession* | | $ 400.00 |
| 6.  Wearing apparel. | | *Miscellaneous Wearing Apparel*<br>*Location: In debtor's possession* | | $ 350.00 |
| 7.  Furs and jewelry. | | *Miscellaneous Jewelry*<br>*Location: In debtor's possession* | | $ 400.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |

Page   1   of   4

B6B (Official Form 6B) (12/07)

In re _Charles C. Lynch_ _____,          Case No. _____
                    Debtor(s)                                                      (if known)

## SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | None | Description and Location of Property | Husband--H<br>Wife--W<br>Joint--J<br>Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interest in an education IRA as defined in 26 U.S.C. 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | _IRA - E-trade_<br>_Location: In debtor's possession_ | | $ 10,000.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | _Ameritrade_<br>_Location: In debtor's possession_ | | $ 0.00 |
| | | _Penny Stocks - Etrade_<br>_Location: In debtor's possession_ | | $ 7,756.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts Receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 20. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | | _Trademark on band name 'Microband'_<br>_Location: In debtor's possession_ | | $ 0.00 |

B6B (Official Form 6B) (12/07)

In re _Charles C. Lynch_ _____,   Case No. _____
                    Debtor(s)                                                              (if known)

## SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H<br>Wife--W<br>Joint--J<br>Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 23. Licenses, franchises, and other general intangibles. Give particulars. | | California Business Licenses for Xyler Software and Xyber Trade<br>Location: In debtor's possession | | $ 0.00 |
| 24. Customer lists or other compilations containing personally identifiable information (as described in 11 U.S.C. 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers and other vehicles and accessories. | | 1992 Honda Prelude<br>150,000 miles<br>Location: In debtor's possession | | $ 2,210.00 |
| | | 2005 Nissan Murano<br>75,000 miles<br>Location: In debtor's possession | | $ 10,750.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | Miscellaneous Office Equipment<br>Location: In debtor's possession | | $ 3,000.00 |
| 29. Machinery, fixtures, equipment and supplies used in business. | | Misc. Musical Equipment including PA, lights, speakers, guitars & keyboards<br>Location: In debtor's possession | | $ 13,725.00 |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

Page   3   of   4

B6B (Official Form 6B) (12/07)

In re _Charles C. Lynch_ _____ ,   Case No. _____
                        Debtor(s)                                                      (if known)

## SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | | _Miscellaneous Hand and Power Tools_<br>_Location: In debtor's possession_ | | $ 400.00 |
| | | | Total ➔ | $ 63,391.00 |

Page _4_ of _4_

(Report total also on Summary of Schedules.)
Include amounts from any continuation sheets attached.

B6C (Official Form 6C) (12/07)

In re  _Charles C. Lynch_____ ,        Case No. _____
            Debtor(s)                                                                              (if known)

## SCHEDULE C-PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:        ☐ Check if debtor claims a homestead exemption that exceeds $136,875.

(Check one box)

☐ 11 U.S.C. § 522(b) (2)

☒ 11 U.S.C. § 522(b) (3)

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemptions |
|---|---|---|---|
| Cash on Hand | Calif. C.C.P. §703.140(b)(5) | $ 4,300.00 | $ 4,300.00 |
| Checking Account - Rabobank | Calif. C.C.P. §703.140(b)(5) | $ 100.00 | $ 100.00 |
| Miscellaneous Household Goods | Calif. C.C.P. §703.140(b)(3) | $ 10,000.00 | $ 10,000.00 |
| Miscellaneous Books, Pictures, CDs, Misc. Art Prints | Calif. C.C.P. §703.140(b)(3) | $ 400.00 | $ 400.00 |
| Miscellaneous Wearing Apparel | Calif. C.C.P. §703.140(b)(3) | $ 350.00 | $ 350.00 |
| Miscellaneous Jewelry | Calif. C.C.P. §703.140(b)(4) | $ 400.00 | $ 400.00 |
| IRA - E-trade | Calif. C.C.P. §703.140(b)(10)(E) | $ 10,000.00 | $ 10,000.00 |
| Penny Stocks - Etrade | Calif. C.C.P. §703.140(b)(5) | $ 7,756.00 | $ 7,756.00 |
| 1992 Honda Prelude | Calif. C.C.P. §703.140(b)(2) | $ 2,210.00 | $ 2,210.00 |
| Miscellaneous Office Equipment | Calif. C.C.P. §703.140(b)(6) Calif. C.C.P. §703.140(b)(5) | $ 2,075.00 $ 925.00 | $ 3,000.00 |
| Misc. Musical Equipment | Calif. C.C.P. §703.140(b)(5) | $ 8,744.00 | $ 13,725.00 |

Page No. __1__ of __1__

B6D (Official Form 6D) (12/07)

In re _Charles C. Lynch_ _____,    Case No. _____
            **Debtor(s)**                                                                    (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including ZIP Code and Account Number *(See Instructions Above.)* | Co-Debtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien  H–Husband W–Wife J–Joint C–Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|
| Account No: *3617*  *Creditor # : 1*  *American Home Mortgage, Inc.*  *P.O. Box 631730*  *Irving TX 75063* | | *12/15/2008*  *Purchase Money Lien*  *on Personal Residence*  Value: *$ 650,000.00* | | | | $ 778,300.00 | $ 128,300.00 |
| Account No: *7255*  *Creditor # : 2*  *Bank of Stockton*  *P.O. Box 1110*  *Stockton CA 95201* | | *Purchase Money Lien on Nissan*  Value: *$ 10,750.00* | | | | $ 14,945.00 | $ 4,195.00 |
| Account No:  | | Value: | | | | | |
| No continuation sheets attached | | | | Subtotal $ *(Total of this page)* | | $ 793,245.00 | $ 132,495.00 |
| | | | | Total $ *(Use only on last page)* | | $ 793,245.00 | $ 132,495.00 |
| | | | | | | *(Report also on Summary of Schedules.)* | *(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data)* |

B6E (Official Form 6E) (12/07)

In re  _Charles C. Lynch_ _____,  Case No. _____
                    **Debtor(s)**                                                          (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts NOT entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**   (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☒ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_1_   **continuation sheets attached**

Official Form 6E (12/07) - Cont.

In re _Charles C. Lynch_ _____ ,   Case No._____
                    **Debtor(s)**                                    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

Type of Priority for Claims Listed on This Sheet: _Taxes and Certain Other Debts Owed to Governmental Units_

| Creditor's Name, Mailing Address Including ZIP Code, and Account Number (*See instructions above.*) | Co-Debtor | Date Claim was Incurred and Consideration for Claim | H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim | Amount Entitled to Priority | Amount not Entitled to Priority, if any |
|---|---|---|---|---|---|---|---|---|---|
| Account No: _Creditor # : 1_ _FTB_ _P.O. Box 2952_ _Sacramento CA 95812_ | | _Notice purposes only_ | | | | | $ 0.00 | $ 0.00 | $ 0.00 |
| Account No: _Creditor # : 2_ _IRS_ _Centralized Insolvency Ops._ _P.O. Box 21126_ _Philadelphia PA 19114-0326_ | | _2007 Income Taxes_ | | | | | $ 4,140.00 | $ 4,140.00 | $ 0.00 |
| Account No: | | | | | | | | | |
| Account No: | | | | | | | | | |
| Account No: | | | | | | | | | |
| Account No: | | | | | | | | | |

Sheet No. _1_ of _1_ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | Subtotal $ (Total of this page) | 4,140.00 | 4,140.00 | 0.00 |
|---|---|---|---|---|
| | Total $ (Use only on last page of the completed Schedule E. Report total also on Summary of Schedules) | 4,140.00 | | |
| | Total $ (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | 4,140.00 | 0.00 |

B6F (Official Form 6F) (12/07)

In re _Charles C. Lynch_ _____, Case No. _____
                Debtor(s)                                                          (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed.  R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three  columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:  _0012_  <br> _Creditor # : 1_ <br> _Advanta Bank Corp Master Card_ <br> _Attn:  Collection Services_ <br> _P.O. Box 844_ <br> _Spring House PA 19477_ | | | _3/1/2001_ <br> _Business Debt_ | | | | $ 16,396.00 |
| Account No:  _6000_ <br> _Creditor # : 2_ <br> _American Express_ <br> _P.O. Box 981525_ <br> _El Paso TX 79998_ | | | _11/1/1991_ <br> _Credit Card Purchases_ | | | | $ 300.00 |
| Account No:  _1004_ <br> _Creditor # : 3_ <br> _American Express One_ <br> _Box 001_ <br> _Los Angeles CA 90096_ | | | _3/1/1991_ <br> _Credit Card Purchases_ | | | | $ 550.00 |
| Account No:  _2994_ <br> _Creditor # : 4_ <br> _Arroyo Grande Community Hosp._ <br> _P.O. Box 3900_ <br> _Dept. 33118_ <br> _San Francisco CA 94139_ | | | _1/2/2008_ <br> _Medical Bills_ | | | | $ 1,535.00 |

_3_ continuation sheets attached

| | |
|---|---|
| Subtotal $ | $ 18,781.00 |
| Total $ | |

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07)   - Cont.

In re _Charles C. Lynch_____,         Case No. _____
                    **Debtor(s)**                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| **Account No:   0753**<br>_Creditor # : 5_<br>_Bank of America_<br>_P.O. Box 15710_<br>_Wilmington DE 19886_ | | | _6/1/1998_<br>_Business Debt_ | | | | $ 19,296.00 |
| **Account No:   0767**<br>_Creditor # : 6_<br>_Bank of America_<br>_P.O. Box 15710_<br>_Wilmington DE 19886_ | | | _4/1/2006_<br>_Business Debt_ | | | | $ 19,748.00 |
| **Account No:   4826**<br>_Creditor # : 7_<br>_Bank of America VISA_<br>_P.O. Box 15726_<br>_Wilmington DE 19886_ | | | _2/1/1996_<br>_Credit Card Purchases_ | | | | $ 5,410.00 |
| **Account No:   5352**<br>_Creditor # : 8_<br>_CA Emergency Physician *Arroyo_<br>_P.O. Box 582663, Ste. D-63_<br>_Modesto CA 95358_ | | | _3/2009_<br>_Medical Bills_ | | | | $ 242.00 |
| **Account No:   8939**<br>_Creditor # : 9_<br>_Capitol One Bank VISA_<br>_P.O. Box 5155_<br>_Norcross GA 30091_ | | | _6/20/2008_<br>_Business Debt_ | | | | $ 4,846.00 |
| **Account No:   6535**<br>_Creditor # : 10_<br>_Chase Master Card_<br>_P.O. Box 94014_<br>_Palatine IL 60094_ | | | _4/1/2002_<br>_Credit Card Purchases_ | | | | $ 38,874.00 |

Sheet No.   1   of     3   continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $         $ 88,416.00

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07)   - Cont.

In re _Charles C. Lynch_ _____ ,   Case No. _____
                        **Debtor(s)**                                                  (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No:   0528 <br> Creditor # : 11 <br> Chase VISA <br> P.O. Box 94014 <br> Palatine IL 60094 | | 4/1/1999 <br> Business Debt | | | | $ 14,181.00 |
| Account No:   1607 <br> Creditor # : 12 <br> Chase Visa <br> P.O. Box 94014 <br> Palatine IL 60094 | | 4/1/1999 <br> Credit Card Purchases | | | | $ 22,324.00 |
| Account No:   3418 <br> Creditor # : 13 <br> Chase VISA <br> P.O. Box 94014 <br> Palatine IL 60094 | | 4/1/2002 <br> Credit Card Purchases | | | | $ 11,814.00 |
| Account No:   8802 <br> Creditor # : 14 <br> Discover <br> P.O. Box 30943 <br> Salt Lake City UT 84130 | | 1/1/1999 <br> Credit Card Purchases | | | | $ 1,361.00 |
| Account No:   3611 <br> Creditor # : 15 <br> Etrade Financial VISA <br> P.O. Box 5271 <br> Hicksville NY 11802-5721 | | 3/1/2006 <br> Credit Card Purchases | | | | $ 5,994.00 |
| Account No:   1990 <br> Creditor # : 16 <br> Macy's <br> P.O. Box 1830834 <br> Columbus OH 43218 | | 3/1/1991 <br> Credit Card Purchases | | | | $ 570.00 |

Sheet No.   _2_  of   _3_  continuation sheets attached to Schedule of            Subtotal $            $ 56,244.00
Creditors Holding Unsecured Nonpriority Claims                                        Total $
                     (Use only on last page of the completed Schedule F. Report also on Summary of Schedules
                      and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07)   - Cont.

In re _Charles C. Lynch_ _____,                Case No. _____
                        **Debtor(s)**                                        (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| **Account No:** *3514* <br> Creditor # : 17 <br> Paul T. Stallman, MD, Inc. <br> 921 Oak Park Blvd., Ste. 201 <br> Pismo Beach CA 93449 | | | 3/6/2009 <br> Medical Bills | | | | $ 293.00 |
| **Account No:** *1709* <br> Creditor # : 18 <br> U.S. Bank VISA <br> P.O. Box 790408 <br> St. Louis MO 63179 | | | 8/2007 <br> Business Debt | | | | $ 12,148.00 |
| **Account No:** *6338* <br> Creditor # : 19 <br> Wells Fargo Bank <br> P.O. Box 6995 <br> Portland OR 97228 | | | 11/1992 <br> Overdrawn account | | | | $ 900.00 |
| **Account No:** *2338* <br> Creditor # : 20 <br> Wells Fargo Bank Master Card <br> P.O. Box 54349 <br> Los Angeles CA 90054 | | | 12/1/1996 <br> Business Debt | | | | $ 27,300.00 |
| **Account No:** *2256* <br> Creditor # : 21 <br> Wells Fargo VISA <br> P.O. Box 54349 <br> Los Angeles CA 90054 | | | 12/1/1996 <br> Business Debt | | | | $ 580.00 |
| **Account No:** | | | | | | | |

Sheet No. _3_ of _3_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal $ | $ 41,221.00 |
| Total $ | $ 204,662.00 |

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6G (Official Form 6G) (12/07)

In re _Charles C. Lynch_ _____ / Debtor     Case No. _____
                                                                          (if known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State the nature of debtor's interests in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☒ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract. | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
|  |  |

B6H (Official Form 6H) (12/07)

In re <u>*Charles C. Lynch*</u>   _____ / Debtor   Case No. _____
                                                                    (if known)

# SCHEDULE H-CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preeceding the commencement of the case, identify the name of the debtors spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☒ Check this box if the debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
| | |

B6I (Official Form 6I) (12/07)

In re __Charles C. Lynch_____ ,     Case No. _____
                    **Debtor(s)**                                                    (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: *Single* | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | *Software Developer* | |
| Name of Employer | *Xyper Software (Self)* | |
| How Long Employed | *8 years* | |
| Address of Employer | *589 Rosemary Lane Arroyo Grande CA 93420* | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $    0.00 | $    0.00 |
| 2. Estimate monthly overtime | $    0.00 | $    0.00 |
| 3. SUBTOTAL | $    0.00 | $    0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $    0.00 | $    0.00 |
| b. Insurance | $    0.00 | $    0.00 |
| c. Union dues | $    0.00 | $    0.00 |
| d. Other  (Specify): | $    0.00 | $    0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $    0.00 | $    0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $    0.00 | $    0.00 |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $    1,843.00 | $    0.00 |
| 8. Income from real property | $    0.00 | $    0.00 |
| 9. Interest and dividends | $    0.00 | $    0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $    0.00 | $    0.00 |
| 11. Social security or government assistance (Specify): | $    0.00 | $    0.00 |
| 12. Pension or retirement income | $    0.00 | $    0.00 |
| 13. Other monthly income (Specify): | $    0.00 | $    0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $    1,843.00 | $    0.00 |
| 15. AVERAGE MONTHLY INCOME     (Add amounts shown on lines 6 and 14) | $    1,843.00 | $    0.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME:   (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) | $    1,843.00 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

## Profit and Loss Statement - YTD:2
### 1/1/2009 through 4/28/2009 (Cash Basis)

4/28/2009                                                                          Page 1

| Category Description | 1/1/2009-<br>4/28/2009 |
|---|---|
| **INCOME** | |
| Income | |
| Xyber Software | |
| Friends of CCL | 4,428.37 |
| Web Site Income | 2,944.85 |
| TOTAL Xyber Software | 7,373.22 |
| TOTAL Income | 7,373.22 |
| **TOTAL INCOME** | **7,373.22** |
| | |
| **EXPENSES** | |
| Expenses | |
| Xyber Software | |
| Depreciation and Section 179 Expense | |
| Computer | |
| Accessories | 127.21 |
| Hardware | 124.29 |
| TOTAL Computer | 251.50 |
| TOTAL Depreciation and Section 179 ... | 251.50 |
| Internet Service | |
| Internet Service Provider | |
| AT&T | 456.93 |
| Data Deposit Box | 14.33 |
| GetClicky.com | 4.99 |
| Other Expenses:Xyber Software:Int... | 19.90 |
| TOTAL Internet Service Provider | 496.15 |
| TOTAL Internet Service | 496.15 |
| Office Expense | 41.85 |
| Shipping | 9.18 |
| Taxes and Licenses | 39.95 |
| TOTAL Xyber Software | 838.63 |
| TOTAL Expenses | 838.63 |
| **TOTAL EXPENSES** | **838.63** |
| | |
| **OVERALL TOTAL** | **6,534.59** |

B6J(Official Form 6J)(12/07)

In re _Charles C. Lynch_ _____,   Case No. _____
                    Debtor(s)                                    (if known)

## SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22 A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ *3,704.00* |
| a. Are real estate taxes included?   Yes ☐  No ☒ | |
| b. Is property insurance included?   Yes ☐  No ☒ | |
| 2. Utilities: a. Electricity and heating fuel | $ *242.00* |
| b. Water and sewer | $ *43.00* |
| c. Telephone | $ *200.00* |
| d. Other   *Cable* | $ *64.00* |
| Other   *Alarm Monitoring* | $ *10.00* |
| 3. Home maintenance (repairs and upkeep) | $ *0.00* |
| 4. Food | $ *241.00* |
| 5. Clothing | $ *25.00* |
| 6. Laundry and dry cleaning | $ *0.00* |
| 7. Medical and dental expenses | $ *151.00* |
| 8. Transportation (not including car payments) | $ *226.00* |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ *75.00* |
| 10. Charitable contributions | $ *0.00* |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
| a. Homeowner's or renter's | $ *0.00* |
| b. Life | $ *0.00* |
| c. Health | $ *133.00* |
| d. Auto | $ *79.00* |
| e. Other   *Earthquake Insurance* | $ *15.00* |
| Other | $ *0.00* |
| 12. Taxes (not deducted from wages or included in home mortgage) (Specify) | $ *0.00* |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
| a. Auto | $ *559.00* |
| b. Other:  *Homeowners Association* | $ *12.00* |
| c. Other: | $ *0.00* |
| 14. Alimony, maintenance, and support paid to others | $ *0.00* |
| 15. Payments for support of additional dependents not living at your home | $ *0.00* |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ *210.00* |
| 17. Other:  *Storage Rental* | $ *175.00* |
| Other: | $ *0.00* |
| | *0.00* |
| 18. AVERAGE MONTHLY EXPENSES   Total lines 1-17. Report also on Summary of Schedules | $ *6,164.00* |
| and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

| | |
|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | |
| a. Average monthly income from Line 16 of Schedule I | $ *1,843.00* |
| b. Average monthly expenses from Line 18 above | $ *6,164.00* |
| c. Monthly net income (a. minus b.) | $ *(4,321.00)* |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re _Charles C. Lynch_                       Case No. _____
                    Debtor                                                                (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY AN INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____18_____ sheets, and that they are true and correct to the best of my knowledge, information and belief.

Date: _4/16/2009_             Signature _Charles C. Lynch_
                                        _Charles C. Lynch_

[If joint case, both spouses must sign.]

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

Form 7 (12/07)

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

In re: *Charles C. Lynch*                                                      Case No.
       *fdba Central Coast Compassionate Caregivers*
       *dba Xyber Software*
       *fdba Xyber Trade*

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## *DEFINITIONS*

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor my also be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporation debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101.

---

### 1. Income from employment or operation of business

None ☐   State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                          SOURCE

*Year to date:   $6,535.00*                     *Xyber Software Business*
*Last Year: $16,838.00*                          *Xyber Software Business*
*Year before:   $121,501.00*                     *Central Coast Compassionate Caregivers ($94,350.00); Xyber*
                                                 *Software ($27,151.00)*

---

### 2. Income other than from employment or operation of business

None ☐   State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                          SOURCE

*Year to date:   $5,000.00*                     *Sale of New Mexico Lots*

Form 7 (12/07)

| AMOUNT | SOURCE |
|---|---|
| *Last Year:  $33,984.00* | *Website donations ($5,984.00); Sale of diamond ring and acoustic guitar ($3,000.00); Inheritance from brother ($25,000.00)* |
| *Year before:* | |

---

### 3. Payments to creditors

None ☐

Complete a. or b., as appropriate, and c.

a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor, made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is  not  filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| *Creditor:  American Express* *Address:  P.O. Box 0001, Los Angeles, CA  90096* | *2/21/2009* | *$776.83* | *$50.00* |
| *Creditor:  American Home Mortgage Servicing, Inc.* *Address:  P.O. Box 631730, Irving, TX  75063-1730* | *2/2009* *3/2009* *4/2009* | *$3,705.00* *$3,705.00* *$3,705.00* | *$778,300.00* |
| *Creditor:  Bank of Stockton* *Address:  P.O. Box 1110, Stockton, CA  95201* | *2/2009* *3/2009* *4/2009* | *$559.00* *$559.00* *$559.00* | *$14,945.00* |

---

None ☒

b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filingunder chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None ☒

c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| *United States of America v. Charles C. Lynch CR #07-689-GW* | *Criminal* | *United States District Court Central District of California* | *Pending* |

Statement of Affairs - Page 2

Form 7 (12/07)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| | | *312 N. Spring Street Los Angeles, CA 90012* | |

☒ None   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 5. Repossessions, foreclosures and returns

☒ None   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 6. Assignments and receiverships

☒ None   a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ None   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 7. Gifts

☒ None   List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 8. Losses

☒ None   List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 9. Payments related to debt counseling or bankruptcy

☐ None   List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| *Payee: Robert E. Hurlbett* | *Date of Payment:   12/18/2008* | *$1,550.00* |

Statement of Affairs - Page 3

Form 7 (12/07)

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

*Address:*
*3324 State Street, Suite O*
*Santa Barbara, CA 93105*

*Payor: Charles C. Lynch*

---

**10. Other transfers**

None ☐

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| *Transferee: Bodine Jones*<br>*Address: 488 County Road, 5500*<br>*Bloomfield, NM*<br>*Relationship: Mother* | *12/3/2008* | *Property: Diamond Ring*<br>*Value: $2,500.00* |
| *Transferee: Pat Lynch*<br>*Address: (now deceased)*<br>*Relationship: Brother* | *1/31/2008* | *Property: Harley Davidson*<br>*Value: $6,500.00* |
| *Transferee: Pat Lynch*<br>*Address: (now deceased)*<br>*Relationship: Brother* | *1/31/2008* | *Property: 2 Disney paintings*<br>*Value: $4,000.00* |
| *Transferee: Tom Lynch*<br>*Address: 2935 Lorayne J. Blvd.,*<br>*Kennewick WA 99338*<br>*Relationship: Brother* | *4/23/2009* | *Property: Vacant Land, Deming, New Mexico*<br>*Block 4, Lot 22 of Sundance Ranches, in the*<br>*County of Luna, New Mexico,*<br>*Value: $2,500.00* |
| *Transferee: Tom Lynch*<br>*Address: 2935 Lorayne J. Blvd.,*<br>*Kennewick, WA 99338*<br>*Relationship: Brother* | *4/23/2009* | *Property: Vacant Land, Deming, New Mexico*<br>*Block 4, Lot 23 of Sundance Ranches, in the*<br>*County of Luna, New Mexico*<br>*Value: $2,500.00* |
| *Transferee: Manny English*<br>*Address: Unknown*<br>*Relationship: Buyer* | *10/01/2008* | *Property: Acoustic Guitar*<br>*Value: $500.00* |

---

None ☒

b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

---

**11. Closed financial accounts**

None ☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Form 7 (12/07)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| *Institution:  Wells Fargo Bank Business Account Address:  P.O. Box 6995, Portland, OR* | *Account Type and No.: Checking / 3451 Final Balance:  $0.00* | *$600.00 2/2009* |
| *Institution:  Bank of America Address:  390 Morro Bay Blvd., Morro Bay, CA  93422* | *Account Type and No.: Business Checking  / 0239 Final Balance:  $0.00* | *$0.00 2/25/2009* |
| *Institution: Metropolitan Life Insurance Company Address:  485 East U.S. Hwy 1 FL-4, P.O. Box 4121, Iselin, NJ 08830* | *Account Type and No.: Death Benefit / $0.00* | *$3,739.00 / 3/2009* |

**12. Safe deposit boxes**

None ☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**13. Setoffs**

None ☐

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|
| *Creditor:  Wells Fargo Bank, N.A. Address:  P.O. Box 54349, Los Angeles, CA 90054* | *2/23/2009* | *$835.00* |

**14. Property held for another person**

None ☒

List all property owned by another person that the debtor holds or controls.

**15. Prior address of debtor**

None ☒

If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

**16. Spouses and Former Spouses**

None ☒

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

Form 7 (12/07)

---

**17. Environmental Information**

None ☒

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to disposal sites.

"Hazardous Material" means anything defined as hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar termunder an Environmental Law:

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

---

None ☒

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

---

None ☒

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law, with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

---

**18. Nature, location and name of business**

None ☐

a. If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses    in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses    in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|
| *Xyber Software* | ID: 1879 | *589 Rosemary Lane, Arroyo Grande, CA  93420* | *Software and Internet Development* | *11/2001 - present* |
| *Xyber Trade* | ID: 1879 | *589 Rosemary Lane, Arroyo Grande, CA 93420* | *Locally-based stock trading club* | *11/2003 - 12/2005* |

Form 7 (12/07)

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| *Central Coast Compassionate Caregivers* | *ID:  1879* | *Morro Bay, CA* | *Medical Marijuana Dispensary* | *1/2006 – 5/2007* |

None ☒   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)

**19. Books, records and financial statements**

None ☐   a. List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                                    DATES SERVICES RENDERED

*Name:  Debtor*                                                          *Dates:*
*Address:*

None ☒   b. List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

None ☐   c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                          ADDRESS

*Name:  Debtor and U.S.*          *312 North Spring Street, Los Angeles, CA*
*Attorney's Office*                  *90012*
*Missing:*                              *(Records seized)*

None ☐   d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

NAME                                          ADDRESS                                    DATES ISSUED

Statement of Affairs - Page 7

Form 7 (12/07)

| NAME | ADDRESS | DATES ISSUED |
|------|---------|--------------|
| *United States Probation Office* | *312 Spring Street, Los Angeles, CA  90012* | *Dates:*   9/2008 |
| *Help U Sell* | *960 West Grand Avenue, Suite D, Grover Beach, CA  93433* | *Dates:*   March 2009 |

---

**20. Inventories**

None ☒  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

---

None ☒  b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

---

**21. Current Partners, Officers, Directors and Shareholders**

None ☒  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

---

None ☒  b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

---

**22. Former partners, officers, directors and shareholders**

None ☒  a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

---

None ☒  b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

---

**23. Withdrawals from a partnership or distribution by a corporation**

None ☒  If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

---

**24. Tax Consolidation Group.**

None ☒  If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

Statement of Affairs - Page 8

Form 7 (12/07)

---

**25. Pension Funds.**

None   If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been
☒      responsible for contributing at any time within six years immediately preceding the commencement of the case.

---

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  4 . 30 . 09          Signature _____
                           of Debtor

Date  _____      Signature _____
                           of Joint Debtor
                           (if any)

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

In re *Charles C. Lynch*

Case No. _____

Chapter   7

_____ / Debtor

## CHAPTER 7 STATEMENT OF INTENTION

**Part A -**  Debts Secured by property of the estate. (Part A must be completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)

Property No.  *1*

| **Creditor's Name :** | **Describe Property Securing Debt :** |
|---|---|
| *American Home Mortgage, Inc.* | *589 Rosemary Lane, Arroyo Grande, CA* |

Property will be (check one) :

☐ Surrendered      ☒ Retained

If retaining the property, I intend to (check at least one) :

☒ Redeem the property

☐ Reaffirm the debt

☐ Other. Explain _____  (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt      ☒ Not claimed as exempt

Property No.  *2*

| **Creditor's Name :** | **Describe Property Securing Debt :** |
|---|---|
| *Bank of Stockton* | *2005 Nissan Murano* |

Property will be (check one) :

☐ Surrendered      ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☒ Reaffirm the debt

☐ Other. Explain _____  (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt      ☒ Not claimed as exempt

B 8 (Official Form 8) (12/08)

**Part B -** Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. | | |
|---|---|---|
| **Lessor's Name:**<br><br>*None* | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2):<br><br>☐ Yes     ☐ No |

### Signature of Debtor(s)

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date: 4.30.09          Debtor: *Charles C. Lynch*

Date: _____          Joint Debtor: _____

Form B203 Disclosure of Compensation of Attorney for Debtor (12/94)

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re *Charles C. Lynch*
    *fdba Central Coast Compassionate Caregivers*
    *dba Xyber Software*
    *fdba Xyber Trade*

Case No.
Chapter   7

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR.

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$      *1,550.00*

Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . . .$      *1,550.00*

Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$      *0.00*

2. The source of the compensation paid to me was:
☒ Debtor      ☐ Other (specify)

3. The source of compensation to be paid to me is:
☒ Debtor      ☐ Other (specify)

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearing thereof;

   d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

   e. [Other provisions as needed].
      *None*

Form B203 Page Two - Disclosure of Compensation of Attorney for Debtor (12/94)

6.    By agreement with the debtor(s), the above-disclosed fee does not include the following services:

   *None*

---

# CERTIFICATION

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

04/16/2009
_____
Date

_____
Signature of Attorney

*Hurlbett & Faucher*
_____
Name of Law Firm

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Robert E. Hurlbett                    Bar #: 149519<br>Hurlbett & Faucher<br>3324 State Street, Suite O<br>Santa Barbara , CA  93105<br>(805) 963-9111   Fax:   (805) 963-2209<br><br><br>*Attorney for*  Charles C. Lynch | |

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| In re:    Charles C. Lynch<br><br>fdba Central Coast Compassionate Caregivers<br><br>dba Xyber Software | CHAPTER 7<br><br>CASE NUMBER |
| Debtor. | (No Hearing Required) |

## DECLARATION RE: LIMITED SCOPE OF APPEARANCE
## PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1

TO THE COURT, THE DEBTOR, THE TRUSTEE (if any), AND THE UNITED STATES TRUSTEE:

1.  I am the attorney for the Debtor in the above-captioned bankruptcy case.

2.  On *(specify date)* December 18, 2008_____, I agreed with the Debtor that for a fee of $ 1,550.00_____, I would provide only the following services:

    a.  ☒ Prepare and file the Petition and Schedules
    b.  ☒ Represent the Debtor at the 341(a) Meeting
    c.  ☐ Represent the Debtor in any relief from stay actions
    d.  ☐ Represent the Debtor in any proceeding involving an objection to Debtor's discharge pursuant to
        11 U.S.C. § 727
    e.  ☐ Represent the Debtor in any proceeding to determine whether a specific debt is nondischargeable under
        11 U.S.C. § 523
    f.  ☐ Other *(specify):*

3.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on the following date at the city set forth in the upper left-hand corner of this page.

Dated: *4·30·09*

I HEREBY APPROVE THE ABOVE:

Charles C. Lynch

Hurlbett & Faucher
*Law Firm Name*

By:

Name:   Robert E. Hurlbett
*Attorney for Debtor*
Bar #: 149519
3324 State Street, Suite O
Santa Barbara , CA  93105
(805) 963-9111   Fax:   (805) 963-2209

February 2006                                                      2006 USBC Central District of California

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| In re  Charles C. Lynch | CHAPTER:  7 |
| Debtor(s). | CASE NO.: |

# DEBTOR'S CERTIFICATION OF EMPLOYMENT INCOME
## PURSUANT  TO 11 U.S.C. § 521(a)(1)(B)(iv)

Please fill out the following blank(s) and check the box next to <u>one</u> of the following statements:

I, __Charles C. Lynch_____, the debtor in this case, declare under penalty
            *(Print Name of Debtor)*

of perjury under the laws of the United States of America that:

☐     I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the 60-day period prior to the date of the filing of my bankruptcy petition.
        (*NOTE:  the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.*)

☑     I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received no payment from any other employer.

☐     I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.

I, _____, the debtor in this case, declare under penalty of
            *(Print Name of Joint Debtor, if any)*

perjury under the laws of the United States of America that:

☐     I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the 60-day period prior to the date of the filing of my bankruptcy petition.
        (*NOTE:  the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.*)

☐     I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received no payment from any other employer.

☐     I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.

Date  __04/16/2009_____          Signature  *Charles C. Lynch*_____
                                                            Charles C. Lynch

Date  __04/16/2009_____          Signature  _____

B22A (Official Form 22A) (Chapter 7) (12/08)

| | |
|---|---|
| In re __Charles C. Lynch__<br>          Debtor(s)<br><br>Case Number: _____<br>                  (If known) | According to the information required to be entered on this statement (check one box as directed in Part I, III, or VI of this<br><br>☐ The presumption arises.<br>☒ The presumption does not arise.<br>☐ **The presumption is temporarily inapplicable.**<br>(Check the box as directed in Parts I, III, and VI of this statement.) |

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
# AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor, whether or not filing jointly. Unless the exclusion in Line 1C applies, joint debtors may complete a single statement. If the exclusion in Line 1C applies, each joint filer must complete a separate statement.

| | Part I. MILITARY AND NON-CONSUMER DEBTORS |
|---|---|
| 1A | **Disabled Veterans.**   If you are a disabled veteran described in the Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| 1B | **Non-consumer Debtors.**    If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☒ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.**   Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII.<br>**During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.**<br><br>☐  **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard<br><br>          a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and<br>                   ☐ I remain on active duty /or/<br>                   ☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed;<br><br>                   OR<br><br>          b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/<br>                   ☐ I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days<br>                       before this bankruptcy case was filed. |

B22A (Official Form 22A) (Chapter 7) (12/08)   - Cont.    2

## Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION

| | | | Column A | Column B |
|---|---|---|---|---|
| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☒ **Unmarried. Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above.    **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**<br>d. ☐ Married, filing jointly.  **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** | | | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six month total by six, and enter the result on the appropriate line. | | | Column A<br>Debtor's<br>Income | Column B<br>Spouse's<br>Income |
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | | | $ | $ |
| 4 | **Income from the operation of a business, profession, or farm.**   Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.** | | | $ | $ |
| | a. | Gross receipts | $ | | |
| | b. | Ordinary and necessary business expenses | $ | | |
| | c. | Business income | Subtract Line b from Line a | | |
| 5 | **Rent and other real property income.**   Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero.   **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.** | | | $ | $ |
| | a. | Gross receipts | $ | | |
| | b. | Ordinary and necessary operating expenses | $ | | |
| | c. | Rent and other real property income | Subtract Line b from Line a | | |
| 6 | **Interest, dividends, and royalties.** | | | $ | $ |
| 7 | **Pension and retirement income.** | | | $ | $ |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is incompleted. | | | $ | $ |
| 9 | **Unemployment compensation.**   Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br>Unemployment compensation claimed to be a benefit under the Social Security Act   Debtor $ _____   Spouse $ _____ | | | $ | $ |
| 10 | **Income from all other sources.**   Specify source and amount. If necessary, list additional sources on a separate page.   **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | | | |
| | a. | | 0 | | |
| | b. | | 0 | | |
| | Total and enter on Line 10 | | | $ | $ |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).**   Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | | | $ | $ |
| 12 | **Total Current Monthly Income for § 707(b)(7).**   If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | | | $ | |

B22A (Official Form 22A) (Chapter 7) (12/08)   - Cont.                                                                3

| | **Part III. APPLICATION OF § 707(b)(7) EXCLUSION** | |
|---|---|---|
| 13 | **Annualized Current Monthly Income for § 707(b)(7).**     Multiply the amount from Line 12 by the number 12 and enter the result. | $ |
| 14 | **Applicable median family income.**     Enter the median family income for the applicable state and household size. (This information is available by family size at     www.usdoj.gov/ust/     or from the clerk of the bankruptcy court.)<br><br>a. Enter debtor's state of residence: _____ b. Enter debtor's household size: _____ | $ |
| 15 | **Application of Section 707(b)(7).**     Check the applicable box and proceed as directed.<br><br>☒ **The amount on Line 13 is less than or equal to the amount on Line 14.**     Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI, or VII.<br><br>☐ **The amount on Line 13 is more than the amount on Line 14.**     Complete the remaining parts of this statement. | |

**Complete Parts IV, V, VI, and VII of this statement only if required. (See Line 15).**

| | **Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)** | | |
|---|---|---|---|
| 16 | **Enter the amount from Line 12.** | | $ |
| 17 | **Marital adjustment.**     If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. | | |
| | a. | $ | |
| | b. | $ | |
| | c. | $ | |
| | Total and enter on Line 17 | | $ |
| 18 | **Current monthly income for § 707(b)(2).**     Subtract Line 17 from Line 16 and enter the result. | | $ |

| | **Part V. CALCULATION OF DEDUCTIONS FROM INCOME** | | |
|---|---|---|---|
| | **Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)** | | |
| 19A | **National Standards: food, clothing, and other items.**     Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable household size. (This information is available at www.usdoj.gov/ust/     or from the clerk of the bankruptcy court.) | | $ |
| 19B | **National Standards: health care.**     Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at     www.usdoj.gov/ust/     or from the clerk of the bankruptcy court.) Enter in Line b1 the number of members of your household who are under 65 years of age, and enter in Line b2 the number of members of your household who are 65 years of age or older. (The total number of household members must be the same as the number stated in Line 14b.) Multiply Line a1 by Line b1 to obtain a total amount for household members under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for household members 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | | |
| | **Household members under 65 years of age** / **Household members 65 years of age or older** | | |
| | a1. Allowance per member / a2. Allowance per member<br>b1. Number of members / b2. Number of members<br>c1. Subtotal / c2. Subtotal | | $ |
| 20A | **Local Standards: housing and utilities; non-mortgage expenses.**     Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | $ |

B22A (Official Form 22A) (Chapter 7) (12/08)   - Cont.                                                                                              4

| 20B | **Local Standards: housing and utilities; mortgage/rent expenses.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and household size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** |  |
|---|---|---|
| | a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ | |
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ | |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a. | $ |

| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: <br><br> [text box] | $ |
|---|---|---|

| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. <br><br> Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8. <br><br> ☒ 0  ☐ 1  ☐ 2 or more. <br><br> If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|---|---|---|

| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|---|---|---|

| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) <br><br> ☐ 1  ☐ 2 or more. <br><br> Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** |  |
|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | $ | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $ | |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $ |

| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23. Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** |  |
|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | $ | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ | |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $ |

B22A (Official Form 22A) (Chapter 7) (12/08)   - Cont.                                                                 5

| 25 | **Other Necessary Expenses: taxes.**   Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social-security taxes, and Medicare taxes.   **Do not include real estate or sales taxes.** | |
|---|---|---|
| 26 | **Other Necessary Expenses: mandatory payroll deductions for employment.**   Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ |
| 27 | **Other Necessary Expenses: life insurance.**   Enter total average monthly premiums that you actually pay for term life insurance for yourself.   **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |
| 28 | **Other Necessary Expenses: court-ordered payments.**   Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due support obligations included in Line 44.** | $ |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.**   Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 30 | **Other Necessary Expenses: childcare.**   Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool.   **Do not include other educational payments.** | $ |
| 31 | **Other Necessary Expenses: health care.**   Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ |
| 32 | **Other Necessary Expenses: telecommunication services.**   Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service -- such as pagers, call waiting, caller id, special long distance, or internet service -- to the extent necessary for your health and welfare or that of your dependents.   **Do not include any amount previously deducted.** | $ |
| 33 | **Total Expenses Allowed under IRS Standards.**   Enter the total of Lines 19 through 32. | $ |

## Subpart B: Additional Living Expense Deductions
## Note: Do not include any expenses that you have listed in Lines 19-32

| 34 | **Health Insurance, Disability Insurance and Health Savings Account Expenses.**   List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. <br><br> a. Health Insurance  $ <br> b. Disability Insurance  $ <br> c. Health Savings Account  $ <br><br> Total and enter on Line 34 <br><br> **If you do not actually expend this total amount,**   state your actual total average monthly expenditures in the space below: <br> $ _____ | $ |
|---|---|---|
| 35 | **Continued contributions to the care of household or family members.**   Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ |
| 36 | **Protection against family violence.**   Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 37 | **Home energy costs.**   Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs.   **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that reasonable and necessary and not already accounted for in the IRS Standards.** | $ |

B22A (Official Form 22A) (Chapter 7) (12/08)   - Cont.                                                                    6

| 38 | **Education expenses for dependent children less than 18.**   Enter the total average monthly expenses that you actually incur, not to exceed $137.50 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age.   **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |
|---|---|---|
| 39 | **Additional food and clothing expense.**   Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at   www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)   **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 40 | **Continued charitable contributions.**   Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 41 | **Total Additional Expense Deductions under § 707(b).**   Enter the total of Lines 34 through 40 | $ |

## Subpart C: Deductions for Debt Payment

| 42 | **Future payments on secured claims.**   For each of your debts that is secured by an interest in you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. |  |
|---|---|---|

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. | | | $ | ☐ yes  ☐ no |
| b. | | | $ | ☐ yes  ☐ no |
| c. | | | $ | ☐ yes  ☐ no |
| d. | | | $ | ☐ yes  ☐ no |
| e. | | | $ | ☐ yes  ☐ no |
| | | | Total: Add Lines a - e | |

(Line 42 total: $)

| 43 | **Other payments on secured claims.**   If any of the debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. |  |
|---|---|---|

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |
| b. | | | $ |
| c. | | | $ |
| d. | | | $ |
| e. | | | $ |
| | | | Total: Add Lines a - e |

(Line 43 total: $)

| 44 | **Payments on prepetition priority claims.**   Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | $ |
|---|---|---|

| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | |
|---|---|---|
| | a. Projected average monthly Chapter 13 plan payment. | $ |
| | b. Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x |
| | c. Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b | $ |

| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $ |
|---|---|---|

## Subpart D: Total Deductions from Income

| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ |
|---|---|---|

## Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| 48 | Enter the amount from Line 18 (Current monthly income for § 707(b)(2)) | $ |
|---|---|---|
| 49 | Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2)) | $ |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result | $ |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ |
| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than $6,575** Check the box for "The presumption does not arise" at the top of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br><br>☐ **The amount set forth on Line 51 is more than $10,950.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI.<br><br>☐ **The amount on Line 51 is at least $6,575, but not more than $10,950.** Complete the remainder of Part VI (Lines 53 through 55). | |
| 53 | Enter the amount of your total non-priority unsecured debt | $ |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br><br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. | |

## PART VII. ADDITIONAL EXPENSE CLAIMS

| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. | |
|---|---|---|
| | Expense Description | Monthly Amount |
| | a. | $ |
| | b. | $ |
| | c. | $ |
| | Total: Add Lines a, b, and c | $ |

B22A (Official Form 22A) (Chapter 7) (12/08)   - Cont.                                                          8

| | **Part VIII: VERIFICATION** |
|---|---|
| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct.   *(If this a joint case, both debtors must sign.)*<br><br>Date: _4·30·09_   Signature: _Charly C. Lynch_<br>                                                         (Debtor)<br><br>Date: _____   Signature: _____<br>                                                         (Joint Debtor, if any ) |

Verification of Creditor Mailing List - (Rev. 10/05)                    2003 USBC, Central District of California

## MASTER MAILING LIST
## Verification Pursuant to Local Rule 1007-2(d)

Name _Robert E. Hurlbett_

Address _3324 State Street, Suite O Santa Barbara, CA 93105_

Telephone _(805) 963-9111_

[X]   Attorney for Debtor(s)
[ ]   Debtor In Pro Per

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| List all names including trade names, used by Debtor(s) within last 8 years:<br>_In re  Charles C. Lynch_<br>_fdba  Central  Coast  Compassionate Caregivers_<br>_dba Xyber Software_<br>_fdba Xyber Trade_ | Case No.<br><br>Chapter  **7** |

## VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of _3_ sheet(s) is complete, correct and consistent with the debtor's schedules pursuant to Local Rule 1007-2(d) and I/we assume all responsibility for errors and omissions.

Date: _04/23/2009_

Attorney: _Robert E. Hurlbett_

Debtor: _Charles C. Lynch_

Joint Debtor:

Charles C  Lynch
589 Rosemary Lane
Arroyo Grande  CA  93420


Robert E  Hurlbett
3324 State Street  Suite O
Santa Barbara  CA  93105


Advanta Bank Corp Master Card
Attn   Collection Services
P O  Box 844
Spring House  PA  19477


American Express
P O  Box 981525
El Paso  TX  79998


American Express One
Box 001
Los Angeles  CA  90096


American Home Mortgage  Inc
P O  Box 631730
Irving  TX  75063


Arroyo Grande Community Hosp
P O  Box 3900
Dept  33118
San Francisco  CA  94139


Bank of America
P O  Box 15710
Wilmington  DE  19886


Bank of America VISA
P O  Box 15726
Wilmington  DE  19886


Bank of Stockton
P O  Box 1110
Stockton  CA  95201

CA Emergency Physician *Arroyo
P O  Box 582663  Ste  D-63
Modesto  CA  95358


Capitol One Bank VISA
P O  Box 5155
Norcross  GA  30091


Chase Master Card
P O  Box 94014
Palatine  IL  60094


Chase VISA
P O  Box 94014
Palatine  IL  60094


Discover
P O  Box 30943
Salt Lake City  UT  84130


Etrade Financial VISA
P O  Box 5271
Hicksville  NY  11802-5721


FTB
P O  Box 2952
Sacramento  CA  95812


IRS
Centralized Insolvency Ops
P O  Box 21126
Philadelphia  PA  19114-0326


Macy's
P O  Box 1830834
Columbus  OH  43218


Paul T  Stallman  MD  Inc
921 Oak Park Blvd  Ste  201
Pismo Beach  CA  93449

```
U S  Bank VISA
P O  Box 790408
St  Louis  MO  63179


Wells Fargo Bank
P O  Box 6995
Portland  OR  97228


Wells Fargo Bank Master Card
P O  Box 54349
Los Angeles  CA  90054


Wells Fargo VISA
P O  Box 54349
Los Angeles  CA  90054
```

# EXHIBIT A-31



Case #: RS-07-0009/WCM2L

Seizing Agent: SA Burkdoll

Exhibit #: 30

Date: 07/14/06  Time: 2:15 PM

Location : 780 Monterey Ave, Ste. B, Morro Bay, CA

# EXHIBIT A-32

CASE NO. CR 07-689-WU
UNITED STATES OF AMERICA

VS. LYNCH

PLAINTIFF'S EXHIBIT 14A

DATE_____IDEN.

DATE_____EVID.

BY_____

AO  386        Deputy Clerk

CT102901

0607-5590

7/14/2006 2:23 PM                    Sales Receipt #4685
Store: 1

Customer Copy

Central Coast C. C.
780 Monterey Ave Suite B
Morro Bay, CA 93442

Cashier: bdm

| Dept Name | Qty | Price | Ext Price |
|-----------|-----|-------|-----------|
| Cannabis | 1 | $50.00 | $50.00 |
| For medical use only | | | |
| Cannabis | 1 | $20.00 | $20.00 |
| For medical use only | | | |
| Cannabis | 1 | $20.00 | $20.00 |
| For medical use only | | | |
| Concentrates | 1 | $30.00 | $30.00 |
| For medical use only | | | |

Subtotal:     $120.00
0 % Tax:       +$0.00
RECEIPT TOTAL:  $120.00

Local Sales Tax

Credit Card: $120.00   XXXX8018
MasterCard
Reference # 0000004008        Auth=012191
Entry: Swiped         Merchant #***93878

Signature _____
I agree to pay above amount according to card
issuer agreement (merchant agreement
if credit voucher).

Caregiver service charge



4685

CASE NO. __CR 07-689-WU__

UNITED STATES OF AMERICA

VS. __LYNCH__

NTIFF'S EXHIBIT __14 A__

DATE_____ IDEN.

DATE_____ EVID.

BY_____

AO_386          Deputy Clerk

# EXHIBIT A-33

|  | SALES | RETURNS | NET |
|---|---|---|---|
| Sales : | 9,204.48 | 0.00 | 9,204.48 |
| Paid Outs : | 0.00 | 20.00 | (20.00) |
| Total : | 9,204.48 | 20.00 | 9,184.48 |

| | |
|---|---|
| Charged to Account : | 0.00 |
| Gift Certificate used : | 0.00 |
| Gift Card used : | 85.21 |
| Net Deposit used : | 0.00 |
| Cash flow total | 9,099.27 |

## DISCOUNT BREAKOUT

|  | SALES | RETURNS | NET |
|---|---|---|---|
| Comp : | 75.00 | 0.00 | 75.00 |
| Employee 15% : | 9.75 | 0.00 | 9.75 |
| Global : | 63.33 | 0.00 | 63.33 |
| Incon 25% : | 115.75 | 0.00 | 115.75 |
| Sample 20% : | 21.00 | 0.00 | 21.00 |
| Shake 25% : | 142.19 | 0.00 | 142.19 |
| Total : | 427.02 | 0.00 | 427.02 |

### RECEIPT COUNTS

| | |
|---|---|
| Sales : | 78 |
| Returns : | 0 |
| Deposits : | 0 |
| Reversed : | 0 |
| Paid Outs : | 1 |
| **Dollars** | |
| Paid In : | 6,645.10 |
| Paid Out : | 451.57 |
| Net : | 6,193.53 |
| **Check** | |
| Paid In : | 55.00 |
| Paid Out : | 0.00 |
| Net : | 55.00 |
| **All Credit/Debit Cards** | |
| Paid In : | 2,850.74 |
| Paid Out : | 0.00 |
| Net : | 2,850.74 |
| **MasterCard** | |
| Paid In : | 507.99 |
| Paid Out : | 0.00 |
| Net : | 507.99 |
| **Visa** | |
| Paid In : | 2,342.75 |
| Paid Out : | 0.00 |
| Net : | 2,342.75 |
| **Gift Card** | |
| Paid In : | 85.21 |
| Paid Out : | 0.00 |
| Net : | 85.21 |

Handwritten calculations:
21 × 100 = 2100
4 × 50 = 200
194 × 20 = 3880
1 × 10 = 10
1 × 5 = 5
1 × 1 = 1

6196 cash
2850.74 cc
(251)
9046.74
55 ck
9101.74
9099.27
+2.47

VS 318616 12.19.06 HUNGY DOGY  -3800
3051
-500
2551
-700 Abe Advance
(851)
-1500 VS 318621 12.20.06
351

351
-300 VS 318644 1.11.07
51
Pep cccc 803

**Paid Outs**
20.00 msk
20.00 Total
water401
Paid Outs - 1

**Check Listing**
55.00
55.00 Total
1438
Check - 1

**Credit Card Listing**
380.00 MasterCard    XXXXXXXXXXXX7015
77.99 MasterCard    XXXXXXXXXXXX3842
50.00 MasterCard    XXXXXXXXXXXX0630
500.00 Visa    XXXXXXXXXXXX4915

Page 1

| | | |
|---:|---|---|
| 494.00 | Visa | XXXXXXXXXXXX5805 |
| 420.00 | Visa | XXXXXXXXXXXX1149 |
| 273.75 | Visa | XXXXXXXXXXXX3543 |
| 240.00 | Visa | XXXXXXXXXXXX6212 |
| 120.00 | Visa | XXXXXXXXXXXX7611 |
| 65.00 | Visa | XXXXXXXXXXXX2100 |
| 65.00 | Visa | XXXXXXXXXXXX2476 |
| 55.00 | Visa | XXXXXXXXXXXX7909 |
| 50.00 | Visa | XXXXXXXXXXXX5956 |
| 45.00 | Visa | XXXXXXXXXXXX6131 |
| 15.00 | Visa | XXXXXXXXXXXX2100 |
| 2,850.74 | Total | Credit Card - 15 |

**Gift Card Listing**

| | | |
|---:|---|---|
| 85.21 | Gift Card | 1000044182002343 |
| 85.21 | Total | Gift Card - 1 |

| | SALES | RETURNS | NET |
|---|---|---|---|
| Sales : | 9,156.25 | 0.00 | 9,156.25 |
| Total : | 9,156.25 | 0.00 | 9,156.25 |

**MINUS**

| | | |
|---|---|---|
| Charged to Account : | | 0.00 |
| Gift Certificate used : | | 0.00 |
| Gift Card used : | | 2.25 |
| Net Deposit used : | | 0.00 |
| Cash flow total | | 9,154.00 |

**DISCOUNT BREAKOUT**

| | SALES | RETURNS | NET |
|---|---|---|---|
| Comp : | 52.50 | 0.00 | 52.50 |
| Employee 15% : | 45.25 | 0.00 | 45.25 |
| Incon 25% : | 348.75 | 0.00 | 348.75 |
| Sample 20% : | 16.75 | 0.00 | 16.75 |
| Shake 25% : | 157.50 | 0.00 | 157.50 |
| Total : | 620.75 | 0.00 | 620.75 |

**RECEIPT COUNTS**

| | |
|---|---|
| Sales : | 76 |
| Returns : | 0 |
| Deposits : | 0 |
| Reversed : | 0 |
| Paid Outs : | 0 |

**Dollars**

| | |
|---|---|
| Paid In : | 7,456.00 |
| Paid Out : | 365.76 |
| Net : | 7,090.24 |

**Check**

| | |
|---|---|
| Paid In : | 0.00 |
| Paid Out : | 14.99 |
| Net : | (14.99) |

**All Credit/Debit Cards**

| | |
|---|---|
| Paid In : | 2,078.75 |
| Paid Out : | 0.00 |
| Net : | 2,078.75 |

**Discover**

| | |
|---|---|
| Paid In : | 200.00 |
| Paid Out : | 0.00 |
| Net : | 200.00 |

**MasterCard**

| | |
|---|---|
| Paid In : | 990.75 |
| Paid Out : | 0.00 |
| Net : | 990.75 |

**Visa**

| | |
|---|---|
| Paid In : | 888.00 |
| Paid Out : | 0.00 |
| Net : | 888.00 |

**Gift Card**

| | |
|---|---|
| Paid In : | 2.25 |
| Paid Out : | 0.00 |
| Net : | 2.25 |

Handwritten notes:

22 X 100 = 2200
8 x 50 = 400
223 x 20 = 4460
0 X 10 = 0
3 x 5 = 15
4 x 1 = 4
7079 cash
2078.75 cc
9157.75
-9154.00
$3.75

**Check Listing**

| | |
|---|---|
| | (14.99) |
| (14.99) Total | |

**Credit Card Listing**

| | | |
|---|---|---|
| 200.00 | Discover | XXXXXXXXXXXX7743 |
| 266.00 | MasterCard | XXXXXXXXXXXX1013 |
| 265.00 | MasterCard | XXXXXXXXXXXX2017 |
| 258.00 | MasterCard | XXXXXXXXXXXX4989 |
| 75.00 | MasterCard | XXXXXXXXXXXX0288 |

Check - 1

Handwritten:
7079
-7079 vsn
12.5.06
062404

| | | |
|---:|:---|:---|
| 55.00 | MasterCard | XXXXXXXXXXXX3016 |
| 28.00 | MasterCard | XXXXXXXXXXXX0013 |
| 23.75 | MasterCard | XXXXXXXXXXXX9886 |
| 20.00 | MasterCard | XXXXXXXXXXXX5012 |
| 430.00 | Visa | XXXXXXXXXXXX9048 |
| 125.00 | Visa | XXXXXXXXXXXX0517 |
| 85.00 | Visa | XXXXXXXXXXXX1367 |
| 75.00 | Visa | XXXXXXXXXXXX0319 |
| 65.00 | Visa | XXXXXXXXXXXX0855 |
| 40.00 | Visa | XXXXXXXXXXXX2100 |
| 33.00 | Visa | XXXXXXXXXXXX5603 |
| 30.00 | Visa | XXXXXXXXXXXX0403 |
| 5.00 | Visa | XXXXXXXXXXXX7909 |
| 2,078.75 | Total | Credit Card - 18 |

**Gift Card Listing**

| | | |
|---:|:---|:---|
| 2.25 | Gift Card | 1000044182002473 |
| 2.25 | Total | Gift Card - 1 |

Z-Out Store Close                                                                     Printed: 9/14/2007  6:08:05 PM

Date : 1/4/2007 12:00:00 AM to 1/4/2007 11:59:59 PM

|  | SALES | RETURNS | NET |
|---|---|---|---|
| Sales : | 7,433.00 | 0.00 | 7,433.00 |
| Total : | 7,433.00 | 0.00 | 7,433.00 |

**MINUS**

| | |
|---|---|
| Charged to Account : | 0.00 |
| Gift Certificate used : | 0.00 |
| Gift Card used : | 0.00 |
| Net Deposit used : | 0.00 |
| **Cash flow total** | 7,433.00 |

**DISCOUNT BREAKOUT**

|  | SALES | RETURNS | NET |
|---|---|---|---|
| Comp : | 67.00 | 0.00 | 67.00 |
| Employee 15% : | 14.25 | 0.00 | 14.25 |
| Incon 25% : | 415.00 | 0.00 | 415.00 |
| Shake 25% : | 192.50 | 0.00 | 192.50 |
| Unknown : | 31.25 | 0.00 | 31.25 |
| Total : | 720.00 | 0.00 | 720.00 |

**RECEIPT COUNTS**

| | |
|---|---|
| Sales : | 61 |
| Returns : | 0 |
| Deposits : | 0 |
| Reversed : | 0 |
| Paid Outs : | 0 |

*Handwritten:*
$23 \times 100 = 2300$
$11 \times 50 = 550$
$152 \times 20 = 3040$
$0 \times 10 = 0$
$1 \times 5 = 5$
$3 \times 1 = 3$

5898 cash
1543.75 cc
7441.75
−7433
+8.75

**Dollars**

| | |
|---|---|
| Paid In : | 6,425.25 |
| Paid Out : | 536.00 |
| Net : | 5,889.25 |

**All Credit/Debit Cards**

| | |
|---|---|
| Paid In : | 1,543.75 |
| Paid Out : | 0.00 |
| Net : | 1,543.75 |

**American Express**

| | |
|---|---|
| Paid In : | 260.00 |
| Paid Out : | 0.00 |
| Net : | 260.00 |

**MasterCard**

| | |
|---|---|
| Paid In : | 785.00 |
| Paid Out : | 0.00 |
| Net : | 785.00 |

**Visa**

| | |
|---|---|
| Paid In : | 498.75 |
| Paid Out : | 0.00 |
| Net : | 498.75 |

**Credit Card Listing**

| | | |
|---|---|---|
| 260.00 | American Express | XXXXXXXXXXX3014 |
| 480.00 | MasterCard | XXXXXXXXXXXX0213 |
| 90.00 | MasterCard | XXXXXXXXXXXX9308 |
| 65.00 | MasterCard | XXXXXXXXXXXX5017 |
| 65.00 | MasterCard | XXXXXXXXXXXX8830 |
| 45.00 | MasterCard | XXXXXXXXXXXX8830 |
| 40.00 | MasterCard | XXXXXXXXXXXX9684 |
| 105.00 | Visa | XXXXXXXXXXXX2100 |
| 87.50 | Visa | XXXXXXXXXXXX4007 |
| 65.00 | Visa | XXXXXXXXXXXX5383 |
| 60.00 | Visa | XXXXXXXXXXXX7909 |
| 55.00 | Visa | XXXXXXXXXXXX4078 |
| 45.00 | Visa | XXXXXXXXXXXX5007 |
| 41.25 | Visa | XXXXXXXXXXXX7086 |
| 40.00 | Visa | XXXXXXXXXXXX1609 |
| 1,543.75 | Total | Credit Card - 15 |

*Handwritten:*
5898
−5898 VSN 12·5·06
062404



Case 2:07-cr-00689-GW   Document 544-1   Filed 07/19/22   Page 324 of 388   Page ID #:10125

Z-Out Store Close                                                        Printed : 1/5/2007  6:15:43 PM

Date : 1/5/2007 12:00:00 AM to 1/5/2007 11:59:59 PM

| | SALES | RETURNS | NET |
|---|---|---|---|
| Sales : | 7,665.56 | 0.00 | 7,665.56 |
| Paid Outs : | 0.00 | 8.00 | (8.00) |
| Total : | 7,665.56 | 8.00 | 7,657.56 |

| | |
|---|---|
| Charged to Account : | 0.00 |
| Gift Certificate used : | 0.00 |
| Gift Card used : | 0.00 |
| Net Deposit used : | 0.00 |
| Cash flow total | 7,657.56 |

**DISCOUNT BREAKOUT**

| | SALES | RETURNS | NET |
|---|---|---|---|
| Comp : | 94.50 | 0.00 | 94.50 |
| Employee 15% : | 16.50 | 0.00 | 16.50 |
| Global : | 42.19 | 0.00 | 42.19 |
| Incon 25% : | 101.25 | 0.00 | 101.25 |
| Sample 20% : | 11.00 | 0.00 | 11.00 |
| Shake 25% : | 72.00 | 0.00 | 72.00 |
| Total : | 337.44 | 0.00 | 337.44 |

**RECEIPT COUNTS**

| | |
|---|---|
| Sales : | 68 |
| Returns : | 0 |
| Deposits : | 0 |
| Reversed : | 0 |
| Paid Outs : | 1 |

**Dollars**

| | |
|---|---|
| Paid In : | 5,383.25 |
| Paid Out : | 222.94 |
| Net : | 5,160.31 |

**All Credit/Debit Cards**

| | |
|---|---|
| Paid In : | 2,497.25 |
| Paid Out : | 0.00 |
| Net : | 2,497.25 |

**MasterCard**

| | |
|---|---|
| Paid In : | 1,123.50 |
| Paid Out : | 0.00 |
| Net : | 1,123.50 |

**Visa**

| | |
|---|---|
| Paid In : | 1,373.75 |
| Paid Out : | 0.00 |
| Net : | 1,373.75 |

Handwritten notes:

$18 \times 100 = 1800$
$2 \times 50 = 100$
$156 \times 20 = 3120$
$7 \times 10 = 70$
$10 \times 5 = 50$
$11 \times 1 = 1$

$5141$

5141
- 190 Electric work
4951
-4800 vs 318615
12.17.06

Paid Outs 151

$5141$
$2497.25$
$7638.25$
$-7657.56$
$-19.31$

| | | |
|---|---|---|
| 8.00 mab | water 401 | |
| **8.00 Total** | **Paid Outs - 1** | |

151
-140 vs 318629
Panama Led 140 of 100
11
+10 ?
21
Dep cccc pos

**Credit Card Listing**

| | | |
|---|---|---|
| 480.00 | MasterCard | XXXXXXXXXXXX0749 |
| 240.00 | MasterCard | XXXXXXXXXXXX1668 |
| 135.00 | MasterCard | XXXXXXXXXXXX6774 |
| 112.00 | MasterCard | XXXXXXXXXXXX7018 |
| 65.00 | MasterCard | XXXXXXXXXXXX9258 |
| 59.50 | MasterCard | XXXXXXXXXXXX9886 |
| 17.00 | MasterCard | XXXXXXXXXXXX3842 |
| 15.00 | MasterCard | XXXXXXXXXXXX1015 |
| 235.00 | Visa | XXXXXXXXXXXX8613 |
| 200.00 | Visa | XXXXXXXXXXXX0855 |
| 155.00 | Visa | XXXXXXXXXXXX8853 |
| 140.00 | Visa | XXXXXXXXXXXX2041 |
| 130.00 | Visa | XXXXXXXXXXXX6082 |
| 95.00 | Visa | XXXXXXXXXXXX6234 |
| 81.25 | Visa | XXXXXXXXXXXX7232 |

Store Close

| | | |
|---|---|---|
| 75.00 | Visa | XXXXXXXXXXXX5202 |
| 67.50 | Visa | XXXXXXXXXXXX4700 |
| 65.00 | Visa | XXXXXXXXXXXX3812 |
| 55.00 | Visa | XXXXXXXXXXXX8825 |
| 40.00 | Visa | XXXXXXXXXXXX8308 |
| 35.00 | Visa | XXXXXXXXXXXX7909 |
| **2,497.25** | **Total** | **Credit Card - 21** |

**Z-Out Store Close**

Date : 1/6/2007 12:00:00 AM to 1/6/2007 11:59:59 PM

Printed : 1/6/2007  6:10:56 PM

| | SALES | RETURNS | NET |
|---|---|---|---|
| Sales : | 8,450.25 | 0.00 | 8,450.25 |
| Paid Outs : | 0.00 | 100.00 | (100.00) |
| Total : | 8,450.25 | 100.00 | 8,350.25 |

| | | |
|---|---|---|
| Charged to Account : | | 0.00 |
| Gift Certificate used : | | 0.00 |
| Gift Card used : | | 14.75 |
| Net Deposit used : | | 0.00 |
| **Cash flow total** | | **8,335.50** |

**DISCOUNT BREAKOUT**

| | SALES | RETURNS | NET |
|---|---|---|---|
| Comp : | 60.50 | 0.00 | 60.50 |
| Employee 15% : | 12.00 | 0.00 | 12.00 |
| Incon 25% : | 310.00 | 0.00 | 310.00 |
| Shake 25% : | 102.25 | 0.00 | 102.25 |
| Total : | 484.75 | 0.00 | 484.75 |

**RECEIPT COUNTS**

| | |
|---|---|
| Sales : | 64 |
| Returns : | 0 |
| Deposits : | 0 |
| Reversed : | 2 |
| Paid Outs : | 1 |

**Dollars**

| | |
|---|---|
| Paid In : | 5,934.00 |
| Paid Out : | 342.00 |
| Net : | 5,592.00 |

**All Credit/Debit Cards**

| | |
|---|---|
| Paid In : | 2,743.50 |
| Paid Out : | 0.00 |
| Net : | 2,743.50 |

**American Express**

| | |
|---|---|
| Paid In : | 115.00 |
| Paid Out : | 0.00 |
| Net : | 115.00 |

**MasterCard**

| | |
|---|---|
| Paid In : | 830.00 |
| Paid Out : | 0.00 |
| Net : | 830.00 |

**Visa**

| | |
|---|---|
| Paid In : | 1,798.50 |
| Paid Out : | 0.00 |
| Net : | 1,798.50 |

**Gift Card**

| | |
|---|---|
| Paid In : | 14.75 |
| Paid Out : | 0.00 |
| Net : | 14.75 |

*Handwritten:*
27 x 100 = 2700
1 x 50 = 50
140 x 20 = 2800
2 x 10 = 20
1 x 5 = 5
8 x 1 = 8
5583 cash
2743.5 cc
8326.5
- 8335.25
-8.75

**Paid Outs**

| | | |
|---|---|---|
| 100.00 | msk | lunch-#1200 |
| **100.00** | **Total** | **Paid Outs - 1** |

**Credit Card Listing**

| | | |
|---|---|---|
| 115.00 | American Express | XXXXXXXXXXX1002 |
| 255.00 | MasterCard | XXXXXXXXXXXX7016 |
| 140.00 | MasterCard | XXXXXXXXXXXX6014 |
| 115.00 | MasterCard | XXXXXXXXXXXX4989 |
| 100.00 | MasterCard | XXXXXXXXXXXX1218 |
| 100.00 | MasterCard | XXXXXXXXXXXX3011 |
| 95.00 | MasterCard | XXXXXXXXXXXX0011 |
| 25.00 | MasterCard | XXXXXXXXXXXX0288 |
| 500.00 | Visa | XXXXXXXXXXXX6228 |

*Handwritten:*
5583
-3200  11·25·06
Big Bud 4 of 7
2383
-2383  VSN 12·5·06
062404
0

**Z-Out Store Close 2**

| | | |
|---:|:---|:---|
| 210.00 | Visa | XXXXXXXXXXXX3101 |
| 190.00 | Visa | XXXXXXXXXXXX6651 |
| 183.00 | Visa | XXXXXXXXXXXX8847 |
| 155.00 | Visa | XXXXXXXXXXXX8619 |
| 140.00 | Visa | XXXXXXXXXXXX3538 |
| 110.00 | Visa | XXXXXXXXXXXX2619 |
| 65.00 | Visa | XXXXXXXXXXXX7909 |
| 65.00 | Visa | XXXXXXXXXXXX7283 |
| 65.00 | Visa | XXXXXXXXXXXX9439 |
| 50.00 | Visa | XXXXXXXXXXXX8840 |
| 41.25 | Visa | XXXXXXXXXXXX5030 |
| 24.25 | Visa | XXXXXXXXXXXX2645 |
| **2,743.50** | **Total** | **Credit Card - 21** |

**Gift Card Listing**

| | | |
|---:|:---|:---|
| 14.75 | Gift Card | 1000044182002343 |
| **14.75** | **Total** | **Gift Card - 1** |

|  | **SALES** | **RETURNS** | **NET** |
|---|---|---|---|
| Sales : | 5,778.25 | 0.00 | |
| Paid Outs : | 0.00 | 75.00 | 5,778.25 |
| Total : | 5,778.25 | 75.00 | (75.00) |
| | | | 5,703.25 |

|  |  |
|---|---|
| Charged to Account : | 0.00 |
| Gift Certificate used : | 0.00 |
| Gift Card used : | 0.00 |
| Net Deposit used : | 0.00 |
| **Cash flow total** | **5,703.25** |

**DISCOUNT BREAKOUT**

|  | **SALES** | **RETURNS** | **NET** |
|---|---|---|---|
| Comp : | 105.00 | 0.00 | 105.00 |
| Employee 15% : | 11.25 | 0.00 | 11.25 |
| Incon 25% : | 220.75 | 0.00 | 220.75 |
| Shake 25% : | 210.00 | 0.00 | 210.00 |
| Unknown : | 20.75 | 0.00 | 20.75 |
| Total : | 567.75 | 0.00 | 567.75 |

**RECEIPT COUNTS**

|  |  |
|---|---|
| Sales : | 53 |
| Returns : | 0 |
| Deposits : | 0 |
| Reversed : | 0 |
| Paid Outs : | 1 |

**Dollars**

|  |  |
|---|---|
| Paid In : | 4,050.50 |
| Paid Out : | 346.00 |
| Net : | 3,704.50 |

**All Credit/Debit Cards**

|  |  |
|---|---|
| Paid In : | 1,998.75 |
| Paid Out : | 0.00 |
| Net : | 1,998.75 |

**Discover**

|  |  |
|---|---|
| Paid In : | 90.00 |
| Paid Out : | 0.00 |
| Net : | 90.00 |

**MasterCard**

|  |  |
|---|---|
| Paid In : | 156.25 |
| Paid Out : | 0.00 |
| Net : | 156.25 |

**Visa**

|  |  |
|---|---|
| Paid In : | 1,752.50 |
| Paid Out : | 0.00 |
| Net : | 1,752.50 |

*[Handwritten calculations:]*

$$11 \times 100 = 1100$$
$$0 \times 50 = 0$$
$$128 \times 20 = 2560$$
$$0 \times 10 = 0$$
$$12 \times 5 = 60$$
$$3 \times 1 = 3$$

3723 cash
1998.75 cc
5721.75
−5703.25
+18.50

**Paid Outs**

| | | | |
|---|---|---|---|
| 75.00 | mab | lunch | |
| 75.00 | Total | **Paid Outs - 1** | |

**Credit Card Listing**

| | | |
|---|---|---|
| 90.00 | Discover | XXXXXXXXXXXX5542 |
| 86.25 | MasterCard | XXXXXXXXXXXX1084 |
| 45.00 | MasterCard | XXXXXXXXXXXX7404 |
| 25.00 | MasterCard | XXXXXXXXXXXX9258 |
| 392.50 | Visa | XXXXXXXXXXXX4264 |
| 345.00 | Visa | XXXXXXXXXXXX7987 |
| 255.00 | Visa | XXXXXXXXXXXX6724 |
| 240.00 | Visa | XXXXXXXXXXXX6086 |
| 220.00 | Visa | XXXXXXXXXXXX6893 |
| 180.00 | Visa | XXXXXXXXXXXX6783 |
| 55.00 | Visa | XXXXXXXXXXXX7209 |
| 50.00 | Visa | XXXXXXXXXXXX7611 |

*[Handwritten calculations on right:]*

3723
−2590  vsn 12.5.06
         062404

1133
952  vs 318 634
      12.30.06

181 ✓
−120  vs 318638
      1.3.07   of 2400
61 ✓  cccc

**Z-Out Store Close**

Printed: 1/7/2007  6:13:19 PM

15.00  Visa
**1,998.75  Total**

XXXXXXXXXXXXX7909
**Credit Card - 13**

|  | **SALES** | **RETURNS** | **NET** |
|---|---|---|---|
| Sales : | 8,083.80 | 0.00 | 8,083.80 |
| Total : | 8,083.80 | 0.00 | 8,083.80 |

**MINUS**

| | |
|---|---|
| Charged to Account : | 0.00 |
| Gift Certificate used : | 0.00 |
| Gift Card used : | 0.00 |
| Net Deposit used : | 0.00 |
| **Cash flow total** | **8,083.80** |

## DISCOUNT BREAKOUT

|  | **SALES** | **RETURNS** | **NET** |
|---|---|---|---|
| Comp : | 29.25 | 0.00 | 29.25 |
| Employee 15% : | 49.95 | 0.00 | 49.95 |
| Incon 25% : | 187.50 | 0.00 | 187.50 |
| Sample 20% : | 4.00 | 0.00 | 4.00 |
| Shake 25% : | 285.00 | 0.00 | 285.00 |
| Unknown : | 10.50 | 0.00 | 10.50 |
| Total : | 566.20 | 0.00 | 566.20 |

**RECEIPT COUNTS**

| | |
|---|---|
| Sales : | 90 |
| Returns : | 0 |
| Deposits : | 0 |
| Reversed : | 0 |
| Paid Outs : | 0 |

**Dollars**

| | |
|---|---|
| Paid In : | 5,986.00 |
| Paid Out : | 402.45 |
| Net : | 5,583.55 |

**All Credit/Debit Cards**

| | |
|---|---|
| Paid In : | 2,500.25 |
| Paid Out : | 0.00 |
| Net : | 2,500.25 |

**American Express**

| | |
|---|---|
| Paid In : | 415.00 |
| Paid Out : | 0.00 |
| Net : | 415.00 |

**MasterCard**

| | |
|---|---|
| Paid In : | 1,012.00 |
| Paid Out : | 0.00 |
| Net : | 1,012.00 |

**Visa**

| | |
|---|---|
| Paid In : | 1,073.25 |
| Paid Out : | 0.00 |
| Net : | 1,073.25 |

*Handwritten notes:*

13 × 100 = 1300
12 × 50 = 600
178 × 20 = 3560
7 × 10 = 70
12 × 5 = 60
0 × 1 = 0

5590 cash
2500.25 cc
8090.25
− 8083.80
+ 6.45

## Credit Card Listing

| Amount | Card | Number |
|---|---|---|
| 415.00 | American Express | XXXXXXXXXXX1002 |
| 215.00 | MasterCard | XXXXXXXXXXXX1022 |
| 170.00 | MasterCard | XXXXXXXXXXXX9819 |
| 137.00 | MasterCard | XXXXXXXXXXXX6644 |
| 130.00 | MasterCard | XXXXXXXXXXXX4989 |
| 110.00 | MasterCard | XXXXXXXXXXXX4591 |
| 80.00 | MasterCard | XXXXXXXXXXXX6644 |
| 65.00 | MasterCard | XXXXXXXXXXXX0630 |
| 55.00 | MasterCard | XXXXXXXXXXXX9308 |
| 50.00 | MasterCard | XXXXXXXXXXXX2362 |
| 240.00 | Visa | XXXXXXXXXXXX2045 |
| 157.50 | Visa | XXXXXXXXXXXX0733 |
| 150.00 | Visa | XXXXXXXXXXXX5383 |
| 125.00 | Visa | XXXXXXXXXXXX8308 |
| 115.00 | Visa | XXXXXXXXXXXX6092 |

*Handwritten notes (right):*

5590
−2400   vs 318603
    12·6·06

3190 ✓
−2250   vs 318611
    12·9·06

940 ✓
−940

|  |  |  |
|---|---|---|
| 88.75 | Visa | XXXXXXXXXXXX2300 |
| 73.75 | Visa | XXXXXXXXXXXX7311 |
| 55.25 | Visa | XXXXXXXXXXXX1315 |
| 48.00 | Visa | XXXXXXXXXXXX2476 |
| 20.00 | Visa | XXXXXXXXXXXX7909 |
| 2,500.25 | Total | Credit Card - 20 |

Z-Out Store Close

Date : 1/10/2007 12:00:00 AM to 1/10/2007 11:59:59 PM

Printed: 1/10/2007  6:07:26 PM

| | SALES | RETURNS | NET |
|---|---|---|---|
| Sales : | 4,794.75 | 0.00 | 4,794.75 |
| Paid Outs : | 0.00 | 85.00 | (85.00) |
| Total : | 4,794.75 | 85.00 | 4,709.75 |

| | |
|---|---|
| Charged to Account : | 0.00 |
| Gift Certificate used : | 0.00 |
| Gift Card used : | 0.00 |
| Net Deposit used : | 0.00 |
| Cash flow total | 4,709.75 |

**DISCOUNT BREAKOUT**

| | SALES | RETURNS | NET |
|---|---|---|---|
| Employee 15% : | 3.75 | 0.00 | 3.75 |
| Incon 25% : | 226.25 | 0.00 | 226.25 |
| Sample 20% : | 8.00 | 0.00 | 8.00 |
| Shake 25% : | 18.25 | 0.00 | 18.25 |
| Total : | 256.25 | 0.00 | 256.25 |

**RECEIPT COUNTS**

| | |
|---|---|
| Sales : | 52 |
| Returns : | 0 |
| Deposits : | 0 |
| Reversed : | 0 |
| Paid Outs : | 1 |

**Dollars**

| | |
|---|---|
| Paid In : | 3,875.75 |
| Paid Out : | 336.00 |
| Net : | 3,539.75 |

**All Credit/Debit Cards**

| | |
|---|---|
| Paid In : | 1,170.00 |
| Paid Out : | 0.00 |
| Net : | 1,170.00 |

**MasterCard**

| | |
|---|---|
| Paid In : | 256.25 |
| Paid Out : | 0.00 |
| Net : | 256.25 |

**Visa**

| | |
|---|---|
| Paid In : | 913.75 |
| Paid Out : | 0.00 |
| Net : | 913.75 |

**Paid Outs**

| 85.00 | ccl | Window Cleaning |
|---|---|---|
| 85.00 | Total | Paid Outs - 1 |

**Credit Card Listing**

| 176.25 | MasterCard | XXXXXXXXXXXX1731 |
|---|---|---|
| 65.00 | MasterCard | XXXXXXXXXXXX4745 |
| 15.00 | MasterCard | XXXXXXXXXXXX8017 |
| 400.00 | Visa | XXXXXXXXXXXX4719 |
| 337.50 | Visa | XXXXXXXXXXXX6432 |
| 70.00 | Visa | XXXXXXXXXXXX0403 |
| 55.00 | Visa | XXXXXXXXXXXX7037 |
| 30.00 | Visa | XXXXXXXXXXXX8963 |
| 21.25 | Visa | XXXXXXXXXXXX6871 |
| 1,170.00 | Total | Credit Card - 9 |

Handwritten notes:

$8 \times 100 = 800$

$3 \times 50 = 150$

$129 \times 20 = 2580$

$0 \times 10 = 0$

$2 \times 5 = 10$

$1 \times 1 = 1$

3541 cash

1170 cc

4711

-4709.75

+1.25 ✓

3541

1080 (crossed out)

-2011  vs 318632 12-29-06

2011 of 5500

1530 ✓

-1530  vs 318638

1-3-07 of 2400

0

Date : 1/11/2007 12:00:00 AM to 1/11/2007 11:59:59 PM                    Printed: 1/11/2007  6:05:03 PM

|  | SALES | RETURNS | NET |
|---|---|---|---|
| Sales : | 7,653.50 | 0.00 | 7,653.50 |
| Pay-Outs : | 0.00 | 8.00 | (8.00) |
| Total : | 7,653.50 | 8.00 | 7,645.50 |

| | |
|---|---|
| Charged to Account : | 0.00 |
| Gift Certificate used : | 0.00 |
| Gift Card used : | 25.00 |
| Net Deposit used : | 0.00 |
| Cash flow total | 7,620.50 |

## DISCOUNT BREAKOUT

|  | SALES | RETURNS | NET |
|---|---|---|---|
| Comp : | 100.00 | 0.00 | 100.00 |
| Employee 15% : | 58.50 | 0.00 | 58.50 |
| Incon 25% : | 421.50 | 0.00 | 421.50 |
| Sample 20% : | 7.00 | 0.00 | 7.00 |
| Shake 25% : | 120.00 | 0.00 | 120.00 |
| Unknown : | 32.50 | 0.00 | 32.50 |
| Total : | 739.50 | 0.00 | 739.50 |

### RECEIPT COUNTS

| | |
|---|---|
| Sales : | 69 |
| Returns : | 0 |
| Deposits : | 0 |
| Reversed : | 0 |
| Pay-Outs : | 1 |

**Dollars**

| | |
|---|---|
| Paid In : | 6,378.50 |
| Paid Out : | 381.50 |
| Net : | 5,997.00 |

**All Credit/Debit Cards**

| | |
|---|---|
| Paid In : | 1,623.50 |
| Paid Out : | 0.00 |
| Net : | 1,623.50 |

**Discover**

| | |
|---|---|
| Paid In : | 125.00 |
| Paid Out : | 0.00 |
| Net : | 125.00 |

**MasterCard**

| | |
|---|---|
| Paid In : | 886.50 |
| Paid Out : | 0.00 |
| Net : | 886.50 |

**Visa**

| | |
|---|---|
| Paid In : | 612.00 |
| Paid Out : | 0.00 |
| Net : | 612.00 |

**Gift Card**

| | |
|---|---|
| Paid In : | 25.00 |
| Paid Out : | 0.00 |
| Net : | 25.00 |

Handwritten notes:

$21 \times 100 = 2100$

$8 \times 50 = 400$

$168 \times 20 = 3360$

$5 \times 10 = 50$

$5 \times 5 = 25$

$0 \times 1 = 0$

5935 cash
55 ck

5990
+10 quarters

6000
-1673.50 cc

7623.50
- 7620.50

+3.00

## Pay-Outs

| | | |
|---|---|---|
| 8.00 | msk | water |
| 8.00 | Total | Pay-Outs - 1 |

## Credit Card Listing

| | | |
|---|---|---|
| 125.00 | Discover | XXXXXXXXXXXX5542 |
| 275.00 | MasterCard | XXXXXXXXXXXX7887 |
| 213.00 | MasterCard | XXXXXXXXXXXX0955 |
| 135.00 | MasterCard | XXXXXXXXXXXX7019 |
| 78.75 | MasterCard | XXXXXXXXXXXX0142 |
| 60.00 | MasterCard | XXXXXXXXXXXX7883 |
| 50.00 | MasterCard | XXXXXXXXXXXX5339 |

Page 1

Handwritten notes:

5935
-4200 vs 318628
12.26.06

1735
-1040 vs 318635
1.2.07

695
-695 1.3.07
318638 of 2400

| | | |
|---|---|---|
| 30.00 | MasterCard | XXXXXXXXXXXX7404 |
| 25.00 | MasterCard | XXXXXXXXXXXX1136 |
| 19.75 | MasterCard | XXXXXXXXXXXX3027 |
| 155.00 | Visa | XXXXXXXXXXXX7003 |
| 152.00 | Visa | XXXXXXXXXXXX7350 |
| 95.00 | Visa | XXXXXXXXXXXX8136 |
| 90.00 | Visa | XXXXXXXXXXXX8308 |
| 75.00 | Visa | XXXXXXXXXXXX8198 |
| 25.00 | Visa | XXXXXXXXXXXX6108 |
| 20.00 | Visa | XXXXXXXXXXXX7909 |
| **1,623.50** | **Total** | **Credit Card - 17** |

**Gift Card Listing**

| | | |
|---|---|---|
| 25.00 | Gift Card | 1000044182002442 |
| **25.00** | **Total** | **Gift Card - 1** |

Date : 1/12/2007 12:00:00 AM to 1/12/2007 11:59:59 PM

| | **SALES** | **RETURNS** | **NET** |
|---|---|---|---|
| Sales : | 11,315.25 | 0.00 | 11,315.25 |
| Pay-Outs : | 0.00 | 35.00 | (35.00) |
| **Total :** | **11,315.25** | **35.00** | **11,280.25** |

| | |
|---|---|
| Charged to Account : | 0.00 |
| Gift Certificate used : | 0.00 |
| Gift Card used : | 0.00 |
| Net Deposit used : | 0.00 |
| **Cash flow total** | **11,280.25** |

## DISCOUNT BREAKOUT

| | **SALES** | **RETURNS** | **NET** |
|---|---|---|---|
| Comp : | 27.50 | 0.00 | 27.50 |
| Employee 15% : | 24.00 | 0.00 | 24.00 |
| Incon 25% : | 253.75 | 0.00 | 253.75 |
| Shake 25% : | 147.50 | 0.00 | 147.50 |
| **Total :** | **452.75** | **0.00** | **452.75** |

### RECEIPT COUNTS

| | |
|---|---|
| Sales : | 94 |
| Returns : | 0 |
| Deposits : | 0 |
| Reversed : | 0 |
| Pay-Outs : | 1 |

| **Dollars** | |
|---|---|
| Paid In : | 10,557.75 |
| Paid Out : | 712.75 |
| Net : | 9,845.00 |

| **All Credit/Debit Cards** | |
|---|---|
| Paid In : | 1,435.25 |
| Paid Out : | 0.00 |
| Net : | 1,435.25 |

| **MasterCard** | |
|---|---|
| Paid In : | 575.00 |
| Paid Out : | 0.00 |
| Net : | 575.00 |

| **Visa** | |
|---|---|
| Paid In : | 860.25 |
| Paid Out : | 0.00 |
| Net : | 860.25 |

Handwritten calculations:

$34 \times 100 = 3400$
$22 \times 50 = 1150$
$268 \times 20 = 5360$
$0 \times 10 = 0$
$0 \times 5 = 0$
$4 \times 1 = 4$

9914 cash
1435.25 CC
11349.25
−11280.25
+69 ??

← return $20 from payout

## Pay-Outs

| | | |
|---|---|---|
| 35.00 | msk | Plant Food |
| 35.00 | **Total** | **Pay-Outs - 1** |

## Credit Card Listing

| | | |
|---|---|---|
| 360.00 | MasterCard | XXXXXXXXXXXX1860 |
| 190.00 | MasterCard | XXXXXXXXXXXX3011 |
| 25.00 | MasterCard | XXXXXXXXXXXX1860 |
| 225.00 | Visa | XXXXXXXXXXXX0517 |
| 210.00 | Visa | XXXXXXXXXXXX9807 |
| 135.00 | Visa | XXXXXXXXXXXX1301 |
| 97.75 | Visa | XXXXXXXXXXXX2645 |
| 55.00 | Visa | XXXXXXXXXXXX8570 |
| 55.00 | Visa | XXXXXXXXXXXX3812 |
| 45.00 | Visa | XXXXXXXXXXXX8923 |
| 37.50 | Visa | XXXXXXXXXXXX8660 |
| **1,435.25** | **Total** | **Credit Card - 11** |

Handwritten calculations:

9914
−4500 vs 318617 12·19·06
−1125 vs 318618 12·19·06
−800 vs 318630 12·28·06
3489 ✓
3489 vs 318632 12·29·06
3489 of 5500

**Z-Out Store Close**

| | | |
|---|---|---|
| 113.40 | Visa | XXXXXXXXXXXX5325 |
| 110.00 | Visa | XXXXXXXXXXXX0153 |
| 55.00 | Visa | XXXXXXXXXXXX7909 |
| 45.00 | Visa | XXXXXXXXXXXX0801 |
| 5.00 | Visa | XXXXXXXXXXXX9543 |
| 2,485.90 | Total | Credit Card - 18 |

Z-Out Store Close

Date : 1/13/2007 12:00:00 AM to 1/13/2007 11:59:59 PM

Printed: 1/13/2007  6:22:37 PM

|  | **SALES** |  | **RETURNS** |  | **NET** |
|---|---|---|---|---|---|
| Sales : | 7,970.40 |  | 70.00 |  | 7,900.40 |
| Pay-Outs : | 0.00 |  | 65.00 |  | (65.00) |
| Total : | 7,970.40 |  | 135.00 |  | 7,835.40 |

| Charged to Account : | 0.00 |
|---|---|
| Gift Certificate used : | 0.00 |
| Gift Card used : | 0.00 |
| Net Deposit used : | 0.00 |
| **Cash flow total** | **7,835.40** |

## DISCOUNT BREAKOUT

|  | **SALES** |  | **RETURNS** |  | **NET** |
|---|---|---|---|---|---|
| Comp : | 326.25 |  | 0.00 |  | 326.25 |
| Incon 25% : | 82.50 |  | 0.00 |  | 82.50 |
| Sample 20% : | 3.60 |  | 0.00 |  | 3.60 |
| Shake 25% : | 112.25 |  | 0.00 |  | 112.25 |
| Total : | 524.60 |  | 0.00 |  | 524.60 |

**RECEIPT COUNTS**

$13 \times 100 = 1300$
$2 \times 50 = 100$
$197 \times 20 = 3940$
$0 \times 10 = 0$
$1 \times 5 = 5$
$7 \times 1 = 7$

| Sales : | 71 |
|---|---|
| Returns : | 1 |
| Deposits : | 0 |
| Reversed : | 1 |
| Pay-Outs : | 1 |

**Dollars**
| Paid In : | 5,784.00 |
|---|---|
| Paid Out : | 434.50 |
| Net : | 5,349.50 |

5352 cal
2485.9 cc
7837.9
7835.4
+2.50

**All Credit/Debit Cards**
| Paid In : | 2,485.90 |
|---|---|
| Paid Out : | 0.00 |
| Net : | 2,485.90 |

**American Express**
| Paid In : | 465.00 |
|---|---|
| Paid Out : | 0.00 |
| Net : | 465.00 |

**MasterCard**
| Paid In : | 950.00 |
|---|---|
| Paid Out : | 0.00 |
| Net : | 950.00 |

**Visa**
| Paid In : | 1,070.90 |
|---|---|
| Paid Out : | 0.00 |
| Net : | 1,070.90 |

## Pay-Outs

| 65.00 msk | Lunch-msk |
|---|---|
| 65.00 Total | Pay-Outs - 1 |

## Credit Card Listing

| 465.00 | American Express | XXXXXXXXXXX5008 |
|---|---|---|
| 225.00 | MasterCard | XXXXXXXXXXX8526 |
| 215.00 | MasterCard | XXXXXXXXXXX1731 |
| 140.00 | MasterCard | XXXXXXXXXXX4989 |
| 105.00 | MasterCard | XXXXXXXXXXX6011 |
| 100.00 | MasterCard | XXXXXXXXXXX8470 |
| 65.00 | MasterCard | XXXXXXXXXXX1860 |
| 50.00 | MasterCard | XXXXXXXXXXX7019 |
| 50.00 | MasterCard | XXXXXXXXXXX9308 |
| 250.00 | Visa | XXXXXXXXXXX8293 |
| 180.00 | Visa | XXXXXXXXXXX3905 |
| 172.50 | Visa | XXXXXXXXXXX7569 |
| 140.00 | Visa | XXXXXXXXXXX8308 |

5352
- 5352 vs 062401
12.2.06

0

Page 1

Date : 1/14/2007 12:00:00 AM to 1/14/2007 11:59:59 PM

|  | **SALES** | **RETURNS** | **NET** |
|---|---|---|---|
| Sales : | 6,709.25 | 0.00 | 6,709.25 |
| Pay-Outs : | 0.00 | 210.00 | (210.00) |
| Total : | 6,709.25 | 210.00 | 6,499.25 |

| | |
|---|---|
| Charged to Account : | 0.00 |
| Gift Certificate used : | 0.00 |
| Gift Card used : | 0.00 |
| Net Deposit used : | 0.00 |
| **Cash flow total** | **6,499.25** |

## DISCOUNT BREAKOUT

|  | **SALES** | **RETURNS** | **NET** |
|---|---|---|---|
| Comp : | 345.00 | 0.00 | 345.00 |
| Employee 15% : | 15.50 | 0.00 | 15.50 |
| Incon 25% : | 181.00 | 0.00 | 181.00 |
| Shake 25% : | 60.25 | 0.00 | 60.25 |
| Total : | 601.75 | 0.00 | 601.75 |

**RECEIPT COUNTS**

| | |
|---|---|
| Sales : | 52 |
| Returns : | 0 |
| Deposits : | 0 |
| Reversed : | 0 |
| Pay-Outs : | 2 |

**Dollars**

| | |
|---|---|
| Paid In : | 5,629.00 |
| Paid Out : | 431.00 |
| Net : | 5,198.00 |

**All Credit/Debit Cards**

| | |
|---|---|
| Paid In : | 1,301.25 |
| Paid Out : | 0.00 |
| Net : | 1,301.25 |

**American Express**

| | |
|---|---|
| Paid In : | 450.00 |
| Paid Out : | 0.00 |
| Net : | 450.00 |

**MasterCard**

| | |
|---|---|
| Paid In : | 90.00 |
| Paid Out : | 0.00 |
| Net : | 90.00 |

**Visa**

| | |
|---|---|
| Paid In : | 761.25 |
| Paid Out : | 0.00 |
| Net : | 761.25 |

*Handwritten notes:*

24 x 100 = 2400
1 x 50 = 50
128 x 20 = 2560
4 x 10 = 40
16 x 5 = 80
19 x 1 = 19

5149 cash
1301.85 cc

6450.25
- 6499.25

-49.00
+ 55 ck
+ 6

5204 cc + pos
-4548 vs 062401
12.2.06

656 ✓
-55 Deposit ck
      BoA ck

601

## Pay-Outs

| | | |
|---|---|---|
| 60.00 msk | Lunch | |
| 150.00 msk | plant food | |
| 210.00 Total | **Pay-Outs - 2** | |

## Credit Card Listing

| | | |
|---|---|---|
| 290.00 | American Express | XXXXXXXXXXX1002 |
| 160.00 | American Express | XXXXXXXXXXX1000 |
| 50.00 | MasterCard | XXXXXXXXXXXX5017 |
| 40.00 | MasterCard | XXXXXXXXXXXX7883 |
| 310.00 | Visa | XXXXXXXXXXXX2871 |
| 150.00 | Visa | XXXXXXXXXXXX2041 |
| 125.00 | Visa | XXXXXXXXXXXX3018 |
| 75.00 | Visa | XXXXXXXXXXXX3397 |
| 41.25 | Visa | XXXXXXXXXXXX9853 |
| 35.00 | Visa | XXXXXXXXXXXX4502 |
| 25.00 | Visa | XXXXXXXXXXXX5450 |
| 1,301.25 Total | | **Credit Card - 11** |

Date : 1/16/2007 12:00:00 AM to 1/16/2007 11:59:59 PM

|  | SALES | RETURNS | NET |
|---|---|---|---|
| Sales : | 10,482.90 | 40.00 | 10,442.90 |
| Total : | 10,482.90 | 40.00 | 10,442.90 |

**MINUS**

| | |
|---|---|
| Charged to Account : | 0.00 |
| Gift Certificate used : | 0.00 |
| Gift Card used : | 0.00 |
| Net Deposit used : | 0.00 |
| Cash flow total | 10,442.90 |

## DISCOUNT BREAKOUT

|  | SALES | RETURNS | NET |
|---|---|---|---|
| Comp : | 12.75 | 0.00 | 12.75 |
| Employee 15% : | 23.25 | 0.00 | 23.25 |
| Incon 25% : | 794.75 | 0.00 | 794.75 |
| Sample 20% : | 43.10 | 0.00 | 43.10 |
| Shake 25% : | 143.00 | 0.00 | 143.00 |
| Unknown : | 41.25 | 0.00 | 41.25 |
| Total : | 1,058.10 | 0.00 | 1,058.10 |

### RECEIPT COUNTS

| | |
|---|---|
| Sales : | 87 |
| Returns : | 1 |
| Deposits : | 0 |
| Reversed : | 0 |
| Pay-Outs : | 0 |

**Dollars**

| | |
|---|---|
| Paid In : | 9,493.00 |
| Paid Out : | 649.85 |
| Net : | 8,843.15 |

**All Credit/Debit Cards**

| | |
|---|---|
| Paid In : | 1,599.75 |
| Paid Out : | 0.00 |
| Net : | 1,599.75 |

**MasterCard**

| | |
|---|---|
| Paid In : | 430.50 |
| Paid Out : | 0.00 |
| Net : | 430.50 |

**Visa**

| | |
|---|---|
| Paid In : | 1,169.25 |
| Paid Out : | 0.00 |
| Net : | 1,169.25 |

*Handwritten notes:*

$$46 \times 100 = 4000$$
$$4 \times 50 = 200$$
$$229 \times 20 = 4580$$
$$0 \times 10 = 0$$
$$10 \times 5 = 50$$
$$1 \times 1 = 1$$

8831 cash
1599.75 cc
10,430.75
10,442.90
-12.50  10.00 quarters
-10
-2.50

8831
-2500 vs 1372 midgrade JVC lost
6331
-5565 vs 062407  12.19.07
766 ✓ cupos

## Credit Card Listing

| | | |
|---|---|---|
| 162.50 | MasterCard | XXXXXXXXXXXX7015 |
| 100.00 | MasterCard | XXXXXXXXXXXX7950 |
| 80.00 | MasterCard | XXXXXXXXXXXX5275 |
| 45.00 | MasterCard | XXXXXXXXXXXX7119 |
| 40.00 | MasterCard | XXXXXXXXXXXX1860 |
| 3.00 | MasterCard | XXXXXXXXXXXX4788 |
| 640.00 | Visa | XXXXXXXXXXXX6228 |
| 190.00 | Visa | XXXXXXXXXXXX0828 |
| 150.00 | Visa | XXXXXXXXXXXX4374 |
| 100.00 | Visa | XXXXXXXXXXXX9418 |
| 89.25 | Visa | XXXXXXXXXXXX2645 |
| 1,599.75 | Total | Credit Card - 11 |

Date : 1/17/2007 12:00:00 AM to 1/17/2007 11:59:59 PM

|  | SALES | RETURNS |  |
|---|---|---|---|
| Sales : | 8,838.75 | 0.00 | 8,838.75 |
| Pay-Outs : | 0.00 | 50.00 | (50.00) |
| Total : | 8,838.75 | 50.00 | 8,788.75 |

|  |  |
|---|---|
| Charged to Account : | 0.00 |
| Gift Certificate used : | 0.00 |
| Gift Card used : | 32.00 |
| Net Deposit used : | 0.00 |
| **Cash flow total** | 8,756.75 |

## DISCOUNT BREAKOUT

|  | SALES | RETURNS | NET |
|---|---|---|---|
| Comp : | 150.00 | 0.00 | 150.00 |
| Employee 15% : | 77.75 | 0.00 | 77.75 |
| Incon 25% : | 261.25 | 0.00 | 261.25 |
| Sample 20% : | 11.00 | 0.00 | 11.00 |
| Shake 25% : | 141.25 | 0.00 | 141.25 |
| Total : | 641.25 | 0.00 | 641.25 |

### RECEIPT COUNTS

| | |
|---|---|
| Sales : | 76 |
| Returns : | 0 |
| Deposits : | 0 |
| Reversed : | 0 |
| Pay-Outs : | 1 |

**Dollars**
| | |
|---|---|
| Paid In : | 5,633.75 |
| Paid Out : | 405.75 |
| Net : | 5,228.00 |

**All Credit/Debit Cards**
| | |
|---|---|
| Paid In : | 3,528.75 |
| Paid Out : | 0.00 |
| Net : | 3,528.75 |

**American Express**
| | |
|---|---|
| Paid In : | 150.00 |
| Paid Out : | 0.00 |
| Net : | 150.00 |

**Discover**
| | |
|---|---|
| Paid In : | 50.00 |
| Paid Out : | 0.00 |
| Net : | 50.00 |

**MasterCard**
| | |
|---|---|
| Paid In : | 1,085.00 |
| Paid Out : | 0.00 |
| Net : | 1,085.00 |

**Visa**
| | |
|---|---|
| Paid In : | 2,243.75 |
| Paid Out : | 0.00 |
| Net : | 2,243.75 |

**Gift Card**
| | |
|---|---|
| Paid In : | 32.00 |
| Paid Out : | 0.00 |
| Net : | 32.00 |

*[Handwritten:]*
12 x 100 = 1200
0 x 50 = 0
200 x 20 = 4000
1 x 10 = 10
2 x 5 = 10
20 x 1 = 20

5240 caL
3528.75 cc

8768.75
− 8756.75

+ 12.00 ?

**Pay-Outs**

| | | |
|---|---|---|
| 50.00 | mab | plants |
| 50.00 | Total | Pay-Outs - 1 |

Credit Card Listing

| | | |
|---|---|---|
| 150.00 | American Express | XXXXXXXXXXX1019 |
| 50.00 | Discover | XXXXXXXXXXX5542 |
| 375.00 | MasterCard | XXXXXXXXXXX7018 |
| 140.00 | MasterCard | XXXXXXXXXXX4013 |

*[Handwritten:]*
5240
− 1504
3736
− 1600 vs 1·3·07  318636
2136  vs 1·21·07 Gold Dust

| 130.00 | MasterCard | XXXXXXXXXXXX7135 |
| 100.00 | MasterCard | XXXXXXXXXXXX4591 |
| 70.00 | MasterCard | XXXXXXXXXXXX0094 |
| 70.00 | MasterCard | XXXXXXXXXXXX4464 |
| 50.00 | MasterCard | XXXXXXXXXXXX4745 |
| 40.00 | MasterCard | XXXXXXXXXXXX7019 |
| 35.00 | MasterCard | XXXXXXXXXXXX1860 |
| 30.00 | MasterCard | XXXXXXXXXXXX6017 |
| 25.00 | MasterCard | XXXXXXXXXXXX3563 |
| 20.00 | MasterCard | XXXXXXXXXXXX9012 |
| 387.50 | Visa | XXXXXXXXXXXX4264 |
| 335.00 | Visa | XXXXXXXXXXXX6724 |
| 300.00 | Visa | XXXXXXXXXXXX6432 |
| 240.00 | Visa | XXXXXXXXXXXX2323 |
| 220.00 | Visa | XXXXXXXXXXXX4245 |
| 220.00 | Visa | XXXXXXXXXXXX2753 |
| 212.50 | Visa | XXXXXXXXXXXX3402 |
| 90.00 | Visa | XXXXXXXXXXXX3000 |
| 80.00 | Visa | XXXXXXXXXXXX0667 |
| 65.00 | Visa | XXXXXXXXXXXX7588 |
| 56.25 | Visa | XXXXXXXXXXXX9809 |
| 37.50 | Visa | XXXXXXXXXXXX6068 |
| 3,528.75 | Total | Credit Card - 26 |

**Gift Card Listing**

| 32.00 | Gift Card | 1000044182002459 |
| 32.00 | Total | Gift Card - 1 |

Z-Out Store Close

Date : 1/18/2007 12:00:00 AM to 1/18/2007 11:59:45 PM       Printed: 1/18/2007  6:02:02 PM

| | SALES | RETURNS | NET |
|---|---|---|---|
| Sales : | 7,658.75 | 0.00 | 7,658.75 |
| Total : | 7,658.75 | 0.00 | 7,658.75 |

**MINUS**

| | |
|---|---|
| Charged to Account : | 0.00 |
| Gift Certificate used : | 0.00 |
| Gift Card used : | 0.00 |
| Net Deposit used : | 0.00 |
| **Cash flow total** | **7,658.75** |

**DISCOUNT BREAKOUT**

| | SALES | RETURNS | NET |
|---|---|---|---|
| Employee 15% : | 76.00 | 0.00 | 76.00 |
| Incon 25% : | 28.75 | 0.00 | 28.75 |
| Sample 20% : | 4.00 | 0.00 | 4.00 |
| Shake 25% : | 172.50 | 0.00 | 172.50 |
| Total : | 281.25 | 0.00 | 281.25 |

**RECEIPT COUNTS**

| | |
|---|---|
| Sales : | 72 |
| Returns : | 0 |
| Deposits : | 0 |
| Reversed : | 0 |
| Pay-Outs : | 0 |

*Handwritten:*
$$24 \times 100 = 2400$$
$$5 \times 50 = 250$$
$$172 \times 20 = 3440$$
$$0 \times 10 = 0$$
$$3 \times 5 = 15$$
$$0 \times 1 = 0$$

6105 cash
1556.25 cc
7661.25
−7658.75
+2.50

**Dollars**

| | |
|---|---|
| Paid In : | 6,491.00 |
| Paid Out : | 388.50 |
| Net : | 6,102.50 |

**All Credit/Debit Cards**

| | |
|---|---|
| Paid In : | 1,556.25 |
| Paid Out : | 0.00 |
| Net : | 1,556.25 |

**MasterCard**

| | |
|---|---|
| Paid In : | 740.00 |
| Paid Out : | 0.00 |
| Net : | 740.00 |

**Visa**

| | |
|---|---|
| Paid In : | 816.25 |
| Paid Out : | 0.00 |
| Net : | 816.25 |

**Credit Card Listing**

| Amount | Type | Card |
|---|---|---|
| 240.00 | MasterCard | XXXXXXXXXXXX7883 |
| 190.00 | MasterCard | XXXXXXXXXXXX1084 |
| 175.00 | MasterCard | XXXXXXXXXXXX8568 |
| 135.00 | MasterCard | XXXXXXXXXXXX8885 |
| 240.00 | Visa | XXXXXXXXXXXX9020 |
| 227.50 | Visa | XXXXXXXXXXXX4838 |
| 130.00 | Visa | XXXXXXXXXXXX8613 |
| 55.00 | Visa | XXXXXXXXXXXX7909 |
| 50.00 | Visa | XXXXXXXXXXXX9725 |
| 48.75 | Visa | XXXXXXXXXXXX4078 |
| 40.00 | Visa | XXXXXXXXXXXX8103 |
| 25.00 | Visa | XXXXXXXXXXXX8613 |
| **1,556.25** | **Total** | **Credit Card - 12** |

*Handwritten:*
6105
−6105  vs  062407
12·19·07

Z-Out Store Close

Date : 1/19/2007 12:00:00 AM to 1/19/2007 11:59:59 PM

Printed: 1/19/2007  6:05:44 PM

| | SALES | RETURNS | NET |
|---|---|---|---|
| Sales : | 9,130.05 | 0.00 | 9,130.05 |
| Total : | 9,130.05 | 0.00 | 9,130.05 |

MINUS

| | |
|---|---|
| Charged to Account : | 0.00 |
| Gift Certificate used : | 0.00 |
| Gift Card used : | 0.00 |
| Net Deposit used : | 0.00 |
| Cash flow total | 9,130.05 |

**DISCOUNT BREAKOUT**

| | SALES | RETURNS | NET |
|---|---|---|---|
| Comp : | 135.00 | 0.00 | 135.00 |
| Employee 15% : | 79.20 | 0.00 | 79.20 |
| Incon 25% : | 123.75 | 0.00 | 123.75 |
| Shake 25% : | 90.00 | 0.00 | 90.00 |
| Total : | 427.95 | 0.00 | 427.95 |

**RECEIPT COUNTS**

| | |
|---|---|
| Sales : | 83 |
| Returns : | 0 |
| Deposits : | 0 |
| Reversed : | 0 |
| Pay-Outs : | 0 |

**Dollars**

| | |
|---|---|
| Paid In : | 7,961.25 |
| Paid Out : | 358.00 |
| Net : | 7,603.25 |

**All Credit/Debit Cards**

| | |
|---|---|
| Paid In : | 1,526.80 |
| Paid Out : | 0.00 |
| Net : | 1,526.80 |

**Discover**

| | |
|---|---|
| Paid In : | 595.00 |
| Paid Out : | 0.00 |
| Net : | 595.00 |

**MasterCard**

| | |
|---|---|
| Paid In : | 68.80 |
| Paid Out : | 0.00 |
| Net : | 68.80 |

**Visa**

| | |
|---|---|
| Paid In : | 863.00 |
| Paid Out : | 0.00 |
| Net : | 863.00 |

*Handwritten notes:*

$$26 \times 100 = 2000$$
$$2 \times 50 = 100$$
$$268 \times 20 = 5360$$
$$7 \times 10 = 70$$
$$10 \times 5 = 50$$
$$24 \times 1 = 24$$

7604 cash
1526.80 cc

9130.8
−9130.5
+ .50

**Credit Card Listing**

| Amount | Card | Number |
|---|---|---|
| 595.00 | Discover | XXXXXXXXXXXX9729 |
| 48.80 | MasterCard | XXXXXXXXXXXX7015 |
| 20.00 | MasterCard | XXXXXXXXXXXX0079 |
| 260.00 | Visa | XXXXXXXXXXXX6211 |
| 130.00 | Visa | XXXXXXXXXXXX6437 |
| 128.00 | Visa | XXXXXXXXXXXX5325 |
| 75.00 | Visa | XXXXXXXXXXXX1096 |
| 65.00 | Visa | XXXXXXXXXXXX5096 |
| 65.00 | Visa | XXXXXXXXXXXX8292 |
| 55.00 | Visa | XXXXXXXXXXXX1386 |
| 50.00 | Visa | XXXXXXXXXXXX9683 |
| 35.00 | Visa | XXXXXXXXXXXX7909 |
| **1,526.80** | **Total** | **Credit Card - 12** |

*Handwritten notes (right side):*

7604
− 532   vs  1·23·07
          mundo oil

7072
−7072  vs 062409
            1·6·07

**Z-Out Store Close**

Printed:  1/20/2007  6:07:32 PM

1,396.75  Total

Credit Card - 12

Date : 1/20/2007 12:00:00 AM to 1/20/2007 11:59:59 PM

| | SALES | RETURNS | NET |
|---|---|---|---|
| Sales : | 10,200.50 | 0.00 | 10,200.50 |
| Pay-Outs : | 0.00 | 80.00 | (80.00) |
| Total : | 10,200.50 | 80.00 | 10,120.50 |

| | |
|---|---|
| Charged to Account : | 0.00 |
| Gift Certificate used : | 0.00 |
| Gift Card used : | 0.00 |
| Net Deposit used : | 0.00 |
| Cash flow total | 10,120.50 |

**DISCOUNT BREAKOUT**

| | SALES | RETURNS | NET |
|---|---|---|---|
| Comp : | 95.00 | 0.00 | 95.00 |
| Employee 15% : | 72.00 | 0.00 | 72.00 |
| Incon 25% : | 87.75 | 0.00 | 87.75 |
| Sample 20% : | 23.00 | 0.00 | 23.00 |
| Shake 25% : | 73.75 | 0.00 | 73.75 |
| Total : | 351.50 | 0.00 | 351.50 |

**RECEIPT COUNTS**

| | |
|---|---|
| Sales : | 77 |
| Returns : | 0 |
| Deposits : | 0 |
| Reversed : | 1 |
| Pay-Outs : | 1 |

*(handwritten:)*
32 × 100 = 3200
14 × 50 = 700
239 × 20 = 4780
0 × 10 = 0
2 × 5 = 10
8 × 1 = 8

8698 cash
1396.75 cc
10,094.75
– 10,120.50
– 25.75
" + 10.00 everthns
– 15.75
+ 15.00 silver dollars
lunch

**Dollars**

| | |
|---|---|
| Paid In : | 10,089.75 |
| Paid Out : | 1,366.00 |
| Net : | 8,723.75 |

**All Credit/Debit Cards**

| | |
|---|---|
| Paid In : | 1,396.75 |
| Paid Out : | 0.00 |
| Net : | 1,396.75 |

**American Express**

| | |
|---|---|
| Paid In : | 125.00 |
| Paid Out : | 0.00 |
| Net : | 125.00 |

**MasterCard**

| | |
|---|---|
| Paid In : | 455.00 |
| Paid Out : | 0.00 |
| Net : | 455.00 |

**Visa**

| | |
|---|---|
| Paid In : | 816.75 |
| Paid Out : | 0.00 |
| Net : | 816.75 |

**Pay-Outs**

| | |
|---|---|
| 80.00 | msk |
| 80.00 | Total |

Pay-Outs -1
*(handwritten:)* ( – .75 ) ✓

*(handwritten:)*
8698
– 8128 vs 062409
1.6.07
570 ✓
– 570 cccc pos

**Credit Card Listing**

| | | |
|---|---|---|
| 125.00 | American Express | XXXXXXXXXXXXX1002 |
| 240.00 | MasterCard | XXXXXXXXXXXX1668 |
| 215.00 | MasterCard | XXXXXXXXXXXX3395 |
| 220.00 | Visa | XXXXXXXXXXXX4670 |
| 108.00 | Visa | XXXXXXXXXXXX4685 |
| 105.00 | Visa | XXXXXXXXXXXX0153 |
| 85.00 | Visa | XXXXXXXXXXXX0667 |
| 70.00 | Visa | XXXXXXXXXXXX5829 |
| 70.00 | Visa | XXXXXXXXXXXX6086 |
| 55.00 | Visa | XXXXXXXXXXXX5386 |
| 55.00 | Visa | XXXXXXXXXXXX7909 |
| 48.75 | Visa | XXXXXXXXXXXX4078 |

1,300.00  Total                    Credit Card - 12

Z-Out Store Close

Date : 1/21/2007 12:00:00 AM to 1/21/2007 11:59:59 PM    Printed: 1/21/2007  6:16:08 PM

| | **SALES** | **RETURNS** | | **NET** |
|---|---|---|---|---|
| Sales : | 6,203.15 | 0.00 | | 6,203.15 |
| Pay-Outs : | 0.00 | 69.18 | | (69.18) |
| Total : | 6,203.15 | 69.18 | | 6,133.97 |

| | |
|---|---|
| Charged to Account : | 0.00 |
| Gift Certificate used : | 0.00 |
| Gift Card used : | 0.00 |
| Net Deposit used : | 0.00 |
| **Cash flow total** | **6,133.97** |

## DISCOUNT BREAKOUT

| | **SALES** | **RETURNS** | **NET** |
|---|---|---|---|
| Employee 15% : | 13.50 | 0.00 | 13.50 |
| Incon 25% : | 36.50 | 0.00 | 36.50 |
| Sample 20% : | 20.60 | 0.00 | 20.60 |
| Shake 25% : | 142.75 | 0.00 | 142.75 |
| Unknown : | 42.50 | 0.00 | 42.50 |
| Total : | 255.85 | 0.00 | 255.85 |

**RECEIPT COUNTS**

Handwritten calculations:

11 X 100 = 1100
6 X 50 = 300
165 X 20 = 3300
13 X 10 = 130
2 X 5 = 10
1 X 1 = 1

4841 cash
1300 cc
6141
- 6133.97
+7.03

| | |
|---|---|
| Sales : | 56 |
| Returns : | 0 |
| Deposits : | 0 |
| Reversed : | 0 |
| Pay-Outs : | 1 |

**Dollars**

| | |
|---|---|
| Paid In : | 5,098.50 |
| Paid Out : | 264.53 |
| Net : | 4,833.97 |

**All Credit/Debit Cards**

| | |
|---|---|
| Paid In : | 1,300.00 |
| Paid Out : | 0.00 |
| Net : | 1,300.00 |

**Discover**

| | |
|---|---|
| Paid In : | 95.00 |
| Paid Out : | 0.00 |
| Net : | 95.00 |

**MasterCard**

| | |
|---|---|
| Paid In : | 597.50 |
| Paid Out : | 0.00 |
| Net : | 597.50 |

**Visa**

| | |
|---|---|
| Paid In : | 607.50 |
| Paid Out : | 0.00 |
| Net : | 607.50 |

## Pay-Outs

| 69.18 | msk |
|---|---|
| 69.18 | Total |

## Credit Card Listing

| 95.00 | Discover | XXXXXXXXXXXX5542 |
|---|---|---|
| 180.00 | MasterCard | XXXXXXXXXXXX5934 |
| 142.50 | MasterCard | XXXXXXXXXXXX7016 |
| 130.00 | MasterCard | XXXXXXXXXXXX7883 |
| 85.00 | MasterCard | XXXXXXXXXXXX6547 |
| 60.00 | MasterCard | XXXXXXXXXXXX9142 |
| 170.00 | Visa | XXXXXXXXXXXX6077 |
| 142.50 | Visa | XXXXXXXXXXXX4735 |
| 130.00 | Visa | XXXXXXXXXXXX9261 |
| 80.00 | Visa | XXXXXXXXXXXX1096 |
| 75.00 | Visa | XXXXXXXXXXXX6211 |
| 10.00 | Visa | XXXXXXXXXXXX7909 |

**LUNCH**
**Pay-Outs - 1**

Handwritten calculations:

4841
- 3200 vs 11.25.06  Big Bud PO #2
1641 ✓
- 952 vs 318642  1.10.07
689
- 689 curpos

|  |  |  |
|---|---|---|
| 75.00 | Visa | XXXXXXXXXXXX7311 |
| 70.00 | Visa | XXXXXXXXXXXX5383 |
| 70.00 | Visa | XXXXXXXXXXXX2476 |
| 65.00 | Visa | XXXXXXXXXXXX6211 |
| 65.00 | Visa | XXXXXXXXXXXX6108 |
| 32.50 | Visa | XXXXXXXXXXXX8619 |
| 25.00 | Visa | XXXXXXXXXXXX4210 |
| 20.00 | Visa | XXXXXXXXXXXX7909 |
| 1,343.25 | Total | **Credit Card - 16** |

**Gift Certificate Listing**

|  |  |  |
|---|---|---|
| 48.75 |  | ;1000044182002497? |
| 48.75 | Total | **Gift Certificate - 1** |

|  | | **SALES** | **RETURNS** | | **NET** |
|---|---|---|---|---|---|
| Sales : | | 9,663.14 | 0.00 | | 9,663.14 |
| Total : | | **9,663.14** | **0.00** | | **9,663.14** |

**MINUS**

| | | | | |
|---|---|---|---|---|
| Charged to Account : | | | | 0.00 |
| Gift Certificate used : | | | | 48.75 |
| Gift Card used : | | | | 0.00 |
| Net Deposit used : | | | | 0.00 |
| **Cash flow total** | | | | **9,614.39** |

### DISCOUNT BREAKOUT

|  | **SALES** | **RETURNS** | **NET** |
|---|---|---|---|
| Comp : | 40.00 | 0.00 | 40.00 |
| Employee 15% : | 79.75 | 0.00 | 79.75 |
| Incon 25% : | 465.00 | 0.00 | 465.00 |
| Sample 20% : | 16.00 | 0.00 | 16.00 |
| Shake 25% : | 223.12 | 0.00 | 223.12 |
| Unknown : | 18.00 | 0.00 | 18.00 |
| Total : | 841.88 | 0.00 | 841.88 |

**RECEIPT COUNTS**

| | |
|---|---|
| Sales : | 91 |
| Returns : | 0 |
| Deposits : | 0 |
| Reversed : | 0 |
| Pay-Outs : | 0 |

**Dollars**

| | |
|---|---|
| Paid In : | 8,523.00 |
| Paid Out : | 476.86 |
| Net : | 8,046.14 |

**Check**

| | |
|---|---|
| Paid In : | 225.00 |
| Paid Out : | 0.00 |
| Net : | 225.00 |

**All Credit/Debit Cards**

| | |
|---|---|
| Paid In : | 1,343.25 |
| Paid Out : | 0.00 |
| Net : | 1,343.25 |

**MasterCard**

| | |
|---|---|
| Paid In : | 622.00 |
| Paid Out : | 0.00 |
| Net : | 622.00 |

**Visa**

| | |
|---|---|
| Paid In : | 721.25 |
| Paid Out : | 0.00 |
| Net : | 721.25 |

**Gift Certificate**

| | |
|---|---|
| Paid In : | 48.75 |
| Paid Out : | 0.00 |
| Net : | 48.75 |

*Handwritten:*

$34 \times 100 = 3400$

$6 \times 50 = 300$

$215 \times 20 = 4300$

$3 \times 10 = 30$

$9 \times 1 \approx 9$

8039
+ 225 ck
8264
1343.25
9607.25
+ 10.00 quarters
9617.25
- 9614.39
- 7.14

### Check Listing

| | |
|---|---|
| 225.00 | 1010 |
| 225.00 Total | Check - 1 |

### Credit Card Listing

| | | |
|---|---|---|
| 240.00 | MasterCard | XXXXXXXXXXX1022 |
| 140.00 | MasterCard | XXXXXXXXXXX3842 |
| 85.00 | MasterCard | XXXXXXXXXXX5242 |
| 82.00 | MasterCard | XXXXXXXXXXX9990 |
| 65.00 | MasterCard | XXXXXXXXXXX4989 |
| 10.00 | MasterCard | XXXXXXXXXXX4013 |
| 220.00 | Visa | XXXXXXXXXXX1149 |
| 78.75 | Visa | XXXXXXXXXXX2671 |

*Handwritten:*

8264   vs 318640
- 8264   cccpos (8300)
1-707
0
Deposit check
800 + 25 change

Z-Out Store Close

Printed: 1/24/2007  6:05:20 PM

```
    28.50  Visa              XXXXXXXXXXXX9809
    15.00  Visa              XXXXXXXXXXXX7909
 1,899.75  Total             Credit Card - 18
```

Date : 1/24/2007 12:00:00 AM to 1/24/2007 11:59:59 PM          Printed 1/24/2007  6:05:20 PM

|  | SALES | RETURNS | NET |
|---|---|---|---|
| Sales : | 7,093.50 | 0.00 | 7,093.50 |
| Total : | 7,093.50 | 0.00 | 7,093.50 |

**MINUS**

| | |
|---|---|
| Charged to Account : | 0.00 |
| Gift Certificate used : | 0.00 |
| Gift Card used : | 0.00 |
| Net Deposit used : | 0.00 |
| Cash flow total | 7,093.50 |

## DISCOUNT BREAKOUT

|  | SALES | RETURNS | NET |
|---|---|---|---|
| Comp : | 65.00 | 0.00 | 65.00 |
| Employee 15% : | 7.50 | 0.00 | 7.50 |
| Incon 25% : | 11.50 | 0.00 | 11.50 |
| Sample 20% : | 16.25 | 0.00 | 16.25 |
| Shake 25% : | 172.50 | 0.00 | 172.50 |
| Total : | 272.75 | 0.00 | 272.75 |

**RECEIPT COUNTS**

| | |
|---|---|
| Sales : | 76 |
| Returns : | 0 |
| Deposits : | 0 |
| Reversed : | 0 |
| Pay-Outs : | 0 |

*(handwritten)*
15 × 100 = 1500
2 × 50 = 100
178 × 20 = 3560
1 × 10 = 10
4 × 5 = 20
5 × 1 = 5

5195 cash
1899.75 cc
———
7094.75
-7093.50
———
+1.25

**Dollars**

| | |
|---|---|
| Paid In : | 5,538.50 |
| Paid Out : | 344.75 |
| Net : | 5,193.75 |

**All Credit/Debit Cards**

| | |
|---|---|
| Paid In : | 1,899.75 |
| Paid Out : | 0.00 |
| Net : | 1,899.75 |

**Discover**

| | |
|---|---|
| Paid In : | 115.00 |
| Paid Out : | 0.00 |
| Net : | 115.00 |

**MasterCard**

| | |
|---|---|
| Paid In : | 612.00 |
| Paid Out : | 0.00 |
| Net : | 612.00 |

**Visa**

| | |
|---|---|
| Paid In : | 1,172.75 |
| Paid Out : | 0.00 |
| Net : | 1,172.75 |

## Credit Card Listing

| Amount | Card | Number |
|---|---|---|
| 115.00 | Discover | XXXXXXXXXXXX5542 |
| 250.00 | MasterCard | XXXXXXXXXXXX4364 |
| 190.00 | MasterCard | XXXXXXXXXXXX5983 |
| 60.00 | MasterCard | XXXXXXXXXXXX7019 |
| 50.00 | MasterCard | XXXXXXXXXXXX4464 |
| 25.00 | MasterCard | XXXXXXXXXXXX8732 |
| 20.00 | MasterCard | XXXXXXXXXXXX1884 |
| 17.00 | MasterCard | XXXXXXXXXXXX3458 |
| 312.50 | Visa | XXXXXXXXXXXX3402 |
| 260.00 | Visa | XXXXXXXXXXXX2753 |
| 130.00 | Visa | XXXXXXXXXXXX4206 |
| 120.00 | Visa | XXXXXXXXXXXX0368 |
| 115.00 | Visa | XXXXXXXXXXXX8847 |
| 78.75 | Visa | XXXXXXXXXXXX6068 |
| 78.00 | Visa | XXXXXXXXXXXX4890 |
| 35.00 | Visa | XXXXXXXXXXXX4206 |

*(handwritten)*
5195
-500   vs 1.25 67 void
         549153
-5195   vs 06 2410
         of 11,000
0

2,727.75  Total

Credit Card - 20

Z-Out Store Close

Date : 1/25/2007 12:00:00 AM to 1/25/2007 11:59:59 PM          Printed: 1/25/2007  6:15:35 PM

|  | | **SALES** | **RETURNS** | | **NET** |
|---|---|---|---|---|---|
| Sales : | | 10,016.00 | 0.00 | | 10,016.00 |
| Total : | | 10,016.00 | 0.00 | | 10,016.00 |

**MINUS**

| | | NET |
|---|---|---|
| Charged to Account : | | 0.00 |
| Gift Certificate used : | | 0.00 |
| Gift Card used : | | 0.00 |
| Net Deposit used : | | 0.00 |
| **Cash flow total** | | 10,016.00 |

## DISCOUNT BREAKOUT

| | | **SALES** | **RETURNS** | | **NET** |
|---|---|---|---|---|---|
| Comp : | | 44.25 | 0.00 | | 44.25 |
| Employee 15% : | | 47.50 | 0.00 | | 47.50 |
| Incon 25% : | | 83.75 | 0.00 | | 83.75 |
| Sample 20% : | | 4.00 | 0.00 | | 4.00 |
| Shake 25% : | | 207.50 | 0.00 | | 207.50 |
| Total : | | 387.00 | 0.00 | | 387.00 |

**RECEIPT COUNTS**

*(handwritten:)*

20 × 100 = 2000
11 × 50 = 550
235 × 20 = 4700
0 × 10 = 0
1 × 5 = 5
17 × 2 = 34
0 × 1 = 0

| | |
|---|---|
| Sales : | 86 |
| Returns : | 0 |
| Deposits : | 0 |
| Reversed : | 0 |
| Pay-Outs : | 0 |

**Dollars**

| | |
|---|---|
| Paid In : | 10,432.75 |
| Paid Out : | 3,144.50 |
| Net : | 7,288.25 |

*(handwritten:)*
7289 cash
2727.75 cc
_____
10,016.75
10,016.00
+ .75

**All Credit/Debit Cards**

| | |
|---|---|
| Paid In : | 2,727.75 |
| Paid Out : | 0.00 |
| Net : | 2,727.75 |

**MasterCard**

| | |
|---|---|
| Paid In : | 278.75 |
| Paid Out : | 0.00 |
| Net : | 278.75 |

**Visa**

| | |
|---|---|
| Paid In : | 2,449.00 |
| Paid Out : | 0.00 |
| Net : | 2,449.00 |

## Credit Card Listing

| | | |
|---|---|---|
| 100.00 | MasterCard | XXXXXXXXXXXX4014 |
| 60.00 | MasterCard | XXXXXXXXXXXX0441 |
| 60.00 | MasterCard | XXXXXXXXXXXX1589 |
| 40.00 | MasterCard | XXXXXXXXXXXX5975 |
| 18.75 | MasterCard | XXXXXXXXXXXX1136 |
| 420.00 | Visa | XXXXXXXXXXXX4264 |
| 370.00 | Visa | XXXXXXXXXXXX1094 |
| 280.00 | Visa | XXXXXXXXXXXX8567 |
| 243.75 | Visa | XXXXXXXXXXXX3397 |
| 190.00 | Visa | XXXXXXXXXXXX0828 |
| 167.25 | Visa | XXXXXXXXXXXX2645 |
| 165.00 | Visa | XXXXXXXXXXXX5325 |
| 125.00 | Visa | XXXXXXXXXXXX9358 |
| 105.00 | Visa | XXXXXXXXXXXX6423 |
| 100.00 | Visa | XXXXXXXXXXXX7609 |
| 80.75 | Visa | XXXXXXXXXXXX8391 |
| 65.00 | Visa | XXXXXXXXXXXX6108 |
| 60.00 | Visa | XXXXXXXXXXXX6211 |
| 41.25 | Visa | XXXXXXXXXXXX9359 |
| 36.00 | Visa | XXXXXXXXXXXX8296 |

*(handwritten, right side:)*
7289
−934  vs 318650
        1.19.07

6355
−4200  vs 318637
         1.3.07

2155
−2000  vs 318641
         1.9.07

155
−155 cccpos

|  |  |
|---|---|
| 65.00 | Visa |
| 60.00 | Visa |
| 60.00 | Visa |
| 50.00 | Visa |
| 48.75 | Visa |
| 3,574.50 | Total |

XXXXXXXXXXXXX6228
XXXXXXXXXXXX2715
XXXXXXXXXXXX2908
XXXXXXXXXXXX0715
XXXXXXXXXXXX4078

**Credit Card - 24**

Date : 1/26/2007 12:00:00 AM to 1/26/2007 11:59:59 PM          Printed: 1/26/2007  6:14:40 PM

| | SALES | RETURNS | NET |
|---|---|---|---|
| Sales : | 12,910.40 | 0.00 | 12,910.40 |
| Total : | 12,910.40 | 0.00 | 12,910.40 |

MINUS

| | | |
|---|---|---|
| Charged to Account : | | 0.00 |
| Gift Certificate used : | | 0.00 |
| Gift Card used : | | 0.00 |
| Net Deposit used : | | 0.00 |
| Cash flow total | | 12,910.40 |

## DISCOUNT BREAKOUT

| | SALES | RETURNS | NET |
|---|---|---|---|
| Comp : | 26.00 | 0.00 | 26.00 |
| Damage : | 2.25 | 0.00 | 2.25 |
| Defect : | 2.25 | 0.00 | 2.25 |
| Incon 25% : | 420.00 | 0.00 | 420.00 |
| Sample 20% : | 6.60 | 0.00 | 6.60 |
| Shake 25% : | 104.50 | 0.00 | 104.50 |
| Total : | 561.60 | 0.00 | 561.60 |

### RECEIPT COUNTS

| | |
|---|---|
| Sales : | 97 |
| Returns : | 0 |
| Deposits : | 0 |
| Reversed : | 0 |
| Pay-Outs : | 0 |

**Dollars**

| | |
|---|---|
| Paid In : | 9,774.25 |
| Paid Out : | 438.35 |
| Net : | 9,335.90 |

**All Credit/Debit Cards**

| | |
|---|---|
| Paid In : | 3,574.50 |
| Paid Out : | 0.00 |
| Net : | 3,574.50 |

**MasterCard**

| | |
|---|---|
| Paid In : | 654.00 |
| Paid Out : | 0.00 |
| Net : | 654.00 |

**Visa**

| | |
|---|---|
| Paid In : | 2,920.50 |
| Paid Out : | 0.00 |
| Net : | 2,920.50 |

Handwritten:
```
33 × 100 = 3300
17 × 50 = 850
259 × 20 = 5180
0 × 10 = 0
0 × 5 = 0
10 × 1 = 10
          9340 cash
          3574.50 cc
       12 914.50
      -12 910.40
          + 4.10
```

## Credit Card Listing

| | |
|---|---|
| 245.00 MasterCard | XXXXXXXXXXXX3011 |
| 175.00 MasterCard | XXXXXXXXXXXX9819 |
| 104.00 MasterCard | XXXXXXXXXXXX8236 |
| 60.00 MasterCard | XXXXXXXXXXXX9308 |
| 50.00 MasterCard | XXXXXXXXXXXX4745 |
| 20.00 MasterCard | XXXXXXXXXXXX5983 |
| 560.00 Visa | XXXXXXXXXXXX6228 |
| 460.00 Visa | XXXXXXXXXXXX5623 |
| 225.00 Visa | XXXXXXXXXXXX2298 |
| 195.00 Visa | XXXXXXXXXXXX6212 |
| 195.00 Visa | XXXXXXXXXXXX9807 |
| 193.00 Visa | XXXXXXXXXXXX8810 |
| 165.00 Visa | XXXXXXXXXXXX7232 |
| 150.00 Visa | XXXXXXXXXXXX7611 |
| 150.00 Visa | XXXXXXXXXXXX1231 |
| 130.00 Visa | XXXXXXXXXXXX2871 |
| 80.00 Visa | XXXXXXXXXXXX7026 |
| 68.75 Visa | XXXXXXXXXXXX5192 |
| 65.00 Visa | XXXXXXXXXXXX1096 |

Handwritten:
```
9340
-8710 vs 06 2406
        12·27·06
  630
- 630 accpos
   ⊘
```

**Z-Out Store Close**

Date : 1/27/2007 12:00:00 AM to 1/27/2007 11:59:59 PM

Printed : 1/27/2007  6:12:13 PM

|  | SALES | RETURNS | NET |
|---|---|---|---|
| Sales : | 8,104.90 | 0.00 | 8,104.90 |
| Pay-Outs : | 0.00 | 69.00 | (69.00) |
| Total : | 8,104.90 | 69.00 | 8,035.90 |

| | |
|---|---|
| Charged to Account : | 0.00 |
| Gift Certificate used : | 0.00 |
| Gift Card used : | 0.00 |
| Net Deposit used : | 0.00 |
| **Cash flow total** | 8,035.90 |

**DISCOUNT BREAKOUT**

|  | SALES | RETURNS | NET |
|---|---|---|---|
| Incon 25% : | 525.75 | 0.00 | 525.75 |
| Sample 20% : | 82.35 | 0.00 | 82.35 |
| Shake 25% : | 122.00 | 0.00 | 122.00 |
| Total : | 730.10 | 0.00 | 730.10 |

**RECEIPT COUNTS**

| | |
|---|---|
| Sales : | 62 |
| Returns : | 0 |
| Deposits : | 0 |
| Reversed : | 0 |
| Pay-Outs : | 1 |

**Dollars**
| | |
|---|---|
| Paid In : | 5,753.00 |
| Paid Out : | 350.85 |
| Net : | 5,402.15 |

**All Credit/Debit Cards**
| | |
|---|---|
| Paid In : | 2,633.75 |
| Paid Out : | 0.00 |
| Net : | 2,633.75 |

**MasterCard**
| | |
|---|---|
| Paid In : | 1,137.50 |
| Paid Out : | 0.00 |
| Net : | 1,137.50 |

**Visa**
| | |
|---|---|
| Paid In : | 1,496.25 |
| Paid Out : | 0.00 |
| Net : | 1,496.25 |

*(handwritten notes:)*

18 × 100 = 1800
6 × 50 = 300
162 × 20 = 3240
4 × 10 = 40
5 × 5 = 25
1 × 1 = 1

5406 cash
2633.75 cc
8039.75
− 8035.90
+ 3.85

**Pay-Outs**

| | | |
|---|---|---|
| 69.00 | msk | lunch |
| 69.00 | Total | **Pay-Outs - 1** |

*(handwritten:)*
5406
− 5406   vs 062410
1·10·07
0

**Credit Card Listing**

| | | |
|---|---|---|
| 345.00 | MasterCard | XXXXXXXXXXXX0122 |
| 322.50 | MasterCard | XXXXXXXXXXXX1731 |
| 280.00 | MasterCard | XXXXXXXXXXXX6774 |
| 85.00 | MasterCard | XXXXXXXXXXXX3026 |
| 80.00 | MasterCard | XXXXXXXXXXXX4591 |
| 25.00 | MasterCard | XXXXXXXXXXXX9131 |
| 370.00 | Visa | XXXXXXXXXXXX8984 |
| 311.25 | Visa | XXXXXXXXXXXX6432 |
| 265.00 | Visa | XXXXXXXXXXXX4308 |
| 240.00 | Visa | XXXXXXXXXXXX7078 |
| 190.00 | Visa | XXXXXXXXXXXX2608 |
| 60.00 | Visa | XXXXXXXXXXXX9683 |
| 60.00 | Visa | XXXXXXXXXXXX3018 |
| **2,633.75** | **Total** | **Credit Card - 13** |

**Z-Out Store Close**

Date : 1/28/2007 12:00:00 AM to 1/28/2007 6:00:00 PM

Printed : 1/28/2007  6:02:08 PM

|  | **SALES** | **RETURNS** | **NET** |
|---|---|---|---|
| Sales : | 5,657.00 | 0.00 | 5,657.00 |
| Pay-Outs : | 0.00 | 75.00 | (75.00) |
| Total : | 5,657.00 | 75.00 | 5,582.00 |

| | |
|---|---|
| Charged to Account : | 0.00 |
| Gift Certificate used : | 0.00 |
| Gift Card used : | 0.00 |
| Net Deposit used : | 0.00 |
| **Cash flow total** | **5,582.00** |

**DISCOUNT BREAKOUT**

|  | **SALES** | **RETURNS** | **NET** |
|---|---|---|---|
| Comp : | 45.00 | 0.00 | 45.00 |
| Incon 25% : | 45.00 | 0.00 | 45.00 |
| Sample 20% : | 10.00 | 0.00 | 10.00 |
| Shake 25% : | 72.00 | 0.00 | 72.00 |
| Total : | 172.00 | 0.00 | 172.00 |

**RECEIPT COUNTS**

| | |
|---|---|
| Sales : | 61 |
| Returns : | 0 |
| Deposits : | 0 |
| Reversed : | 1 |
| Pay-Outs : | 1 |

**Dollars**

| | |
|---|---|
| Paid In : | 4,632.00 |
| Paid Out : | 466.75 |
| Net : | 4,165.25 |

**All Credit/Debit Cards**

| | |
|---|---|
| Paid In : | 1,416.75 |
| Paid Out : | 0.00 |
| Net : | 1,416.75 |

**MasterCard**

| | |
|---|---|
| Paid In : | 853.75 |
| Paid Out : | 0.00 |
| Net : | 853.75 |

**Visa**

| | |
|---|---|
| Paid In : | 563.00 |
| Paid Out : | 0.00 |
| Net : | 563.00 |

_Handwritten notes:_

```
10 x 100 = 1000
 5 x 50  = 250
143 x 20 = 2860
 0 x 10  = 0
10 x 5   = 50
 8 x 1   = 8

 4168 cash
 1416.75 cc
 5584.75
-5582.00
 + 2.75
```

**Pay-Outs**

| | | |
|---|---|---|
| 75.00 | ccl | Lunch |
| **75.00** | **Total** | **Pay-Outs - 1** |

**Credit Card Listing**

| | | |
|---|---|---|
| 140.00 | MasterCard | XXXXXXXXXXXX1084 |
| 138.75 | MasterCard | XXXXXXXXXXXX5739 |
| 120.00 | MasterCard | XXXXXXXXXXXX0142 |
| 120.00 | MasterCard | XXXXXXXXXXXX5471 ✓ |
| 110.00 | MasterCard | XXXXXXXXXXXX4857 |
| 90.00 | MasterCard | XXXXXXXXXXXX3356 |
| 75.00 | MasterCard | XXXXXXXXXXXX9012 |
| 60.00 | MasterCard | XXXXXXXXXXXX0198 |
| 240.00 | Visa | XXXXXXXXXXXX1149 |
| 170.00 | Visa | XXXXXXXXXXXX6936 |
| 88.00 | Visa | XXXXXXXXXXXX6211 |
| 65.00 | Visa | XXXXXXXXXXXX1046 |
| **1,416.75** | **Total** | **Credit Card - 12** |

_Handwritten notes:_

```
 4168
- 400 vs 3186 48
          1.19.07
 3268
- 500 vs 928
 2768
- 855
 1913 ✓
-1913 accpos
```

Date : 1/30/2007 12:00:00 AM to 1/30/2007 11:59:59 PM          Printed: 1/30/2007  6:06:28 PM

|  | **SALES** | **RETURNS** | **NET** |
|---|---|---|---|
| Sales : | 8,228.75 | 0.00 | 8,228.75 |
| Total : | 8,228.75 | 0.00 | 8,228.75 |

**MINUS**

| | |
|---|---|
| Charged to Account : | 0.00 |
| Gift Certificate used : | 0.00 |
| Gift Card used : | 0.00 |
| Net Deposit used : | 0.00 |
| **Cash flow total** | **8,228.75** |

**DISCOUNT BREAKOUT**

|  | **SALES** | **RETURNS** | **NET** |
|---|---|---|---|
| Employee 15% : | 37.50 | 0.00 | 37.50 |
| Incon 25% : | 141.25 | 0.00 | 141.25 |
| Sample 20% : | 23.00 | 0.00 | 23.00 |
| Shake 25% : | 197.50 | 0.00 | 197.50 |
| Total : | 399.25 | 0.00 | 399.25 |

**RECEIPT COUNTS**

| | |
|---|---|
| Sales : | 86 |
| Returns : | 0 |
| Deposits : | 0 |
| Reversed : | 0 |
| Pay-Outs : | 0 |

**Dollars**
| | |
|---|---|
| Paid In : | 6,329.00 |
| Paid Out : | 390.75 |
| Net : | 5,938.25 |

**All Credit/Debit Cards**
| | |
|---|---|
| Paid In : | 2,290.50 |
| Paid Out : | 0.00 |
| Net : | 2,290.50 |

**MasterCard**
| | |
|---|---|
| Paid In : | 1,653.25 |
| Paid Out : | 0.00 |
| Net : | 1,653.25 |

**Visa**
| | |
|---|---|
| Paid In : | 637.25 |
| Paid Out : | 0.00 |
| Net : | 637.25 |

*Handwritten:*

24 x 100 = 2400
4 x 50 = 200
167 x 20 = 3340
0 x 10 = 0
1 x 5 = 5
1 x 1 = 1

5946 cash
2290.5 cc
8236.50
- 8228.75
+7.75

5946
-5500  vs  318647
446
-446 ccc pos
0

**Credit Card Listing**

| Amount | Card | Number |
|---|---|---|
| 322.50 | MasterCard | XXXXXXXXXXXX1731 |
| 315.00 | MasterCard | XXXXXXXXXXXX4952 |
| 260.00 | MasterCard | XXXXXXXXXXXX3956 |
| 170.00 | MasterCard | XXXXXXXXXXXX8568 |
| 170.00 | MasterCard | XXXXXXXXXXXX3853 |
| 120.00 | MasterCard | XXXXXXXXXXXX4464 |
| 118.75 | MasterCard | XXXXXXXXXXXX7015 |
| 55.00 | MasterCard | XXXXXXXXXXXX4591 |
| 51.00 | MasterCard | XXXXXXXXXXXX0094 |
| 41.00 | MasterCard | XXXXXXXXXXXX7017 |
| 30.00 | MasterCard | XXXXXXXXXXXX4010 |
| 175.00 | Visa | XXXXXXXXXXXX6092 |
| 103.50 | Visa | XXXXXXXXXXXX2645 |
| 95.00 | Visa | XXXXXXXXXXXX6211 |
| 65.00 | Visa | XXXXXXXXXXXX1040 |
| 55.00 | Visa | XXXXXXXXXXXX9636 |
| 50.00 | Visa | XXXXXXXXXXXX0523 |
| 48.75 | Visa | XXXXXXXXXXXX6068 |
| 45.00 | Visa | XXXXXXXXXXXX1367 |
| 2,290.50 | Total | Credit Card - 19 |

| | | |
|---|---|---|
| 115.00 | Visa | XXXXXXXXXXXX5325 |
| 95.00 | Visa | XXXXXXXXXXXX7588 |
| 65.00 | Visa | XXXXXXXXXXXX4078 |
| 50.00 | Visa | XXXXXXXXXXXX8296 |
| 50.00 | Visa | XXXXXXXXXXXX2041 |
| 35.00 | Visa | XXXXXXXXXXXX3151 |
| 10.00 | Visa | XXXXXXXXXXXX9725 |
| 2,993.00 | Total | Credit Card - 16 |

**Z-Out Store Close**

Date : 1/31/2007 12:00:00 AM to 1/31/2007 11:59:59 PM

Printed: 1/31/2007  6:09:07 PM

|  | SALES |  | RETURNS |  | NET |
|---|---|---|---|---|---|
| Sales : | 9,453.25 |  | 0.00 |  | 9,453.25 |
| Pay-Outs : | 0.00 |  | 3.00 |  | (3.00) |
| Total : | 9,453.25 |  | 3.00 |  | 9,450.25 |

| | |
|---|---|
| Charged to Account : | 0.00 |
| Gift Certificate used : | 0.00 |
| Gift Card used : | 0.00 |
| Net Deposit used : | 0.00 |
| **Cash flow total** | **9,450.25** |

**DISCOUNT BREAKOUT**

|  | SALES |  | RETURNS |  | NET |
|---|---|---|---|---|---|
| Comp : | 50.50 |  | 0.00 |  | 50.50 |
| Employee 15% : | 24.75 |  | 0.00 |  | 24.75 |
| Incon 25% : | 9.50 |  | 0.00 |  | 9.50 |
| Shake 25% : | 150.00 |  | 0.00 |  | 150.00 |
| Total : | 234.75 |  | 0.00 |  | 234.75 |

**RECEIPT COUNTS**

| | |
|---|---|
| Sales : | 83 |
| Returns : | 0 |
| Deposits : | 0 |
| Reversed : | 1 |
| Pay-Outs : | 1 |

**Dollars**

| | |
|---|---|
| Paid In : | 7,140.50 |
| Paid Out : | 683.25 |
| Net : | 6,457.25 |

**All Credit/Debit Cards**

| | |
|---|---|
| Paid In : | 2,993.00 |
| Paid Out : | 0.00 |
| Net : | 2,993.00 |

**American Express**

| | |
|---|---|
| Paid In : | 400.00 |
| Paid Out : | 0.00 |
| Net : | 400.00 |

**Discover**

| | |
|---|---|
| Paid In : | 105.00 |
| Paid Out : | 0.00 |
| Net : | 105.00 |

**MasterCard**

| | |
|---|---|
| Paid In : | 83.00 |
| Paid Out : | 0.00 |
| Net : | 83.00 |

**Visa**

| | |
|---|---|
| Paid In : | 2,405.00 |
| Paid Out : | 0.00 |
| Net : | 2,405.00 |

Handwritten calculations:

$20 \times 100 = 2000$

$3 \times 50 = 150$

$214 \times 20 = 4280$

$0 \times 10 = 0$

$0 \times 5 = 0$

$0 \times 1 = 0$

6430 cash

2993

9423

+ 17 change

9440

− 9450.25

− 10.25

**Pay-Outs**

| | |
|---|---|
| 3.00 | msk |
| 3.00 | Total |

Thumbtacks
Pay-Outs - 1

**Credit Card Listing**

| | | |
|---|---|---|
| 400.00 | American Express | XXXXXXXXXX4000 |
| 105.00 | Discover | XXXXXXXXXXX5542 |
| 83.00 | MasterCard | XXXXXXXXXXX5983 |
| 560.00 | Visa | XXXXXXXXXXX7638 |
| 450.00 | Visa | XXXXXXXXXXX9048 |
| 370.00 | Visa | XXXXXXXXXXX8914 |
| 240.00 | Visa | XXXXXXXXXXX0788 |
| 220.00 | Visa | XXXXXXXXXXX6724 |
| 145.00 | Visa | XXXXXXXXXXX3651 |

Handwritten notes:

6430
− 3000  vs 318639
              1.6.07

3430 ✓

− 2790  vs 519155
              1.26.07

640 ✓

− 640 ccc pos

# EXHIBIT A-34

CASE NO.___CR 07-689-WU____

UNITED STATES OF AMERICA

VS.___LYNCH_____

PLAINTIFF'S EXHIBIT_____48_____

DATE_____IDEN.

DATE_____EVID.

BY_____

AO  386                              Deputy Clerk



# EXHIBIT A-35

CASE NO. _____ CR 07-689-WU _____
UNITED STATES OF AMERICA
_____

VS. _____ LYNCH _____

PLAINTIFF'S EXHIBIT _____ 5 0 _____

DATE _____ IDEN.

DATE _____ EVID.

BY _____
AO  386                    Deputy Clerk

**Z-Out Store Close** Printed: 3/24/2007 6:04:54 PM

Date : 3/24/2007 12:00:00 AM to 3/24/2007 11:59:00 PM

| | SALES | RETURNS | NET |
|---|---|---|---|
| Sales : | 10,067.95 | 0.00 | 10,067.95 |
| Pay-Outs : | 0.00 | 55.00 | (55.00) |
| **Total :** | **10,067.95** | **55.00** | **10,012.95** |

| | |
|---|---|
| Charged to Account : | 0.00 |
| Gift Certificate used : | 0.00 |
| Gift Card used : | 0.00 |
| Net Deposit used : | 0.00 |
| **Cash flow total** | **10,012.95** |

## DISCOUNT BREAKOUT

| | SALES | RETURNS | NET |
|---|---|---|---|
| Comp : | 229.30 | 0.00 | 229.30 |
| Sample 20% : | 12.00 | .0.00 | 12.00 |
| Shake 25% : | 75.75 | 0.00 | 75.75 |
| **Total :** | **317.05** | **0.00** | **317.05** |

RECEIPT COUNTS

| | |
|---|---|
| Sales : | 94 |
| Returns : | 0 |
| Deposits : | 0 |
| Reversed : | 0 |
| Pay-Outs : | 1 |

*handwritten:*
33 × 100 = 3300
3 × 50 = 150
216 × 20 = 4320
12 × 5 = 60
16 × 1 = 16

7846 cash
2174.85 cc

10 020.45
−10 012.95

+ 7.50

| **Dollars** | |
|---|---|
| Paid In : | 8,446.25 |
| Paid Out : | 607.75 |
| Net : | 7,838.50 |
| **All Credit/Debit Cards** | |
| Paid In : | 2,174.45 |
| Paid Out : | 0.00 |
| Net : | 2,174.45 |
| **American Express** | |
| Paid In : | 160.00 |
| Paid Out : | 0.00 |
| Net : | 160.00 |
| **MasterCard** | |
| Paid In : | 1,138.75 |
| Paid Out : | 0.00 |
| Net : | 1,138.75 |
| **Visa** | |
| Paid In : | 875.70 |
| Paid Out : | 0.00 |
| Net : | 875.70 |

**Pay-Outs**

| | | |
|---|---|---|
| 55.00 | mab | Lunch |
| **55.00** | **Total** | **Pay-Outs - 1** |

**Credit Card Listing**

| | |
|---|---|
| 160.00 American Express | XXXXXXXXXXX1014 |
| 225.00 MasterCard | XXXXXXXXXXX4858 |
| 145.00 MasterCard | XXXXXXXXXXX3767 |
| 120.00 MasterCard | XXXXXXXXXXX9011 |
| 115.00 MasterCard | XXXXXXXXXXX8012 |
| 86.00 MasterCard | XXXXXXXXXXX0094 |
| 75.00 MasterCard | XXXXXXXXXXX2726 |
| 60.00 MasterCard | XXXXXXXXXXX0020 |
| 55.00 MasterCard | XXXXXXXXXXX6314 |
| 50.00 MasterCard | XXXXXXXXXXX7019 |
| 50.00 MasterCard | XXXXXXXXXXX7952 |
| 40.00 MasterCard | XXXXXXXXXXX1661 |
| 40.00 MasterCard | XXXXXXXXXXX7019 |
| 39.75 MasterCard | XXXXXXXXXXX7135 |

CASE NO. CR 07-689-WU
UNITED STATES OF AMERICA

VS. LYNCH

PLAINTIFF'S EXHIBIT 50

DATE _____ IDEN.

DATE _____ EVID.

BY _____
AO 386        Deputy Clerk

Printed: 3/24/2007  6:04:54 PM

**Z-Out Store Close**

| | | |
|---|---|---|
| 38.00 | MasterCard | XXXXXXXXXXXX2012 |
| 235.00 | Visa | XXXXXXXXXXXX8064 |
| 188.00 | Visa | XXXXXXXXXXXX0087 |
| 152.70 | Visa | XXXXXXXXXXXX8917 |
| 120.00 | Visa | XXXXXXXXXXXX5625 |
| 110.00 | Visa | XXXXXXXXXXXX0878 |
| 40.00 | Visa | XXXXXXXXXXXX0403 |
| 30.00 | Visa | XXXXXXXXXXXX0153 |
| **2,174.45** | **Total** | **Credit Card - 22** |

**Z-Out Store Close**

Printed: 3/25/2007  6:20:24 PM

Date : 3/25/2007 12:00:00 AM to 3/25/2007 11:59:00 PM

|  | SALES | RETURNS | NET |
|---|---|---|---|
| Sales : | 6,361.75 | 0.00 | 6,361.75 |
| Pay-Outs : | 0.00 | 50.00 | (50.00) |
| Total : | 6,361.75 | 50.00 | 6,311.75 |

**...NUS**

| | |
|---|---|
| Charged to Account : | 0.00 |
| Gift Certificate used : | 0.00 |
| Gift Card used : | 0.00 |
| Net Deposit used : | 0.00 |
| Cash flow total | 6,311.75 |

**DISCOUNT BREAKOUT**

|  | SALES | RETURNS | NET |
|---|---|---|---|
| Coupon : | 20.00 | 0.00 | 20.00 |
| Employee 15% : | 12.75 | 0.00 | 12.75 |
| Incon 25% : | 13.75 | 0.00 | 13.75 |
| Sample 20% : | 16.00 | 0.00 | 16.00 |
| Shake 25% : | 128.75 | 0.00 | 128.75 |
| Total : | 191.25 | 0.00 | 191.25 |

**RECEIPT COUNTS**

| | |
|---|---|
| Sales : | 76 |
| Returns : | 0 |
| Deposits : | 0 |
| Reversed : | 0 |
| Pay-Outs : | 1 |

**Dollars**

| | |
|---|---|
| Paid In : | 5,512.00 |
| Paid Out : | 415.25 |
| Net : | 5,096.75 |

**All Credit/Debit Cards**

| | |
|---|---|
| Paid In : | 1,215.00 |
| Paid Out : | 0.00 |
| Net : | 1,215.00 |

**American Express**

| | |
|---|---|
| Paid In : | 20.00 |
| Paid Out : | 0.00 |
| Net : | 20.00 |

**Discover**

| | |
|---|---|
| Paid In : | 70.00 |
| Paid Out : | 0.00 |
| Net : | 70.00 |

**MasterCard**

| | |
|---|---|
| Paid In : | 660.00 |
| Paid Out : | 0.00 |
| Net : | 660.00 |

**Visa**

| | |
|---|---|
| Paid In : | 465.00 |
| Paid Out : | 0.00 |
| Net : | 465.00 |

*(handwritten notes:)*

18 - 100 = 1,800
2 - 50 = 100⁰⁰
188 - 20 = 3,100 2,600 3700 2600
11 - 10 = 110
14 - 5 = 70
19 - 1 = 19⁰⁰

5,199 4,599 4699
+400 Abe loan
5099 cal
1215 cc
6314
-6311.75
+ $2.25

-4,400⁰⁰
ABE

**ay-Outs**

| | |
|---|---|
| 50.00 msk | Lunch |
| 50.00 Total | Pay-Outs - 1 |

*(handwritten:)*
4699 5099
- 400 loan Abe
4699
- 3240  cccc pos 3.24.07
1459

**redit Card Listing**

| | | |
|---|---|---|
| 20.00 | American Express | XXXXXXXXXXX1004 |
| 70.00 | Discover | XXXXXXXXXXX5542 |
| 180.00 | MasterCard | XXXXXXXXXXX3010 |
| 115.00 | MasterCard | XXXXXXXXXXX2010 |
| 115.00 | MasterCard | XXXXXXXXXXX7016 |
| 90.00 | MasterCard | XXXXXXXXXXX7965 |
| 65.00 | MasterCard | XXXXXXXXXXX9989 |
| 55.00 | MasterCard | XXXXXXXXXXX4591 |

Z-Out Store Close

Printed: 3/27/2007 6:14:47 PM

Date : 3/27/2007 12:00:00 AM to 3/27/2007 11:59:00 PM

|  | SALES | RETURNS | NET |
|---|---|---|---|
| Sales : | 12,245.00 | 0.00 | 12,245.00 |
| Pay-Outs : | 0.00 | 61.00 | (61.00) |
| **Total :** | **12,245.00** | **61.00** | **12,184.00** |

US

| | |
|---|---|
| Charged to Account : | 0.00 |
| Gift Certificate used : | 0.00 |
| Gift Card used : | 0.00 |
| Net Deposit used : | 0.00 |
| Cash flow total | 12,184.00 |

## DISCOUNT BREAKOUT

|  | SALES | RETURNS | NET |
|---|---|---|---|
| Comp : | 45.00 | 0.00 | 45.00 |
| Coupon : | 20.00 | 0.00 | 20.00 |
| Employee 15% : | 69.00 | 0.00 | 69.00 |
| Incon 25% : | 7.00 | 0.00 | 7.00 |
| Sample 20% : | 18.00 | 0.00 | 18.00 |
| Shake 25% : | 377.00 | 0.00 | 377.00 |
| **Total :** | **536.00** | **0.00** | **536.00** |

RECEIPT COUNTS

| | |
|---|---|
| Sales : | 119 |
| Returns : | 0 |
| Deposits : | 0 |
| Reversed : | 1 |
| Pay-Outs : | 2 |

**Dollars**

| | |
|---|---|
| Paid In : | 9,619.00 |
| Paid Out : | 559.00 |
| Net : | 9,060.00 |

**All Credit/Debit Cards**

| | |
|---|---|
| Paid In : | 3,124.00 |
| Paid Out : | 0.00 |
| Net : | 3,124.00 |

**American Express**

| | |
|---|---|
| Paid In : | 285.00 |
| Paid Out : | 0.00 |
| Net : | 285.00 |

**MasterCard**

| | |
|---|---|
| Paid In : | 1,013.00 |
| Paid Out : | 0.00 |
| Net : | 1,013.00 |

**Visa**

| | |
|---|---|
| Paid In : | 1,826.00 |
| Paid Out : | 0.00 |
| Net : | 1,826.00 |

*[Handwritten calculations:]*
21 × 100 = 2100
13 × 50 = 650
308 × 20 = 6160
18 × 10 = 180
11 × 5 = 55
2 × 1 = 2
9147 cnl
3124 cc
12,271
− 12,184
+ 87

Pay-Outs

| | | |
|---|---|---|
| 40.00 | ccl | Lunch |
| 21.00 | ccl | Hydro store stuff |
| **61.00** | **Total** | **Pay-Outs - 2** |

Credit Card Listing

| | | |
|---|---|---|
| 200.00 | American Express | XXXXXXXXXXX1002 |
| 85.00 | American Express | XXXXXXXXXXX1003 |
| 170.00 | MasterCard | XXXXXXXXXXXX3152 |
| 165.00 | MasterCard | XXXXXXXXXXXX3015 |
| 140.00 | MasterCard | XXXXXXXXXXXX6351 |
| 115.00 | MasterCard | XXXXXXXXXXXX9819 |
| 95.00 | MasterCard | XXXXXXXXXXXX8557 |
| 80.00 | MasterCard | XXXXXXXXXXXX3445 |
| 80.00 | MasterCard | XXXXXXXXXXXX3714 |
| 73.00 | MasterCard | XXXXXXXXXXXX6014 |

Z-Out Store Close

| Amount | Type | Card |
|---|---|---|
| 50.00 | MasterCard | XXXXXXXXXXXX0094 |
| 40.00 | MasterCard | XXXXXXXXXXXX2015 |
| 5.00 | MasterCard | XXXXXXXXXXXX5013 |
| 330.00 | Visa | XXXXXXXXXXXX0788 |
| 195.00 | Visa | XXXXXXXXXXXX0368 |
| 185.00 | Visa | XXXXXXXXXXXX1335 |
| 181.25 | Visa | XXXXXXXXXXXX4688 |
| 130.00 | Visa | XXXXXXXXXXXX3357 |
| 115.00 | Visa | XXXXXXXXXXXX0855 |
| 105.00 | Visa | XXXXXXXXXXXX0153 |
| 96.25 | Visa | XXXXXXXXXXXX6914 |
| 91.25 | Visa | XXXXXXXXXXXX5428 |
| 80.00 | Visa | XXXXXXXXXXXX7612 |
| 60.00 | Visa | XXXXXXXXXXXX9636 |
| 55.00 | Visa | XXXXXXXXXXXX3123 |
| 51.00 | Visa | XXXXXXXXXXXX9502 |
| 45.00 | Visa | XXXXXXXXXXXX9725 |
| 41.25 | Visa | XXXXXXXXXXXX8292 |
| 40.00 | Visa | XXXXXXXXXXXX9809 |
| 25.00 | Visa | XXXXXXXXXXXX4144 |
| **3,124.00** | **Total** | **Credit Card - 30** |

**-Out Store Close**

Date : 3/28/2007 12:00:00 AM to 3/28/2007 11:59:00 PM

|  | SALES | RETURNS | NET |
|---|---|---|---|
| Sales : | 8,700.00 | 0.00 | 8,700.00 |
| Pay-Outs : | 0.00 | 56.85 | (56.85) |
| Total : | 8,700.00 | 56.85 | 8,643.15 |

| | |
|---|---|
| Charged to Account : | 0.00 |
| Gift Certificate used : | 0.00 |
| Gift Card used : | 0.00 |
| Net Deposit used : | 0.00 |
| Cash flow total | 8,643.15 |

**DISCOUNT BREAKOUT**

|  | SALES | RETURNS | NET |
|---|---|---|---|
| Comp : | 58.00 | 0.00 | 58.00 |
| Employee 15% : | 9.75 | 0.00 | 9.75 |
| Sample 20% : | 12.00 | 0.00 | 12.00 |
| Shake 25% : | 136.25 | 0.00 | 136.25 |
| Total : | 216.00 | 0.00 | 216.00 |

**RECEIPT COUNTS**

| | |
|---|---|
| Sales : | 92 |
| Returns : | 0 |
| Deposits : | 0 |
| Reversed : | 0 |
| Pay-Outs : | 2 |

**Dollars**

| | |
|---|---|
| Paid In : | 7,325.00 |
| Paid Out : | 371.85 |
| Net : | 6,953.15 |

**All Credit/Debit Cards**

| | |
|---|---|
| Paid In : | 1,690.00 |
| Paid Out : | 0.00 |
| Net : | 1,690.00 |

**MasterCard**

| | |
|---|---|
| Paid In : | 515.00 |
| Paid Out : | 0.00 |
| Net : | 515.00 |

**Visa**

| | |
|---|---|
| Paid In : | 1,175.00 |
| Paid Out : | 0.00 |
| Net : | 1,175.00 |

Handwritten notes:
```
11 x 100 = 1100
11 x 50 = 550
240 x 20 = 4800
4 x 10 = 40
23 x 5 = 115
14 x 1 = 14
       6619
       225 ck
       6844
      +100  missed up payout
       6944
    + 1690 cc   8634  8643.15
                        - 9.15
116.85
```

**-ay-Outs**

| | | |
|---|---|---|
| 40.00 | mab | lunch |
| 16.85 | mab | nursery |
| 56.85 | Total | **Pay-Outs - 2** |

**-redit Card Listing**

| Amount | Card | Number |
|---|---|---|
| 240.00 | MasterCard | XXXXXXXXXXXX4214 |
| 105.00 | MasterCard | XXXXXXXXXXXX3767 |
| 60.00 | MasterCard | XXXXXXXXXXXX9258 |
| 55.00 | MasterCard | XXXXXXXXXXXX7019 |
| 50.00 | MasterCard | XXXXXXXXXXXX4464 |
| 5.00 | MasterCard | XXXXXXXXXXXX4357 |
| 260.00 | Visa | XXXXXXXXXXXX0732 |
| 225.00 | Visa | XXXXXXXXXXXX6092 |
| 123.00 | Visa | XXXXXXXXXXXX8567 |
| 105.00 | Visa | XXXXXXXXXXXX7311 |
| 100.00 | Visa | XXXXXXXXXXXX6506 |
| 90.00 | Visa | XXXXXXXXXXXX2041 |
| 65.00 | Visa | XXXXXXXXXXXX5949 |
| 65.00 | Visa | XXXXXXXXXXXX1996 |
| 60.00 | Visa | XXXXXXXXXXXX7093 |
| 55.00 | Visa | XXXXXXXXXXXX7434 |

Z-Out Store Close

Printed: 3/6/2007 6:05:47 PM

27.00  Visa                XXXXXXXXXXXX8388
1,690.00  Total            Credit Card - 17

Petty Cash

VSN # 5-06

1) 12-3-06
3) 11-21-06

0 ce 11-20-06
to Reg
10-30-06
10-30-06

4  10-20-06
0  ce 10-11-06
00  ce 10-7-06

15 petty cash
10-1-06
petty cash
9-28-06
petty VS
cash VS

0  ce
12-30

to pay
12-06

15-06 ce
30
14-06
13-06
to reg

-13-06
-65 petty cash

9-5-06
to petty cash

518
+ 25 payment
From #10
543
-100 8-26-06
+ 11 petty cash
+ 54 petty cash
8-11-06

388  6-29-06
+230
518
-20/20 cash

| | | |
|---|---|---|
| 5 - 30 - 06 | 4000 | |
| 5 - 31 - 06 | 4000 | |
| 6 - 2 - 06 | 4000 | } Cash out |
| 6 - 2 - 06 | 146 | |
| 6 - 3 - 06 | 3900 | |
| 6 - 4 - 06 | 2000 | |
| | 18040 | |

VSN  6-5-06

4500
1075
-1170      } paid to vendor

700

6745

VS  464914   2000  paid to vendor

6745
2000
312
9057

6-13-06 - 100   # 2

- 100  Bonus Gina
- 12  lunch
- 100  ce
312
- 100  Shirley Seal
Brandon
212
-40  Billy shirt
8-11-06

18040 cash
- 9057
8983
- 388 cash
8595

Feb 10-06

-100 8-18-06  ce
-10¢
ce 8-11-06

6 423-1
328  327 +

# EXHIBIT A-36

CASE NO. CR 07-689-WU

UNITED STATES OF AMERICA

VS. LYNCH

PLAINTIFF'S EXHIBIT 55

DATE _____ IDEN.

DATE _____ EVID.

BY _____

AO 386          Deputy Clerk

# Central Coast C. C.
# Service Charge Rate Sheet

| Cannabis Indica | 1 gm | 3.5 gm | 14 gm |
|---|---|---|---|
| Lavender | 25 | - | - |
| Purple Kush | 25 | 65 | - |
| Skunk #1 X GDP | 20 | 60 | - |
| AK | 20 | - | 210 |
| Snow Cap | 20 | 60 | 220 |
| Odyssey | 20 | 55 | - |
| Avalanche | 20 | 60 | 220 |
| Champagne | 20 | 55 | - |
| Grapefruit | 20 | 55 | |
| Strawberry Purp | 20 | 60 | 220 |
| White Rhino | 20 | - | - |
| OG X Master | 18 | 50 | 190 |
| Indy Pine | 18 | - | 190 |
| Black Kush | 18 | 45 | - |

| Cannabis Sativa | 1 gm | 3.5 gm | 14 gm |
|---|---|---|---|
| Strawberry Cough | 25 | 65 | 240 |
| Ak-47 | 20 | 55 | 200 |
| Sativa Bay | 20 | 50 | 190 |
| Grape OD | 18 | 50 | 190 |
| Big Bud | 18 | 45 | - |
| Red Spike | 18 | 45 | - |
| Silver Haze | 15 | 40 | - |
| Brendas Skunk | 15 | 40 | - |
| Panama Red | 15 | 40 | - |
| Mendo Medley | 15 | 40 | - |
| Cousin It | 15 | 40 | - |
| Potter Valley | 15 | 35 | 120 |

| Concentrates | ½ gm | 1 gm | 3.5 gm |
|---|---|---|---|
| Lotus H20 | 25 | 45 | - |
| Humbolt Hash | 10 | 20 | - |
| Urkel Oil | - | 65 | - |
| Guerilla H20 | 25 | 45 | - |
| HP H20 | 25 | 45 | - |
| Snow Cap Kief | 20 | 35 | - |
| Train Wreck Hash | 25 | 45 | - |
| Inca Oil | - | 50 | |

| Canna Vera Balm | ½ oz |
|---|---|
| Plain | 20 |
| Lemon | 20 |

**NOW 50% OFF**

Confidential Patient Services Information
Central Coast Compassionate Caregivers
2006 All Rights Reserved

# Coast C. C.
## Service Charge Rate Sheet

| | Concentrates | ½ gm | 1 gm | 3.5 gm |
|---|---|---|---|---|
| ⬤ | Humbolt Hash | 10 | 20 | 50 |
| ⬤ | El Morro Kief | 20 | 35 | - |
| ⬤ | ATF Press | 25 | 45 | - |
| ⬤ | Snow Cap Kief | 25 | 45 | - |
| ⬤ | Urkel Oil | - | 65 | - |
| ⬤ | Grover Goo | - | 70 | - |
| ⬤ | Nepal Press | 25 | 45 | - |
| ⬤ | Grapefruit Bubble | 25 | 50 | - |
| ⬤ | Inca Oil | - | 50 | - |
| ⬤ | Amber Oil | - | 60 | - |

| | Canna Vera Balm | ½ oz |
|---|---|---|
| ⬤ | Plain | 20 |
| ⬤ | Spearmint | 20 |
| ⬤ | Lemon | 20 |

Confidential Patient Services Information
Central Coast Compassionate Caregivers
2006 All Rights Reserved

# Coast C. C.
# Service Charge Rate Sheet

|  | Cannabis | 1 gm | 3.5 gm | 14 gm | Type |
|---|---|---|---|---|---|
| ● | Purple Kush | 25 | 65 | - | Indica/Hybrid |
| ● | Diesel | 25 | 65 | - | Sativa/Hybrid |
| ● | Green Crack | 20 | 60 | 220 | 75 % Sativa |
| ● | Granddaddy Goo | - | 65 | - | Indica/Hybrid |
| ● | Snow Cap | 20 | - | - | Indica/Hybrid |
| ● | Purple Urkle | 20 | 60 | - | Indica/Hybrid |
| ● | Train Wreck | 20 | - | - | Sativa |
| ● | Blue Light | - | - | 210 | Indica/Hybrid |
| ● | Shaolin Satellite | 20 | 55 | 200 | Indica/Hybrid |
| ● | Purple A.T.F. | - | 55 | 220 | Sativa Hybrid |
| ● | 101 Green | 18 | - | - | Sativa/Hybrid |
| ● | White widow | 20 | 55 | 200 | Sativa/Hybrid |
| ● | Black Kush | 20 | 50 | 190 | Indica/hybrid |
| ● | Grab Bag | 18 | 45 | 170 | Sat./Ind. mix |
| ● | House | 18 | 45 | - | Sativa/Hybrid |
| ● | NYCD | 20 | 60 | 220 | Sativa/Hybrid |
| ● | AK-47 | 18 | 50 | 190 | Sativa/Hybrid |
| ● | Spicy Sativa | 18 | 50 | - | Sativa/Hybrid |
| ● | Willits | 18 | 45 | - | Indica/Hybrid |
| ● | Orange Ogre | 18 | 45 | - | Indica/Hybrid |
| ● | Shiska Berry | 18 | 45 | - | Indica/Hybrid |
| ● | Big Bud | 18 | 50 | 190 | Sativa/Hybrid |
| ● | Haze Blend | 15 | 40 | - | Sativa/Hybrid |
| ● | Banana | 15 | 40 | - | Sativa/Hybrid |
| ● | Tahoe | 15 | 50 | - | Indica Hybrid |
| ● | Mid-Grade | 10 | 30 | 120 | Sativa/Hybrid |

Confidential Patient Services Information
Central Coast Compassionate Caregivers
2006 All Rights Reserved

# EXHIBIT A-37

Central Coast Compassionate Caregivers
780 Monterey Ave. Suite B
Morro Bay, CA 93442
805-772-4879 office; 805-456-0389 fax

## Financial Declaration and Discount Eligibility Form

1. Name of patient: _____
   (Last)                    (First)

2. Patient #: _____

3. Are you currently employed? ☐ No *[Skip to #6]* ☐ Yes *[Proceed to #4]*

4. Name of employer: _____

5. Do you work full-time or part-time? ☐ Full-time      ☐ Part-time

6. Average monthly income: $_____

7. Assets *(real estate, automobiles, etc.)*: _____

   _____

8. Liabilities *(rent, mortgage, other loans)*: _____

   _____

9. Number of dependents: _____

10. Are you currently receiving benefits? ☐ No *[Skip to #12]* ☐ Yes *[Proceed to #11]*

11. Check all benefits you are receiving.

    ☐ Medi-Cal ☐ Medicare ☐ SSI ☐ Medicaid ☐ Food stamps ☐ Other: _____

12. Do you have health insurance? ☐ No ☐ Yes

13. Are you disabled?      ☐ No ☐ Yes/type of disability: _____

14. Name of treating physician: _____

This confidential Financial Declaration and Discount Eligibility Form is used by CCCC to assist in verifying eligibility for discounts on member services. This form is confidential and will be used solely for the purpose of considering the member's potential eligibility for discounted member services.

By signing this Form, the member verifies that the information contained herein is accurate and truthful. Members may be required to provide proof of the eligibility factors in order to qualify for the discount program.

Thank you,
Charles Lynch
Central Coast Compassionate Caregivers

Member signature and date below:

Patient's Name: _____      Patient ID #: _____      Date: _____

Signature: _____          OFFICE USE ONLY: ☐ Eligible ☐ Not eligible at this time

# EXHIBIT A-38

CASE NO.___CR 07-689-WU
UNITED STATES OF AMERICA

VS.___LYNCH

PLAINTIFF'S EXHIBIT_____**103A**

DATE_____IDEN.

DATE_____EVID.

BY_____

AO 386                    Deputy Clerk

4:14 PM

# Central Coast C.C.
## Item Detail

| Dept Name | Warning 1 | Strain | Amount | On-hand Qty | Margin % | Cost | Active Price | Ext Cost | Ext Price |
|---|---|---|---|---|---|---|---|---|---|
| Clones | For medical use only | Thai-Tanic | 1.5" Clone | 26 | 100.00 | 0.00 | 20.00 | 0.00 | 520.00 |
| Clones | For medical use only | Snow Cap | 1.5" Clone | 24 | 100.00 | 0.00 | 15.00 | 0.00 | 360.00 |
| Clones | For medical use only | Snow Cap | D Clone #2 | -26 | 100.00 | 0.00 | 25.00 | 0.00 | (650.00) |
| Clones | For medical use only | Kali Mist | D Clone 2 | 23 | 100.00 | 0.00 | 25.00 | 0.00 | 575.00 |
| Clones | For medical use only | Hog | 1 Clone | 6 | 100.00 | 0.00 | 20.00 | 0.00 | 120.00 |
| Clones | For medical use only | Sand Dollar | 1 Clone | 13 | 100.00 | 0.00 | 20.00 | 0.00 | 260.00 |
| Clones | For medical use only | Nebula | 1.5" Clone | 15 | 100.00 | 0.00 | 20.00 | 0.00 | 300.00 |
| Clones | For medical use only | Titanic | 1.5" Clone | -22 | 100.00 | 0.00 | 20.00 | 0.00 | (440.00) |
| Clones | For medical use only | Kali Gold | 1 Clone | 6 | 100.00 | 0.00 | 20.00 | 0.00 | 60.00 |
| Clones | For medical use only | Kali Gold | 1 Clone | 6 | 100.00 | 0.00 | 15.00 | 0.00 | 90.00 |
| Clones | For medical use only | Kali Mist | 1.5" Clone | -10 | 100.00 | 0.00 | 15.00 | 0.00 | (150.00) |
| Clones | For medical use only | Mango | 1.5" Clone | 41 | 100.00 | 0.00 | 20.00 | 0.00 | 820.00 |
| Clones | For medical use only | Trainwreck | 1.5" Clone | -1 | 100.00 | 0.00 | 5.00 | 0.00 | (5.00) |
| Clones | For medical use only | Hawg | 1.5" Clone | 111 | 100.00 | 0.00 | 20.00 | 0.00 | 200.00 |
| Clones | For medical use only | | | 111 | 0.00 | 0.00 | 250.00 | 0.00 | 2,060.00 |
| | | | | | 0.00 | 0.00 | 250.00 | 0.00 | 2,060.00 |

Sand dollar 13   Read Clones   9-26-06

Morro Coral ?   -3 Titanic
Kali Mist   -5 Kali Mist
Hog ?
Hawg
Snow cap
Neb ~ 15

CASE NO. CR 07-689-WU
UNITED STATES OF AMERICA
VS.
LYNCH
PLAINTIFF'S EXHIBIT 103A
DATE ___ IDEN.
DATE ___ EVID.
BY ___
Deputy Clerk
AO 386

CASE NO. _____ CR 07-689-WU
UNITED STATES OF AMERICA

VS. _____ LYNCH

PLAINTIFF'S EXHIBIT _____ 104

DATE _____ IDEN.

DATE _____ EVID.

BY _____
AO  386                    Deputy Clerk

5:38 PM
01/12/07

## CCCC
## Physical Inventory Worksheet
### All Transactions

| Inventory | Item Description | Pref Vendor | On Hand | Physical Count |
|---|---|---|---|---|
| MC | | | | |
| Afgani X Bannana | | | | |
| Bannana | | | 0.0625 | PRD |
| Big Bud | | | 1 | 77 |
| Big Daddy Purple | | | 3 | 2,688.5  616 |
| Grand Daddy Purple | | | 1 | 908 |
| Grape Ape | | | 1 | PRD |
| Green House | | | 1 | 430 |
| Green Krack | | | 0.5 | 220 |
| JFK X Haze | | | | 240 |
| Kush OD | | | 1 | 392.5 |
| June OG #2 | | | 5.5 | 667 |
| Mid Grade | | | 0.375 | PRD |
| Nebula | | | 1 | 340 |
| Northern Lights | | | 1 | PRD |
| Northern Lights X Blue Berry | | | 1 | PRD |
| NYCD | | | 0.7367 | 320 |
| Purple Kush | | | 1.935 | 434.8 + 260 |
| Purple Urkle | | | 0.25 | PRD |
| Purps X ATF | | | 0.25 | 113 |
| Ridge Goo | | | 0.5 | 216 |
| Romulan | | | 0.0625 | PRD |
| Sage | | | 0 | PRD |
| Sand Dollar | | | 0.18527 | 82.1 |
| Shishka Berry | | | 0.25 | 96.9 |
| Snow Cap (Indoor) | | | 0.741 | PRD |
| Strawberry Cough | | | 1 | 846.5 |
| Sweet Tea | | | 2 | 800 |
| Train Wreck | | | 1 | 438 |
| Tuity Fruity | | | 0.90178 | 315 |
| MC - Other | | | 0.5 | 218 |
| MC - End | | | 0 | |
| | | | | |
| MCC | | | | |
| Gold Buddha | | | 55 | 54.5 |
| Humbolt Hash | | | 295 | 99.3 |
| Jam Down Oil | | | 20 | PRD |
| Puple Urkle | | | 104 | PRD |
| Purple Grapefruit | | | 28 | PRD |
| Purple Kief | | | 56 | PRD |
| Purple OG Diesel | | | 35 | 68.3 |
| Sour Diesel X Wil Bank | | | 40 | 35 |
| MCC - Other  Green Kief | | | 0 | 40 |
| MCC - End | | | | 37.6 |
| NUR | | | | |
| Asia Girl | | | 27 | |
| Nebula Clones | | | 40 | |
| Sand Dollar Clones | | | 40 | |
| Snow Cap Clones | | | 19 | |
| Sweet Pine Clones | | | 22 | |
| Thai Tanic Clones | | | 36 | |
| White Widow 1.5" Clone | | | 0 | |
| NUR - Other | | | 0 | |
| NUR - End | | | | |
| Orange Krush | | | 1 | 1540 |
| | | | | 1438 |