CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
REBECCA M. ABEL (Bar No. 298604)
(E-Mail: Rebecca_Abel@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
CHARLES LYNCH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHARLES LYNCH,<br><br>　　　　　Defendant. | Case No. CR 07-689-GW<br><br>**REPLY IN SUPPORT OF MOTION TO ENJOIN GOVERNMENT SPENDING; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Evidentiary Hearing: August 7, 2023 |

   Defendant Charles Lynch, through his counsel of record, Deputy Federal Public Defenders Rebecca M. Abel and David Wasserman, hereby submits his reply in support of his motion for an order enjoining the government from further spending on his prosecution.

This reply is based upon the attached Memorandum of Points and Authorities, the absence of the government's opposition to the motion, all appended exhibits, all files and records in this case, and any further evidence as may be adduced at the evidentiary hearing on this motion, currently set for August 7, 2023.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: June 27, 2023          By /s/ Rebecca M. Abel
                              REBECCA M. ABEL
                              Deputy Federal Public Defender
                              Attorney for CHARLES LYNCH

# MEMORANDUM OF POINTS AND AUTHORITIES
## I. INTRODUCTION

Nearly a year ago, on July 19, 2022, Charles Lynch filed a motion to enjoin the government from continuing to spend funds to carry out its then, fifteen-year prosecution of his medical marijuana dispensary. (Dkt. No. 544.) That motion—supported by three expert declarations, one fact declaration, and 51 exhibits, totaling 600 pages—demonstrated that Mr. Lynch's conduct in founding and operating the Central Coast Compassionate Caregivers ("CCCC") was in strict compliance with the medical marijuana law in effect in California at the time. (*Id.*) Because of Mr. Lynch's strict compliance, congressional appropriations riders in effect since December 2014 have "prohibited the use of any Department of Justice funds that prevent states with medical marijuana programs (including California) from implementing their state medical marijuana laws." *United Stated v. Kleinman*, 880 F.3d 1020, 1027 (9th Cir. 2017).

Since the filing of the motion, the government has filed two unopposed requests to continue its deadline to file an opposition. (Dkt. Nos. 550, 552.) Most recently, on January 23, 2023, the government requested that the Court continue its opposition deadline by 180 days. (Dkt. No. 552.) The Court granted the government's request and set the deadline for the government to file its opposition to the motion to enjoin spending on May 24, 2023. (Dkt. No. 553.) The Court also set the reply deadline for June 26, 2023. (*Id.*)

To date, over a month after its self-selected deadline, the government has filed no opposition. Mr. Lynch respectfully requests that the Court grant its motion to enjoin spending due to the government's non-opposition and put a halt to this now sixteen-year prosecution.

1

## II. ARGUMENT

Under Local Rule 7-12, the government's "failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting . . . of the motion." The Ninth Circuit has sanctioned granting a movant's requested relief where the non-movant fails to oppose. *See Gwaduri v. I.N.S.*, 362 F.3d 1144, 1147 n.3 (9th Cir.2004) (noting that the court has the discretion to construe the failure to oppose a motion as a consent to the relief sought in the motion).

The Ninth Circuit has held the government to the same standard in criminal cases. In *United States v. Warren*, 601 F.2d 471 (9th Cir. 1979), the district court dismissed an indictment where the government failed to respond to any of the motions to dismiss due to "an oversight." *Id.* at 473. The sole issue on appeal was "whether the court erred in dismissing the indictment under the authority" of an applicable local rule, which provided that failure to file an opposition "shall constitute a consent . . . to the . . . granting of the motion." *Id.* & n.1. The Ninth Circuit upheld the dismissal, reasoning that the district court did not abuse its discretion because the judge identified reasons for dismissing the case, including "the government's conduct, its failure to respond to numerous motions," and an "earlier unsuccessful trial" in a related matter. *Id.* at 474.

The facts in *United States v. Hoffman*, No. 2:12-CR-00309-JAM, 2015 WL 5604419 (E.D. Cal. Sept. 23, 2015), are strikingly similar to those here and warrant granting Mr. Lynch relief. In *Hoffman*, the defendants moved to dismiss the indictment, which charged them with offenses related to the distribution and manufacture of marijuana, based on the identical appropriations rider at issue here. *Id.* at *1, 3. Just as occurred here, the government requested additional time to file its opposition and a briefing schedule was set, but even after many months, no opposition was filed. *Id.* at *1. The court (Mendez, J.) granted the defendants' motions to dismiss because of the government's failure to timely oppose them. *Id.* at *4. The court

2

reasoned that "the government, like a defendant, may waive an argument by not properly presenting it." *Id.* at *2. It found dismissal particularly appropriate because "the failure here was on behalf of the federal government, which the Court holds to a higher standard than the usual litigant." *Id.* at *3 (citing *United States v. Smith*, 506 F. App'x 600, 602 n.3 (9th Cir.2013) ("[T]he party who failed to raise arguments in a timely fashion is not a party to whom we feel especially compelled to grant the benefit of the doubt—someone who like a pro se petitioner is bereft of legal guidance and litigation experience. Rather, it is the federal government. As we have stated before: 'As an officer of the court, the prosecutor has a heavy responsibility both to the court and to the defendant to conduct a fair trial.'" (citation omitted))). Finally, the court found dismissal appropriate because the government presented no good excuse for its failure to timely oppose. Like here, the government "did not even attempt to meet the court-ordered deadlines" and sought no continuance despite being aware of the schedule months prior. *Id.* at *3. The government's "demonstrated apathy for the Court's deadlines weighs in the Court's decision to disregard the waived arguments." *Id.*

*Warren* and *Hoffman* warrant granting Mr. Lynch's requested relief. The federal government has been using all its "considerable power" and unlimited resources to prosecute Mr. Lynch for operating his dispensary. *Id.* After Mr. Lynch's sixteen unimpeachable years on pretrial release, the government continues to insist that he serve five years in federal prison for providing medical marijuana to qualified patients in conformity with nascent California law. The government's pursuit of prison for Mr. Lynch comes at a time when the President has directed the DOJ to execute "full, complete, and unconditional pardon[s]" to those convicted of marijuana possession under federal law.[1] At this crucial stage where Mr. Lynch has demonstrated his

---

[1] The White House, A Proclamation on Granting Pardon for the Offense of Simple Possession of Marijuana, Oct. 6, 2022, https://www.whitehouse.gov/briefing-room/presidential-actions/2022/10/06/granting-pardon-for-the-offense-of-simple-possession-of-marijuana/.

1  continued prosecution is illegal and where the federal government has committed to
2  pardoning thousands of marijuana offenders, the government has not bothered to
3  oppose.  Enough is enough.
4        In his motion, Mr. Lynch put forth a thorough analysis of the Ninth Circuit law
5  governing the appropriations rider, the California medical marijuana law in effect in
6  2006 and 2007, and the extensive factual evidence demonstrating Mr. Lynch's
7  compliance with that law.  Mr. Lynch offered supporting declarations from himself, a
8  California medical marijuana expert, a financial analyst, and an expert on not-for-profit
9  operations.  These declarations and their appended exhibits prove that the CCCC met
10 the two requirements to operate legally under 2006-2007 California law, namely, the
11 CCCC was comprised of qualified patients, who collectively associated to cultivate and
12 distribute marijuana among its membership, and the CCCC did not operate for profit.
13       The evidence offered in the motion is undisputed.  Despite a month passing since
14 the deadline it requested, the government has failed to file an opposition, has offered no
15 excuse for its failure to file, and has not sought an extension of its deadline.  The
16 government has waived its opportunity to oppose.  *See United States v. Nunez*, 223 F.3d
17 956, 958 (9th Cir. 2000) ("[T]he government may waive certain defenses [to a
18 defendant's arguments] by not raising them in a timely manner."); *Smith*, 506 F. App'x
19 at 602 & n.3 (9th Cir. 2013) (noting district court's discretion to "decline to consider"
20 waived arguments where "there [was] no excuse for the government's delay in raising
21 these arguments" (citation omitted)); *United States v. Gourley*, 2006 WL 2585027, at
22 *4 (E.D. Wash. Sept. 7, 2006) *aff'd*, 267 F. App'x 656 (9th Cir. 2008) (declining to
23 consider untimely argument in opposition to motion to suppression where government
24 "show[ed] a distinct and serious lack of preparation and responsiveness to issues clearly
25 raised").  The Court's acceptance of the undisputed evidence offered in the motion
26 renders an evidentiary hearing unnecessary and warrants immediate relief.
27
28

## III. CONCLUSION

Due to the government's abdication of its responsibility to the Court and to Mr. Lynch, the Court should enjoin the government from any further spending on Mr. Lynch's prosecution and indefinitely stay his resentencing.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: June 27, 2023        By  /s/ Rebecca M. Abel
                            REBECCA M. ABEL
                            Deputy Federal Public Defender
                            Attorney for CHARLES LYNCH

5