E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
DAVID P. KOWAL (Cal. Bar No. 188651)
Assistant United States Attorneys
Violent and Organized Crimes Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5136
    Facsimile: (213) 894-3713
    Email:david.kowal@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 07-689-GW |
|---|---|
| Plaintiff, | GOVERNMENT'S LATE EX PARTE APPLICATION TO CONTINUE DATES |
| v. | |
| CHARLES LYNCH, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, here by moves to continue the dates for future events on remand in the above-captioned case, as follows:

- Government's Opposition to Motion to Enjoin Spending: **October 11, 2023;**

- Defendant's Reply to Motion to Enjoin Spending: **November 15, 2023;**

- Final Discovery Cut Off:  **December 13, 2023;**

1

- Status Conference: **January 8, 2024, at 9:30 a.m.;**

- Evidentiary Hearing: **January 22, 2024, at 9:30 a.m.**

This ex parte application is based upon the attached declaration of Assistant United States Attorney David Kowal.

Dated: June 27, 2023   Respectfully submitted,

       E. MARTIN ESTRADA
       United States Attorney

       MACK E. JENKINS
       Assistant United States Attorney
       Chief, Criminal Division


          /s/
       DAVID KOWAL
       Assistant United States Attorney

       Attorneys for Plaintiff
       UNITED STATES OF AMERICA

1            DECLARATION OF DAVID KOWAL

2        I, David Kowal, hereby declare and state, as follows:

3        1.   I am an Assistant United States Attorney (AUSA) for the

4   Central District of California.  I represent the government in this

5   matter.

6        2.   I make this declaration in support of the government's late

7   motion to continue the dates, including the date for the government's

8   opposition in this case.  The government needs more time to file its

9   response for the following reasons.

10       3.   Defendant filed its late-filed motion to enjoin spending

11  with supporting documents on Tuesday, July 19, 2022.  (Dkt. 544).  On

12  Wednesday, July 20, 2022, defendant filed a motion to accept the late

13  filing, which was granted by the Court on Friday, July 22, 2022.

14  (Dkts. 546-47).

15       4.   Defendant's pleadings include an over-sized 30-page motion,

16  and four declarations with attached exhibits totaling an additional

17  approximately 563 pages of materials.  (Dkts. 544 to 544-4).  Thus,

18  the size of defendant's filing warrants addition time for the

19  government to review, analyze, and respond to it.  Given all the

20  prior litigation and briefing in this matter, and the issues of state

21  and federal law it raises, this motion is not like a standard

22  district court motion, but more akin to an appellate brief.

23       5.   Defendant filed his recent motion almost exactly three

24  years after the Court had ruled on the preliminary legal issue on

25  remand, in July 2019.  (Dkt. 498).  Defendant also had over two years

26  to prepare his motion since the parties exchanged expert disclosures

27  in early May 2020, during which time the Court granted the defense

28  approximately seven further different ex parte requests for further

                                   3

time.  (Dkts. 525-531, 534, 536, 539).  Thus, the government's request is fair in light of the time defendant has had in this case.

6.   The government also needs more time because during the two years between expert disclosures and the defense's recent filing, and during the time of defendant's most recent extension, the government's designated expert retired from federal service and moved out of the district.  The government's new expert needs time to review the voluminous materials in this case, which include much of the financial records of defendant's business, which are voluminous. The government will also need time, amending its expert disclosures along with its overall response to defendant's motion on the new expert is done with his work.

7.   The government's original case agent has also moved out of the district, making it more difficult for the government to organize and review pertinent materials.

8.   I also need more time due to my own current schedule and responsibilities which has been unusual full throughout the Spring and Summer, including preparing for a trial before this Court, which has been continued once, and is currently schedule for trial on July 11, 2023.

9.   Defendant is not in custody, but on bond with minimal to no conditions.  (See, e.g., Dkt. 543).

10.  The lengthy of this continuance, approximately 30 days longer than the most recent government continuance is not made for tactical advantage, but to present a fair estimate of the time the government needs to complete its task, given the factors set out above.

11.   I am filing this request late, after the prior date for the government's response, because I erroneously miscalendared the date for the government's response and the time to request this continuance.  I had been anticipating that current status conference date of July 31, 2023 was the date for my response.  I had expected to file a request for more time after the completion of the trial on July 11, 2023 was complete.  I was not aware of my error until the defense filed their reply today (Dkt. 554), as they had not contacted me previously about missing the earlier opposition date.  Certainly, given the time I have expended on this matter, I would have not let the time pass for a response without filing something had I realized my error previously.  I apologize to the Court and the defense for my mistake.

12.   Because the defense filed their reply without speaking with me first, and due to the need to put this request on calendar immediately, I have not spoken to the defense about the dates in this continuance.  As I have in the past, I will be open to any adjustments of any of the dates herein if they present a conflict with defense counsel.

I declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief.

Date: June 23, 2023.

/s/

DAVID KOWAL
Assistant United States Attorney

5