1  CUAUHTEMOC ORTEGA (Bar No. 257443)
   Federal Public Defender
2  REBECCA M. ABEL (Bar No. 298604)
   (E-Mail: Rebecca_Abel@fd.org)
3  Deputy Federal Public Defender
   321 East 2nd Street
4  Los Angeles, California 90012-4202
   Telephone: (213) 894-2854
5  Facsimile: (213) 894-0081

6  Attorneys for Defendant
   CHARLES LYNCH
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  WESTERN DIVISION

11

12  UNITED STATES OF AMERICA,        Case No. CR 07-689-GW

13              Plaintiff,            **NOTICE OF MOTION AND
                                      MOTION TO DISMISS AND REPLY
14      v.                            IN SUPPORT OF MOTION TO
                                      ENJOIN GOVERNMENT
15  CHARLES LYNCH,                    SPENDING; MEMORANDUM OF
                                      POINTS AND AUTHORITIES**
16              Defendant.
                                      Hearing Date: December 14, 2023
17
                                      Evidentiary Hearing on Motion to
18                                    Enjoin: January 22, 2024

19

20         Defendant Charles Lynch, through his counsel of record, Deputy Federal Public

21  Defenders Rebecca M. Abel, hereby moves this Honorable Court for an order

22  dismissing the case, or, in the alternative issuing an order enjoining the government

23  from further spending on his prosecution.

24

25

26

27

28

1        This motion and simultaneous reply is based upon the attached Memorandum of
2   Points and Authorities, the repeated absence of the government's opposition to the
3   motion to enjoin spending, all appended exhibits, all files and records in this case, and
4   any further evidence as may be adduced at the hearing on this motion to dismiss, which
5   is requested to be heard on or after December 14, 2023, or at the evidentiary hearing on
6   the motion to enjoin spending, currently set for January 22, 2024.

7

8                                Respectfully submitted,

9                                CUAUHTEMOC ORTEGA
                             Federal Public Defender

10

11  DATED:  November 15, 2023      By  /s/ Rebecca M. Abel
12                               REBECCA M. ABEL
                             Deputy Federal Public Defender
13                               Attorney for CHARLES LYNCH

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES
### I.INTRODUCTION

This is the second time the government has failed to oppose the defense's motion to enjoin spending.  Each time, the government has set its own date to file its opposition.  And, each time, it has completely ignored its obligation to this Court, to Mr. Lynch, and to justice.  Once again, an entire month has elapsed after the government's chosen date to file its opposition and nothing has been filed.  The government's egregious conduct cannot be sanctioned by this Court.

The government has prosecuted Mr. Lynch for operating a medical marijuana dispensary for sixteen years.  He has been subject to supervision for sixteen years.  He has dealt with the uncertainty of whether he would be jailed for sixteen years.  He has diligently defended himself against every indignity he has suffered as a result of this prosecution.

The very least the government could do is comply with its own deadline to oppose the defense's motion.  Its failure to dignify Mr. Lynch and this Court with a response warrants the ultimate sanction.  This Court has authority to and should dismiss this case with prejudice in the interests of justice due to the government's repeated failure to meet its Court-ordered deadlines.  *See United States v. Warren*, 601 F.2d 471 (9th Cir. 1979); *United States v. Maradiaga*, 539 F. Supp. 3d 1027, 1028 (N.D. Cal. 2021) (*"The Court has the inherent power to dismiss an indictment when that would serve the ends of justice."* (citing *United States v. Bundy*, 968 F.3d 1019, 1030 (9th Cir. 2020))).

### II.FACTUAL BACKGROUND

Sixteen months ago, on July 19, 2022, Defendant Charles Lynch filed a motion to enjoin the government from continuing to spend funds to carry out its then, fifteen-year prosecution of his medical marijuana dispensary.  (Dkt. No. 544.)  That motion— supported by three expert declarations, one fact declaration, and 51 exhibits, totaling

1

600 pages—demonstrated that Mr. Lynch's conduct in founding and operating the dispensary—the Central Coast Compassionate Caregivers (*"CCCC"*)—was in strict compliance with the medical marijuana law in effect in California at the time. (*Id.*) Because of Mr. Lynch's strict compliance, congressional appropriations riders in effect since December 2014 have *"prohibited the use of any Department of Justice funds that prevent states with medical marijuana programs (including California) from implementing their state medical marijuana laws."* *United Stated v. Kleinman*, 880 F.3d 1020, 1027 (9th Cir. 2017). The government's opposition to the defense's motion to enjoin government spending on Mr. Lynch's prosecution was due on August 18, 2022. (Dkt. No. 542.)

On August 18, 2022, the government filed an unopposed application to continue its deadline to file an opposition to the motion to January 23, 2023. (Dkt. No. 550.) The Court granted the government's request. (Dkt. No. 551.) On January 23, 2023, the government again filed an unopposed request to continue its deadline to oppose, this time requesting May 24, 2023. (Dkt. No. 552.) The Court granted the request. (Dkt. No. 553.)

The government's self-selected deadline—May 24, 2023—came and went. A month passed. On the defense's deadline to oppose, June 27, 2023, the defense filed a reply to its motion to enjoin spending, requesting that the Court grant the defense's motion to enjoin spending due to the government's non-opposition. (Dkt. No. 554.) In its reply, the defense noted:

> The evidence offered in the motion is undisputed. Despite a month passing since the deadline it requested, the government has failed to file an opposition, has offered no excuse for its failure to file, and has not sought an extension of its deadline. The government has waived its opportunity to oppose.

(*Id.* at 4.)

Later that day, a month after its deadline, the government filed a *"late ex parte application to continue dates."* (Dkt. No. 555.) In support of that application, Assistant

United States Attorney David Kowal filed a declaration under penalty of perjury. (*Id.*

at 3-5.)  In that declaration, Mr. Kowal claimed:

> I am filing this request late, after the prior date for the government's response, because I erroneously miscalendared the date for the government's response and the time to request this continuance. I had been anticipating that current status conference date of July 31, 2023 was the date for my response. I had expected to file a request for more time after the completion of the trial on July 11, 2023 was complete. I was not aware of my error until the defense filed their reply today (Dkt. 554), as they had not contacted me previously about missing the earlier opposition date. Certainly, given the time I have expended on this matter, I would have not let the time pass for a response without filing something had I realized my error previously. I apologize to the Court and the defense for my mistake.

(*Id.* at 5.)  The government requested a new date to file its opposition: October 11,

2023.  (*Id.* at 1.)  The Court granted the government's late-requested continuance.

(Dkt. No. 556.)

October 11, 2023 has come and gone.  A month has passed since the

government's second-requested deadline to file its opposition.  Again, the government

has completely ignored the Court-ordered deadline—a deadline it specifically

requested.  There can be no further justification or excuse for the government's flagrant

disobedience of this Court's order, or of Mr. Lynch's right to have his case heard.

Now, on the defense's deadline to reply, nothing short of dismissal is

appropriate.  Therefore, herein, the defense requests that the Court take the

government's actions for what they are—an acknowledgement that it no longer has the

will or the interest to prosecute this matter and that dismissal is appropriate.

### III.  ARGUMENT

Under Local Rule 7-12, the government's *"failure to file any required document,*

*or the failure to file it within the deadline, may be deemed consent to the granting . . .*

*of the motion."  See also* L. Cr. R. 57-1 (*"When applicable directly or by analogy, the*

*Local Rules of the Central District of California shall govern the conduct of criminal*

*proceedings before the District Court, unless otherwise specified."*).  When a non-

1   movant fails to oppose, the court may grant a movant's requested relief.  *See Gwaduri*

2   *v. I.N.S.*, 362 F.3d 1144, 1147 n.3 (9th Cir.2004) (noting that the court has the

3   discretion to construe the failure to oppose a motion as a consent to the relief sought in

4   the motion).

5        The government is held to the same standard in criminal cases.  In *United States*

6   *v. Warren*, 601 F.2d 471 (9th Cir. 1979), the district court dismissed an indictment

7   where the government failed to respond to any of the defense's motions to dismiss due

8   to *"an oversight." Id.* at 473.  The sole issue on appeal was *"whether the court erred in*

9   dismissing the indictment under the authority*"* of an applicable local rule, which

10  provided that failure to file an opposition *"shall constitute a consent . . . to the . . .*

11  granting of the motion.*" Id.* & n.1.  The Ninth Circuit upheld the dismissal, reasoning

12  that the district court did not abuse its discretion because the judge identified reasons

13  for dismissing the case, including *"the government's conduct, its failure to respond to*

14  numerous motions,*"* and an *"earlier unsuccessful trial"* in a related matter.  *Id.* at 474.

15       Following *Warren*, district courts have granted dismissal under similar

16  circumstances.  *United States v. Hoffman*, No. 2:12-CR-00309-JAM, 2015 WL

17  5604419 (E.D. Cal. Sept. 23, 2015), is strikingly similar to the fact here and warrant

18  dismissal of the case against Mr. Lynch.  In *Hoffman*, the defendants moved to dismiss

19  the indictment, which charged them with offenses related to the distribution and

20  manufacture of marijuana, based on the identical appropriations rider at issue here.  *Id.*

21  at *1, 3.  Just as occurred here, the government requested additional time to file its

22  opposition and a briefing schedule was set, but even after many months, no opposition

23  was filed.  *Id.* at *1.  The court (Mendez, J.) granted the defendants' motions to dismiss

24  because of the government's failure to timely oppose them.  *Id.* at *4.  The court

25  reasoned that *"the government, like a defendant, may waive an argument by not*

26  properly presenting it.*" Id.* at *2.  The court also noted that it has *"discretion to*

27

28

4

1   disregard the government's arguments in opposition to the motions to dismiss, because
2   the government did not properly raise any." *Id.*

3          The Hoffman court found dismissal particularly appropriate because, just as
4   occurred here, "the government here did not even attempt to meet the court-ordered
5   deadlines." *Id.* at *3. Like in Hoffman, here, the government has twice ignored the
6   deadlines set by the court. Each time, a month has passed after its self-selected
7   deadlines. How many times can one "erroneously miscalendar[]" a deadline? (Dkt.
8   No. 555 at 5.) No excuse can justify the government's egregious disregard for the
9   Court's order. It is not the defense or the Court's obligation to remind the government
10  of its obligations to Mr. Lynch and to this Court. (*Id.* (attempting to blame the defense
11  for missing the first time it disregarded its opposition deadline, complaining that the
12  defense had "not contacted me previously about missing the earlier opposition date").)
13  Like in *Hoffman*, "[t]he government's demonstrated apathy for the Court's deadlines
14  weighs in the Court's decision to disregard the waived arguments." *Hoffman*, 2015
15  WL 5604419, at *3.

16          As the Hoffman court explained, "the failure here was on behalf of the federal
17  government, which the Court holds to a higher standard than the usual litigant." *Id.*
18  Hoffman cited *United States v. Smith*, 506 F. App'x 600 (9th Cir.2013), where the
19  Ninth Circuit refused to consider untimely arguments by the government, noting:

20          [T]he party who failed to raise arguments in a timely fashion is
            not a party to whom we feel especially compelled to grant the
21          benefit of the doubt—someone who like a pro se petitioner is
            bereft of legal guidance and litigation experience. Rather, it is
22          the federal government. As we have stated before: 'As an
            officer of the court, the prosecutor has a heavy responsibility
23          both to the court and to the defendant to conduct a fair trial.

24  *Id.* at 602 n.3 (citation omitted). The Hoffman court reminded that "[t]he government
25  in a criminal case wields considerable power." *Hoffman*, 2015 WL 5604419, at *3. It
26  "has a vital responsibility to criminal defendants, the courts, and to the public to
27  exercise its powers responsibly and justly." *Id.* (quoting *United States v. Gourley*, No.

28

                                              5

1   CR-06-6011-RHW, 2006 WL 2585027, at *4 (E.D. Wash. Sept. 7, 2006), *aff'd*, 267 F.

2   App'x 656 (9th Cir. 2008)).  Just as in Hoffman, here, *"[t]he government's disregard*

3   *for the Court's deadlines and its failure to oppose"* the defense's motion **twice**, even

4   though it selected its opposition deadline and had already been excused of its obligation

5   once due to its claimed miscalendaring, *"is unreasonable and below the standard this*

6   *Court expects from prosecutors representing the United States."  Id.*

7       *Warren* and *Hoffman* warrant dismissal of this case, or, at the very least, finding

8   that all arguments in opposition to the defense's motion to enjoin spending are waived

9   and the motion must be granted.  The federal government has been using all its

10  *"considerable power"* and unlimited resources to prosecute Mr. Lynch for operating his

11  dispensary.  *Id.*  After Mr. Lynch's sixteen unimpeachable years on pretrial release, the

12  government continues to insist that he serve five years in federal prison for providing

13  medical marijuana to qualified patients in conformity with nascent California law.  at

14  The government's pursuit of prison for Mr. Lynch comes at a time when the President

15  has directed the DOJ to execute *"full, complete, and unconditional pardon[s]"* to those

16  convicted of marijuana possession under federal law.[1]  The government's claim that it

17  wants to pursue this prosecution is belied by its actions.  (Dkt. No. 555 at 5 (asking the

18  Court to excuse its month-late application to continue because *"given the time I have*

19  *expended on this matter, I would have not let the time pass for a response without filing*

20  *something had I realized my error previously."*).)  It cannot even bare the minimal

21  burden of calendaring its own deadline to oppose a motion that has been pending for 16

22  months and is crucial to Mr. Lynch's freedom.  That motion amply demonstrates that

23  the government's prosecution violates the appropriations rider.  The government's

24  failure to oppose on two separate dates that it selected and its dereliction of its duty to

25

26   _____

27      [1] The White House, A Proclamation on Granting Pardon for the Offense of Simple Possession
     of Marijuana, Oct. 6, 2022, https://www.whitehouse.gov/briefing-room/presidential-

28   actions/2022/10/06/granting-pardon-for-the-offense-of-simple-possession-of-marijuana/.

prosecute this case resulting in months-long delay warrants dismissal of this matter. Enough is enough.

In his motion, Mr. Lynch put forth a thorough analysis of the Ninth Circuit law governing the appropriations rider, the California medical marijuana law in effect in 2006 and 2007, and the extensive factual evidence demonstrating Mr. Lynch's compliance with that law.  (Dkt. No. 544.)  Mr. Lynch offered supporting declarations from himself, a California medical marijuana expert, a financial analyst, and an expert on not-for-profit operations.  These declarations and their appended exhibits prove that the CCCC met the two requirements to operate legally under 2006-2007 California law, namely, the CCCC was comprised of qualified patients, who collectively associated to cultivate and distribute marijuana among its membership, and the CCCC did not operate for profit.

The government has twice waived any opportunity to counter these arguments or offer any evidence in opposition.  The government's past feeble attempts to ignore its deadline and blame its non-opposition on the defense cannot be credited twice.  Such reckless disregard for the Court's orders warrants sanction.  Despite a month passing since the **second** deadline it requested, the government has **again** failed to file an opposition, has **again** offered no excuse for its failure to file, and has **again** not sought an extension of its deadline.  The government has waived its opportunity to oppose. *See United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000) ("[T]he government may waive certain defenses [to a defendant's arguments] by not raising them in a timely manner."); *Smith*, 506 F. App'x at 602 & n.3 (9th Cir. 2013) (noting district court's discretion to "decline to consider" waived arguments where "there [was] no excuse for the government's delay in raising these arguments" (citation omitted)); *Gourley*, 2006 WL 2585027, at *4 (declining to consider untimely argument in opposition to motion to suppression where government "show[ed] a distinct and serious lack of preparation and responsiveness to issues clearly raised").  The Court's acceptance of the undisputed

7

evidence offered in the motion renders an evidentiary hearing unnecessary and warrants immediate relief.  Given the government's flagrant disregard of this Court and of Mr. Lynch's rights, it is within this Court's considerable discretion to dismiss this case.  *See Bundy*, 968 F.3d at 1030 (*"A district court may dismiss an indictment under its inherent supervisory powers . . . to preserve judicial integrity . . . ."* (internal quotation omitted)); *United States v. W.R. Grace*, 526 F.3d 499, 511 & n.9 (9th Cir. 2008) (en banc) (holding that district court has inherent supervisory power to issue and enforce orders and require the government to comply or risk dismissal).

## IV. CONCLUSION

Due to the government's abdication of its responsibility to the Court and to Mr. Lynch, the Court should dismiss this case, or, in the alternative, enjoin the government from any further spending on Mr. Lynch's prosecution and indefinitely stay his resentencing.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  November 15, 2023          By  */s/ Rebecca M. Abel*

REBECCA M. ABEL
Deputy Federal Public Defender
Attorney for CHARLES LYNCH

8