CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
REBECCA M. ABEL (Bar No. 298604)
(E-Mail: Rebecca_Abel@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
CHARLES LYNCH

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CHARLES LYNCH, <br><br> Defendant. | Case No. CR 07-689-GW <br><br> **DEFENDANT CHARLES LYNCH'S OPPOSITION TO THE GOVERNMENT'S EX PARTE APPLICATION TO CONTINUE MOTION DATES** |

Defendant Charles Lynch, through his counsel of record, Deputy Federal Public Defenders Rebecca M. Abel, hereby submits his opposition to the government's ex parte application to continue motion dates.

//
//
//

1

This opposition is based upon the attached Memorandum of Points and Authorities, all files and records in this case, and any further evidence as may be adduced at the hearing on the application or the pending motions.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: January 18, 2024        By  /s/ Rebecca M. Abel
                                                    REBECCA M. ABEL
                                                    Deputy Federal Public Defender
                                                    Attorney for CHARLES LYNCH

## MEMORANDUM OF POINTS AND AUTHORITIES

After failing to file a singe document in nearly seven months and failing to appear at a scheduled hearing, the government now asks for a month-long extension of its deadline to oppose one of the two pending motions and to continue the hearing. No such extension is warranted. The government has failed in its basic obligation to exercise its power responsibly and justly and it must be held to account.

To understand the egregiousness of the government's actions, a timeline is helpful.

| | |
|---|---|
| July 19, 2022 | Defense filed its motion to enjoin the government's spending on this prosecution. (Dkt. No. 544.) |
| August 19, 2022 | Government filed unopposed request to continue opposition deadline to January 23, 2023, which is granted. (Dkt. Nos. 550-51.) |
| January 23, 2023 | Government filed unopposed request to continue opposition deadline to May 24, 2023, which is granted. (Dkt. Nos. 552-53.) |
| ***May 24, 2023*** | ***Government fails to file its opposition to the motion to enjoin spending.*** The government makes no attempt to contact the defense or the Court about missing its self-selected deadline. |
| June 27, 2023 | Defense files its reply noting the government's non-opposition and requesting the Court grant the motion. (Dkt. No. 554.) |
| June 27, 2023 | A month after its deadline to oppose, the government files a "late ex parte application to continue dates," and requests a new opposition deadline of October 11, 2023. (Dkt. No. 555.) |
| ***October 11, 2023*** | ***Government fails to file its opposition to the motion to enjoin spending.*** The government makes no attempt to contact the defense or the Court about missing its second, self-selected deadline. |
| November 15, 2023 | Defense files its reply and motion to dismiss based on the government's repeated failure to oppose and "flagrant disobedience" of the Court and Mr. Lynch's rights. (Dkt. No. 557.) |
| November 22, 2023 | The Court sets a hearing on the motion to dismiss for January 22, 2024. (Dkt. No. 558.) |
| ***January 2, 2024*** | ***Government fails to file its opposition to the motion to dismiss.*** The government makes no attempt to contact the defense or the Court about missing its third deadline. |
| ***January 8, 2024*** | ***Government fails to appear at a status conference set by the Court.*** The status conference was set on a date selected by the government and yet it failed to appear, to contact the Court, or to contact the defense. |
| January 16, 2024 | The government files is request to continue the deadline to file its opposition to the motion to dismiss, which was due two weeks earlier, and fails to even mention the motion to enjoin spending. |

1

The government has brazenly disregarded three court-ordered deadlines and one court-set hearing. This is not the first time Assistant United States Attorney David Kowal has failed to comply with Court orders or given defendants, defense counsel, or the Court basic respect.[1] The Court must put an end to such egregious actions on the part of the federal government. "As an officer of the court, the prosecutor has a heavy responsibility both to the court and to the defendant," and it has failed to ethically carry that responsibility here. *United States v. Escalante*, 637 F.2d 1197, 1203 (9th Cir. 1980).

The ex parte application itself is further evidence of the government's dereliction of its duty. A week before two hearings, the government asks to continue one of them, making no mention of the other. On January 22, 2024, the Court has scheduled two hearings on (1) the defense's motion to dismiss and (2) an evidentiary hearing on the defense's motion to enjoin spending. (Dkt. Nos. 556, 558.) In its ex parte application, the government asks to continue the deadline to file its opposition to the motion to dismiss and the hearing on that motion, but nowhere mentions the pending hearing on the motion to enjoin spending. At the very least, the defense requests that the hearing on the motion to enjoin spending proceed as scheduled on January 22, 2024.

---

[1] *See, e.g., United States v. Kenon Shuler*, 2:21-CR-102-MWF (C.D. Cal. Aug. 23, 2023) (AUSA Kowal failed to attend a scheduled sentencing hearing for an out-of-custody defendant who travelled from out-of-state to appear, forcing the Court to reset the hearing for the following day); *United States v. Rafael Yepiz*, 2:05-CR-578-JFW, Dkt. Nos. 5144, 5149 (C.D. Cal. Sept. 28, 2023) (After requesting several extensions, AUSA Kowal missed the government's deadline to oppose the defense's motion, resulting in the Court issuing the following order: "As a result of the foregoing (and apparently intentional) violations of the Court's Orders and the delay caused by Government's counsel in this action, counsel for the Government is ordered to show cause in writing by October 2, 2023 why he should not be sanctioned in the amount of $5,000.00 and why the Court should not refer counsel to the Court's Disciplinary Committee."). The Order to Show Cause and Declaration of David Kowal filed in response to that Order in Yepiz are attached as Exhibit A. Notably, in AUSA Kowal's declaration in Yepiz, he notes that his "supervisors and management are aware" of the Court's order to show cause and "have reviewed this declaration." (Ex. A at 7 ¶ 11.) No similar statement is made in the government's ex parte application here.

To date, the government has offered no opposition to the motion to enjoin spending, and for the reasons stated in both of the defense's replies, it should be granted. (Dkt. Nos. 554, 557.) Moreover, Mr. Lynch and his family intend to be present in person at that hearing. Mr. Lynch resides in New Mexico and has already scheduled transportation and accommodation for the January 22, 2024 hearing. Rescheduling will cause direct hardship to Mr. Lynch and his family, who are eager to have this matter heard and the case resolved after over 16 years.

The Court also should deny the government's request to continue the hearing on the motion to dismiss. In its ex parte application, the government claims it needs four weeks to "set out cause for the government's not filing a timely extension to respond to defendant's motion to enjoin government spending, and an estimate an explanation for the need for additional time." (Dkt. No. 560 ¶ 4.) The proper place for such explanation was in its ex parte, but it never attempts to explain why the government has failed to have any contact with the defense or the Court in seven months and has missed three deadlines and a court hearing. Does the government not see the irony in asking for more time to explain why it needs more time? The government has had 19 months to respond to the defense's motion to enjoin spending, it has not done so. It has had two months to respond to the defense's motion to dismiss, or even to request a briefing schedule, it has not done so. Without sanction by the Court, the government will continue to flagrantly ignore court-ordered deadlines, scheduled hearings, and Mr. Lynch's basic right to have his case heard.

The appropriate, just, and reasonable sanction is to hold the hearing on January 22, 2024 and grant the defense's motion to enjoin spending, preventing the government from continuing to waste money (and apparently the prosecutor's time) on a 16-year-old prosecution of a medical marijuana dispensary.

For the foregoing reasons, the Court should deny the government's ex parte application to continue the deadlines and hearing on the defense's motion to dismiss.

1 | At the very least, the Court should proceed with the scheduled hearing on the
2 | unopposed motion to enjoin spending set for January 22, 2024, which the government
3 | does not ask to continue.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: January 18, 2024       By  /s/ Rebecca Abel
                              REBECCA ABEL
                              Deputy Federal Public Defender
                              Attorney for CHARLES LYNCH

4