# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CRIMINAL MINUTES -- GENERAL</u>

Case No.   **CR 05-578(A)-JFW**                          Dated: September 28, 2023

========================================================================
PRESENT:   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present | David Kowal |
|---|---|---|
| Courtroom Deputy | Court Reporter | Chelsea Norell |
| | | Asst. U.S. Attorney |
| | | Not Present |

========================================================================
U.S.A. vs (Dfts listed below) - Not Present         Attorneys for Defendants - Not Present

1. Yepiz, Rafael, Custody                            1. Katherine Windsor, Aptd
7. Yepiz, Manuel                                     7. Verna Wefald, Aptd
21. Contreras, Jesus, Custody                        21. Melissa A.Weinberger, Aptd
22. Carrasco, Gilberto                               22. Adam Axelrad, Aptd
31. Mendez, Ernesto Orozco                           31. Gary Burcham, Aptd
35. Zambrano, Francisco, Custody                     35. Shawn Perez, Aptd
36. Mejia, Sergio, Custody                           36. Diane Berley, Aptd
37. Mejia, Jose Luis, Custody                        37. James Bisnow, Aptd
44. Meza, Mariano, Custody                           44. Victor Sherman, Ret.

_____

**PROCEEDINGS (IN CHAMBERS):        ORDER TO SHOW CAUSE**

        In its Order filed on September 15, 2023 (Docket No. 5137), after the Court had already
granted the Government numerous extensions, the Court set the **final** deadline for the
Government to file its Response to Defendants' Motion for Evidentiary Hearing for September 26,
2023.  Although the Government filed a Notice of Lodging on September 26, 2023 (Docket No.
5140), it has failed to file its Response to Defendants' Motion for Evidentiary Hearing by the Court-
ordered deadline.

        The Government has also failed to comply with the Court's Order re: Exhibits filed January
31, 2023 (Docket No. 5100) and the Court's Order re: Courtesy Copies filed January 31, 2023
(Docket No. 5101).

        As a result of the foregoing (and apparently intentional) violations of the Court's Orders and
the delay caused by Government's counsel in this action, counsel for the Government is ordered to
show cause in writing by **October 2, 2023** why he should not be sanctioned in the amount of
$5,000.00 and why the Court should not refer counsel to the Court's Disciplinary Committee.
Counsel shall file and deliver all courtesy copies of documents that fully comply with the Court's

Initials of Deputy Clerk __sr__

orders on or before **October 2, 2023.**  No oral argument on this matter will be heard unless otherwise ordered by the Court. See Fed. R. Civ. P. 78; Local Rule 7-15. The Order to Show Cause will stand submitted upon the filing of the response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the imposition of sanctions.

IT IS SO ORDERED.

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
DAVID KOWAL (Cal. Bar No. 188651)
Assistant United States Attorney
        1300 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-5136
        Facsimile: (213) 894-0141
        E-mail:   david.kowal@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                 UNITED STATES DISTRICT COURT

             FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 05-578-JFW |
| Plaintiff, | GOVERNMENT'S RESPONSE TO ORDER TO SHOW CAUSE [DOCKET NO. 5144] |
| v. | |
| RAFAEL YEPIZ, et al., | |
| Defendants. | |

        Plaintiff United States of America, by and through its counsel
of record, the United States Attorney for the Central District of
California and Assistant United States Attorney David Kowal, hereby
files its response to the Court's order to show cause, docket no.
5144.

//

//

//

                                1

The response is based on the attached Declaration of Assistant United States Attorney David Kowal.

Dated: September 29, 2023       Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


        */s/ David Kowal*
DAVID KOWAL
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

<u>DECLARATION OF DAVID KOWAL</u>

I, David Kowal, hereby declare and state, as follows:

1.    I am an Assistant United States Attorney (AUSA) for the Central District of California.  I represent the government in this matter.

2.    I am responding to the Court's order to show cause (Docket No. 5144, issued yesterday, September 28, 2023) with respect to the filing of the government's opposition to defendants' motion for an evidentiary hearing in this case, Docket Number 5091.  The order to show cause was issued yesterday, September 28, 2023, while I was working to complete the government's opposition to the motion.  The government filed its opposition at the end of the day on September 28, 2023, a few hours after the issuance of the order to show cause, but two full days after the Court's final September 26, 2023 filing deadline (as set by the Court's order of September 15, 2023).  I am the only person in the United States Attorney's Office responsible for the late filing.

3.    On September 28, 2023, I filed an ex parte application to the Court for leave to file an oversized, late brief.  (Docket Number 5148).  In my declaration in support of that application I apologized to the Court and defense counsel for filing the opposition after the Court's deadline and attempted to explain my failure.  I reiterate those statements and will add to them here.

4.    The Court's order to show cause orders the government to complete its filings for the opposition and deliver courtesy copies to chambers by Monday, October 2, 2023.  Those tasks are being completed today (September 29, 2023).  There are five parts of the

opposition filing: (1) The opposition brief (65 pages); (2) Exhibits of prior filings (14 exhibits, 01-14, approximately 200 pages); (3) My declaration in support of the motion (21 pages) with 27 exhibits (A-Z and AA, approximately 150 pages), filed under seal; (4) The refiled Docket No. 1906, under seal (17 pages); and (5) lodged transcripts in five binders and discs (several thousand pages). I had all of these ready for filing by approximately 2:00 p.m. yesterday, September 28, 2023, except for the opposition brief which was ready for filing at approximately 4:00 p.m. The lodged transcripts were lodged on September 26, 2023. The opposition and exhibits of prior filings were filed on September 28, 2023, two days late. I understand that due to delays in assembling the sealed exhibits, two under seal filings were brought to the filing window just after it closed yesterday. They are being filed today along with delivery of all courtesy copies.

5. When I recognized early this week that I would likely not be able to complete the government's filings by the September 26, 2023 deadline, I did not inform the Court, or file a request for leave. I want to stress that this was not in any way due to a lack of care or respect for the Court's deadline, or that I was ignoring it in any way. To the extent my not updating the Court on my status caused additional inconvenience or frustration, I again apologize.

6. I knew the opposition would be filed in a matter of days. I assumed by the time the Court read anything I submitted about missing the deadline, the opposition would be filed. I therefore decided to work as hard as I could until the brief was actually filed, to file each document as soon as it was ready, and to seek

leave for the late filing once it was all done, knowing all the circumstances, including exactly how late the filing had been. I had also lost confidence in my ability to determine exactly which day the opposition would be complete, given its size, and my prior misplaced confidence and certainty that I would complete the brief on time. I did not want to, for example, seek leave for one or two more days, or report that timing to the Court, and then need more time. I had arranged assistance for the last parts of completing the brief, such as brief reviewers, legal assistants for electronic and under seal filing, and the like, based on the assumption that I was going to file by the deadline. When I was unable to finish at the deadline it was harder to re-schedule this support in a predicable way. Only by Wednesday night was I confident the opposition would be filed the next day. Even then, I did not expect the under-seal filings to miss the filing deadline and the opposition to be filed at the very end of the day.

7. I recognize that the Court has described my violation as willful. That is correct in that I knew there was a deadline and continued to work passed it. However, I did not think this was a situation where I could file what I had on the filing deadline if it was not complete. Given the months of work committed to this project, and the importance of the case, I could see little value in filing something that was not useful, or below standard.

8. This was an extremely slow and difficult project. I was continually frustrated and surprised by how long everything took. This was the largest brief I have ever filed in district court and the longest and most detailed declaration by a wide margin.

3

1  Coordinating the brief, exhibits, and declaration, and making sure
2  they cohered, and that all bates, page, and exhibit numbers were
3  clearly referenced to be useful to the reader, was extremely slow
4  work that I am not particularly good at.  The process of  compiling
5  exhibits and transcripts similarly was a slow and laborious process,
6  even with assistance.  I have always been a slow writer.  Even
7  accounting for that, tasks and sections I had planned to finish in
8  hours or days often took many times that.  The second half of the
9  brief detailing the various government productions and documents,
10 along with the declaration on that topic, was the fewest pages
11 written per hour invested I have experienced.  The first half of the
12 opposition contained, among other things, parts that while short in
13 length contained numerous record citations that, even when relying as
14 much as I could on past work in the case, took an extremely long time
15 to compile, check, and edit.  However, given my long familiarly with
16 the case, and the size and complexity of the project, this was not
17 work that I could assign or receive help from someone else.

18       9.   I took seriously my commitment to the Court to finish the
19 brief by September 26, 2023, and am embarrassed and upset that I did
20 not meet that commitment, apart from any sanction I will receive.  As
21 I noted in my prior filing, I have for many weeks moved all my other
22 matters to work on this one.  Since the last extension, I worked on
23 the opposition each day including weekends, and working through
24 religious holidays and even coming into the office on one religious
25 holiday for the first time in my career.  I have been home only for a
26 few hours each morning since last week.  I also had a personal
27 investment in getting the brief done by the September 26, 2023

28

deadline.  I had planned to use the remainder of this week after the September 26, 2023 deadline to complete work in other matters.  Once I knew early this week that I would need to work past the deadline on the opposition, I had to re-arrange my schedule and cancel permanently approximately a week of vacation on the East Coast, starting next week, that I had planned months ago.

10.  Finally, I want to again apologize for wasting the Court's time and the parties' time as a result of my delay.  I am sorry, for example, that the Court had to waste its time issuing the order to show cause and reading and responding to this filing.  I recognize too that my delay in filing, for example, may upset the tight schedule of defense counsel, as it has for colleagues at my office.

11.  My supervisors and management are aware of the Court's order and have reviewed this declaration.

I declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief.

Date: September 29, 2023.

/s/
_____
DAVID KOWAL
Assistant United States Attorney