E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
DAVID KOWAL (Cal. Bar No. 188651)
Assistant United States Attorneys
Violent and Organized Crimes Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5136
     Facsimile: (213) 894-3713
     Email:david.kowal@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 07-689-GW |
| Plaintiff, | <u>GOVERNMENT'S EX PARTE APPLICATION TO TAKE HEARING OFF CALENDAR</u> |
| v. | |
| CHARLES LYNCH, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, here by moves to take off-calendar the evidentiary hearing currently scheduled for January 22, 2024.

This ex parte application is based upon the attached declaration of Assistant United States Attorney David Kowal.

Dated: January 16, 2024            Respectfully submitted,

                                          E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

                                          /s/
DAVID KOWAL
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DECLARATION OF DAVID KOWAL

I, David Kowal, hereby declare and state, as follows:

1. I am an Assistant United States Attorney (AUSA) for the Central District of California. I represent the government in this matter.

2. On January 18, 2024, the Court granted the government's request to continue dates on the pending motion to dismiss, but kept on calendar the current date for an evidentiary hearing on the motion to enjoin spending. (Dkt. 562). In granting that continuance, the Court noted that the government had not sought to continue the evidentiary hearing on defendant's motion to enjoin spending, and kept it on calendar for January 22, 2024. (Id.)

3. Government counsel incorrectly thought that the motion to dismiss would precede any evidentiary hearing on the motion to enjoin spending, and that the government would not have to move separately to take the evidentiary hearing off calendar. Undersigned counsel has incorrectly assumed that all prior dates regarding the motion to enjoin would not go forward, including the recent status conference on January 8, 2023, because the motion to dismiss would potentially obviate the need for further proceedings with respect to the motion to enjoin and accompanying evidentiary hearing. In addition, the motion to dismiss is based on issues relating to timing of the government's response to defendant's motion to enjoin, and the government's failure to timely file a request for an extension of its time to file that response to that motion. Counsel has assumed since the motion to dismiss was filed that rather than the government filing a separate, late motion for additional time to respond to the motion to enjoin and to continue the pending dates, that government

3

1  counsel would have to address those issues, and related timing issues
2  in the motion to dismiss, while also addressing defendant's legal
3  arguments including citations to case law, that the failure to timely
4  file an extension should be remedied by dismissal.  It apologizes for
5  that mistaken understanding, and asks now for the evidentiary hearing
6  to be taken off calendar at this time, to be rescheduled, if
7  necessary, at the hearing on the motion to dismiss.

8       4.   The government requests this adjustment in schedule for the
9  following reasons.  First, as practical and general matter, it makes
10 sense to avoid a burdensome and potentially complex evidentiary
11 hearing, when there is a threshold legal or less complicated factual
12 issue that could conclusively address all the pending issues in this
13 case.  Second, as the government referenced in its recent application
14 to move dates on the motion to dismiss, the government is intending
15 in the response to the motion to dismiss to address it failure to
16 timely request an extension of time to response to defendant's motion
17 to enjoin spending, and to set out good cause for allowing additional
18 time for the government to respond to the pending motion to enjoin
19 notwithstanding that error.  As noted in the government recent ex
20 parte application to continue dates on the motion to dismiss granted
21 by the Court, an important reason for the need for more time to
22 respond to the motion to dismiss is to provide the Court with an
23 estimate of the time necessary for a proper response, including,
24 e.g., time for experts to complete their work for the government and
25 the other tasks, and to support the request for more time in detail.
26      5.   Third, the government will not be able to effectively go
27 forward with an evidentiary hearing on the dates scheduled, given
28 again, that it needs additional time to prepare the government's

4

response, and assumed that the evidentiary hearing would not be going forward until the motion to dismiss was resolved.

6. Defendant is not in custody, but on bond with minimal to no conditions. (See, e.g., Dkt. 543).

7. Due to the need to file this application immediately on seeing the Court recent order (Dkt 562) before the coming hearing I have not sought the position of defense counsel. I assume that they oppose the motion given their opposition to the government's recent application to continue the dates on the motion to dismiss.

I declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief.

Date: January 18, 2024.

/s/
_____
DAVID KOWAL
Assistant United States Attorney