CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
REBECCA M. ABEL (Bar No. 298604)
(E-Mail: Rebecca_Abel@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
CHARLES LYNCH

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CHARLES LYNCH,<br><br>    Defendant. | Case No. CR 07-689-GW<br><br>**DEFENDANT CHARLES LYNCH'S OPPOSITION TO THE GOVERNMENT'S EX PARTE APPLICATION TO TAKE HEARING OFF CALENDAR**<br><br>**Hearing Date: January 22, 2024 at 9:30 a.m.** |

Defendant Charles Lynch, through his counsel of record, Deputy Federal Public Defenders Rebecca M. Abel, hereby submits his opposition to the government's ex parte application to take the hearing set for Monday, January 22, 2024 off calendar.

//

//

//

1

This opposition is based upon the attached Memorandum of Points and Authorities, all files and records in this case, and any further evidence as may be adduced at the hearing on the application or the pending motions.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: January 19, 2024            By  /s/ Rebecca M. Abel
                                   REBECCA M. ABEL
                                   Deputy Federal Public Defender
                                   Attorney for CHARLES LYNCH

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

Yesterday, on January 18, 2024, the Court issued an 8-page order stating that "the evidentiary hearing is on calendar for January 22, 2024 at 9:30 a.m. (as it was set by the Court on June 28, 2023 at the Government's request), and ***it will proceed as scheduled***." (Dkt. No. 562 at 1.) Two hours later, the government filed its second ex parte in as many days, asking the Court to take the evidentiary hearing off calendar. (Dkt. No. 563.) The government's desperation to avoid the consequences of its abandonment of its duty in this case is plain. The hearing must procced, and the government must be held accountable for it's "pattern of nonfeasance." (Dkt. No. 562 at 7 n.6.)

First, the government's position is untenable. It claims that it "incorrectly assumed that all prior dates regarding the motion to enjoin would not go forward, including the recent status conference on January 8, 2023." (*Id.* ¶ 3.) But, the status conference did go forward. As the Court noted in yesterday's order, "While Defendant's counsel was present, no one from the Government made any appearance despite repeated attempts by the Court to contact government counsel." (Dkt. No. 562 at 7.) In its written minutes from that status conference, at which government counsel failed to appear, the Court stated that the hearing on the motion to enjoin spending would go forward on January 22, 2024 at 9:30 a.m. (Dkt. No. 559.) Therefore, the government's "mistaken understanding" is belied by the Court's orders, which were plain for the government to review prior to filing is first error-ridden ex parte application. (Dkt. No. 563 ¶ 3.) The government had an opportunity to request that the Court take the hearing on the motion to enjoin spending off calendar in its first ex parte, it did not do so, and again, as waived its opportunity to make such a request.

//
//
//

1

|  |  |
|---|---|
| 1 | Second, the government misses the point.  The defense's reply to the motion to |
| 2 | enjoin spending (Dkt. No. 554) and the defense's motion to dismiss (Dkt. No. 447) are |
| 3 | premised on the same argument: the government has waived its opportunity to raise any |
| 4 | arguments in opposition.  While the reminder is likely unnecessary for the Court, it |
| 5 | feels worth repeating.  The government failed to file a single document in seven |
| 6 | months; it missed three court-ordered deadlines; it failed to appear at a noticed and |
| 7 | scheduled hearing.  Despite being explicitly warned by the Court, it has yet to offer a |
| 8 | single explanation for its abandonment of its duty to its client—the unlimitedly |
| 9 | resourced federal government, or to Mr. Lynch—the defendant prosecuted for 16 years. |
| 10 | (*See* Dkt. No. 562 at 7 n.6 ("The Government does not offer any satisfactory |
| 11 | explanation for its repeated failures to meet deadlines or appear.").  It has waived its |
| 12 | opportunity to oppose the motion to enjoin spending ever, no matter what the claimed |
| 13 | excuse now.  *See Salcedo v. Nissan N. Am., Inc.*, No. CV 22-4152-GW-MARX, 2023 |
| 14 | WL 332761, at *8 (C.D. Cal. Jan. 18, 2023) ("[F]ailure to substantively oppose a |
| 15 | motion to dismiss can be construed as a waiver or abandonment of those issues." |
| 16 | (internal quotation omitted)); *Westerfield v. Ethicon, Inc.*, No. CV 20-4803-GW-ASX, |
| 17 | 2020 WL 11421251, at *1 (C.D. Cal. Nov. 16, 2020) (holding that by not filing an |
| 18 | opposition to the motion, "[t]his Court considers that failure to constitute a waiver or |
| 19 | forfeiture of any defense to the arguments Defendants raised in their motion."). |
| 20 | Because of that waiver, the motion to enjoin should be granted on January 22, 2024, |
| 21 | without further delay. |
| 22 | The government had seven months "to provide the Court with an estimate of the |
| 23 | time necessary for a proper response" to the motion to enjoin spending.  (Dkt. No. 563 |
| 24 | ¶ 4.)  As the Court already noted, its most recent ex parte application "repeat[ed] many |
| 25 | of the same reasons previously given when seeking a continuance" back in August |
| 26 | 2022 (Dkt. No. 550), January 2023 (Dkt. No. 552), and July 2023 (Dkt. No. 555).  It |
| 27 | appears that the government has done almost no work on this case in the 18 months |
| 28 |  |

since the defense filed its motion to enjoin spending. Unlike defense counsel, government counsel has prosecuted this case since 2007, is intimately familiar with the record, and drafted every single document filed in the district and appellate court. Given this familiarity, 18 months is more than enough time to respond, or at the very least to offer a single, reasonable explanation for its failure to do so. Moreover, Mr. Lynch's opponent is the federal government. It the assigned prosecutor is unable to complete the necessary work—so busy that he cannot even request more time from this Court at any point in seven months—than another prosecutor should have been assigned months ago. The government's dereliction of its duty should not be borne by Mr. Lynch.

Contrary to its claim, the government will have no trouble going forward with the evidentiary hearing on January 22, 2024. The defendant's extensive evidence offered in support of the motion is undisputed. Such evidence is more than sufficient to withstand the defense's burden on the motion. Having offered no evidence, the government cannot offer any for the first time at the hearing. It must do at the hearing what it did for the last seven months—nothing.

A hearing on the motion to enjoin should go forward on January 22, 2024 and the government's non-opposition should be taken for what it is: a waiver of the opportunity to offer any substantive arguments in response.[1] *See United States v. Hoffman*, No. 2:12-CR-00309-JAM, 2015 WL 5604419, at *1 (E.D. Cal. Sept. 23, 2015) (granting motions to enjoin government spending after the government "filed no oppositions and no motion or stipulation for an extension of time" and claimed that "the failure to file 'was based upon [the prosecutor's] other responsibilities' and that it was not 'aware of the extensive briefing that would be filed by the defendants'" because the government's conduct "is unreasonable and below the standard this Court expects from

---

[1] Should the Court grant the motion to enjoin spending, the defense intends to withdraw its motion to dismiss, as any further spending by the government to oppose that motion would be barred.

3

1 | prosecutors representing the United States."). The government's second ex parte
2 | application to take the hearing off calendar should be denied.

3 |            Respectfully submitted,

4

5 |            CUAUHTEMOC ORTEGA
           Federal Public Defender

6

7 | DATED: January 19, 2024   By  /s/ Rebecca Abel
8 |            REBECCA ABEL
           Deputy Federal Public Defender
9 |            Attorney for CHARLES LYNCH

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28