1 | E. MARTIN ESTRADA
United States Attorney
2 | MACK E. JENKINS
Assistant United States Attorney
3 | Chief, Criminal Division
DAVID P. KOWAL (Cal. State Bar No. 188651))
4 | Assistant United States Attorney
Violent and Organized Crime Section
5 |     1300 United States Courthouse
      312 North Spring Street
6 |     Los Angeles, California 90012
      Telephone: (213) 894-2400
7 |     Facsimile: (213) 894-5136
      E-mail:    david.kowal@usdoj.gov
8 |
Attorneys for Plaintiff
9 | UNITED STATES OF AMERICA

10 |                 UNITED STATES DISTRICT COURT

11 |         FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 | UNITED STATES OF AMERICA,          No. CR 07-689-GW

13 |           Plaintiff,              PLEA AGREEMENT FOR DEFENDANT
                                       CHARLES C. LYNCH
14 |              v.

15 | CHARLES C. LYNCH, et al.,

16 |           Defendants.

17 |

18 |      1.    This constitutes the plea agreement between Charles C.

19 | Lynch ("defendant") and the United States Attorney's Office for the

20 | Central District of California (the "USAO") in the above-captioned

21 | case.  This agreement is limited to the USAO and cannot bind any

22 | other federal, state, local, or foreign prosecuting, enforcement,

23 | administrative, or regulatory authorities.

24 |                     DEFENDANT'S OBLIGATIONS

25 |      2.    Defendant agrees to:

26 |           a.    At the earliest opportunity requested by the USAO and

27 | provided by the Court, appear and plead guilty to possession of

28 | marijuana, in violation of 21 U.S.C. § 844(a), a Class A misdemeanor,

1  which is a lesser included offense to the charge in Count Four of the

2  Indictment, under which defendant was charged and convicted of

3  possession with intent to distribute marijuana, in violation of 21

4  U.S.C. § 841(a)(1), (b)(1)(B).

5          b.   Not contest facts agreed to in this agreement.

6          c.   Abide by all agreements regarding sentencing contained

7  in this agreement and affirmatively recommend to the Court that it

8  impose sentence in accordance with paragraph 15 of this agreement.

9          d.   Appear for all court appearances, surrender as ordered

10  for service of sentence, obey all conditions of any bond, and obey

11  any other ongoing court order in this matter.

12          e.   Not commit any crime; however, offenses that would be

13  excluded for sentencing purposes under United States Sentencing

14  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

15  within the scope of this agreement.

16          f.   Be truthful at all times with the United States

17  Probation and Pretrial Services Office and the Court.

18          g.   Pay the applicable $25 special assessment at or before

19  the time of sentencing.

20          h.   By entry of this plea agreement onto the docket, to

21  withdraw his motion filed on July 19, 2022 (Docket Number "Dkt." 544)

22  seeking to enjoin the government from spending funds on his

23  prosecution or conviction under Section 531 of the Consolidated

24  Appropriations Act of 2022 (the "Spending Provision"), his pending

25  motion to dismiss (Dkt. 557, filed on or about November 15, 2023),

26  and to further waive all rights he may have in the future to pursue

27  relief under the Spending Provision, any later law substantially

28  similar to the Spending Provision, or to raise and argument or claim

2

1  under a law that inhibits the government's ability to spend money on

2  prosecutions or convictions of individuals who fully complied with

3  state medical marijuana laws.

4          i.    Agree to the dismissal of the Amended Judgment and

5  Commitment Order in this case, entered on or about April 30, 2010

6  (Dkt. 328, hereinafter, the "Judgment") after defendant's conviction

7  at trial, affirmed on appeal by the Ninth Circuit Court of Appeals

8  (see Dkt. 471, 474), and that established defendant's felony

9  convictions for:

10             i.    Conspiracy to manufacture and possess with

11  intent to distribute marijuana and THC, in violation of 21 U.S.C. §§

12  846, 841(a)(1), (B)(1)(b) (Count One);

13             ii.   Distribution of marijuana to persons under the

14  age of 21, in violation of 21 U.S.C. §§ 841(a)(1), 859(a), and 18

15  U.S.C. § 2 (Counts Two and Three);

16             iii. Possession with the intent to distribute

17  marijuana, in violation of 21 U.S.C. §841(a)(1), (b)(1)(B) (Count

18  Four); and

19             iv.   Maintaining a drug-involved premises, in

20  violation of 21 U.S.C. § 856(a)(1) (Count Five).

21          j.    Defendant agrees that any and all criminal debt

22  ordered by the Court, including any fine, will be due in full and

23  immediately.  The government is not precluded from pursuing, in

24  excess of any payment schedule set by the Court, any and all

25  available remedies by which to satisfy defendant's payment of the

26  full financial obligation, including referral to the Treasury Offset

27  Program.

28

1                        <u>THE USAO'S OBLIGATIONS</u>

2     3.    The USAO agrees to:

3         a.    Not contest facts agreed to in this agreement.

4         a)    Abide by all agreements regarding sentencing contained

5 in this agreement and affirmatively recommend to the Court that it

6 impose a sentence in accordance with paragraph 15 of this agreement.

7         b.    At the time of sentencing, move to dismiss the prior

8 Judgment in this case and any remaining counts of the Indictment in

9 this matter with prejudice.

10                     <u>NATURE OF THE OFFENSE</u>

11     4.    Defendant understands that for defendant to be guilty of

12 possession of marijuana, in violation of 21 U.S.C. § 844(a), which is

13 a lesser included offense to the crime charge in Count Four in the

14 Indictment and Judgment, the following must be true:

15         a.    Defendant knowingly possessed marijuana, or another

16 federally controlled substance.

17         b.    A person has possession of something if the person

18 knows of its presence and has physical control of it, or knows of its

19 presence and has the power and intention to control it.

20                         <u>PENALTIES</u>

21     5.    Defendant understands that the statutory maximum sentence

22 that the Court can impose for a violation of Title 21, United States

23 Code, Section 844(a), a Class A Misdemeanor, is: 1 year imprisonment;

24 a 1-year period of supervised release; a fine of $100,000 or twice

25 the gross gain or gross loss resulting from the offense, whichever is

26 greatest; and a mandatory special assessment of $25.

27

28

1    6.    Defendant understands that the minimum fine that the Court

2    must impose for a violation of Title 21, United States Code, Section

3    844(a) is $1,000.

4    7.    Defendant understands that supervised release is a period

5    of time following imprisonment during which defendant will be subject

6    to various restrictions and requirements.  Defendant understands that

7    if defendant violates one or more of the conditions of any supervised

8    release imposed, defendant may be returned to prison for all or part

9    of the term of supervised release authorized by statute for the

10   offense that resulted in the term of supervised release, which could

11   result in defendant serving a total term of imprisonment greater than

12   the statutory maximum stated above.

13   8.    Defendant understands that under 21 U.S.C. § 862

14   defendant's conviction may make him temporarily ineligible for

15   federal benefits, and under 21 U.S.C § 862(a) defendant may not be

16   eligible for assistance under state programs funded under the Social

17   Security Act or Federal Food Stamp Act or for federal food stamp

18   program benefits, and that any such benefits or assistance received

19   by defendant's family members will be reduced to reflect defendant's

20   ineligibility.

21   9.    Defendant understands that, by pleading guilty, defendant

22   may be giving up valuable government benefits and valuable civic

23   rights, such as the right to vote, the right to possess a firearm,

24   the right to hold office, and the right to serve on a jury.

25   Defendant understands that the conviction in this case may also

26   subject defendant to various other collateral consequences, including

27   but not limited to revocation of probation, parole, or supervised

28   release in another case and suspension or revocation of a

5

1 │ professional license.  Defendant understands that unanticipated

2 │ collateral consequences will not serve as grounds to withdraw

3 │ defendant's guilty plea.

4 │    10.  Defendant understands that, if defendant is not a United

5 │ States citizen, the conviction in this case may subject defendant to:

6 │ removal, also known as deportation, which may, under some

7 │ circumstances, be mandatory; denial of citizenship; and denial of

8 │ admission to the United States in the future.  The Court cannot, and

9 │ defendant's attorney also may not be able to, advise defendant fully

10 │ regarding the immigration consequences of the conviction in this

11 │ case.  Defendant understands that unexpected immigration consequences

12 │ will not serve as grounds to withdraw defendant's guilty plea.

13 │                          FACTUAL BASIS

14 │    11.  Defendant admits that defendant is, in fact, guilty of the

15 │ offense to which defendant is agreeing to plead guilty.  Defendant

16 │ and the USAO agree to the statement of facts provided below and agree

17 │ that this statement of facts is sufficient to support a plea of

18 │ guilty to the charge described in this agreement and to establish the

19 │ Sentencing Guidelines factors set forth in paragraph 12 below but is

20 │ not meant to be a complete recitation of all facts relevant to the

21 │ underlying criminal conduct or all facts known to either party that

22 │ relate to that conduct.

23 │    On March 29, 2007, in San Luis Obispo County, within the Central

24 │ District of California, defendant owned and operated the "Central

25 │ Coast Compassionate Caregivers" (the "CCCC"), at 780 Monterey Avenue,

26 │ Suite B, Morro Bay, California, a medical marijuana dispensary which

27 │ cultivated and distributed marijuana, a schedule I controlled

28 │ substance.  On March 29, 2007, law enforcement executed a search

6

1  warrant at the CCCC and at defendant's home.  At that time, defendant

2  knowingly possessed at least 14 kilograms of a mixture of substance

3  containing a detectable amount of marijuana, a schedule I controlled

4  substance.

5  <u>SENTENCING FACTORS AND AGREED-UPON SENTENCE</u>

6     12.  Defendant understands that in determining defendant's

7  sentence the Court is required to calculate the applicable Sentencing

8  Guidelines range and to consider that range, possible departures

9  under the Sentencing Guidelines, and the other sentencing factors set

10 forth in 18 U.S.C. § 3553(a).  Defendant understands that the

11 Sentencing Guidelines are advisory only.

12    13.  Defendant and the USAO agree to the following applicable

13 Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level<br>[Possession of Schedule I<br>Controlled Substance]: | 4 | [U.S.S.G. § 2D2.2(a)(3)] |
| Zero Point Offender | -2 | [U.S.S.G. § 4C1.1] |
| Acceptance | -2 | [U.S.S.G. § 3E.1.1] |
| Total Offense Level: | 0 | |

19    14.  Defendant and the USAO further agree that defendant is in

20 Criminal History Category I with zero criminal history points.

21    15.  Defendant and the USAO agree that, taking into account the

22 factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant

23 sentencing guideline factors set forth above, an appropriate

24 disposition of this case is that the Court impose a sentence of:

25      a.  a time-served period of imprisonment;

26      b.  a fine of $2,500, payable at or before the time of

27 sentencing;

28      c.  a special assessment of $25;

1    16.  The parties also agree that no prior imprisonment (other

2    than credits that the Bureau of Prisons may allow under 18 U.S.C.

3    § 3585(b)) may be credited against this stipulated sentence,

4    including credit under Sentencing Guideline § 5G1.3.

5    17.  The parties agree that they will recommend that the Court

6    impose the sentence set forth in paragraph 15 above, and that they

7    will not seek, argue, or suggest in any way, either orally or in

8    writing, that any other specific offense characteristics,

9    adjustments, departures, or variances in sentence pursuant to the

10   Sentencing Guidelines and/or the factors set forth in 18 U.S.C.

11   § 3553(a) be imposed, or that the Court impose a sentence other than

12   what has been stipulated to by the parties herein.

13   18.  The parties agree to request that defendant be sentenced as

14   soon as possible following the entry of defendant's guilty plea.  The

15   parties stipulate and agree that, there is sufficient information in

16   the record, including the prior presentence report in this case (Dkt.

17   259), to enable the Court to exercise its sentencing authority

18   meaningfully without an updated presentence investigation or report.

19   To the extent defendant has a right to a presentence investigation

20   and preparation of an updated presentence report, defendant hereby

21   knowingly, voluntarily, and intelligently waives that right.  The

22   parties agree to request that the Court find, pursuant to Federal

23   Rule of Criminal Procedure 32(c)(1), that the information in the

24   record, coupled with the prior presentence report in this case,

25   enable the Court to exercise its sentencing authority without an

26   updated presentence investigation or report.  The parties understand

27   and agree that, in the event that the Court declines to make this

28   finding and instead orders that a more complete presentence

1   investigation be conducted and/or a more complete presentence report

2   prepared, such action shall have no effect on the validity of this

3   Agreement or any of its terms or conditions and shall not provide a

4   basis for either party to withdraw from the plea agreement.

5                     WAIVER OF CONSTITUTIONAL RIGHTS

6        19.   Defendant understands that by pleading guilty, defendant

7   gives up the following rights:

8             a.   The right to persist in a plea of not guilty.

9             b.   The right to a speedy and public trial by jury.

10            c.   The right to be represented by counsel –- and if

11  necessary, have the Court appoint counsel -- at trial.  Defendant

12  understands, however, that, defendant retains the right to be

13  represented by counsel –- and if necessary have the Court appoint

14  counsel –- at every other stage of the proceeding.

15            d.   The right to be presumed innocent and to have the

16  burden of proof placed on the government to prove defendant guilty

17  beyond a reasonable doubt.

18            e.   The right to confront and cross-examine witnesses

19  against defendant.

20            f.   The right to testify and to present evidence in

21  opposition to the charges, including the right to compel the

22  attendance of witnesses to testify.

23            g.   The right not to be compelled to testify, and, if

24  defendant chose not to testify or present evidence, to have that

25  choice not be used against defendant.

26            h.   Any and all rights to pursue any affirmative defenses,

27  Fourth Amendment or Fifth Amendment claims, and other pretrial or

28  post-trial motions that have been filed or could be filed, including

1    pursuing an injunction or other relief under the Spending Provision,

2    and substantially similar law, or to make any argument that the

3    government is prohibited from spending money on his prosecution or

4    conviction because he complied with state medical marijuana laws.

5                    WAIVER OR RETURN OF DIGITAL DATA

6         20.   Understanding that the government has in its possession

7    digital devices and/or digital media seized from defendant, defendant

8    waives any right to the return of digital data contained on those

9    digital devices and/or digital media and agrees that if any of these

10   digital devices and/or digital media are returned to defendant, the

11   government may delete all digital data from those digital devices

12   and/or digital media before they are returned to defendant.

13                   WAIVER OF APPEAL OF CONVICTION

14        21.   Defendant understands that, with the exception of an appeal

15   based on a claim that defendant's guilty plea was involuntary, by

16   pleading guilty defendant is waiving and giving up any right to

17   appeal defendant's conviction on the offense to which defendant is

18   pleading guilty.  Defendant understands that this waiver includes,

19   but is not limited to, arguments that the statute to which defendant

20   is pleading guilty is unconstitutional, and any and all claims that

21   the statement of facts provided herein is insufficient to support

22   defendant's plea of guilty.

23            WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

24        22.   Defendant agrees that, provided the Court imposes the

25   sentence specified in paragraph 15 above, defendant gives up the

26   right to appeal any portion of that sentence.

27        23.   Defendant also gives up any right to bring a post-

28   conviction collateral attack on the conviction or sentence, including

10

1    any fine, except for a post-conviction collateral attack based on a

2    claim of ineffective assistance of counsel, or a claim of newly

3    discovered evidence.  Defendant understands that this waiver

4    includes, but is not limited to, an explicitly retroactive change in

5    the applicable Sentencing Guidelines, sentencing statutes, or

6    statutes of conviction, or arguments that the statute to which

7    defendant is pleading guilty is unconstitutional, and any and all

8    claims that the statement of facts provided herein is insufficient to

9    support defendant's plea of guilty.  This paragraph does not apply to

10   applications for expungement, pardon, or similar remedies that may be

11   available now or in future.

12       24.  The USAO agrees that, provided the Court imposes the

13   sentence specified in paragraph 15 above, the USAO gives up its right

14   to appeal any portion of that sentence.

15                 RESULT OF WITHDRAWAL OF GUILTY PLEA

16       25.  Defendant agrees that if, after entering a guilty plea

17   pursuant to this agreement, defendant seeks to withdraw and succeeds

18   in withdrawing defendant's guilty plea on any basis other than a

19   claim and finding that entry into this plea agreement was

20   involuntary, then (a) the USAO will be relieved of all of its

21   obligations under this agreement; (b) the USAO may elect to reinstate

22   any count of conviction in the Judgment as well as the five-year

23   mandatory minimum sentence held by the Ninth Circuit Court of Appeals

24   to be applicable to Count One, and (c) should the USAO choose to

25   pursue any charge, judgment, count of conviction, or sentence that

26   was either dismissed or not filed as a result of this agreement,

27   then defendant waives and gives up all defenses based on the statute

28   of limitations, any claim of pre-indictment delay, post-indictment

                                    11

1  delay, or any speedy trial claim with respect to any such action,

2  except to the extent that such defenses existed as of the date of

3  defendant's signing this agreement.

4  RESULT OF VACATUR, REVERSAL OR SET-ASIDE

5     26.  Defendant agrees that if the count of conviction is

6  vacated, reversed, or set aside, both the USAO and defendant will be

7  released from all of their obligations under this agreement.

8  EFFECTIVE DATE OF AGREEMENT

9     27.  This agreement is effective upon signature and execution of

10  all required certifications by defendant, defendant's counsel, and an

11  Assistant United States Attorney.

12  BREACH OF AGREEMENT

13     28.  Defendant agrees that if defendant, at any time after the

14  signature of this agreement and execution of all required

15  certifications by defendant, defendant's counsel, and an Assistant

16  United States Attorney, knowingly violates or fails to perform any of

17  defendant's obligations under this agreement ("a breach"), the USAO

18  may declare this agreement breached.  All of defendant's obligations

19  are material, a single breach of this agreement is sufficient for the

20  USAO to declare a breach, and defendant shall not be deemed to have

21  cured a breach without the express agreement of the USAO in writing.

22  If the USAO declares this agreement breached, and the Court finds

23  such a breach to have occurred, then: (a) if defendant has previously

24  entered guilty plea pursuant to this agreement, defendant will not be

25  able to withdraw the guilty plea, and (b) the USAO will be relieved

26  of all its obligations under this agreement.

27     29.  Following the Court's finding of a knowing breach of this

28  agreement by defendant, should the USAO choose to pursue any charge,

12

1 judgment, sentence, or count of conviction, that was either dismissed

2 or not filed as a result of this agreement, then:

3      a.   The USAO may elect to reinstate any count of

4 conviction in the Judgment as well as the five-year mandatory minimum

5 sentence held by the Ninth Circuit Court of Appeals to be applicable

6 to Count One.

7      b.   Defendant waives and gives up all defenses based on

8 the statute of limitations, any claim of pre-indictment or post-

9 indictment delay, or any speedy trial claim with respect to any such

10 action, except to the extent that such defenses existed as of the

11 date of defendant's signing this agreement.

12      c.   Defendant agrees that: (i) any statements made by

13 defendant, under oath, at the guilty plea hearing (if such a hearing

14 occurred prior to the breach); (ii) the agreed to factual basis

15 statement in this agreement; and (iii) any evidence derived from such

16 statements, shall be admissible against defendant in any such action

17 against defendant, and defendant waives and gives up any claim under

18 the United States Constitution, any statute, Rule 410 of the Federal

19 Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

20 Procedure, or any other federal rule, that the statements or any

21 evidence derived from the statements should be suppressed or are

22 inadmissible.

23      COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

24                OFFICE NOT PARTIES

25    30.  Defendant understands that the Court and the United States

26 Probation and Pretrial Services Office are not parties to this

27 agreement and need not accept any of the USAO's sentencing

28 recommendations or the parties' agreements to facts, sentencing

1  factors, or sentencing.  Defendant understands that the Court will

2  determine the facts, sentencing factors, and other considerations

3  relevant to sentencing and will decide for itself whether to accept

4  and agree to be bound by this agreement.

5     31.  Defendant understands that both defendant and the USAO are

6  free to: (a) supplement the facts by supplying relevant information

7  to the United States Probation and Pretrial Services Office and the

8  Court, (b) correct any and all factual misstatements relating to the

9  Court's Sentencing Guidelines calculations and determination of

10  sentence (c) argue on appeal and collateral attack that the Court's

11  Sentencing Guidelines calculations and the sentence it chooses to

12  impose are not error, although each party agrees to maintain its view

13  that the calculations in paragraph 12 are consistent with the facts

14  of this case.  While this paragraph permits both the USAO and

15  defendant to submit full and complete factual information to the

16  United States Probation and Pretrial Services Office and the Court,

17  even if that factual information may be viewed as inconsistent with

18  the facts agreed to in this agreement, this paragraph does not affect

19  defendant's and the USAO's obligations not to contest the facts

20  agreed to in this agreement.

21                   NO ADDITIONAL AGREEMENTS

22     32.  Defendant understands that, except as set forth herein,

23  there are no promises, understandings, or agreements between the USAO

24  and defendant or defendant's attorney, and that no additional

25  promise, understanding, or agreement may be entered into unless in a

26  writing signed by all parties or on the record in court.

27

28

14

1    <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2        33.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    E. MARTIN ESTRADA
     United States Attorney

9

10   _____          1/30/2024
                                                 _____
     MACK E. JENKINS                             Date
11   Assistant United States Attorney

12   _____          1·30·2024
     CHARLES C. LYNCH                            _____
13   Defendant                                   Date

14   _____          1/30/2024
                                                 _____
     REBECCA ABEL                                Date
15   Attorney for Defendant CHARLES C.
     LYNCH

16

17

18

19

20

21

22

23

24

25

26

27

28

                                  15

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_Charles C. Lynch_                     _1·30·2024_
CHARLES C. LYNCH                       Date
Defendant

1          CERTIFICATION OF DEFENDANT'S ATTORNEY

2          I am Charles C. Lynch's attorney.  I have carefully and

3   thoroughly discussed every part of this agreement with my client.

4   Further, I have fully advised my client of his rights, of possible

5   pretrial motions that might be filed, of possible defenses that might

6   be asserted either prior to or at trial, of the sentencing factors

7   set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8   provisions, and of the consequences of entering into this agreement.

9   To my knowledge: no promises, inducements, or representations of any

10  kind have been made to my client other than those contained in this

11  agreement; no one has threatened or forced my client in any way to

12  enter into this agreement; my client's decision to enter into this

13  agreement is an informed and voluntary one; and the factual basis set

14  forth in this agreement is sufficient to support my client's entry of

15  a guilty plea pursuant to this agreement.

16

17  REBECCA ABEL                              Date  1/30/2024
    Attorney for Defendant
18  CHARLES C. LYNCH

19

20

21

22

23

24

25

26

27

28

17