E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division (Cal. Bar No. 275691)
DAVID KOWAL (Cal. Bar No. 188651)
Assistant United States Attorney
Violent and Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2400
    Facsimile: (213) 894-0141
        david.kowal@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 07-689-GW |
|---|---|
| Plaintiff, | STIPULATION RE: DIVERSION AGREEMENT AND WAIVER OF RIGHTS |
| v. | |
| CHARLES C. LYNCH, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, and defendant Charles C. Lynch ("defendant"), both individually and by and through his counsel of record, Rebecca M. Abel, hereby stipulate as follows:

    1.   Defendant was charged with five felony counts in the indictment in this matter. (Docket Number "Dkt." 1, the "Indictment").

    2.   On or about August 5, 2008, defendant was convicted at trial of all count in the Indictment. (Dkt. 169).

3. On or about, April 30, 2010, the Court entered an Amended Judgment and Commitment Order in this case. (Dkt. 328, the "Judgment").

4. Defendant's convictions were subsequently affirmed on appeal by the Ninth Circuit Court of Appeals (Dkt. 471, 474), subject to a remand to this Court, which is pending. As part of the remand, defendant has a pending motion filed on July 19, 2022 to enjoin the government from spending funds on his prosecution or conviction (Dkt. 544, "the Motion to Enjoin") under Section 531 of the Consolidated Appropriations Act of 2022 (the "Spending Provision,"), and a motion to dismiss, filed on or about November 15, 2023. (Dkt. 557, the "Motion to Dismiss").

5. Defendant has remained on pretrial release supervised by United States Pretrial Service Agency, subject to terms and conditions of bond last modified on or about June 6, 2022. (Dkt. 543).

6. The government and defendant have reached a written diversion agreement, attached hereto as Exhibit A (the "Letter Agreement") and effective upon its and execution of this stipulation, to defer the prosecution of defendant for a period of 72 days, during which period defendant will carry out the terms of the agreement under the supervision of the United States Pretrial Services Agency. If defendant successfully completes the diversion period, pursuant to the terms of the diversion agreement, the government will dismiss the Indictment and Judgment as against the defendant.

7. In light of the parties' agreement to the Letter Agreement, the parties hereby withdraw the plea agreement previously filed in this case on or about January 30, 2024 (Dkt. 569, the "Plea

2

Agreement"), and request the Court take off calendar any hearings with respect to the Plea Agreement.

8.  In return for the Letter Agreement, and the other consideration in this Stipulation, defendant hereby agrees to:

   a.  Within 7 days of the execution of this Stipulation and the Letter Agreement, pay a fine of $2,500 in connection with this case, which fine shall be deemed due in full and immediately.

   b.  The withdrawal with prejudice, of the Motion to Enjoin and the Motion to Dismiss, effective immediately.

   c.  His waiver, effective immediately, of any and all or claims, rights, or arguments that were raised or could have been raised in the Motion to Enjoin and/or Motion to Dismiss, and also any right to pursue in the future any and all claims or relief under the Spending Provision.  Provided, however, nothing in this Stipulation shall preclude defendant's ability to pursue any expungement or pardon that may be available to him now or in the future.

   d.  To agree to any motion filed by the government to dismiss the Indictment and Judgment under the terms of the Letter Agreement.

9.  All prior financial obligations of the defendant, including any special assessments, shall be vacated, aside from the $2,500 fine imposed per Paragraph 8(a).

//
//
//
//
//
//

3

10 ~~X~~.   The parties shall file concurrently herewith a proposed order taking all matters off calendar and agreeing to update the Court at the end of the 72-day ~~60-month~~ period set forth in the Letter Agreement.

IT IS SO STIPULATED.

Dated: February 8, 2023            Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

_/s/_____
MACK E. JENKINS
DAVID KOWAL
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

4

I am CHARLES LYNCH'S attorney. I have carefully discussed every part of this stipulation with my client as well as the attached letter agreement. I have fully informed my client of his rights. To my knowledge, my client understands those rights and agrees to waive them as set out in this stipulation and in the attached Letter Agreement. I believe that my client's decision to give up the rights set forth in this stipulation and to enter into the Letter Agreement is an informed and voluntary one.

_____   Date 2/8/24
REBECCA ABEL
Deputy Federal Public Defender
Attorney for Defendant
CHARLES C. LYNCH

I have read this stipulation and have carefully discussed it with my attorney. I understand my rights and the terms of this stipulation and the attached Letter Agreement. I give up my rights as set forth in this stipulation, and to enter into the Letter Agreement for diversion attached hereto. I have not been subjected to any force, threat, or coercion in agreeing to the terms of this Stipulation, and no other promises or inducements have been made to me other than those contained in this stipulation and the Letter Agreement.

_____   Date 2·8·24
CHARLES C. LYNCH
Defendant