

**United States Department of Justice**

**United States Attorney's Office**
**Central District of California**

---

*Mack E. Jenkins/David Kowal*  
*Phone:  (213) 894-2097 / 5136*

*1200 United States Courthouse*  
*312 North Spring Street*  
*Los Angeles, California  90012*

February 8, 2023

Via Email (rebecca_abel@fd.org)

Rebecca M. Abel, Esq.  
Office of the Federal Public Defender  
321 East 2d Street  
Los Angeles, CA 90012-4020

   Re: United States v. Charles C. Lynch,  
      No. CR 07-689-GW

Dear Ms. Abel:

Your client, defendant Charles C. Lynch ("defendant") has previously been convicted of five felony counts charged in the indictment in the above-entitled case (the "Indictment") as set forth in an amended judgment and commitment order at Docket Number ("Dkt.") 328 (the "Judgment") in that case.  That Judgment was affirmed on appeal (see Dkt 471, 474), with a pending remand on your motion to enjoin the government from continuing to spend funds on defendant's prosecution (Dkt 544) and also your motion to dismiss the indictment (Dkt. 557).

You have advised me that your client, defendant Charles C. Lynch ("defendant"), having committed a violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B) (possession with intent to distribute marijuana), as charged in Count Four of the Indictment (the "offense") wishes to participate in Post Trial Diversion ("Diversion").

   Both you and defendant agree that defendant committed the offense within the Central District of California by engaging in the following conduct: On March 29, 2007, in San Luis Obispo County, within the Central District of California, defendant owned and operated the "Central Coast Compassionate Caregivers" (the "CCCC"), at 780 Monterey Avenue, Suite B, Morro Bay, California, a medical marijuana dispensary which cultivated and distributed marijuana, a schedule I controlled substance.  On March 29, 2007, law enforcement executed a search warrant at the CCCC and at defendant's home.  At that time, defendant knowingly

possessed with intent to distribute to other people at least 14 kilograms of a mixture of substance containing a detectable amount of marijuana, a schedule I controlled substance.

By signing this letter agreement ("Letter Agreement"), defendant admits the criminal conduct described above and acknowledges responsibility for this criminal conduct.

However, based on defendant's lengthy compliance with the terms of his pretrial release, including his release pending appeal, and release on remand, as well as changes to state and federal law since the time of defendant's conviction, the United States Attorney's Office for the Central District of California (the "USAO"), agrees that the interests of justice will be served by a period of diversion, including supervision of the United States Pretrial Services Agency ("Pretrial Services") and the currently assigned Pretrial Services Officers ("PSO") .

Accordingly, the USAO agrees to defer any further prosecution of defendant for the offense or the other charges in the indictment for a period of 72 days from the date this Letter Agreement is executed by all parties, provided that defendant abides by all of the following conditions of diversion, to which defendant agrees by signing this Letter Agreement:

      (1)    Not violate any law (federal, state, or local);

      (2)    Advise the PSO within 48 hours if arrested and/or questioned by any law enforcement officer;

      (3)    Within 7 days of the execution of this agreement, to pay a $2,500 fine to the Clerk of the Court in connection with this case.

      (4)    At the time of executing this Letter Agreement, for defendant and defendant's counsel to also execute and agree to a stipulation in the form prepared by the USAO and attached hereto, concerning, defendant's wavier of certain rights, pay of a fine, and other terms and conditions (the "Stipulation").

Should defendant violate any of the conditions of diversion set forth above, or any terms of the Stipulation, the USAO may at any time: (1) revoke or modify any of the conditions of diversion; (2) lengthen the period of diversion; or (3) terminate diversion and reinitiate prosecution for the offense or any charges under the Indictment.  Any decision to revoke, modify, lengthen, or terminate diversion rests solely with the USAO in its exclusive discretion.  At the time the USAO makes any such decision, it will furnish counsel for defendant with written notice specifying the condition(s) of diversion defendant has violated and the reasons why diversion is being revoked, modified, lengthened, or terminated.

If, upon completion of defendant's period of diversion, the government confirms that defendant has complied with all the conditions of diversion set forth above, and defendant has complied with all the terms of the Stipulation, no further criminal prosecution of defendant for the offense will be instituted by the USAO, and the USAO will move to dismiss with prejudice the Indictment and Judgment in this matter .

The obligations of the USAO under this Letter Agreement are conditioned on the execution by you and defendant of the Stipulation, to be filed in Court in conjunction with this Letter Agreement.

This Letter Agreement will be effective only upon signature by the AUSA, defendant, defendant's counsel on the Letter Agreement and Stipulation. This Letter Agreement will be filed with the Court.

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

_____        2.8.24
MACK E. JENKINS                       Date
DAVID KOWAL
Assistant United States Attorneys

I have read the agreement contained in this Letter Agreement and carefully reviewed it with my attorney. I understand it, and I voluntarily, knowingly and willfully agree to all of its terms, including in particular the specified conditions of diversion. I have not been subjected to any force, threat, or coercion in agreeing to the terms of this Letter Agreement, and no other promises or inducements have been made to me other than those contained in this Letter Agreement. I acknowledge responsibility for my criminal conduct as described above. I am satisfied with the representation of my attorney in this matter.

_____        2.8.24
CHARLES C. LYNCH                      Date

I am CHARLES C. LYNCH'S attorney. I have carefully discussed every part of this Letter Agreement with my client. To my knowledge, my client's decision to enter into this Letter Agreement is an informed and voluntary one.

_____        2/8/24
REBECCA M. ABEL                       Date
Deputy Federal Public Defender
Attorney for CHARLES C. LYNCH